——————————

Case No. 2023-1195

——————————

# United States Court of Appeals for the Federal Circuit

——————————

**In re: ADAPTREND, INC.,**
*Appellant*

Appeal from the United States Patent and Trademark
Office, Trademark Trial and Appeal Board in No. 92074784.

——————————

**CORRECTED APPENDIX OF APPELLANT ADAPTREND, INC.**

——————————

MANDOUR & ASSOCIATES, APC
Gordon E. Gray (CA SBN 175209)
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Appellant,
Adaptrend, Inc.

# TABLE OF CONTENTS

**Page**

Table of Contents ..................................................... ii
Order on Motion for Summary Judgment ........................................ 1-18
Motion for Summary Judgment ................................... 19-198
Opposition to Motion for Summary Judgment ........................... 199-216
Reply to Motion for Summary Judgment (with Reply Declarations of
Teruhiko Izumi and Keigo Narita)................................ 217-233
U.S. Trademark Reg. No. 5,873,672 ........................................ 234 - 235
U.S. Trademark Serial No. 88665122 ....................... 236-250
Petition to Cancel ................................................. 251-256
Answer to Petition to Cancel ............................................ 257-261
Petitioner Narita Export LLC's Initial Disclosure Statement ...................... 262-266
Respondent Adaptrend Inc.'s Interrogatories and
Request for Production ................................... 267-275
Narita Export's Response to Interrogatories and
 Requests for Production.............................................276-289
*Nunc pro tunc* Assignment ....................................... 290-291
Recordation Cover Page of Assignment...................................... 292-293
TTAB Scheduling Order ............................................ 294-296
Certified List................................................... 297-300

THIS OPINION IS
PRECEDENT OF
THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

wbc

Mailed: September 20, 2022

Cancellation No. 92074784

*Narita Export LLC*

*v.*

*Adaptrend, Inc.*

**Before Wolfson, Goodman and Hudis,**
**Administrative Trademark Judges.**

**By the Board:**

Adaptrend, Inc. (Respondent) owns a registration on the Principal Register for the mark TONOSAMA, in standard characters, for "gift baskets containing candy; candy; candies; gift baskets containing candy and Japanese candies" in International Class 30 (Respondent's Registration).[1]

Narita Export LLC (Petitioner) seeks to cancel Respondent's Registration based on Petitioner's claim of likelihood of confusion under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), grounded on its alleged prior common law rights in the mark TONOSAMA for "confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods,

---

[1] Registration No. 5873672 issued on October 1, 2019. The registration states that the English translation of TONOSAMA is "feudal lord."

wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods." In further support of its likelihood of confusion claim, Petitioner pleads ownership of an application to register on the Principal Register the standard character TONOSAMA mark for these same goods (Petitioner's Application),[2] noting that the USPTO refused registration of its application based on a likelihood of confusion with the mark of Respondent's Registration. 1 TTABVUE.[3]

In its answer, Respondent denies the salient allegations of the petition to cancel and enumerates four of what it identifies as affirmative defenses:

1. The Petition to Cancel fails to state a claim upon which relief can be granted;
2. Upon information and belief, Petitioner does not have proper chain of title for its ownership of its cited marks;
3. Upon information and belief, Petitioner's purported assignments of its cited mark are invalid; and
4. Upon information and belief, Petitioner and/or their predecessor in interest have abandoned their rights, if any, in the cited mark.

4 TTABVUE 2-3.

This proceeding now comes before us on Petitioner's motion for summary judgment. Petitioner asserts there are no genuine disputes of material fact regarding

[2] Application Serial No. 88665122 was filed October 23, 2019 based on an allegation of use anywhere of March 27, 2016 pursuant to Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a).

[3] Citations to the record or briefs in this opinion include citations to the publicly available documents on TTABVUE, the Board's electronic docketing system. The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry. TRADEMARK TRIAL AND APPEAL BOARD MANUAL (TBMP) §§ 106.03, 801.01, 801.03 (2022).

its entitlement to bring a statutory cause of action; its ownership of the common law mark TONOSAMA in the U.S.; its priority of use of the mark in U.S. commerce and its showing of a likelihood of confusion, mistake or deception of consumers.[4] For the reasons that follow, we grant Petitioner's motion.

## I.      Summary Judgment Standard

Summary judgment is an appropriate method of disposing of cases in which the record shows no genuine disputes as to material facts, thus leaving the case to be resolved as a matter of law. *See* Fed. R. Civ. P. 56(a). In deciding motions for summary judgment, all evidence must be viewed in a light favorable to the non-movant, and all justifiable inferences are to be drawn in the non-movant's favor. The Board may not resolve disputes of material fact; it may only ascertain whether such disputes are present. *See Lloyd's Food Prod. Inc. v. Eli's Inc.*, 987 F.2d 766, 25 USPQ2d 2027, 2029-30 (Fed. Cir. 1993); *Opryland USA Inc. v. Great Am. Music Show Inc.,* 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992); *Olde Tyme Foods Inc. v. Roundy's Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1546 (Fed. Cir. 1992).

The burden is on the party moving for summary judgment to demonstrate the absence of any genuine dispute of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden at summary judgment is greater than the evidentiary burden at trial. *See* TBMP § 528.01 and authorities cited therein. When the moving party's motion is supported by sufficient evidence to

---

[4] 25 TTABVUE. The Board has considered the parties' submissions and arguments and presumes the parties' familiarity with the factual bases for the motions. We do not recount all facts or arguments here except as necessary to explain the Board's order.

indicate that there is no genuine dispute of material fact, and that the moving party is entitled to judgment as a matter of law, the burden then shifts to the nonmoving party to demonstrate the existence of specific, genuinely disputed facts which must be resolved at trial. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160-61 (1970). The nonmoving party may not rest on the mere allegations of its pleadings or assertions of counsel, but must designate specific portions of the record or produce additional evidence showing the existence of a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(c); TBMP § 528.01.

## II.   Initial Matters

### A. Respondent's Asserted Affirmative Defenses

An answer should include any defenses that the defendant may have to the claim or claims asserted by the plaintiff. Fed. R. Civ. P. 8(b)(1)(A) and 8(c)(1); Trademark Rule 2.114(b)(1), 37 C.F.R. 2.114(b)(1). Although Respondent raised the purported defense of failure to state a claim upon which relief can be granted (enumerated defense No. 1), as the Board has reiterated on several occasions, this is not a true affirmative defense. *John W. Carson Found. v. Toilets.com, Inc.*, 94 USPQ2d 1942, 1949 (TTAB 2010) ("The asserted defense of failure to state a claim is not a true affirmative defense because it relates to an assertion of the insufficiency of the pleading of opposer's claim rather than a statement of a defense to a properly pleaded claim.").

Respondent also asserts the affirmative defenses of abandonment and non-

ownership. 4 TTABVUE 3 at ¶¶ 15-17.[5] Neither of these affirmative defenses remain at issue because Respondent answered Petitioner's interrogatories by withdrawing each affirmative defense "without prejudice pending further discovery." 25 TTABVUE 143-44. We agree with Petitioner that because of this withdrawal, Respondent can no longer rely upon the affirmative defenses of abandonment and nonownership, nor can Respondent raise arguments related to these defenses in Respondent's responsive brief. 31 TTABVUE 4-5.

Respondent is therefore estopped from pursuing these defenses within the context of the motion for summary judgment or presenting arguments and evidence related to these defenses. Notwithstanding, because Petitioner relies on common law trademark rights, it has the burden to establish ownership of such rights, as well as priority in these rights and likelihood of confusion. *See, e.g., Exec. Coach Builders, Inc. v. SPV Coach Co.*, 123 USPQ2d 1175, 1180 (TTAB 2017); *Life Zone Inc. v. Middleman Grp. Inc.*, 87 USPQ2d 1953, 1959 (TTAB 2008).

### B. Evidentiary Matters

In support of its motion for summary judgment, Petitioner submits the declarations of its attorney, Ms. RiKaleigh Johnson, and accompanying exhibits; its president, Mr. Keigo Narita, and accompanying exhibits; and the former president of

---

[5] Respondent's assertions of improper assignment and chain of title (4 TTABVUE 3 at ¶¶ 15-16) are subcategories of a non-ownership defense.

Kabushiki Kaisha TI Express ("TI Express"), Mr. Teruhiko Izumi, and accompanying exhibits. 25 TTABVUE 26-180.

In his declaration, Mr. Izumi asserts that, during his time as president of TI Express, TI Express selected and created the TONOSAMA mark and logo, and had its first sale of "TONOSAMA branded candy and snack foods in the U.S. on March 27, 2016"; that TI Express made its sale through its "Amazon seller account 'Dream Express Japan'"; and that Mr. Izumi was the owner of Dream Express Japan. 25 TTABVUE 32-33. In support thereof, Exhibit E of the Izumi declaration includes a screenshot[6] of "TI Express' Amazon seller account Dream Express Japan," which shows the sale of TONOSAMA candy to a customer in "Fenton, MI" with a purchase date of March 27, 2016, and a ship by date of "Mon, Mar 28 to Tue, Mar 29, 2016." *Id.* at 33, 119 at Exhibit E.

Mr. Izumi further declares that on October 20, 2020, he executed a nunc pro tunc trademark assignment to Petitioner with an effective date of November 25, 2016, which memorialized the parties' "oral trademark assignment of the TONOSAMA mark to [Petitioner]" along with the goodwill associated with the mark; that TI Express made "substantial sales of the TONOSAMA products from March 27, 2016, until it assigned its TONOSAMA assets to Petitioner in November, 2016"; that sales by TI Express and subsequently by Petitioner during 2016 "amounted to more than 900 independent sales in the U.S. … in excess of $22,000." *Id.* at 33-34. In support thereof, the Izumi declaration includes a copy of that nunc pro tunc assignment. *Id.*

---

[6] The website accessed is sellercentral.amazon.ca/orders-v3/order/109-3362950-8206635 on July 4, 2021. 25 TTABVUE 119.

at 106-07. The nunc pro tunc assignment reads that TI Express is assigning to Petitioner "all right, title and interest in and to [TONOSAMA], and any and all goodwill associated with [TONOSAMA] … pursuant to an oral agreement between the Parties." *Id*. at 106.

Mr. Narita, in his declaration, repeats the assertions regarding TI Express' assignment of the TONOSAMA mark and TI Express' and Petitioner's sales of TONOSAMA goods in 2016. *Id*. at 30-31. Mr. Narita further asserts in his declaration that after Petitioner acquired the TONOSAMA mark, it "continued to make substantial sales of products in connection with the TONOSAMA mark"; that "since January 1, 2017, [Petitioner] has made more than 6,600 independent sales into the U.S. … in excess of $78,000"; and that sales were made through Petitioner's Amazon account "world bridge from Japan" with the date of first sale in the U.S. using the TONOSAMA mark being November 25, 2016. *Id*. at 31.

Respondent argues these declarations are inadmissible hearsay and lack foundation. Specifically, Respondent asserts that Mr. Izumi does not claim he participated in the oral agreement, only that he was president at the time of the oral agreement and that he executed the nunc pro tunc assignment; that Mr. Izumi does not provide any documents referring to the oral agreement (e.g., emails, texts, bank draft for payment); and that to the extent Mr. Izumi was told about the oral agreement or is otherwise relying on his position as the custodian of record, no

evidence in the record supports an exception to otherwise disqualify the statements as hearsay, such as the business records hearsay exception. 30 TTABVUE 10.

As to the Narita declaration, Respondent asserts that Mr. Narita does not specifically indicate that he "personally participated in the alleged oral agreement, that he personally witnessed the oral agreement, or that he was told about the alleged oral agreement"; that Mr. Narita provides no corroborating details or documents; that it is not clear if Mr. Narita was president of Petitioner at the time of the oral agreement; and that to the extent Mr. Narita was told about the agreement, there is no evidence to support an exception to the hearsay rule. *Id.* at 12-13.

Affidavits or declarations may be submitted in support of, or in opposition to, a motion for summary judgment provided that they are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Pursuant to Fed. R. Evid. 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Testimony, even of a single witness, if "sufficiently probative," may be sufficient to prove priority. *Powermatics, Inc. v. Glebe Roofing Products Co.*, 341 F.2d 127, 144 USPQ 430, 432 (CCPA 1965); *Kohler Co. v. Baldwin Hardware Corp.*, 82 USPQ2d 1100, 1108-09 (TTAB 2007). The determinative factor is whether the testimony is "characterized by contradictions, inconsistencies, and indefiniteness" and whether it carries with it conviction of accuracy and applicability. *B. R. Baker*

*Co. v. Lebow Bros.*, 150 F.2d 580, 66 USPQ 232, 236 (CCPA 1945); *see also Powermatics,* 144 USPQ at 432.

Further, a declaration can adequately support a motion for summary judgment when the declarant's position with the employer renders the declarant competent to provide the testimony on the particular issues which the declaration concerns. *See, e.g.*, *In re DBC*, 545 F.3d 1373, 89 USPQ2d 1123, 1131 (Fed. Cir. 2008); *Ava Ruha Corp. dba Mother's Milk Mkt. v. Mother's Nutritional Ctr., Inc.*, 113 USPQ2d 1575, 1578 (TTAB 2015). Mr. Izumi, as the former president of the assignor during the "time of the selection of the TONOSAMA mark, … the first sale of the goods and subsequent sales in 2016, and the oral trademark assignment," 25 TTABVUE 32, and Mr. Narita, as the president of the assignee, *id.* at 30, are positioned to know or have access to information relevant to the substance of their respective declarations and the assignment referenced therein.

We find no genuine dispute of material fact that the Izumi and Narita declarations made a sufficient showing of personal knowledge of the facts stated therein. Although Respondent asserts the declarants failed to lay a proper foundation of personal knowledge, each declaration is based on the declarant's position as president and is based on the declarant's "personal knowledge or on business records that were made at the time or in the regular course of business." 25 TTABVUE 30, 32; *see Kemi*

*Organics, LLC v. Rakesh Gupta,* 126 USPQ2d 1601, 1608 n. 22 (TTAB 2018); *Ava Ruha Corp.*, 113 USPQ2d at 1578 (citations omitted).

Petitioner also submits rebuttal declarations from Messers. Izumi and Narita that respond directly to Respondent's criticism that the declarants did not testify to being present at the time of the alleged oral assignment. Specifically, Mr. Narita declares that he has been "friends with Teruhiko Izumi since January 1, 2015," 31 TTABVUE 14 at ¶2; that he "personally reached an oral agreement with Mr. Izumi to transfer all the right, title and interest in the TONOSAMA trademark to [Petitioner]," *id.* at 14 at ¶3. Mr. Izumi declares that he "personally reached an oral agreement" with Mr. Narita on November 25, 2016 regarding the transfer of the TONOSAMA mark, *id.* at 16 at ¶5.

Because Petitioner's supplemental declarations address a specific argument raised by Respondent in opposition to summary judgment, these declarations constitute proper rebuttal; to that extent we consider them. *Cf. Exec. Coach Builders, Inc.*, 123 USPQ2d at 1176 ("We have accorded the testimony [including rebuttal testimony] and evidence whatever probative value it merits, keeping Applicant's objections [based on admissibility and probative value] in mind"); *Newegg Inc. v. Schoolhouse Outfitters, LLC*, 118 USPQ2d 1242, 1244 (TTAB 2016) (what constitutes proper expert rebuttal testimony discussed); *Alcatraz Media Inc. v. Chesapeake Marine Tours Inc.*, 107 USPQ2d 1750, 1755 (TTAB 2013) ("The Board does not ordinarily strike testimony taken in accordance with the applicable rules on the basis of substantive objections; rather, such objections are considered by the Board in its

evaluation of the probative value of the testimony at final hearing."), *aff'd mem.*, 565 F. App'x 900 (Fed. Cir. 2014).

## III. Entitlement to a Statutory Cause of Action

To prevail on summary judgment, Petitioner must demonstrate the absence of a genuine dispute of material fact as to its entitlement to a statutory cause of action. *Australian Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 2020 USPQ2d 10837, at *3 (Fed. Cir. 2020) *cert. denied,* 142 S. Ct. 82 (2021) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125-26, 109 USPQ2d 2061, 2067 n.4 (2014)). A party in the position of plaintiff may petition to cancel a registration when the cause of action is within the zone of interests protected by the statute, 15 U.S.C. § 1064, and the plaintiff has a reasonable belief in damage that is proximately caused by the continued registration of the mark. *Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 2020 USPQ2d 11277, at *6-7 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2671 (2021).

Demonstrating a real interest in cancelling the registration of a mark satisfies the zone-of-interests requirement, and demonstrating a reasonable belief in damage by the registration of a mark suffices to show damage proximately caused by registration of the mark. *Corcamore, LLC*, 2020 USPQ2d 11277, at *7-8. "In most settings, a direct commercial interest satisfies the 'real interest' test." *Herbko Int'l v. Kappa Books*, 308 F.3d 1156, 64 USPQ2d 1375, 1377 (Fed. Cir. 2002).

In its motion for summary judgment, Petitioner identifies as an undisputed fact the Office's refusal to register Petitioner's Application and includes printouts from

the USPTO's Trademark Status and Document Retrieval (TSDR) database, of Petitioner's Application showing current active status and title in Petitioner along with copies of the Office's refusal to register Petitioner's Application because of a likelihood of confusion with Respondent's Registration. 25 TTABVUE 4-5, 59-64. Respondent's response to summary judgment acknowledges these facts are undisputed. 30 TTABVUE 7. Therefore, there is no genuine dispute that Petitioner has a legitimate interest in seeking cancellation of Respondent's Registration and a reasonable belief in damage should Respondent's mark continue to be registered. *See, e.g.*, *Empresa Cubana del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058, 1062 (Fed. Cir. 2014); *Hole In 1 Drinks, Inc. v. Michael Lajtay*, 2020 USPQ2d 10020, at *3 (TTAB 2020); *ShutEmDown Sports Inc. v. Lacy*, 102 USPQ2d 1036, 1041 (TTAB 2012); *Life Zone Inc.*, 87 USPQ2d at 1959 (entitlement to oppose found because the opposed application was cited as a potential bar to opposer's registration).

We find there is no genuine dispute of material fact regarding Petitioner's entitlement to a statutory cause of action.

## IV.    Petitioner's Claim under Trademark Act Section 2(d)

Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), provides that a likelihood of confusion claim for cancellation of a registration that has been on the Principal Register for fewer than five years may be brought on the basis of a petitioner's "ownership of 'a mark or trade name previously used in the United States . . . and not abandoned.'" *Exec. Coach Builders, Inc.*, 123 USPQ2d at 1180 (quoting 15 U.S.C. § 1052(d)).

## A. Priority

As the plaintiff herein, Petitioner bears the burden of establishing its priority, that is of proving its claim of acquisition of prior proprietary rights in the TONOSAMA mark. *Hydro-Dynamics, Inc. v. George Putnam & Co., Inc.*, 811 F.2d 1470, 1 USPQ2d 1772, 1773 (Fed. Cir. 1987); *cf. Embarcadero Techs., Inc. v. RStudio, Inc.*, 105 USPQ2d 1825, 1834 (TTAB 2013). Because Petitioner does not own a U.S. registration, it bears the burden of demonstrating no dispute of material fact that it owns a proprietary interest in its pleaded mark through use of its mark prior to any date upon which Respondent may rely. *See Herbko Int'l*, 64 USPQ2d at 1378; *Hydro-Dynamics*, 1 USPQ2d at 1773; *Otto Roth & Co. v. Univ. Foods Corp.*, 640 F.2d 1317, 209 USPQ 40, 43-45 (CCPA 1981); *Giersch v. Scripps Networks, Inc.*, 90 USPQ2d 1020, 1023 (TTAB 2009).

In considering evidence of prior use, we must not consider individual portions of the summary judgment record in isolation, but must "look at the evidence as a whole, as if each piece of evidence were part of a puzzle which, when fitted together, establishes prior use." *Kemi Organics, LLC,* 126 USPQ2d at 1605-06 (quoting *W. Fla. Seafood Inc. v. Jet Rests. Inc.*, 31 F.2d 1122, 31 USPQ2d 1660, 1663 (Fed. Cir. 1994)). "Oral testimony [or in this case, testimony in written declarations], if sufficiently probative, is normally satisfactory to establish priority of use in a trademark proceeding." *Powermatics,* 144 USPQ at 432; *see also Exec. Coach Builders, Inc.*, 123 USPQ2d at 1184; *Nat'l Bank Book Co. v. Leather Crafted Pros., Inc.*, 218 USPQ 826, 828 (TTAB 1993).

As noted, the application underlying Respondent's Registration was filed on March 27, 2019. Respondent may rely upon this date for its priority. Unless Respondent can prove an earlier date of use than its underlying application filing date, in order to prevail on priority Petitioner need only establish a first use date earlier than March 27, 2019. 15 U.S.C. § 1057(c); *Cent. Garden & Pet Co. v. Doskocil Mfg. Co.*, 108 USPQ2d 1134, 1140-41 (TTAB 2013); *cf. Brewski Beer Co. v. Brewski Brothers Inc.*, 47 USPQ2d 1281, 1284 (TTAB 1998) ("Of course, petitioner [who owns a registration] or respondent may rely on its registration for the limited purpose of proving that its mark was in use as of the application filing date"); *Intersat Corp. v. Int'l Telecomms. Satellite Org.*, 226 USPQ 154, 156 n. 5 (TTAB 1985) ("The earliest date of first use upon which [defendant] can rely in the absence of testimony or evidence is the filing date of its application").

In its brief in opposition to Petitioner's motion for summary judgment, Respondent asserts that its "date of first use is at least as early as **June 13, 2016**" (emphasis in original), 30 TTABVUE 9, which is the date Respondent provided in its answers to Petitioner's interrogatory Nos. 5-6 inquiring of Respondent's first sales of gift baskets and candy under the mark, 25 TTABVUE 142-43. This date is earlier than its alleged first use in commerce date.

Considered together, the unassailed Izumi and Narita declarations, supported by a copy of an Amazon order, 25 TTABVUE 119, state that Petitioner's first sale of TONOSAMA branded goods, including candy, in the U.S. was March 27, 2016, *id.* at 31, 33. *See W. Fla. Seafood Inc. v. Jet Rests. Inc.*, 31 USPQ2d 1663 ("one should look

at the evidence as a whole, as if each piece of evidence were part of a puzzle which, when fitted together, establishes prior use."). Although the documentary evidence is minimal with respect to sales of candy subsequent to Petitioner's date of first use, the Izumi and Narita declarations present the undisputed fact that Petitioner first used in commerce the TONOSAMA mark with candy on March 27, 2016. This is the priority date on which Petitioner may rely.

We need not decide whether Respondent's assertion that its date of first use is at least as early as June 13, 2016, raises a genuine dispute of material fact, because "[w]hether we accord Respondent the priority filing date on the face of [its] registration or the earlier priority filing date now alleged to be the accurate date," there is no genuine dispute that Petitioner's prior use date of the TONOSAMA mark on candy is earlier than either priority date asserted by Respondent. *Kemi Organics, LLC*, 126 USPQ2d at 1605. We thus find that there is no genuine dispute that Petitioner has priority.

### B. Likelihood of Confusion

Our determination under Trademark Act Section 2(d) is based on an analysis of all of the probative facts in evidence that are relevant to the factors bearing on the likelihood of confusion. *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563, 567 (CCPA 1973) ("*DuPont*") (cited in *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 113 USPQ2d at 2049); *see also In re Majestic Distilling Co.*, 315 F.3d 1311, 65 USPQ2d 1201, 1203 (Fed. Cir. 2003). "In discharging this duty, the thirteen *DuPont* factors 'must be considered' 'when [they] are of record.'" *In re Guild Mortg.*

*Co.*, 912 F.3d 1376, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests. Inc.*, 105 F.3d 1405, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997); *DuPont*, 177 USPQ at 567).

"Not all *DuPont* factors are relevant in each case, and the weight afforded to each factor depends on the circumstances. Any single factor may control a particular case." *Stratus Networks, Inc. v. UBTA-UBET Commc'ns Inc.*, 955 F.3d 994, 2020 USPQ2d 10341, at *3 (Fed. Cir. 2020) (citing *Dixie Rests.*, 41 USPQ2d at 1406-07). In any likelihood of confusion analysis, two key considerations are the similarities between the marks and the similarities between the goods or services. *See In re Chatam Int'l Inc.*, 380 F.3d 1340, 71 USPQ2d 1944, 1945-46 (Fed. Cir. 2004); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 192 USPQ 24, 29 (CCPA 1976) ("The fundamental inquiry mandated by § 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods and differences in the marks."); *see also In re i.am.symbolic, llc*, 866 F.3d 1315, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017).

As discussed above, Petitioner has established priority of use of the TONOSAMA mark on candy. As to the first two *DuPont* factors, Petitioner asserts, and Respondent does not dispute, that the parties' respective marks, TONOSAMA and TONOSAMA, are identical, 25 TTABVUE 17, and that the parties' respective goods are legally identical in part ("candy chocolate" and "candy") and otherwise related ("candy chocolate" and "gift baskets containing candy"), *id*. at 17-19. Respondent asserts no arguments or evidence disputing the similarity of the parties' marks or relatedness

of the goods. *See* 30 TTABVUE. We find no genuine dispute as to the similarity of the marks and the relatedness of the goods.[7]

As to the third *DuPont* factor, channels of trade, it is undisputed that Petitioner's and Respondent's channels of trade both include Amazon. 25 TTABVUE 8, 32-33, 119; 30 TTABVUE 7. In addition, because Respondent's unrestricted identification of goods is not limited by channels of trade, Respondent's goods are presumed to travel in all ordinary channels of trade which include Petitioner's proven channel of trade. *Bell's Brewery, Inc. v. Innovation Brewing*, 125 USPQ2d 1340, 1345 (TTAB 2017) (although no trade channel presumptions attach to common law mark for beer, Board noted that "there are no restrictions or limitations in Applicant's description of goods" and presumed "that Applicant's beer will move in all channels of trade normal for such goods … including Opposer's trade channels"). Thus, there is no genuine dispute that the parties' channels of trade overlap.

In view thereof, we find no genuine dispute of material facts regarding the similarity of the parties' marks, relatedness of the goods and overlap in channels of trade.

Petitioner also presents arguments and evidence related to *DuPont* factors four through six regarding conditions of sale, strength of its mark and third-party marks.[8]

---

[7] In the context of likelihood of confusion, it is sufficient if likelihood of confusion is found with respect to use of the mark on any item that comes within the description of goods in the application or registration. *Tuxedo Monopoly Inc. v. General Mills Fun Group,* 648 F.2d 1335, 209 USPQ 986, 988 (CCPA 1981).

[8] Petitioner also argues that the remaining *DuPont* factors "are of little or no relevance to this summary judgment motion." 25 TTABVUE 22. Respondent does not argue to the contrary.

*See* 25 TTABVUE 21-22, 51 and 58 at Exh. A, 119 at Exh. E, 155 at Exh. J. Although Petitioner has not shown an absence of a genuine dispute of material fact regarding these factors, given the identicality of the parties' marks and legally identical nature of the parties' goods, these *DuPont* factors are unnecessary to our analysis of likelihood of confusion in deciding Petitioner's summary judgment motion. *See Herbko Int'l, Inc.,* 64 USPQ2d at 1380 ("The likelihood of confusion analysis considers all *DuPont* factors for which there is record evidence but 'may focus ... on dispositive factors, such as similarity of the marks and relatedness of the goods'"); *Kellogg Co. v. Pack'em Enters., Inc.*, 951 F.2d 330, 21 USPQ2d 1142, 1144 (Fed. Cir. 1991) (Board did not err in granting summary judgment on dispositive *DuPont* factor of dissimilarity of the marks, even though Opposer presented evidence and argument that other *DuPont* factors remained in dispute).

Petitioner thus has established the lack of a genuine dispute of material facts as to its entitlement to a statutory cause of action, priority, and likelihood of confusion between the parties' marks when used on Respondent's identified goods and Petitioner's proven common law goods. Petitioner therefore is entitled, as a matter of law, to judgment in its favor as to its Trademark Act Section 2(d) claim.

**Decision**

Petitioner's motion for summary judgment is hereby **granted** and judgment is entered against Respondent on Petitioner's claim under Trademark Act Section 2(d). Registration No. 5873672 will be cancelled in due course.

*Trademark Trial and Appeal Board Electronic Filing System. https://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA1183378** |
|---|---|
| Filing date: | **01/07/2022** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Proceeding no. | 92074784 |
|---|---|
| Party | Plaintiff<br>Narita Export LLC |
| Correspondence address | PATRICK G BURNS<br>GREER BURNS & CRAIN LTD<br>300 SOUTH WACKER DRIVE<br>SUITE 2500<br>CHICAGO, IL 60606<br>UNITED STATES<br>Primary email: tmdocket@gbclaw.net<br>Secondary email(s): pburns@gbclaw.net, rjohnson@gbclaw.net,<br>smelby@gbclaw.net, wmcgrath@davismcgrath.com, abald-<br>win@davismcgrath.com<br>312-360-0080 |
| Submission | Motion for Summary Judgment<br><br>**Yes**, the Filer previously made its initial disclosures pursuant to Trademark Rule 2.120(a); OR the motion for summary judgment is based on claim or issue preclusion, or lack of jurisdiction.<br><br>The deadline for pretrial disclosures for the first testimony period as originally set or reset: **01/10/2022** |
| Filer's name | William T McGrath |
| Filer's email | wmcgrath@davismcgrath.com |
| Signature | /s/ William T McGrath |
| Date | 01/07/2022 |
| Attachments | 142170.Motion.for.Summary.Judgement.pdf(531470 bytes )<br>142170.Index.MJN final.pdf(65616 bytes )<br>142170.EVIDENCE.Declaration.of.RiKaleigh.C. Johnson.FINAL.pdf(115376 bytes )<br>142170.EVIDENCE.Declaration of Narita.pdf(296565 bytes )<br>142170.EVIDENCE.Declaration of Izumi.pdf(120365 bytes )<br>142170.EVIDENCE.Declaration of Oka.pdf(50339 bytes )<br>142170.Exhibit.A.MSJ.pdf(4268355 bytes )<br>142170.Exhibit.B.MSJ. 1 of 2.pdf(6113826 bytes )<br>142170.Exhibit.B.MSJ. 2 of 2.pdf(61093 bytes )<br>142170.Exhibit.C.MSJ.pdf(399386 bytes )<br>142170.Exhibit.D.MSJ.pdf(693361 bytes )<br>142170.Exhibit.E.MSJ.pdf(143334 bytes )<br>142170.Exhibit.F.MSJ.pdf(2707886 bytes )<br>142170.Exhibit.G.MSJ.pdf(1592279 bytes )<br>142170.Exhibit.H.MSJ.pdf(213797 bytes )<br>142170.Exhibit.I.MSJ.pdf(934880 bytes )<br>142170.Exhibit.J.MSJ.pdf(105189 bytes )<br>142170.Exhibit.K.MSJ.pdf(197232 bytes )<br>142170.Exhibit.L.MSJ.pdf(145749 bytes ) |

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

| | | |
|---|---|---|
| In the Matter of Registration No. 5873672 | ) | |
| For the mark – TONOSAMA | ) | |
| | ) | |
| NARITA EXPORT LLC | ) | Cancellation No. 92074784 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADAPTREND, INC. | ) | |
| Respondent. | ) | |

## PETITIONER'S MOTION FOR SUMMARY JUDGMENT
## AND MEMORANDUM IN SUPPORT

Petitioner, Narita Export LLC ("Petitioner" or "Narita"), moves for summary judgment seeking cancellation of Adaptrend, Inc.'s ("Respondent" or "Adaptrend") Registration No. 5873672 for the mark TONOSAMA ("the Mark"). The grounds for cancellation are that Petitioner has earlier use of the Mark in commerce in the United States and Respondent's use of the Mark is likely to cause confusion, mistake, or to deceive.

Petitioner, through its predecessor in interest, owns common law rights in the United States for the Mark, with a priority date of **March 27, 2016**. Respondent's presumptive date of first use in commerce, as indicated in its registration, is **December 31, 2016**. Even if Respondent could meet the heavy burden of showing an earlier date of first use, Respondent has admitted in interrogatory answers that its earliest sale of goods using the Mark is **June 13, 2016**. Petitioner seeks cancellation of Respondent's registration because Petitioner has priority and Respondent obtained registration of the identical mark for identical and closely related goods sold in the same channels of trade.

During the discovery period, both parties responded to interrogatories and to document requests. In addition, Amazon.com, Inc. responded to a subpoena issued by Petitioner with written information. Neither Petitioner nor Respondent took discovery depositions.

For the reasons stated below, Petitioner requests that the Board grant summary judgment canceling Registration No. 5873672 and that the Board lift the suspension on Petitioner's pending application, Serial No. 88/665,122.

## I.  STATEMENT OF UNDISPUTED FACTS

**Parties.**

1.    Petitioner, Narita Export LLC, is a limited liability company existing under the laws of Japan and having a principal place of business at 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken JAPAN 646-0036. *See* Exhibit B to Motion for Summary Judgment (hereinafter, "Ex. B"), p. 91. **Ex. B** is a true and correct copy of the TSDR record for Petitioner's Application Serial No. 88665122, together with the USPTO file wrapper. (Declaration of RiKaleigh C. Johnson (hereinafter, "Johnson Decl.") ¶ 5.

2.    Respondent, ADAPTREND, INC., is a corporation existing under the laws of Japan and having a listed address of 61-2 Kuchihara Iizuka-shi, Fukuoka JAPAN 820-1114. *See* Exhibit A to Motion for Summary Judgment (hereinafter, "Ex. A"), p. 16. **Ex. A** is a true and correct copy of the TSDR record for Respondent's Registration No. 5873672, together with the USPTO file wrapper., Johnson Decl. ¶ 4.

**USPTO Filings of the Parties.**

3.    Respondent is the current owner of record of U.S. Trademark Registration No. 5873672 for the mark TONOSAMA in standard character form for "*Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies*" in International Class 30

2

Appx21

("Respondent's Registration"). Ex. A, p. 2. Respondent's application was filed on March 27, 2019, with a Section 1(a) filing basis and a stated claim of first use in commerce "at least as early as 2016." *Id.* p. 16. No month or day of first use in commerce appears in Respondent's application or certificate of registration. Instead, Respondent's date of first use in commerce is stated in the registration as **00/00/2016**. Ex. A, pp. 4, 16-18.

4.     On October 23, 2019, Petitioner filed trademark application No. 88665122 for TONOSAMA for "*Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods*" in International Class 30 ("Petitioner's Application"). *See*, p. 91. Petitioner's Application has a Section 1(a) filing basis and claims a date of first use in commerce at least as early as **March 26, 2016**. *Id.* On December 2, 2020, Petitioner updated its claimed date of first use in commerce to at least as early as March 27, 2016. *Id.* at p. 12.

5.     The Examining Attorney refused Petitioner's Application under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d), based on asserted likelihood of confusion with Respondent's Registration. Ex. B, pp. 47-86.

6.     In the Office Action refusing Petitioner's Application, the Examining Attorney noted that both the Respondent's registered mark and the Petitioner's applied for mark are TONOSAMA in standard character form, and stated that "the marks are identical." Ex. B, p. 49.

7.     The Examining Attorney further noted that both parties identify "candy" in the identification of goods. *Id.* Applicant also identifies "snack foods," and the Examining Attorney cited evidence that snack foods and candy are goods that may emanate from a single source under

3

a single mark. *Id*. at pp. 49-86. The Examining Attorney concluded that "candy" and "snack foods" are commercially related and likely to be encountered together in the marketplace by consumers, and thus refused registration under Section 2(d). *Id*. at p. 49.

8.      On July 27, 2020, the Examining Attorney suspended action on Petitioner's Application until this Cancellation proceeding is resolved. Ex. B, p. 18.

**Petitioner's First Sale though its Predecessor.**

9.      Petitioner's predecessor in interest is Kabushiki Kaisha TI Express, a Japanese stock company ("TI Express").  Declaration of Keigo Narita (hereinafter "Narita Decl.") at ¶ 3. TI Express made its first sale of candy and snack food in the U.S. in connection with the TONOSAMA mark on **March 27, 2016**. Declaration of Teruhiko Izumi ¶ 3 (hereinafter, "Izumi Decl.") The sale was made through TI Express' Amazon seller account "Dream Express Japan." *Id*. at ¶ 4.

10.     The owner of the Amazon seller account "Dream Express Japan" in 2016 was Mr. Izumi, then President of TI Express.  *See* Exhibit D to Motion for Summary Judgment (hereinafter, "Ex. D"), Amazon Response to Subpoena, No. 26, p. 8; *See also* Izumi Decl. ¶4.  **Ex. D** is a true and correct copy of Amazon's Amended Objections and Responses to Subpoena, dated July 9, 2021. Johnson Decl. ¶ 6.

11.     Petitioner issued a subpoena to Amazon seeking confirmation of the dates of first sale of TONOSAMA branded goods by both Petitioner and Respondent.  *See* Johnson Decl. ¶ 3; Ex. D.  Amazon's written response to the subpoena states that the date of the first sale of TONOSAMA goods through the Amazon seller account Dream Express Japan (the account of Petitioner's predecessor) was **March 29, 2016**. *See* Ex. D, Request No. 15. The slight discrepancy between Amazon's response and Petitioner's stated date of first use in commerce is a result of

Amazon's definition of "first sale." *See Id.* at p. 6. Specifically, Amazon defines the first sale date as the date the order was fulfilled, not the date it was purchased. *Id.*

12.     As shown in figure 1 below, Petitioner's predecessor in interest sold candy in connection with the TONOSAMA mark to a customer in the United States with a "purchase date" of March 27, 2016. *See* Exhibit E to Summary Judgment Motion (hereinafter, "Ex. E") (This exhibit shows a URL and a print date of 2021/07/04.). This same sale had a "ship by" date of "Mon, Mar 28 to Tue, Mar 29, 2016." *Id.*; Izumi Decl. ¶ 5.



*Figure 1*

**Respondent's First Sales Came Months After Petitioner's First Sales.**

13.     Respondent's Application states a date of first use in commerce as "at least as early as 00/00/2016," which is presumed to be **December 31, 2016**. Ex. A, p. 16; *see also*, TMEP 903.06.  However, Respondent's Interrogatory Responses claim an earlier first use in commerce. In its interrogatory answers, Respondent states that it "first made a sale of Gift baskets containing candy using Respondent's Mark [TONOSAMA]" on **June 13, 2016**.  Exhibit I to the Motion for Summary Judgment (hereinafter, "Ex. I"), pp. 6-7, Interrog. 5.  Similarly, it admits its first sale of "candy" using the TONOSAMA mark was **June 13, 2016**. *Id.*, p. 7, Interrog. 6.  **Ex. I** is a true and correct copy of Respondent Adaptrend, Inc.'s Responses to Interrogatories by Petitioner Narita Export LLC, dated May 24, 2021.  Johnson Decl. ¶ 8.

14.     In Interrogatory 2, Petitioner asked Respondent to identify "all goods provided by Respondent in the United States in connection with Respondent's Mark [TONOSAMA]" and to specify the time period during which the goods have been sold. Ex. I, p. 5. Respondent answered "**candy, June 2016 to present**." *Id.*  The responses are dated May 24, 2021.  *Id*., p. 16.

15.     The foregoing responses are verified as "true and correct" by Mr. Okazaki, the President of Respondent Adaptrend, Inc.  *Id.*, p. 17.

16.     In Interrogatory 2, Petitioner asked Respondent to "State all facts that support Respondent's allegations that Respondent has been using Respondent's Mark since as early as 2016 for its goods listed in International Class 30, identify all documents that show or evidence such facts, and identify the person or persons most knowledgeable of such facts." Ex. I, p. 5. Respondent answered "Responding Party has been selling marked products on Amazon in the United States since June 13, 2016. Responding Party will produce responsive documents pursuant to FRCP, Rule 33(d). The person most knowledgeable of these facts is Akimasa Okazaki." *Id.*

6

17. Respondent has been selling products on Amazon since June 13, 2016. Ex. I, p. 11, Interrog. 13. Respondent made sales of TONOSAMA candy through an Amazon seller account called "RAPID." *See,* Ex. A, p. 5. The owner of the account is Mr. Okazaki, President of Respondent. Ex. D, p. 3, No. 1. The email address for the account is adaptrend0727@gmail.com. *Id.*

18. Amazon's written response to the subpoena issued by Petitioner states that the date of the first sale for Amazon seller RAPID was **June 13, 2016**. Ex. D, p. 5, No. 14. This is consistent with Respondent's admission of that date as its first sale date of TONOSAMA goods. *See* Ex. I, pp. 6, 7, 11.

19. Petitioner's Request for Production of Documents served on Respondent sought documents relating to Respondent's first use of the TONOSAMA mark in the U.S. in connection with the goods identified in the Registration. *See* Exhibit K to Motion for Summary Judgment (hereinafter, "Ex. K"), p.5, Request No. 1. Respondent responded that it "will produce all documents responsive to this request." *Id.* A review of all documents produced by Respondent shows that the earliest sale of TONOSAMA goods by Respondent reflected in those documents is **June 13, 2016**. Johnson Decl. ¶ 2. **Ex. K** is a true and correct copy of Respondent Adaptrend, Inc. Responses to First Set of Requests for Production, dated May 24, 2021. Johnson Decl. ¶¶ 2, 10.

**Ownership of the Common Law Mark.**

20. On or about November 25, 2016, TI Express entered an oral agreement assigning certain assets to Petitioner, including all rights, title, and interest in the TONOSAMA trademark for candy, chocolates, snack foods, and related products. Narita Decl. ¶ 3.

7

21.     On October 20, 2020, Mr. Izumi executed a Nunc Pro Tunc Trademark Assignment to Petitioner, with an effective date of November 25, 2016. Izumi Decl. ¶ 8; Exhibit C to Motion for Summary Judgment (hereinafter, "Ex. C"). The written assignment memorialized the prior oral trademark assignment of the TONOSAMA mark and the associated goodwill to Petitioner. *See generally, Id.* **Ex. C** is a true and correct copy of a Nunc Pro Tunc Trademark Assignment. Izumi Decl. ¶ 8). The Nunc Pro Tunc Trademark Assignment has been recorded with the USPTO. *See* Ex. B, p. 99.

**Selection and Creation of TONOSAMA Mark by Petitioner's Predecessor.**

22.     Prior to TI Express' first sale of TONOSAMA goods, it invested in creating designs for the product packaging. Izumi Decl. ¶ 6. In connection with this investment, TI Express worked with a design agency in Japan called A-ups to create a logo design to accompany the TONOSAMA trademark. *Id*.

23.     Mr. Izumi of TI Express and Mr. Imoto of the A-ups design agency exchanged multiple emails discussing the creation and revisions of an illustration for use on Petitioner's TONOSAMA products ("TI Express Illustration"). Izumi Decl. ¶ 7; *see also,* Exhibit F to Motion for Summary Judgment (hereinafter, "Ex. F"); Exhibit G to Motion for Summary Judgment (hereinafter, "Ex. G"). **Ex. F** consists of emails dated February 29, 2016, March 4, 2016, and March 7, 2016, between Mr. Izumi of TI Express and Mr. Imoto of the A-ups design agency. Izumi Decl. ¶ 7. **Ex. G** is a translation of the emails into English made by Mr. Mikio Oka, a translator with the firm of Asahina & Co. in Japan. Declaration of Mikio Oka ¶ 4.

24.     The design is an illustration of a Japanese "feudal lord." Ex. G, p. 3. As noted in Respondent's Registration, the English translation of TONOSAMA is "feudal lord." Ex. A, p. 4. An online Japanese-English dictionary at www.jlearn.net/dictionary indicates that the Japanese

word "tonosama" refers to a "nobleman, dignitary, lord", and specifically a "feudal lord of the Edo period" (circa 1603 to 1868). *See* Exhibit H to Motion for Summary Judgment (hereinafter, "Ex. H"). **Ex. H** is a true and correct printout from the Japanese-English dictionary at www.jlearn.net/dictionary showing URL and date of download. Johnson Decl. ¶ 7.

25.    The final TI Express Illustration was to be delivered to TI Express on March 16, 2016. Ex. 6, p. 8.

26.    As shown in Figure 2 below, Respondent used an illustration virtually identical to the TI Express Illustration on packaging for products sold in connection with the TONOSAMA mark. *See* paragraphs 23-24, above; *Ex.* F, p. 7. For Petitioner's specimen, *see* Ex. B., p. 90. For Respondent's specimen*, see* Ex. A, p. 15.

| TI Express Illustration | Petitioner's Specimen | Respondent's Specimen |
|---|---|---|
| | | |



*Figure 2*

27.    Respondent admits that it made its first sale of gift baskets shown in Respondent's specimen, on June 14, 2016. *See*, Ex. I, pp. 14-15, Response to Interrog. 18.

**Petitioner's Continued Sales of TONOSAMA Goods after Acquisition of the Mark.**

28.    TI Express made substantial sales of TONOSAMA products from March 27, 2016 until it assigned its TONOSAMA assets to Petitioner in November, 2016. Izumi Decl. ¶ 9. Sales

9

by TI Express, and subsequently by Petitioner, during the calendar year 2016 amounted to more than 900 independent sales into the U.S. *Id.* Cumulative sales during that calendar year were in excess of $22,000. *Id.*; Exhibit L to Motion for Summary Judgment (hereinafter, "Ex. L"), pp. 5-6, Petitioner's Verified Response to Interrogatory No. 5. **Ex. L** is a true and correct copy of Petitioner's Response to Respondent's First Set of Discovery Requests, dated July 9, 2021, and verified by Mr. Keigo Narita, President of Narita Export LLC, on July 27, 2021. Johnson Decl. ¶ 11.

29.     As noted above, Petitioner acquired the TONOSAMA mark from TI Express on or about November 25, 2016. *See* Narita Decl. ¶ 3; Izumi Decl. ¶ 8; Ex. C. Thereupon, Petitioner immediately continued making sales of TONOSAMA products through its Amazon seller account called "world bridge from Japan." Narita Decl. ¶ 5.

30.     Amazon's written response to the subpoena issued by Petitioner states that the date of the first sale by Narita, through its world bridge from Japan Amazon account using the TONOSAMA mark was November 25, 2016.  Ex. D, Amazon Response No. 16, pp. 6-7.

31.     After its acquisition of the TONOSAMA mark, Petitioner continued to make substantial sales of products in connection with the TONOSAMA mark.  Narita Decl. ¶ 5. Since January 1, 2017, Petitioner has made more than 6,600 independent sales into the U.S.  Cumulative sales since then have been in excess of $78,000. *Id.*; *See also*, Ex. L, p. 6.

32.     **Exhibit J** to Motion for Summary Judgment (hereinafter, "Ex. J") is a USPTO Trademark Electronic Search System ("TESS") search for the mark TONOSAMA.  Only Petitioner's Application and Respondent's Registration came up in the search. *Id.* Ex. J is a true and correct copy of a search performed on January 6, 2022.   Johnson Decl. ¶ 9.

10

33.     Ex. E shows that the unit price for Petitioner's 30-piece candy assortment in 2016 was $22.50, and Respondent's specimen, Ex. A, p.15, shows that the unit price for Respondent's 30-piece candy assortment was $13.88.

## II. ARGUMENT

### a. Summary Judgment Standard

To prevail on summary judgment on a priority and likelihood of confusion claim, the Petitioner must establish that there is no genuine dispute that (1) it has standing to maintain the proceeding; (2) it is the prior user of its pleaded mark; and (3) contemporaneous use of the parties' respective marks in connection with their respective goods or services would be likely to cause confusion, mistake or to deceive consumers. *Compagnie Gervais Danone v. Precision Formulations LLC*, 88 USPQ2d 1252 TTAB 2009); *Hornblower & Weeks, Inc. v. Hornblower & Weeks, Inc.*, 60 USPQ2d 1733 (TTAB 2001). Petitioner has established each of these propositions based on incontrovertible facts in the record.

### b. Petitioner Has Shown Entitlement to a Statutory Cause of Action.

Petitioner has established it is entitled to assert this claim of priority and likelihood of confusion. To establish standing in a cancellation proceeding, Petitioner must demonstrate "that it has a reasonable belief that it would be damaged" by the continued registration of Respondent's mark. *Syngenta Crop Protection, Inv. v. Bio-Check, LLC*, 90 USPQ2d 1112, 1118 (TTAB 2009). The Federal Circuit has set a liberal threshold for determining standing, namely that a petitioner must demonstrate that it possesses a "real interest" in a proceeding beyond that of a mere intermeddler, and "a reasonable basis for his belief of damage." *Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058, 1062 (Fed. Cir. 2014). A "real interest" is a

11

"direct and personal stake" in the outcome of the proceeding. *Ritchie v. Simpson*, 170 F.3d 1902, 50 USPQ2d 1023, 1026 (Fed. Cir. 1999).

Several undisputed facts show that Petitioner has a real interest in canceling Respondent's registration and been damaged by its existence. Petitioner has submitted evidence of its use of the TONOSAMA mark and use of the mark by its predecessor in interest for candy and snacks. Statement of Undisputed Facts ("SOF") ¶¶ 4, 9-12. *See Syngenta Crop Protec., Inc. v. Bio-Chek, LLC*, 90 U.S.P.Q.2d 1112, n.8 (TTAB 2009). Petitioner applied to register the mark, and the Examining Attorney refused registration based on likelihood of confusion with Respondent's previously registered TONOSAMA mark. SOF ¶¶ 4-5. The pendency of Petitioner's application has been suspended as a result of this cancellation proceeding. SOF ¶ 8. These facts are sufficient to establish standing. *Empresa Cubana*, *supra*, 111 USPQ2d at 1062; *Tri-Star Marketing, LLC v. Nino Franco Spumanti S.R.L.*, 84 UPSQ2d 1912, 1914 (TTAB 2007) ("petitioner has standing to bring the petition for cancellation based on the fact that its application to register [its mark] was refused registration by the office under Section 2(d) based on a likelihood of confusion with respondent's previously registered mark").

### c. Petitioner Owns the TONOSAMA Mark.

As established by the undisputed facts, Petitioner's predecessor in interest, TI Express, through its President, Mr. Izumi, adopted and used the TONOSAMA mark in connection with its sale of candy and snacks in the U.S. in March, 2016. SOF ¶¶ 20-21. TONOSAMA is a protectable common law trademark. SOF ¶¶ 4, 9-12, 20-31. It is an arbitrary mark, since the Japanese word "tonosama" means "feudal lord", which has no meaning when used in connection with candy or snacks. *See* SOF ¶ 24. Arbitrary marks are inherently distinctive. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 54 USPQ2d 1065, 1068 (2000). If a mark is inherently distinctive, "it

12

Appx31

is presumed that consumers will view it as a source identifier." *In re Chippendales USA, Inc.*, 622 F.3d 1346, 96 USPQ2d 1681, 1685 (Fed. Cir. 2010). On the basis of this bona fide use of a protectable mark in connection with substantial sales of goods in the U.S., TI Express owned common law rights in the TONOSAMA trademark. *See* SOF ¶¶ 4, 9-12, 20-31.

In November, 2016, TI Express entered an oral agreement with Petitioner, assigning its entire ownership and goodwill in the trademark to Petitioner. SOF ¶ 20. In 2020, Mr. Izumi executed a Nunc Pro Tunc Trademark Assignment to Petitioner, with an effective date of November 25, 2016. SOF ¶21 and Ex. C. The written assignment memorialized the prior oral trademark assignment and the assignment has been recorded with the USPTO. *Id.*

An assignment in writing is not necessary to transfer trademark rights from a predecessor to a successor. *Stagecoach Properties, Inc. v. Wells Fargo & Co.*, 199 U.S.P.Q. 341 (TTAB 1978); *Am. Mfg. Co., Inc. v. Phase Industries, Inc.*, 192 U.S.P.Q. 498 (TTAB 1976)("Neither a formal assignment nor recordation of an assignment in the Patent and Trademark Office is necessary to pass title or ownership to common law or statutory trademark rights"). A trademark assignment can also be made to be retroactive, by means of a nunc pro tunc agreement. *Rite Aid v. Rite-Way Disc. Corp.*, 182 USPQ 698, 700 n.3 (TTAB 1974).

Petitioner has made substantial sales of TONOSAMA branded candy and snacks since it acquired the trademark in 2016. The evidence shows that since January 1, 2017, Petitioner has made more than 6,600 independent sales of TONOSAMA branded candy and snacks into the U.S., with cumulative sales of over $78,000. SOF ¶¶ 28-31.

### d.  Petitioner Has Prior Use of the TONOSAMA Mark.

The evidence submitted by Petitioner demonstrates that there is no genuine dispute that Petitioner, through its predecessor TI Express, has prior use of the mark. SOF ¶¶ 9-12. In the

13

absence of a pleaded registration, a party may establish priority in a mark through common law use. *Giersch v. Scripps Networks, Inc.*, 90 USPQ2d 1020, 1023 (TTAB 2009); *Embarcadero Techs., Inc. v. RStudio, Inc.*, 105 USPQ2d 1825, 1834 (TTAB 2013). A party may claim priority on the basis of prior use of the same or a similar mark by a predecessor-in-interest. *Spanishtown Enterprises, Inc. v. Transcend Resources, Inc.*, 2020 USPQ2d 11388 (TTAB 2020). *See also, Metro Traffic Control, Inc. v. Shadow Network Inc.*, 104 F.3d 336, 41 USPQ2d 1369, 1372 (Fed. Cir. 1997); *West Florida Seafood Inc., supra,* 31 USPQ2d at 1662-63.

Petitioner has presented substantial evidence that its predecessor TI Express made its first sale of TONOSAMA branded candy and snacks on **March 27, 2016**, through its Amazon seller account, Dream Express Japan. SOF ¶¶ 9-10; Ex. E; Izumi Decl. ¶ 3. Ex. E provides documentary evidence of the sale on that date. This exhibit is a screen capture from the Amazon website, showing the URL and date printed from the website. SOF ¶ 12. Amazon confirmed that the order was fulfilled on March 29, 2016. SOF ¶ 11. When ownership of the TONOSAMA trademark and goodwill was transferred to Petitioner, it continued sales of TONOSAMA branded candy and snacks, making over $78,000 of sales. *See* SOF ¶¶ 29-31.

In contrast, Respondent's own registration application and its discovery responses establish that its first sale of goods in commerce using the TONOSAMA mark came, at the earliest, months later. Respondent's Application states a date of first use in commerce as "at least as early as 00/00/2016," (SOF ¶¶ 13) which is presumed to be **December 31, 2016**. *See*, TMEP 903.06 ("The only date that will be recognized for USPTO proceedings is the latest definite date specified by the applicant. . . . When only a year is given, the date presumed for purposes of examination is the last day of the year"). Despite that, Respondent now claims in its answers to interrogatories an earlier date of first use, **June 13, 2016**, though it never amended its application to reflect the earlier

14

date. SOF ¶¶ 13, 14, 17; *see generally* Ex. A.  In any event, Respondent's belated claim of an earlier date is of no consequence because it is still later than Petitioner's first use date of March 27, 2016.  *See* SOF ¶¶ 13-15.

Moreover, in response to Petitioner's request for production of documents requesting documents relating to Respondent's first use of the TONOSAMA mark in the U.S. in connection with the goods identified in the Registration, Respondent responded that it "will produce all documents responsive to this request."  Ex. K, p.5, Request No. 1.  Petitioner's review of the documents produced by Respondent shows that the earliest sale of TONOSAMA goods by Respondent reflected in those documents is June 13, 2016.  *See* SOF ¶ 19.

### e.   Use of the Respective TONOSAMA Marks Is Likely to Cause Confusion.

In determining a likelihood of confusion claim under Section 2(d), 15 U.S.C. § 1052(d), the Board considers all the probative facts in evidence that are relevant to the factors set forth in *In re E.I. du Pont de Nemours and Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973).  Not all of the *DuPont* factors may be relevant or of equal weight in a given case, and any one of the factors may control a particular case. *In re Majestic Distilling Co., Inc.*, 315 F.3d 1311, 1315 (Fed. Cir. 2003).  In any likelihood of confusion analysis, two key considerations are the similarities between the marks and the similarities between the goods and/or services. *See Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 192 USPQ 24 (CCPA 1976).  Both of those factors weigh strongly in favor of Petitioner.

Here there is no genuine dispute that contemporaneous use of the parties' respective marks in connection with their respective goods will be likely to cause confusion, mistake or to deceive consumers.  The most crucial *du Pont* factors weigh heavily in favor of Petitioner, and none of the factors weigh against Petitioner.

15

### i. Similarity of the Marks.

The first *du Pont* factor is "The similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation, and commercial impression." There is no dispute that the marks in issue are identical, as are the appearance, sound, connotation and commercial impression. Both parties use the word "tonosama," and the USPTO applications for both identify the marks as standard character marks. Ex. A, p.16; Ex. B, p.91. Both parties acknowledge that "tonosama" is a Japanese word meaning "feudal lord." SOF ¶ 24. The sound and commercial impression for these single-word marks is the same. In rejecting Petitioner's application, the Examining Attorney noted that "the marks are identical." SOF ¶ 6.

The similarity of the overall commercial impression of the marks is bolstered by the fact that Respondent not only used the identical word "tonosama" as its mark, but also went so far as to use an almost identical copy of Petitioner's TI Express Illustration. *See* SOF ¶ 26. Respondent's use of the TI Express Illustration on its goods is established by the fact that the specimen it submitted to the USPTO to obtain its registration displays the illustration. *Id*.

### ii. Similarity of Goods.

The second *du Pont* factor is "The similarity or dissimilarity and nature of the goods ... described in an application or registration or in connection with which a prior mark is in use." Petitioner's application identifies "*Confectionery, namely, candy chocolate, . . .*" and "*snack foods in the nature of . . . chocolate-based snack foods*," in International Class 30. SOF ¶ 24. Respondent's registration identifies "*Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies*" in International Class 30. SOF ¶ 3. Both parties identify "candy," and to that extent are identical. *See* SOF ¶¶ 3, 24. Petitioner included snack foods in its identification of goods, which, though not identical, are closely related to candy, since candy is a

16

type of snack food. Respondent's "*candy*" goods are encompassed within Petitioner's "*Confectionery*" and "*snack foods in the nature of . . . chocolate-based snack foods*," and thus the goods can be considered "legally identical." *Double Coin Holdings Ltd. v. Tru Dev.,* 2019 USPQ2d 377409, *6 (TTAB 2019), finding a broadly worded description that "encompass[ed]" the other party's described goods to be legally identical. *See also, Fat Boys Water Sports*, 118 USPQ2d 1511, 1518 (TTAB 2016) ("Inasmuch as Registrant's goods are encompassed within the scope of Applicant's goods, the respective goods are legally identical in part").

In any event, the goods need not be identical or legally identical to find a likelihood of confusion under Section 2(d). They need only be related in such a way that the circumstances surrounding their marketing would result in relevant consumers mistakenly believing that the goods originate from or are associated with the same source. *On-Line Careline Inc. v. America Online Inc.,* 229 F.3d 1080, 56 USPQ2d 1471 (Fed. Cir. 2000).

The Board has found in several cases that candy and snack foods are closely related and can support a finding of likelihood of confusion. *See, e.g.*, *St. Nicholas Music Inc. Lolly-Jolly, Inc.*, 2005 WL 2093243, at *3 (TTAB 2005)("candy" held related to "fruit-based snacks"); *In Re Antonio F. Domingues and Kathy J. Bruzesse*, 2019 WL 6915462, at *7 (TTAB 2019)(applicants' cakes, candy, candy bars, chocolate, chocolate bars, and chocolate confections held related to registrant's candied fruit snacks and food package combinations consisting primarily of bread, crackers, and/or cookies); *In Re Sanchez Cano, S.A.*, 2008 WL 4155514, at *3 (TTAB 2008)(applicant's "caramels" and registrant's "pastry" held related because both are in the nature of snack and dessert items); *In Re Am. Blanching Co.*, 2008 WL 2817085, at *3 (TTAB 2008)(finding applicant's peanut butter to be related and complementary to registrant's candy).

17

The combination of identical marks and relatedness of goods, particularly enhances a likelihood that consumers will be confused. *In Re Martin's Famous Pastry Shoppe, Inc.*, 221 U.S.P.Q. ¶ 364 (TTAB 1984)("the use of identical marks on food products as well as in other consumer goods fields, particularly where such marks are not highly suggestive or do not border on mere descriptiveness, presents an especially great risk of customer confusion and weighs heavily on the side of likelihood of confusion"); *Amcor, Inc. v. Amcor Industries, Inc.,* 210 USPQ 70, 78 (TTAB 1981) ("… where both parties are using the identical designation … the relationship between the goods on which the parties use their marks need not be as great or as close as in the situation where the marks are not identical or strikingly similar."); *Midwest Biscuit Company v. John Livacich Produce, Inc*., 203 U.S.P.Q. 628, 1979 WL 24863 (TTAB 1979)("This Board [has] frequently held that the sale of different food items under the same or similar mark is likely to cause confusion in trade", *citing cases*).

Here, the Examining Attorney cited numerous active registrations in which both candy and snack foods are identified in the same registration, leading to the conclusion that these are the kind of goods that may emanate from a single source under a single mark. SOF ¶ 7 and Ex. B, pp. 47-86. Many more registrations could be cited as well. *See, e.g*., Reg. No. 6597341("Mascot"); Reg. No. 6343541(A Sweet Harmony of Flowers"); Reg. No 6591396 ("The Friendly Castle"); and Reg. No. 6539122("Jack-O"), all of which identify "candy" and "snacks" or "snack food" in a single class for a single mark. Although such third-party registrations are not evidence that the registered marks are in use, they nonetheless have probative value to the extent that they serve to suggest that the goods and services identified therein are of a type which may emanate from the same source. *See In re Albert Trostel & Sons Co.,* 29 USPQ2d 1783, 1785-86 (TTAB 1993).

18

Since the relevant goods in this case are the same and/or substantially related, the second *du Pont* factor also weighs heavily in favor of likely confusion.

### iii. Similarity of Channels of Trade.

The third *du Pont* factor is "The similarity or dissimilarity of established, likely-to-continue trade channels." Again, there is no genuine dispute that the parties both marketed their goods in the same channel of trade, namely through Amazon. Applicant, Respondent, and TI Express all had seller accounts with Amazon, through which they sold TONOSAMA branded goods. SOF ¶¶ 10-11, 16-18, 29-30. This is confirmed by Amazon's responses to the subpoena. *Id.* ¶¶ 11, 18, 30.

It is significant under this factor that the identifications in Petitioner's pleaded application and Respondent's registration include no limitation with respect to channels of trade or classes of purchasers. As a result, there is a presumption that the parties' goods move in all normal channels of trade for such goods and that they are available to all potential customers. *See Hewlitt-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001, 1005 (Fed. Cir. 2002) ("absent restrictions in the application and registration, goods and services are presumed to travel in the same channels of trade to the same class of purchasers"); *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1846 (Fed. Cir. 2000); *Henne Inc. Worldwide JR Wood*, 2012 WL 1267967, at *4–5 (TTAB 2012). As the evidence cited by the Examining Attorney shows, "goods such as applicant's snack foods and registrant's candy are commercially related because they are provided through the same stream of commerce." Ex. B, p. 49.

This presumption is strengthened by the fact that Petitioner's and Respondent's goods are identical or legally identical. *American Lebanese Syrian Assoc. Charities Inc. v. Child Health Research Inst.*, 101 USPQ2d 1022, 1028 (TTAB 2011)(where the services were legally identical, "the marketing channels of trade and targeted classes of consumers . . . are the same"); *see also In*

19

*re Viterra*, 671 F.3d 1358, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012) (finding Board entitled to rely on this legal presumption in determining likelihood of confusion).

Since the trade channels and classes of purchasers overlap, and the third *du Pont* factor also weighs heavily in favor of likely confusion.

### iv. The Conditions of Sale and the Buyers.

The fourth *du Pont* factor is "the conditions under which and buyers to whom sales are made, i.e. "impulse" v. careful, sophisticated purchasing." This factor also weighs in favor of Petitioner.

One can infer from the nature of the goods at issue, candy and snacks, that purchasers would not exercise a great deal of care in purchasing the goods at issue here. The goods are sold online through Amazon so the purchaser would have no chance to carefully inspect the product to distinguish one source from another, especially in light of the fact that the marks are identical. As shown in Ex. E and Ex. A, the cost of the products is not high enough to cause a reasonable consumer to exercise great caution before purchasing. Ex. E shows that the unit price for Petitioner's 30-piece candy assortment in 2016 was $22.50, and Respondent's specimen, Ex. A, p.15, shows that the unit price for Respondent's 30-piece candy assortment was $13.88. SOF ¶ 33. As the Board stated in *St. Nicholas Music Inc. Lolly-Jolly, Inc*., 2005 WL 2093243, at *3 (TTAB 2005), "We also find that the parties' respective goods, candy and fruit-based snacks, are ordinary consumer items which would be purchased without a great deal of care, by ordinary consumers." For reasons similar to the points set forth above, the Board in *St. Nicholas* concluded that "the second, third and fourth *du Pont* factors all weigh significantly in opposer's favor in our likelihood of confusion analysis." These same factors also weigh heavily in favor of likely confusion.

20

### v. The Strength of the Mark.

The fifth and sixth *du Pont* factors address, in different ways, the strength of the mark at issue. In this case, these factors encompass the fame of the registered mark and the number similar marks in use on similar goods. There is no evidence in the record to indicate that Respondent's mark is famous. But even if Respondent's mark were famous, that fact would be completely irrelevant to this analysis because Petitioner has prior use in commerce. As such, the fifth factor is irrelevant.

The sixth factor favors Petitioner. Petitioner's common law mark, TONOSAMA, is unique in the United States. A basic word mark search on the USPTO Trademark Electronic Search System ("TESS") for the word "tonosama" returns only two records: Serial No. 88665122, which is Petitioner's Application, and Serial No. 88359090, which is Respondent's Registration. SOF ¶ 32 and Ex. J. This is an indication that Petitioner's common law mark is very strong and inherently distinctive and thus receives a wider latitude for legal protection. *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772,* 396 F.3d 1369, 73 USPQ2d 1689, 1694 (Fed. Cir. 2005)(strong marks "enjoy wide latitude of legal protection" and are "more attractive as targets for would-be copyists"). The uniqueness of Petitioner's mark increases the likelihood that Respondent's mark and registration are likely to cause confusion as to the source of the goods being sold under that name.

### vi. The Remaining Factors Are Irrelevant.

The remaining *du Pont* factors are of little or no relevance to this summary judgment motion. The most important factors to determine likelihood of confusion are those already addressed, and all of those weigh heavily in favor of Petitioner. The remaining factors are either inapplicable, neutral, or favor Petitioner. Nothing in the record weighs against Petitioner, and

Respondent, having taken no depositions, is unlikely to present evidence that would controvert any of the material facts on which Petitioner relies in this motion.

### III.    CONCLUSION

Petitioner has demonstrated that there are no genuine disputed issues of fact and that it is entitled to bring this statutory cause of action, that it owns a protectable common law trademark in the mark TONOSAMA in the U.S., that it has priority of use of the mark in commerce, and that Respondent's mark must be cancelled under Section 2(d) because it is likely to cause confusion, mistake or to deceive consumers.

For all the foregoing reasons, Petitioner respectfully requests the Board to enter summary judgment in favor of Petitioner, cancel Respondent's Registration No. 5873672, and vacate the pending suspension of Petitioner's Application Serial No. 88665122.

WHEREFORE, Petitioner prays that Respondent's Registration No. 5873672 for the mark TONOSAMA be cancelled and that the Examining Attorney be instructed to withdraw the pending suspension of Petitioner's Application Serial No. 88665122.

Dated: January 7, 2022               Respectfully submitted,

Narita Export LLC

By: /s/*William T. McGrath*
William T. McGrath
Adam W. Baldwin
Davis McGrath LLC
125 South Wacker Drive; Suite. 300
Chicago, Illinois 60606
Telephone:  (312) 332-3033
*Attorneys for Petitioner*


Patrick G. Burns
RiKaleigh C. Johnson
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Telephone: (312) 360-0080
*Attorneys for Petitioner*

23

# CERTIFICATE OF SERVICE

I hereby certify that on the below date a copy of the foregoing *Petitioner's Motion for Summary Judgment and Memorandum in Support* has been served via email upon the following:

Ben T. Lila, Esq.
MANDOUR & ASSOCIATES, APC
8605 Santa Monica Blvd., Suite 1500 Los Angeles, CA 90069
Telephone: (858) 487-9300 Email: blila@mandourlaw.com
Attorneys for Respondent, Adaptrend, Inc.

Dated: <u>January 7, 2022</u>                    <u>/s/Sylvia Melby</u>
                                                Sylvia Melby
                                                smelby@gbc.law

24

<u>**DECLARATIONS AND EXHIBITS TO PETITIONER'S**</u>
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

1. <u>**Declaration of RiKaleigh C. Johnson**</u>

2. <u>**Declaration of Keigo Narita**</u>

3. <u>**Declaration of Teruhiko Izumi**</u>

4. <u>**Declaration of Miko Oka**</u>

5. <u>**Exhibit A**</u> – TSDR Record and File Wrapper for Respondent's Registration No. 5873672

6. <u>**Exhibit B (1 of 2)**</u> - TSDR Record and File Wrapper for Petitioner's Application Serial No. 88665122

7. <u>**Exhibit B (2 of 2)**</u> - TSDR Record and File Wrapper for Petitioner's Application Serial No. 88665122

8. <u>**Exhibit C**</u> – Nunc Pro Tunc Trademark Assignment

9. <u>**Exhibit D**</u> – Amazon's Amended Objections and Responses to Subpoena (REDACTED)

10. <u>**Exhibit E**</u> – Screenshots of Dream Express Japan

11. <u>**Exhibit F**</u> – Emails dated February 29, 2016, March 4, 2016, and March 7, 2016, between Mr. Izumi of TI Express and Mr. Imoto of the A-ups design agency

12. <u>**Exhibit G**</u> – English translation of emails dated February 29, 2016, March 4, 2016, and March 7, 2016, between Mr. Izumi of TI Express and Mr. Imoto of the A-ups design agency

13. <u>**Exhibit H**</u> – Printout from the Japanese-English Dictionary at www.jlearn.net/dictionary

14. <u>**Exhibit I**</u> – Adaptrend, Inc.'s Responses to Interrogatories by Petitioner Narita Export LLC, dated May 24, 2021

15. <u>**Exhibit J**</u> – Screenshot of USPTO Trademark Electronic Search System ("TESS") "TONOSAMA" Search

16. <u>**Exhibit K**</u> –Adaptrend, Inc.'s Responses to First Set of Requests for Production by Petitioner Narita Export LLC

17. <u>**Exhibit L**</u> – Petitioner's Response to Respondent's First Set of Discovery Requests

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

| | | |
|---|---|---|
| In the Matter of Registration No. 5873672 | ) | |
| For the mark – TONOSAMA | ) | |
| | ) | |
| NARITA EXPORT LLC | ) | Cancellation No. 92074784 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADAPTREND, INC. | ) | |
| Respondent. | ) | |

**DECLARATION OF RIKALEIGH C. JOHNSON IN SUPPORT OF
PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

I, RiKaleigh C. Johnson, make the following Declaration under penalty of perjury:

1. I am an attorney with the law firm of Greer Burns & Crain. I am licensed to practice in all of the courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am an attorney of record for the Petitioner in the above captioned matter and I make this Declaration based on my personal knowledge and based on documents and communications exchanged in the course of this dispute.

2. I have reviewed all the documents produced by Respondent Adaptrend, Inc. in this matter. Based on my review of the documents, the earliest sale of TONOSAMA goods by Respondent reflected in those documents is **June 13, 2016**.

3. A subpoena was sent to Amazon seeking confirmation of the dates of first sale of TONOSAMA branded goods by both Petitioner and Respondent.

4. **Exhibit A** to the Motion for Summary Judgment is a true and correct copy of the TSDR record and USPTO file wrapper for Respondent's Registration No. 5873672 for the mark TONOSMA.

5.      **Exhibit B** to the Motion for Summary Judgment is a true and correct copy of the TSDR record and file wrapper for Petitioner's Application Serial No. 88665122 for the mark TONOSAMA.

6.      **Exhibit D** to the Motion for Summary Judgment is a true and correct copy of Amazon's Amended Objections and Responses to Subpoena, dated July 9, 2021, served on counsel for Petitioner by electronic mail on that date in response to a subpoena served on Amazon by Petitioner.

7.      **Exhibit H** to the Motion for Summary Judgment is a true and correct copy of an entry in an online Japanese-English dictionary at www.jlearn.net/dictionary. This document shows the URL and the date it was accessed and downloaded, namely, 1/6/2022.

8.      **Exhibit I** to the Motion for Summary Judgment is a true and correct copy of Respondent Adaptrend, Inc. Responses to Interrogatories by Petitioner Narita Export LLC, dated May 24, 2021, and verified by Mr. Akimasa Okazaki, President of Adaptrend, Inc., on May 21, 2021.

9.      **Exhibit J** to the Motion for Summary Judgment is a true and correct copy of a TESS search I ran on January 6, 2022 for the mark TONOSAMA.

10.     **Exhibit K** to the Motion for Summary Judgment is a true and correct copy of Respondent Adaptrend, Inc. Responses to First Set of Requests for Production by Petitioner Narita Export LLC, dated May 24, 2021.

11.     **Exhibit L** to the Motion for Summary Judgment is a true and correct copy of Petitioner's Response to Respondent's First Set of Discovery Requests, dated July 9, 2021, and verified by Mr. Keigo Narita, President of Narita Export LLC, on July 27, 2021.

2

I declare under penalty of perjury under the laws of the State of Illinois and the United Stated of America that the foregoing is true and correct.

Executed this 7th day of January, 2022 at Chicago, Illinois.

By:

/s/RiKaleigh C. Johnson
RiKaleigh C. Johnson
Counsel for Petitioner Narita Export LLC

3

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| In the Matter of Registration No. 5873672 | ) | |
| For the mark – TONOSAMA | ) | |
| | ) | |
| NARITA EXPORT LLC | ) | Cancellation No. 92074784 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADAPTREND, INC. | ) | |
| Respondent. | ) | |

## DECLARATION OF KEIGO NARITA IN SUPPORT OF PETITIONER'S MOTION FOR SUMMARY JUDGMENT

I, Keigo Narita, make the following Declaration under penalty of perjury:

1. I am President of Narita Export LLC, and I make this Declaration based on my personal knowledge or on business records that were made at the time or in the regular course of business.

2. Narita Export LLC ("Narita"), is a limited liability company existing under the laws of Japan and having a principal place of business at 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken JAPAN 646-0036.

3. Narita is the owner of the trademark TONOSAMA in connection with the sale of candy and snack foods. The prior owner of the trademark was Kabushiki Kaisha TI Express, a Japanese stock company ("TI Express"). On or about November 25, 2016, TI Express entered an oral agreement with Narita in which TI Express assigned certain assets to Narita, including all rights, title, and interest in the TONOSAMA trademark, and the goodwill associated therewith, for candy, chocolates, snack foods, and related products.

4.     In 2016, sales by TI Express of TONOSAMA products, together with subsequent sales by Narita, amounted to more than 900 independent sales into the U.S. Cumulative sales during that calendar year were in excess of $22,000.

5.     After its acquisition of the TONOSAMA mark, Narita continued to make substantial sales of products in connection with the TONOSAMA mark. Since January 1, 2017, Narita has made more than 6,600 independent sales into the U.S. Cumulative sales since then have been in excess of $78,000.

6.     Narita made its sales of products in connection with the TONOSAMA mark through its Amazon account "world bridge from Japan". The date of the first sale of these products using the TONOSAMA mark through this account was November 25, 2016.

I declare under penalty of perjury under the laws of the United Stated of America that the foregoing is true and correct.

Executed this ___ day of January, 2022.

By:

Keigo Narita

Keigo Narita

| | | |
|---|---|---|
| In the Matter of Registration No. 5873672 | ) | |
| For the mark – TONOSAMA | ) | |
| | ) | |
| NARITA EXPORT LLC | ) | Cancellation No. 92074784 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADAPTREND, INC. | ) | |
| Respondent. | ) | |

## DECLARATION OF TERUHIKO IZUMI IN SUPPORT OF PETITIONER'S MOTION FOR SUMMARY JUDGMENT

I, Teruhiko Izumi, make the following Declaration under penalty of perjury:

1.      I am the former President of Kabushiki Kaisha TI Express ("TI Express"). I resigned as President of TI Express on July 2, 2018.  I was President of TI Express at the time of the selection of the TONOSAMA mark, the creation of the logo illustration, the first sales of the goods and subsequent sales in 2016, and the oral trademark assignment of the TONOSAMA mark to Narita Export LLC ("Narita" or "Petitioner"). TI Express is a Japanese stock company existing under the laws of Japan and having a principal place of business at 9-24, Heiwadori 7-chome kita, Shiroishi-ku, Sapporo-shi, Hokkaido Japan 003-0029, and I make this Declaration based on my personal knowledge or on business records that were made at the time or in the regular course of business.

2.      In 2016, TI Express began marketing a line of Japanese candy and snack items in the United States market.  TI Express sold the products under the brand name TONOSAMA.

3. TI Express made its first sale of TONOSAMA branded candy and snack food in the U.S. on March 27, 2016.

4. TI Express made sales of TONOSAMA branded products through its Amazon seller account "Dream Express Japan." At the time of those sales, I was the owner of the Amazon seller account "Dream Express Japan."

5. TI Express first sold a candy and snack items in connection with the TONOSAMA mark on March 27, 2016. Specifically, a product titled "Japanese candy assortment 30pcs full of dagashi. "TONOSAMA CANDY" was purchased from TI Express' Amazon seller account "Dream Express Japan." Exhibit E to the Summary Judgment Motion is a true and correct copy of a screenshot printout showing TI Express' Amazon seller account Dream Express Japan (Doc. # Narita 31). This document shows the sale by TI Express of TONOSAMA candy to a customer in the U.S. with a "purchase date" of March 27, 2016. It shows a "ship by" date of "Mon, Mar 28 to Tue, Mar 29, 2016."

6. Prior to TI Express' first sale of TONOSAMA goods, TI Express invested in creating designs for the product packaging. In connection with this investment, TI Express worked with a design agency in Japan called A-ups to create a logo design to accompany the TONOSAMA trademark.

7. Exhibit F to the Summary Judgment Motion is a true and correct copy of certain correspondence between Mr. Imoto of the A-ups design agency and me dated February 29, 2016, March 4, 2016, and March 7, 2016, regarding the creation and revisions of an illustration for use on TI Express' TONOSAMA products. The illustrations in the exhibit depict a Japanese "feudal lord." On March 7, 2016, Mr. Imoto

stated that he would deliver the illustrations to TI Express on March 16, 2016. TI Express

began using these illustrations on its very first sales of TONOSAMA branded candy and

snacks on March 27, 2016.

8.     On October 20, 2020, I executed a Nunc Pro Tunc Trademark Assignment to

Narita Export LLC, with an effective date of November 25, 2016.  I was president of TI Express

at the time of the effective date of the Nunc Pro Tunc Trademark Assignment to Narita.  The

written assignment memorialized the prior oral trademark assignment of the TONOSAMA mark

to Narita.  The oral assignment transferred the TONOSAMA mark and the goodwill associated

therewith to Narita.  Exhibit C to the Summary Judgment Motion is a true and correct copy of

the Nunc Pro Tunc Trademark Assignment.

9.     TI Express made substantial sales of TONOSAMA products from March

27, 2016, until it assigned its TONOSAMA assets to Petitioner in November, 2016.  Sales

by TI Express, and subsequently by Petitioner, during the calendar year 2016 amounted to

more than 900 independent sales into the U.S.  Cumulative sales during that calendar year

were in excess of $22,000.


       I declare under penalty of perjury under the laws of the United Stated of America that the

foregoing is true and correct.


Executed this 6 day of January, 2022.

                                          By:

                                          Teruhiko Izumi

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| In the Matter of Registration No. 5873672<br>  For the mark – TONOSAMA | ) ) ) | |
| NARITA EXPORT LLC<br>  Petitioner, | ) ) ) | Cancellation No. 92074784 |
| v. | ) ) | |
| ADAPTREND, INC.<br>  Respondent. | ) ) ) | |

## DECLARATION OF MIKIO OKA IN SUPPORT OF
## PETITIONER'S MOTION FOR SUMMARY JUDGMENT

I, Mikio Oka, make the following Declaration under penalty of perjury:

1.    I am a translator and trademark specialist with the firm Asahina & Co. in Japan.

2.    In 2021, in connection with the above-captioned Cancellation Proceeding, I translated certain emails, dated February 29, 2016, March 4, 2016, and March 7, 2016, from Japanese to English ("Translated Emails"). A true and correct copy of the Translated Emails I reviewed, as originally written Japanese, are reproduced in Exhibit F to the Summary Judgment Motion.

3.    Based on their content, the Translated Emails appear to be between Mr. Izumi of TI Express and Mr. Imoto of the A-ups design agency.

4.    A true and correct copy of my English translation of the Translated Emails are attached hereto as Exhibit G to the Summary Judgment Motion. Exhibit G is a true and correct translation of the emails contained in Exhibit F.

I declare under penalty of perjury under the laws of the United Stated of America that the foregoing is true and correct.

Executed this 20th day of January, 2022.

By:

_____
Mikio Oka

**Generated on:** This page was generated by TSDR on 2022-01-03 12:08:29 EST

**Mark:** TONOSAMA

TONOSAMA

| | | | |
|---|---|---|---|
| **US Serial Number:** | 88359090 | **Application Filing Date:** | Mar. 27, 2019 |
| **US Registration Number:** | 5873672 | **Registration Date:** | Oct. 01, 2019 |
| **Filed as TEAS RF:** | Yes | **Currently TEAS RF:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Cancellation/Invalidation Pending

This trademark application has been registered with the Office, but it is currently undergoing a challenge which may result in its removal from the registry.

**Status:** A cancellation proceeding is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Jul. 23, 2020

**Publication Date:** Jul. 16, 2019

## Mark Information

**Mark Literal Elements:** TONOSAMA

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

**Translation:** The English translation of "TONOSAMA" in the mark is "FEUDAL LORD".

## Goods and Services

**Note:**
The following symbols indicate that the Â registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies

| | | | |
|---|---|---|---|
| **International Class(es):** | 030 - Primary Class | **U.S Class(es):** | 046 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | 2011 | **Use in Commerce:** | 2016 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

# Current Owner(s) Information

**Owner Name:** ADAPTREND, INC.

**Owner Address:** 61-2 Kuchihara
Iizuka-shi, Fukuoka JAPAN 820-1114

**Legal Entity Type:** CORPORATION

**State or Country Where Organized:** JAPAN

# Attorney/Correspondence Information

**Attorney of Record**

**Attorney Name:** JOSEPH A MANDOUR

**Docket Number:** 4591.02-001

**Attorney Primary Email Address:** jmandour@mandourlaw.com

**Attorney Email Authorized:** Yes

**Correspondent**

**Correspondent Name/Address:** JOSEPH A MANDOUR
MANDOUR & ASSOCIATES APC
8605 SANTA MONICA BLVD, SUITE 1500
LOS ANGELES, CALIFORNIA UNITED STATES 90069

**Phone:** 858-487-9300

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Jul. 23, 2020 | CANCELLATION INSTITUTED NO. 999999 | 74784 |
| Oct. 01, 2019 | REGISTERED-PRINCIPAL REGISTER | |
| Jul. 16, 2019 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jul. 16, 2019 | PUBLISHED FOR OPPOSITION | |
| Jun. 26, 2019 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jun. 07, 2019 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jun. 06, 2019 | ASSIGNED TO EXAMINER | 92448 |
| Apr. 13, 2019 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Mar. 30, 2019 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** PUBLICATION AND ISSUE SECTION

**Date in Location:** Oct. 01, 2019

# Proceedings

**Summary**

**Number of Proceedings:** 1

**Type of Proceeding: Cancellation**

**Proceeding Number:** 92074784

**Filing Date:** Jul 22, 2020

**Status:** Pending

**Status Date:** Dec 28, 2021

**Interlocutory Attorney:** MARY CATHERINE FAINT

**Defendant**

**Name:** Adaptrend, Inc.

**Correspondent Address:** JOSEPH A MANDOUR
MANDOUR & ASSOCIATES APC
8605 SANTA MONICA BLVD, SUITE 1500

LOS ANGELES CA UNITED STATES , 90069

Correspondent e-mail: jmandour@mandourlaw.com , blila@mandourlaw.com , ggray@mandourlaw.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| TONOSAMA | Cancellation Pending | 88359090 | 5873672 |

**Plaintiff(s)**

Name: Narita Export LLC

Correspondent Address: PATRICK G BURNS
GREER BURNS & CRAIN LTD
300 SOUTH WACKER DRIVE, SUITE 2500
CHICAGO IL UNITED STATES , 60606

Correspondent e-mail: tmdocket@gbclaw.net , pburns@gbclaw.net , rjohnson@gbclaw.net , smelby@gbclaw.net , wmcgrath@davismcgrath.com , abaldwin@davismcgrath.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| TONOSAMA | Report Completed Suspension Check - Case Still Suspended | 88665122 | |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|--------------|--------------|------|----------|
| 24 | TRIAL DATES RESET | Dec 28, 2021 | |
| 23 | SUSP PEND DISP OF OUTSTNDNG MOT | Dec 07, 2021 | |
| 22 | P MOT FOR EXT W/O CONSENT | Nov 30, 2021 | |
| 21 | P CHANGE OF CORRESP ADDRESS | Nov 30, 2021 | |
| 20 | PROCEEDINGS RESUMED | Sep 21, 2021 | |
| 19 | D REPLY IN SUPPORT OF MOTION | Aug 31, 2021 | |
| 18 | P MOTION | Aug 25, 2021 | |
| 17 | P OPP/RESP TO MOTION | Aug 11, 2021 | |
| 16 | SUSP PEND DISP OF OUTSTNDNG MOT | Aug 10, 2021 | |
| 15 | D MOT TO QUASH | Aug 02, 2021 | |
| 14 | SUSPENDED | Jul 26, 2021 | |
| 13 | P NOTICE OF DISCOVERY DEPOSITION ON WRITTEN QUESTIONS | Jul 22, 2021 | |
| 12 | EXTENSION OF TIME GRANTED | May 27, 2021 | |
| 11 | P OPP/RESP TO MOTION | Apr 30, 2021 | |
| 10 | D MOT FOR EXT W/O CONSENT | Apr 23, 2021 | |
| 9 | D CHANGE OF CORRESP ADDRESS | Apr 14, 2021 | |
| 8 | EXTENSION OF TIME GRANTED | Nov 30, 2020 | |
| 7 | D MOT FOR EXT W/ CONSENT | Nov 30, 2020 | |
| 6 | EXTENSION OF TIME GRANTED | Oct 26, 2020 | |
| 5 | D MOT FOR EXT W/ CONSENT | Oct 22, 2020 | |
| 4 | ANSWER | Aug 28, 2020 | |
| 3 | INSTITUTED | Jul 23, 2020 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Jul 23, 2020 | Sep 01, 2020 |
| 1 | FILED AND FEE | Jul 22, 2020 | |

# TONOSAMA

**Reg. No. 5,873,672**

**Registered Oct. 01, 2019**

**Int. Cl.: 30**

**Trademark**

**Principal Register**

ADAPTREND, INC.  (JAPAN CORPORATION)
61-2 Kuchihara
Iizuka-shi, Fukuoka, JAPAN 820-1114

CLASS 30: Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies

FIRST USE 00-00-2011; IN COMMERCE 00-00-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

The English translation of "TONOSAMA" in the mark is "FEUDAL LORD".

SER. NO. 88-359,090, FILED 03-27-2019

Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

## *TRADEMARK OFFICIAL GAZETTE* PUBLICATION CONFIRMATION

**U.S. Serial Number:**  88359090
**Mark:**  TONOSAMA
**International Class(es):**  030
**Owner:**  ADAPTREND, INC.
**Docket/Reference Number:**  ADA-1247-1

The mark identified above has been published in the Trademark Official Gazette (TMOG) on Jul 16, 2019.

**To Review the Mark in the TMOG:**

Click on the following link or paste the URL into an internet browser: https://tmog.uspto.gov/#issueDate=2019-07-16&serialNumber=88359090

On the publication date or shortly thereafter, the applicant should carefully review the information that appears in the TMOG for accuracy.  For corrections or amendments after publication, please use the Post-Approval/Publication/Post-Notice of Allowance (NOA) Amendment Form, accessible at https://teas.uspto.gov/office/ppa.  For general information about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

**Significance of Publication for Opposition:**

*    Any party who believes it will be damaged by the registration of the mark may file a notice of opposition (or extension of time therefor) with the Trademark Trial and Appeal Board.  If no party files an opposition or extension request within thirty (30) days after the publication date, then eleven (11) weeks after the publication date a certificate of registration should issue.

To check the status of the application, go to https://tsdr.uspto.gov/#caseNumber=88359090&caseType=SERIAL_NO&searchType=statusSearch or contact the Trademark Assistance Center at 1-800-786-9199.  Please check the status of the application at least every three (3) months after the application filing date.

To view this notice and other documents for this application on-line, go to https://tsdr.uspto.gov/#caseNumber=88359090&caseType=SERIAL_NO&searchType=documentSearch.  NOTE: This notice will only become available on-line the next business day after receipt of this e-mail.



**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**

**OFFICIAL USPTO NOTICE OF PUBLICATION UNDER 12(a)**

**U.S. Application Serial No.**  88359090
**Mark:**  TONOSAMA
**International Class(es):**  030
**Owner:**  ADAPTREND, INC.
**Docket/Reference No.**  ADA-1247-1

**Issue Date:**  June 26, 2019

**Your mark is scheduled to publish in the** *Trademark Official Gazette* **(TMOG) on July 16, 2019.**

**Your mark appears to be entitled to register** on the Principal Register, subject to any claims of concurrent use.

**What happens when your mark publishes.**  Within 30 days of the publication date, any party who believes it will be damaged by the registration of the mark may file a notice of opposition (or extension of time) with the Trademark Trial and Appeal Board.  If no objection is filed, we will issue a registration.

**View your mark in the TMOG** after the publication date at **https://tmog.uspto.gov/** by selecting your publication date in the "issues" field, entering your serial number in the "search by" field, and clicking on the magnifying glass.

**Ensure that the information in the TMOG is correct.**  If any information is incorrect, promptly request correction using the "Post-Approval/Publication/Post-Notice of Allowance (NOA) Amendment" form at **https://teas.uspto.gov/office/ppa/**.  For more information, see **https://www.uspto.gov/trademark/trademark-updates-and-announcements/procedures-submitting-amendmentscorrections-trademark**.

**Direct questions** about this notice to the Trademark Assistance Center (TAC)at 1-800-786-9199 (select option 1) or **TrademarkAssistanceCenter@uspto.gov**.

---

**Email Address(es):**

info@onlinetrademarkattorneys.com

Appx61

| From: | TMOfficialNotices@USPTO.GOV |
| Sent: | Wednesday, June 26, 2019 04:31 AM |
| To: | info@onlinetrademarkattorneys.com |
| Subject: | Official USPTO Notification of Notice of Publication: U.S. Trademark SN 88359090: TONOSAMA: Docket/Reference No. ADA-1247-1 |

<u>NOTIFICATION OF "NOTICE OF PUBLICATION"</u>

Your trademark application (U.S. Serial No. 88359090) is scheduled to publish in the *Official Gazette* on Jul 16, 2019.  To preview the Notice of Publication, go to the Trademark Status & Document Retrieval (TSDR) database, accessible at https://tsdr.uspto.gov/search.action?sn=88359090.  If you have difficulty accessing the Notice of Publication, contact the Trademark Assistance Center (TAC) by e-mail at TrademarkAssistanceCenter@uspto.gov or by telephone at 800-786-9199.

**PLEASE NOTE:**
1. The Notice of Publication may not be immediately available but will be viewable within 24 hours of this e-mail notification.
2. You will receive a second e-mail on the actual "Publication Date," which will include a link to the issue of the *Official Gazette* in which the mark has published.

Please confirm that the correspondence information shown in TSDR is correct. If the correspondence information is not correct, please update this information using the online Change of Correspondence Address Form, accessible at https://teas.uspto.gov/ccr/cca.

Do NOT hit "Reply" to this e-mail notification. If you find an error in the Notice of Publication, update the information using the Post-Approval/Publication/Post-Notice of Allowance (NOA) Amendment Form, accessible at https://teas.uspto.gov/office/ppa.

## OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 88359090 | FILING DATE | 03/27/2019 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | COHEN, ROBERT ANDREW | L.O. ASSIGNED | 103 |

## PUB INFORMATION

| | |
|---|---|
| RUN DATE | 06/08/2019 |
| PUB DATE | N/A |
| STATUS | 680-APPROVED FOR PUBLICATION |
| STATUS DATE | 06/07/2019 |
| LITERAL MARK ELEMENT | TONOSAMA |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

## FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

## MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | TONOSAMA |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

## CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |

| NAME | ADAPTREND, INC. |
|---|---|
| ADDRESS | 61-2 Kuchihara<br>Iizuka-shi, Fukuoka, 820-1114 |
| ENTITY | 03-CORPORATION |
| CITIZENSHIP | Japan |

## GOODS AND SERVICES

| INTERNATIONAL CLASS | 030 |
|---|---|
| DESCRIPTION TEXT | Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies |

## GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 030 | FIRST USE DATE | 00/00/2011 | FIRST USE IN COMMERCE DATE | 00/00/2016 | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

## MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| TRANSLATION | The English translation of "TONOSAMA" in the mark is "FEUDAL LORD." |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 06/07/2019 | CNSA | O | APPROVED FOR PUB - PRINCIPAL REGISTER | 004 |
| 06/06/2019 | DOCK | D | ASSIGNED TO EXAMINER | 003 |
| 04/13/2019 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 03/30/2019 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

## CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | Alexandra Summers |
|---|---|
| CORRESPONDENCE ADDRESS | ALEXANDRA SUMMERS<br>SAUSSER SUMMERS, PC<br>4846 PAYTON STREET<br>SANTA BARBARA, CA 93111 |
| DOMESTIC REPRESENTATIVE | NONE |

# TONOSAMA

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 1 | 0 | 1 | 1 | 0:01 | 88359090[SN] |
| 02 | 296 | N/A | 0 | 0 | 0:02 | *tono*[bi,ti] not dead[ld] |
| 03 | 543 | N/A | 0 | 0 | 0:02 | *{"sz"}ama*[bi,ti] not dead[ld] |
| 04 | 1 | 0 | 1 | 1 | 0:01 | 2 and 3 |
| 05 | 7 | 0 | 7 | 6 | 0:01 | *tono{"sz"}*[bi,ti] not dead[ld] |
| 06 | 66 | 0 | 66 | 63 | 0:02 | *{"fh"}e{"uw"}d*[bi,ti] not dead[ld] |
| 07 | 972 | N/A | 0 | 0 | 0:01 | *lord*[bi,ti] not dead[ld] |
| 08 | 2 | 0 | 2 | 2 | 0:01 | 6 and 7 |
| 09 | 3069223 | N/A | 0 | 0 | 0:01 | "030"[cc] |
| 10 | 143 | 0 | 143 | 136 | 0:01 | 2 and 9 |
| 11 | 1 | 0 | 1 | 1 | 0:02 | *tonosama*[bi,ti] not dead[ld] |

Session started 6/7/2019 8:41:14 PM
Session finished 6/7/2019 8:43:52 PM
Total search duration 0 minutes 15 seconds
Session duration 2 minutes 38 seconds
Defaut NEAR limit=1ADJ limit=1


Sent to TICRS as Serial Number: 88359090

# NOTE TO THE FILE

SERIAL NUMBER:      88359090

DATE:               06/07/2019

NAME:               rcohen

**NOTE:**

**Searched:**
```
____  Google
____  Lexis/Nexis
____  OneLook
____  Wikipedia
____  Acronym Finder          ____  Protest evidence reviewed
 X    Other: https://jisho.org/search/tonosama
```

**Checked:**
```
____  Geographic significance
____  Surname
____  Translation
____  ID with ID/CLASS mailbox
```

__ Checked list of approved Canadian attorneys and agents

**Discussed file with**
**Attorney/Applicant via:**
```
      ____  phone                    ____  Left message with
      ____  email                          Attorney/Applicant

____  Requested Law Library search   ____  Issued Examiner's Amendment
      for:                                 and entered changes in TRADEUPS

____   PRINT  ____  DO NOT PRINT      ____  Added design code in TRADEUPS
____  Description of the mark
____  Translation statement          ____  Re-imaged standard character
                                           drawing
____  Negative translation statement
____  Consent of living individual   ____  Contacted TM MADRID ID/CLASS
                                           about misclassified definite ID
 X    Changed TRADEUPS to: Placed quotatin marks around mark wording in the translation statement.

____  OTHER:
```

# TONOSAMA



Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88359090**
**Filing Date: 03/27/2019**

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88359090 |
| **MARK INFORMATION** | |
| *MARK | TONOSAMA |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | TONOSAMA |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | ADAPTREND, INC. |
| *STREET | 61-2 Kuchihara |
| *CITY | Iizuka-shi, Fukuoka |
| *COUNTRY | Japan |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 820-1114 |
| **EMAIL ADDRESS** | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | corporation |
| **STATE/COUNTRY OF INCORPORATION** | Japan |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 030 |
| *IDENTIFICATION | Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies |
| **FILING BASIS** | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 00/00/2011 |
| FIRST USE IN COMMERCE DATE | At least as early as 00/00/2016 |
| SPECIMEN FILE NAME(S) | |
| ORIGINAL PDF FILE | SPE0-242548215-20190326164124443718_._Specimen_TONOSAMA.pdf |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT17\IMAGEOUT17\883\590\88359090\xml1\RFA0003.JPG |

| SPECIMEN DESCRIPTION | Screenshot of gift basket available for purchase |
|---|---|

## ADDITIONAL STATEMENTS SECTION

| TRANSLATION | The English translation of TONOSAMA in the mark is FEUDAL LORD. |
|---|---|

## ATTORNEY INFORMATION

| NAME | Alexandra Summers |
|---|---|
| ATTORNEY DOCKET NUMBER | ADA-1247-1 |
| FIRM NAME | Sausser Summers, PC |
| STREET | 4846 Payton Street |
| CITY | Santa Barbara |
| STATE | California |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 93111 |
| PHONE | 843-654-0078 x3 |
| EMAIL ADDRESS | info@onlinetrademarkattorneys.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Brent Sausser |

## CORRESPONDENCE INFORMATION

| NAME | Alexandra Summers |
|---|---|
| FIRM NAME | Sausser Summers, PC |
| STREET | 4846 Payton Street |
| CITY | Santa Barbara |
| STATE | California |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 93111 |
| PHONE | 843-654-0078 x3 |
| *EMAIL ADDRESS | info@onlinetrademarkattorneys.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| APPLICATION FILING OPTION | TEAS RF |
|---|---|
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 275 |
| *TOTAL FEE DUE | 275 |
| *TOTAL FEE PAID | 275 |

## SIGNATURE INFORMATION

| SIGNATURE | /AKIMASA OKAZAKI/ |
|---|---|
| SIGNATORY'S NAME | AKIMASA OKAZAKI |
| SIGNATORY'S POSITION | President |
| SIGNATORY'S PHONE NUMBER | 818042736317 |

| **DATE SIGNED** | 03/28/2019 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 88359090**
**Filing Date: 03/27/2019**

## To the Commissioner for Trademarks:

**MARK:** TONOSAMA (Standard Characters, see mark)
The literal element of the mark consists of TONOSAMA.
The mark consists of standard characters, without claim to any particular font style, size, or color.

The applicant, ADAPTREND, INC., a corporation of Japan, having an address of
    61-2 Kuchihara
    Iizuka-shi, Fukuoka 820-1114
    Japan
    XXXX (not authorized)

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 030: Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies

In International Class 030, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 00/00/2011, and first used in commerce at least as early as 00/00/2016, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Screenshot of gift basket available for purchase.

**Original PDF file:**
SPE0-242548215-20190326164124443718_._Specimen_TONOSAMA.pdf
**Converted PDF file(s)** (1 page)
Specimen File1

**Translation**
The English translation of TONOSAMA in the mark is FEUDAL LORD.

The applicant's current Attorney Information:
    Alexandra Summers and Brent Sausser of Sausser Summers, PC    4846 Payton Street
    Santa Barbara, California 93111
    United States
    843-654-0078 x3(phone)
    info@onlinetrademarkattorneys.com (authorized)
The attorney docket/reference number is ADA-1247-1.

The applicant's current Correspondence Information:
    Alexandra Summers
    Sausser Summers, PC
    4846 Payton Street
    Santa Barbara, California 93111
    843-654-0078 x3(phone)
    info@onlinetrademarkattorneys.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant, the applicant's attorney, or the applicant's domestic representative at the e-mail address provided in this application. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Reduced Fee status and a requirement to

submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

<div align="center">

**Declaration**

</div>

☑ **Basis:**
**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /AKIMASA OKAZAKI/  Date: 03/28/2019
Signatory's Name: AKIMASA OKAZAKI
Signatory's Position: President
Payment Sale Number: 88359090
Payment Accounting Date: 03/28/2019

Serial Number: 88359090
Internet Transmission Date: Wed Mar 27 14:04:14 EDT 2019
TEAS Stamp: USPTO/BAS-XX.XXX.XX.XX-20190327140414325
282-88359090-620987e1a3cb67165ec5341c3df
abe6fdd496b97f57ca63d93b9e279279a8376e44
-CC-339-20190326164124443718

<div align="center">

Appx74

</div>

# TONOSAMA



**Generated on:** This page was generated by TSDR on 2022-01-03 12:18:57 EST

**Mark:** TONOSAMA

# TONOSAMA

**US Serial Number:** 88665122

**Filed as TEAS RF:** Yes

**Register:** Principal

**Mark Type:** Trademark

**TM5 Common Status Descriptor:**

**Application Filing Date:** Oct. 23, 2019

**Currently TEAS RF:** Yes

LIVE/APPLICATION/Under Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and that this application has been assigned to an examiner.

**Status:** Suspension check completed. Application remains suspended.

**Status Date:** Dec. 02, 2021

## Mark Information

**Mark Literal Elements:** TONOSAMA

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

**Translation:** The English translation of TONOSAMA in the mark is FEUDAL LORD.

## Goods and Services

Note:
The following symbols indicate that the registrant/owner has amended the goods/services:
* Brackets [..] indicate deleted goods/services;
* Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
* Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods

**International Class(es):** 030 - Primary Class

**U.S Class(es):** 046

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Mar. 27, 2016

**Use in Commerce:** Mar. 27, 2016

## Basis Information (Case Level)

**Filed Use:** Yes

**Filed ITU:** No

**Filed 44D:** No

**Filed 44E:** No

**Filed 66A:** No

**Filed No Basis:** No

**Currently Use:** Yes

**Currently ITU:** No

**Currently 44E:** No

**Currently 66A:** No

**Currently No Basis:** No

## Current Owner(s) Information

|  |  |  |  |
|---|---|---|---|
| **Owner Name:** | NARITA EXPORT LLC | | |
| **Owner Address:** | 12-18, KAMIYASHIKI 3-CHOME, TANABE-SHI WAKAYAMA-KEN JAPAN 646-0036 | | |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | JAPAN |

## Attorney/Correspondence Information

|  |  |  |  |
|---|---|---|---|
| **Attorney of Record** | | | |
| **Attorney Name:** | Patrick G. Burns | **Docket Number:** | 6733.139069 |
| **Attorney Primary Email Address:** | tmdocket@gbclaw.net | **Attorney Email Authorized:** | Yes |
| **Correspondent** | | | |
| **Correspondent Name/Address:** | Patrick G. Burns GREER, BURNS & CRAIN, LTD. 300 SOUTH WACKER DRIVE SUITE 2500 CHICAGO, ILLINOIS UNITED STATES 60606 | | |
| **Phone:** | 312-360-0080 | **Fax:** | 312-360-9315 |
| **Domestic Representative** | | | |
| **Domestic Representative Name:** | Patrick G. Burns | **Phone:** | 312-360-0080 |
| **Fax:** | 312-360-9315 | | |
| **Domestic Representative e-mail:** | tmdocket@gbclaw.net | **Domestic Representative e-mail Authorized:** | Yes |

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Dec. 02, 2021 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| Jul. 14, 2021 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Jun. 02, 2021 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| Dec. 02, 2020 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 6332 |
| Dec. 02, 2020 | LETTER OF SUSPENSION E-MAILED | 6332 |
| Dec. 02, 2020 | SUSPENSION LETTER WRITTEN | 76509 |
| Dec. 01, 2020 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Nov. 30, 2020 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Nov. 30, 2020 | TEAS RESPONSE TO SUSPENSION INQUIRY RECEIVED | |
| Jul. 27, 2020 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 6332 |
| Jul. 27, 2020 | LETTER OF SUSPENSION E-MAILED | 6332 |
| Jul. 27, 2020 | SUSPENSION LETTER WRITTEN | 76509 |
| Jul. 24, 2020 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Jul. 23, 2020 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Jul. 23, 2020 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Jan. 29, 2020 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Jan. 29, 2020 | NON-FINAL ACTION E-MAILED | 6325 |
| Jan. 29, 2020 | NON-FINAL ACTION WRITTEN | 76509 |
| Jan. 29, 2020 | ASSIGNED TO EXAMINER | 76509 |
| Oct. 31, 2019 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Oct. 26, 2019 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

| **TM Staff Information** | | | |
|---|---|---|---|
| **TM Attorney:** | HARDY LUDLOW, TARAH KI | **Law Office Assigned:** | LAW OFFICE 110 |
| **File Location** | | | |

# Assignment Abstract Of Title Information

### Summary

| | |
|---|---|
| **Total Assignments:** 1 | **Applicant:** NARITA EXPORT LLC |

### Assignment 1 of 1

| | |
|---|---|
| **Conveyance:** | NUNC PRO TUNC ASSIGNMENT EFFECTIVE 11/25/2016 |
| **Reel/Frame:** | 7348/0664 |
| **Date Recorded:** | Jul. 07, 2021 |
| **Supporting Documents:** | assignment-tm-7348-0664.pdf |

**Pages:** 4

### Assignor

| | | | |
|---|---|---|---|
| **Name:** | KABUSHIKI KAISHA TI EXPRESS | **Execution Date:** | Oct. 20, 2020 |
| **Legal Entity Type:** | STOCK COMPANY | **State or Country Where Organized:** | JAPAN |

### Assignee

| | | | |
|---|---|---|---|
| **Name:** | NARITA EXPORT LLC | | |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | JAPAN |
| **Address:** | 12-18, KAMIYASHIKI 3-CHOME, TANABE-SHI WAKAYAMA-KEN, JAPAN 646-0036 | | |

### Correspondent

| | |
|---|---|
| **Correspondent Name:** | GREER, BURNS & CRAIN, LTD. |
| **Correspondent Address:** | 300 SOUTH WACKER DRIVE SUITE 2500 CHICAGO, IL 60606 |

### Domestic Representative

| | |
|---|---|
| **Domestic Representative Name:** | GREER, BURNS & CRAIN, LTD. |
| **Domestic Representative Address:** | 300 SOUTH WACKER DRIVE SUITE 2500 CHICAGO, IL 60606 |

# Proceedings

### Summary

| | |
|---|---|
| **Number of Proceedings:** | 1 |

### Type of Proceeding: Cancellation

| | | | |
|---|---|---|---|
| **Proceeding Number:** | 92074784 | **Filing Date:** | Jul 22, 2020 |
| **Status:** | Pending | **Status Date:** | Dec 28, 2021 |
| **Interlocutory Attorney:** | MARY CATHERINE FAINT | | |

### Defendant

| | |
|---|---|
| **Name:** | Adaptrend, Inc. |
| **Correspondent Address:** | JOSEPH A MANDOUR MANDOUR & ASSOCIATES APC 8605 SANTA MONICA BLVD, SUITE 1500 LOS ANGELES CA UNITED STATES , 90069 |
| **Correspondent e-mail:** | jmandour@mandourlaw.com , blila@mandourlaw.com , ggray@mandourlaw.com |

### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|------|---------------------|---------------|----------------------|
| TONOSAMA | Cancellation Pending | 88359090 | 5873672 |

<table>
<tr><td colspan="4" align="center"><strong>Plaintiff(s)</strong></td></tr>
</table>

| | |
|---|---|
| **Name:** | Narita Export LLC |
| **Correspondent Address:** | PATRICK G BURNS |
| | GREER BURNS & CRAIN LTD |
| | 300 SOUTH WACKER DRIVE, SUITE 2500 |
| | CHICAGO IL UNITED STATES , 60606 |
| **Correspondent e-mail:** | tmdocket@gbclaw.net , pburns@gbclaw.net , rjohnson@gbclaw.net , smelby@gbclaw.net , wmcgrath@davismcgrath.com , abaldwin@davismcgrath.com |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|---------------------|---------------|----------------------|
| TONOSAMA | Report Completed Suspension Check - Case Still Suspended | 88665122 | |

<table>
<tr><td colspan="4" align="center"><strong>Prosecution History</strong></td></tr>
</table>

| Entry Number | History Text | Date | Due Date |
|--------------|--------------|------|----------|
| 24 | TRIAL DATES RESET | Dec 28, 2021 | |
| 23 | SUSP PEND DISP OF OUTSTNDNG MOT | Dec 07, 2021 | |
| 22 | P MOT FOR EXT W/O CONSENT | Nov 30, 2021 | |
| 21 | P CHANGE OF CORRESP ADDRESS | Nov 30, 2021 | |
| 20 | PROCEEDINGS RESUMED | Sep 21, 2021 | |
| 19 | D REPLY IN SUPPORT OF MOTION | Aug 31, 2021 | |
| 18 | P MOTION | Aug 25, 2021 | |
| 17 | P OPP/RESP TO MOTION | Aug 11, 2021 | |
| 16 | SUSP PEND DISP OF OUTSTNDNG MOT | Aug 10, 2021 | |
| 15 | D MOT TO QUASH | Aug 02, 2021 | |
| 14 | SUSPENDED | Jul 26, 2021 | |
| 13 | P NOTICE OF DISCOVERY DEPOSITION ON WRITTEN QUESTIONS | Jul 22, 2021 | |
| 12 | EXTENSION OF TIME GRANTED | May 27, 2021 | |
| 11 | P OPP/RESP TO MOTION | Apr 30, 2021 | |
| 10 | D MOT FOR EXT W/O CONSENT | Apr 23, 2021 | |
| 9 | D CHANGE OF CORRESP ADDRESS | Apr 14, 2021 | |
| 8 | EXTENSION OF TIME GRANTED | Nov 30, 2020 | |
| 7 | D MOT FOR EXT W/ CONSENT | Nov 30, 2020 | |
| 6 | EXTENSION OF TIME GRANTED | Oct 26, 2020 | |
| 5 | D MOT FOR EXT W/ CONSENT | Oct 22, 2020 | |
| 4 | ANSWER | Aug 28, 2020 | |
| 3 | INSTITUTED | Jul 23, 2020 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Jul 23, 2020 | Sep 01, 2020 |
| 1 | FILED AND FEE | Jul 22, 2020 | |

| To: | NARITA EXPORT LLC (tmdocket@gbclaw.net) |
|-----|------------------------------------------|
| **Subject:** | U.S. Trademark Application Serial No. 88665122 - TONOSAMA - 6733.139069 |
| **Sent:** | December 02, 2020 08:50:01 AM |
| **Sent As:** | ecom110@uspto.gov |
| **Attachments:** | |

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application
Serial No. 88665122**

**Mark:**
TONOSAMA

**Correspondence
Address:**
  Patrick G. Burns
  GREER,
BURNS & CRAIN,
LTD.
  SUITE 2500
  300 SOUTH
WACKER DRIVE
  CHICAGO IL
60606

**Applicant:**
NARITA EXPORT
LLC

**Reference/Docket
No.** 6733.139069

**Correspondence
Email Address:**

tmdocket@gbclaw.net


## SUSPENSION NOTICE
## No Response Required


**Issue date: December 02, 2020**


**The application is suspended** for the reason(s) specified below. *See* 37 C.F.R. §2.67; TMEP §§716 *et seq.*

**Application suspended until legal proceeding(s) involving the applied-for mark is resolved.** The legal proceeding(s) below involves (1) a registered mark that conflicts with applicant's mark under Trademark Act Section 2(d), (2) a mark in a pending application(s) that could conflict with applicant's mark under Section 2(d) if it registers, and/or (3) the registrability of applicant's mark. 15 U.S.C. §1052; *see* 37 C.F.R. §2.83; TMEP §§716.02(a), (c)-(d), 1208 *et seq.* Because the outcome of this proceeding(s) could directly affect whether applicant's mark can register, action on this application is suspended until proceeding(s) is resolved. *See* 37 C.F.R. §2.67; TMEP §716.02(a), (c)-(d).

   - Cancellation No(s). 92074784

**Refusal(s) and/or requirement(s) resolved and maintained and continued.**

The following refusal(s) and/or requirement(s) is/are maintained and continued:

- Section 2(d) Likelihood of Confusion Refusal

*See id.* These refusal(s) and/or requirement(s) will be made final once this application is removed from suspension, unless a new issue arises. *See* TMEP §716.01.

The amended dates of use are acceptable and made of record.

**Suspension process.** The USPTO will periodically check this application to determine if it should remain suspended. *See* TMEP §716.04. As needed, the trademark examining attorney will issue a letter to applicant to inquire about the status of the reason for the suspension. TMEP §716.05.

**No response required.** Applicant may file a response, but is not required to do so.

/Tarah Hardy Ludlow/
Examining Attorney
Law Office 110
(571) 272-9361
tarah.hardy@uspto.gov

| To: | NARITA EXPORT LLC (tmdocket@gbclaw.net) |
|---|---|
| Subject: | U.S. Trademark Application Serial No. 88665122 - TONOSAMA - 6733.139069 |
| Sent: | December 02, 2020 08:50:02 AM |
| Sent As: | ecom110@uspto.gov |
| Attachments: | |

### United States Patent and Trademark Office (USPTO)

## USPTO OFFICIAL NOTICE_

Office Action (Official Letter) has issued
on **December 02, 2020** for
**U.S. Trademark Application Serial No. 88665122**

Your trademark application has been reviewed by a trademark examining attorney. As part of that review, the assigned attorney has issued an official letter. Please follow the steps below.

**(1) Read the official letter.** No response is necessary.

**(2) Direct questions** about the contents of the Office action to the assigned attorney below.

/Tarah Hardy Ludlow/
Examining Attorney
Law Office 110
(571) 272-9361
tarah.hardy@uspto.gov

Direct questions about navigating USPTO electronic forms, the USPTO website, the application process, the status of your application, and/or whether there are outstanding deadlines or documents related to your file to the Trademark Assistance Center (TAC).

## GENERAL GUIDANCE

· **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

· **Update your correspondence email address**, if needed, to ensure you receive important USPTO notices about your application.

· **Beware of misleading notices sent by private companies about your application.** Private companies not associated with the USPTO use public information available in trademark registrations to mail and email trademark-related offers and notices – most of which require fees. All **official USPTO correspondence** will only be **emailed from the domain "@uspto.gov."**

## Trademark Snap Shot Amendment & Mail Processing Stylesheet
(Table presents the data on Amendment & Mail Processing Complete)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 88665122 | FILING DATE | 10/23/2019 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | HARDY LUDLOW, TARAH KI | L.O. ASSIGNED | 110 |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 12/02/2020 |
| PUB DATE | N/A |
| STATUS | 653-SUSPENSION LETTER - MAILED |
| STATUS DATE | 07/27/2020 |
| LITERAL MARK ELEMENT | TONOSAMA |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | TONOSAMA |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

### CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |

| NAME | NARITA EXPORT LLC |
|---|---|
| ADDRESS | 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken, 646-0036 |
| ENTITY | 16-LTD LIAB CO |
| CITIZENSHIP | Japan |

## GOODS AND SERVICES

| INTERNATIONAL CLASS | 030 |
|---|---|
| DESCRIPTION TEXT | Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods |

## GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 030 | FIRST USE DATE | 03/27/2016 | FIRST USE IN COMMERCE DATE | 03/27/2016 | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

## MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| TRANSLATION | The English translation of TONOSAMA in the mark is FEUDAL LORD. |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 12/01/2020 | TEME | I | TEAS/EMAIL CORRESPONDENCE ENTERED | 015 |
| 11/30/2020 | CRFA | I | CORRESPONDENCE RECEIVED IN LAW OFFICE | 014 |
| 11/30/2020 | ERSI | I | TEAS RESPONSE TO SUSPENSION INQUIRY RECEIVED | 013 |
| 07/27/2020 | GNS3 | O | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 012 |
| 07/27/2020 | GNSL | S | LETTER OF SUSPENSION E-MAILED | 011 |
| 07/27/2020 | CNSL | R | SUSPENSION LETTER WRITTEN | 010 |
| 07/24/2020 | TEME | I | TEAS/EMAIL CORRESPONDENCE ENTERED | 009 |
| 07/23/2020 | CRFA | I | CORRESPONDENCE RECEIVED IN LAW OFFICE | 008 |
| 07/23/2020 | TROA | I | TEAS RESPONSE TO OFFICE ACTION RECEIVED | 007 |
| 01/29/2020 | GNRN | O | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 006 |
| 01/29/2020 | GNRT | F | NON-FINAL ACTION E-MAILED | 005 |
| 01/29/2020 | CNRT | R | NON-FINAL ACTION WRITTEN | 004 |
| 01/29/2020 | DOCK | D | ASSIGNED TO EXAMINER | 003 |
| 10/31/2019 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 10/26/2019 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

## CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | Patrick G. Burns |
|---|---|
| CORRESPONDENCE ADDRESS | Patrick G. Burns GREER, BURNS & CRAIN, LTD. |

| | SUITE 2500<br>300 SOUTH WACKER DRIVE<br>CHICAGO IL 60606 |
|---|---|
| DOMESTIC REPRESENTATIVE | Patrick G. Burns |

# TONOSAMA

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1822 (Rev 10/2011)
OMB No. 0651-0050 (Exp 11/30/2023)

# Response to Suspension Inquiry or Letter of Suspension

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88665122 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 110 |
| **MARK SECTION** | |
| MARK | https://tmng-al.uspto.gov/resting2/api/img/88665122/large |
| LITERAL ELEMENT | TONOSAMA |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **OTHER REASON** | |
| The subject application is suspended, pending the outcome of Cancellation No. 92074784 that was recently instituted. Applicant wishes to amend the first use dates. | |
| **GOODS AND/OR SERVICES SECTION (current)** | |
| INTERNATIONAL CLASS | 030 |
| DESCRIPTION | |
| Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods | |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 03/28/2016 |
| FIRST USE IN COMMERCE DATE | At least as early as 03/28/2016 |
| **GOODS AND/OR SERVICES SECTION (proposed)** | |
| INTERNATIONAL CLASS | 030 |
| DESCRIPTION | |
| Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods | |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 03/27/2016 |
| FIRST USE IN COMMERCE DATE | At least as early as 03/27/2016 |
| **CORRESPONDENCE INFORMATION (current)** | |
| NAME | Patrick G. Burns |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | tmdocket@gbclaw.net |

| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | smelby@gbclaw.net |
|---|---|
| **CORRESPONDENCE INFORMATION (proposed)** | |
| NAME | Patrick G. Burns |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | tmdocket@gbclaw.net |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | smelby@gbclaw.net |
| DOCKET/REFERENCE NUMBER | 6733.139069 |
| **SIGNATURE SECTION** | |
| DECLARATION SIGNATURE | /KEIGO NARITA/ |
| SIGNATORY'S NAME | NARITA, Keigo |
| SIGNATORY'S POSITION | President |
| SIGNATORY'S PHONE NUMBER | +81-80-1524-6089 |
| DATE SIGNED | 11/26/2020 |
| RESPONSE SIGNATURE | /RiKaleigh Johnson/ |
| SIGNATORY'S NAME | RiKaleigh Johnson |
| SIGNATORY'S POSITION | Attorney of record, Illinois Bar member |
| SIGNATORY'S PHONE NUMBER | 3129872925 |
| DATE SIGNED | 11/30/2020 |
| AUTHORIZED SIGNATORY | YES |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Mon Nov 30 14:35:42 ET 2020 |
| TEAS STAMP | USPTO/RSI-XX.XXX.XXX.XXX-20201130143542573991-8866 5122-75023a3c5237cfd18adb 32618c032a7a8a21f8bdbe1bd 4f7beec4e245129be58c-N/A-N/A-20201125120019873158 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1822 (Rev 10/2011)
OMB No. 0651-0050 (Exp 11/30/2023)

### Response to Suspension Inquiry or Letter of Suspension

## To the Commissioner for Trademarks:

Application serial no. **88665122** TONOSAMA(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/88665122/large) has been amended as follows:

**OTHER REASON**
The subject application is suspended, pending the outcome of Cancellation No. 92074784 that was recently instituted. Applicant wishes to amend the first use dates.

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**
**Applicant proposes to amend the following class of goods/services in the application:**
**Current:** Class 030 for Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack

foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods

Original Filing Basis:

**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 03/28/2016 and first used in commerce at least as early as 03/28/2016, and is now in use in such commerce.

**Proposed:** Class 030 for Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods

**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 03/27/2016 and first used in commerce at least as early as 03/27/2016, and is now in use in such commerce.

**Correspondence Information (current):**
Patrick G. Burns
PRIMARY EMAIL FOR CORRESPONDENCE: tmdocket@gbclaw.net
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): smelby@gbclaw.net

**Correspondence Information (proposed):**
Patrick G. Burns
PRIMARY EMAIL FOR CORRESPONDENCE: tmdocket@gbclaw.net
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): smelby@gbclaw.net

The docket/reference number is 6733.139069.

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

**Declaration Signature**

**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or amendment to allege use (AAU) unsigned, all statements in the application or AAU and this submission based on the signatory's own knowledge are true, and all statements in the application or AAU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AAU: If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AAU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the application or AAU filing date; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AAU on or in connection with the goods/services/collective membership organization in the application or AAU; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over use of the mark in commerce as of the application or AAU filing date; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** *for a trademark or service mark application,* the applicant believes the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of

the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program of the goods/services that meet the certification standards of the applicant. To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.

Signature: /KEIGO NARITA/   Date: 11/26/2020
Signatory's Name: NARITA, Keigo
Signatory's Position: President
Signatory's Phone Number: +81-80-1524-6089

Response Suspension Inquiry Signature
Signature: /RiKaleigh Johnson/   Date: 11/30/2020
Signatory's Name: RiKaleigh Johnson
Signatory's Position: Attorney of record, Illinois Bar member
Signatory's Phone Number: 3129872925

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:   Patrick G. Burns
   GREER, BURNS & CRAIN, LTD.
   SUITE 2500
   300 SOUTH WACKER DRIVE
   CHICAGO, Illinois
Mailing Address:   Patrick G. Burns
   GREER, BURNS & CRAIN, LTD.
   SUITE 2500
   300 SOUTH WACKER DRIVE
   CHICAGO, Illinois 60606

Serial Number: 88665122
Internet Transmission Date: Mon Nov 30 14:35:42 ET 2020
TEAS Stamp: USPTO/RSI-XX.XXX.XXX.XXX-202011301435425
73991-88665122-75023a3c5237cfd18adb32618
c032a7a8a21f8bdbe1bd4f7beec4e245129be58c
-N/A-N/A-20201125120019873158

| To: | NARITA EXPORT LLC (tmdocket@gbclaw.net) |
| --- | --- |
| **Subject:** | U.S. Trademark Application Serial No. 88665122 - TONOSAMA - 6733.139069 |
| **Sent:** | July 27, 2020 09:52:01 AM |
| **Sent As:** | ecom110@uspto.gov |
| **Attachments:** | |

### United States Patent and Trademark Office (USPTO)
#### Office Action (Official Letter) About Applicant's Trademark Application

**U.S. Application
Serial No. 88665122**

**Mark:**
TONOSAMA

**Correspondence
Address:**
Patrick G. Burns
GREER,
BURNS & CRAIN,
LTD.
SUITE 2500
300 SOUTH
WACKER DRIVE
CHICAGO IL
60606

**Applicant:**
NARITA EXPORT
LLC

**Reference/Docket
No.** 6733.139069

**Correspondence
Email Address:**

tmdocket@gbclaw.net

## SUSPENSION NOTICE
## No Response Required

**Issue date:** July 27, 2020

**The application is suspended** for the reason(s) specified below. *See* 37 C.F.R. §2.67; TMEP §§716 *et seq.*

**Application suspended until legal proceeding(s) involving the applied-for mark is resolved.** The legal proceeding(s) below involves (1) a registered mark that conflicts with applicant's mark under Trademark Act Section 2(d), a mark in a pending application(s) that could conflict with applicant's mark under Section 2(d) if it registers, and/or (3) the registrability of applicant's mark. 15 U.S.C. §1052; *see* 37 C.F.R. §2.83; TMEP §§716.02(a), (c)-(d), 1208 *et seq.* Because the outcome of this proceeding(s) could directly affect whether applicant's mark can register, action on this application is suspended until proceeding(s) is resolved. *See* 37 C.F.R. §2.67; TMEP §§716.02(a), (c)-(d).

- Cancellation No(s). 92074784

**Refusal(s) and/or requirement(s) resolved and maintained and continued.** The following refusal(s) and/or requirement(s) is/are satisfied:

- Identification of Goods
- Translation of Mark
- Entity Type

*See* TMEP §713.02.

The following refusal(s) and/or requirement(s) is/are maintained and continued:

·　　Section 2(d) Likelihood of Confusion Refusal

*See id.*  These refusal(s) and/or requirement(s) will be made final once this application is removed from suspension, unless a new issue arises. *See* TMEP §716.01.

**Suspension process.**  The USPTO will periodically check this application to determine if it should remain suspended.  *See* TMEP §716.04.  As needed, the trademark examining attorney will issue a letter to applicant to inquire about the status of the reason for the suspension.  TMEP §716.05.

**No response required.**  Applicant may file a response, but is not required to do so.

/Tarah Hardy Ludlow/
Examining Attorney
Law Office 110
(571) 272-9361
tarah.hardy@uspto.gov

| To: | NARITA EXPORT LLC (tmdocket@gbclaw.net) |
| Subject: | U.S. Trademark Application Serial No. 88665122 - TONOSAMA - 6733.139069 |
| Sent: | July 27, 2020 09:52:02 AM |
| Sent As: | ecom110@uspto.gov |
| Attachments: | |

## United States Patent and Trademark Office (USPTO)

## USPTO OFFICIAL NOTICE_

Office Action (Official Letter) has issued
on **July 27, 2020** for
**U.S. Trademark Application Serial No. 88665122**

Your trademark application has been reviewed by a trademark examining attorney.  As part of that review, the assigned attorney has issued an official letter.  Please follow the steps below.

**(1)  Read the official letter.**  No response is necessary.

**(2)  Direct questions** about the contents of the Office action to the assigned attorney below.

/Tarah Hardy Ludlow/
Examining Attorney
Law Office 110
(571) 272-9361
tarah.hardy@uspto.gov

Direct questions about navigating USPTO electronic forms, the USPTO website, the application process, the status of your application, and/or whether there are outstanding deadlines or documents related to your file to the Trademark Assistance Center (TAC).

## GENERAL GUIDANCE

· **Check the status** of your application periodically in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

· **Update your correspondence email address**, if needed, to ensure you receive important USPTO notices about your application.

· **Beware of misleading notices sent by private companies about your application.**  Private companies not associated with the USPTO use public information available in trademark registrations to mail and email trademark-related offers and notices – most of which require fees.  All **official USPTO correspondence** will only be **emailed from the domain "@uspto.gov."**

## Trademark Snap Shot Amendment & Mail Processing Stylesheet
(Table presents the data on Amendment & Mail Processing Complete)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 88665122 | FILING DATE | 10/23/2019 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | HARDY LUDLOW, TARAH KI | L.O. ASSIGNED | 110 |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 07/25/2020 |
| PUB DATE | N/A |
| STATUS | 661-RESPONSE AFTER NON-FINAL-ACTION-ENTERED |
| STATUS DATE | 07/24/2020 |
| LITERAL MARK ELEMENT | TONOSAMA |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | TONOSAMA |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

### CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |

| NAME | NARITA EXPORT LLC |
|------|-------------------|
| ADDRESS | 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken, 646-0036 |
| ENTITY | 16-LTD LIAB CO |
| CITIZENSHIP | Japan |

## GOODS AND SERVICES

| INTERNATIONAL CLASS | 030 |
|---------------------|-----|
| DESCRIPTION TEXT | Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods |

## GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 030 | FIRST USE DATE | 03/28/2016 | FIRST USE IN COMMERCE DATE | 03/28/2016 | CLASS STATUS | 6-ACTIVE |
|---------------------|-----|----------------|------------|----------------------------|------------|--------------|----------|

## MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|------------------------|-----|
| TRANSLATION | The English translation of TONOSAMA in the mark is FEUDAL LORD. |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|------|--------|----------|-------------|---------|
| 07/24/2020 | TEME | I | TEAS/EMAIL CORRESPONDENCE ENTERED | 009 |
| 07/23/2020 | CRFA | I | CORRESPONDENCE RECEIVED IN LAW OFFICE | 008 |
| 07/23/2020 | TROA | I | TEAS RESPONSE TO OFFICE ACTION RECEIVED | 007 |
| 01/29/2020 | GNRN | O | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 006 |
| 01/29/2020 | GNRT | F | NON-FINAL ACTION E-MAILED | 005 |
| 01/29/2020 | CNRT | R | NON-FINAL ACTION WRITTEN | 004 |
| 01/29/2020 | DOCK | D | ASSIGNED TO EXAMINER | 003 |
| 10/31/2019 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 10/26/2019 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

## CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | Patrick G. Burns |
|----------|------------------|
| CORRESPONDENCE ADDRESS | Patrick G. Burns GREER, BURNS & CRAIN, LTD. SUITE 2500 300 SOUTH WACKER DRIVE CHICAGO IL 60606 |
| DOMESTIC REPRESENTATIVE | Patrick G. Burns |

# TONOSAMA

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 09/20/2020)

# Response to Office Action

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88665122 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 110 |
| **MARK SECTION** | |
| MARK | [mark](mark) |
| LITERAL ELEMENT | TONOSAMA |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **OWNER SECTION (current)** | |
| NAME | NARITA EXPORT LLC |
| MAILING ADDRESS | 12-18, Kamiyashiki 3-chome, Tanabe-shi |
| CITY | Wakayama-ken |
| ZIP/POSTAL CODE | 646-0036 |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | Japan |
| **OWNER SECTION (proposed)** | |
| NAME | NARITA EXPORT LLC |
| MAILING ADDRESS | 12-18, Kamiyashiki 3-chome, Tanabe-shi |
| CITY | Wakayama-ken |
| ZIP/POSTAL CODE | 646-0036 |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | Japan |
| EMAIL | XXXX |
| **LEGAL ENTITY SECTION (current)** | |
| TYPE | corporation |
| STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF INCORPORATION | Japan |
| **LEGAL ENTITY SECTION (proposed)** | |
| TYPE | limited liability company |
| STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY WHERE LEGALLY ORGANIZED | Japan |
| **ARGUMENT(S)** | |
| Remarks<br>The Examiner refused registration based on Registration No. 5873672. In response to the 2(d) refusal that was issued, Applicant | |

brings to the Examiner's attention that since the mailing date of the pending Office Action in this application, a cancellation proceeding has been initiated against Registration No. 5873672 and assigned Cancellation No. 92074784. Copies of the relevant pleadings are provided with this Response.

Therefore, Applicant requests that this application also be suspended until the cancellation proceeding has been determined, See TMEP 716.02(d).

## EVIDENCE SECTION

| EVIDENCE FILE NAME(S) | |
|---|---|
| ORIGINAL PDF FILE | evi_50206128102-202007231_31715662655_._139069.EVIDENCE.cancellation.filed.C OMPLETE.pdf |
| CONVERTED PDF FILE(S) (19 pages) | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0002.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0003.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0004.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0005.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0006.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0007.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0008.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0009.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0010.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0011.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0012.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0013.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0014.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0015.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0016.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0017.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0018.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0019.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\886\651\88665122\xml1\ ROA0020.JPG |
| DESCRIPTION OF EVIDENCE FILE | copies of the TSDR to show that cancellation was instituted against cited prior registration; a copy of the Petition to Cancel as filed; and the TTAB's Schedule/Notice of Trial Dates. |

## GOODS AND/OR SERVICES SECTION (current)

| INTERNATIONAL CLASS | 030 |
|---|---|
| DESCRIPTION | Confectionery, namely, candy, chocolate, snack foods |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 03/26/2016 |
| FIRST USE IN COMMERCE DATE | At least as early as 03/26/2016 |

## GOODS AND/OR SERVICES SECTION (proposed)

| INTERNATIONAL CLASS | 030 |
|---|---|

| TRACKED TEXT DESCRIPTION | |
|---|---|
| ~~Confectionery, namely, candy, chocolate, snack foods~~; Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods | |

| FINAL DESCRIPTION | |
|---|---|
| Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods | |

| FILING BASIS | Section 1(a) |
|---|---|
| FIRST USE ANYWHERE DATE | At least as early as 03/28/2016 |
| FIRST USE IN COMMERCE DATE | At least as early as 03/28/2016 |

## ADDITIONAL STATEMENTS SECTION

| TRANSLATION | The English translation of TONOSAMA in the mark is FEUDAL LORD. |
|---|---|

## CORRESPONDENCE INFORMATION (current)

| NAME | PATRICK G. BURNS |
|---|---|
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | tmdocket@gbclaw.net |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | smelby@gbclaw.net |
| DOCKET/REFERENCE NUMBER | 6733.139069 |

## CORRESPONDENCE INFORMATION (proposed)

| NAME | Patrick G. Burns |
|---|---|
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | tmdocket@gbclaw.net |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | smelby@gbclaw.net |
| DOCKET/REFERENCE NUMBER | 6733.139069 |

## SIGNATURE SECTION

| DECLARATION SIGNATURE | /RiKaleigh C. Johnson/ |
|---|---|
| SIGNATORY'S NAME | JOHNSON, RiKaleigh C. |
| SIGNATORY'S POSITION | U.S. Attorney of Record, State of IL Bar Member |
| SIGNATORY'S PHONE NUMBER | (312) 374-8668 |
| DATE SIGNED | 07/23/2020 |
| RESPONSE SIGNATURE | /RiKaleigh Johnson/ |
| SIGNATORY'S NAME | RiKaleigh Johnson |
| SIGNATORY'S POSITION | Attorney of record, Illinois Bar member |
| SIGNATORY'S PHONE NUMBER | (312) 987.2925 |
| DATE SIGNED | 07/23/2020 |
| AUTHORIZED SIGNATORY | YES |

## FILING INFORMATION SECTION

| SUBMIT DATE | Thu Jul 23 15:18:08 ET 2020 |
|---|---|
| | USPTO/ROA-XX.XXX.XXX.XXX-20200723151808287212-8866 5122-74036a4c733273fbbdcc |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 09/20/2020)

### Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **88665122** TONOSAMA(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/88665122/large) has been amended as follows:

#### ARGUMENT(S)
**In response to the substantive refusal(s), please note the following:**

Remarks
The Examiner refused registration based on Registration No. 5873672. In response to the 2(d) refusal that was issued, Applicant brings to the Examiner's attention that since the mailing date of the pending Office Action in this application, a cancellation proceeding has been initiated against Registration No. 5873672 and assigned Cancellation No. 92074784. Copies of the relevant pleadings are provided with this Response.
Therefore, Applicant requests that this application also be suspended until the cancellation proceeding has been determined, See TMEP 716.02(d).

#### EVIDENCE
Evidence has been attached: copies of the TSDR to show that cancellation was instituted against cited prior registration; a copy of the Petition to Cancel as filed; and the TTAB's Schedule/Notice of Trial Dates.
**Original PDF file:**
evi_50206128102-202007231 31715662655_. 139069.EVID ENCE.cancellation.filed.C OMPLETE.pdf
**Converted PDF file(s)** ( 19 pages) Evidence-1Evidence-2Evidence-3Evidence-4Evidence-5Evidence-6
Evidence-7Evidence-8Evidence-9Evidence-10Evidence-11Evidence-12Evidence-13Evidence-14
Evidence-15Evidence-16Evidence-17Evidence-18Evidence-19

#### CLASSIFICATION AND LISTING OF GOODS/SERVICES

**Applicant proposes to amend the following:**

**Current:**
Class 030 for Confectionery, namely, candy, chocolate, snack foods
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 03/26/2016 and first used in commerce at least as early as 03/26/2016 , and is now in use in such commerce.

**Proposed:**

**Tracked Text Description:** ~~Confectionery, namely, candy, chocolate, snack foods~~; Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods

Class 030 for Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is

using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 03/28/2016 and first used in commerce at least as early as 03/28/2016 , and is now in use in such commerce. In International Class 030, the mark was first used at least as early as 03/28/2016 and first used in commerce at least as early as 03/28/2016.

## OWNER AND/OR ENTITY INFORMATION
**Applicant proposes to amend the following:**
**Current:** NARITA EXPORT LLC, a corporation of Japan, having an address of
   12-18, Kamiyashiki 3-chome, Tanabe-shi
   Wakayama-ken, 646-0036
   Japan

**Proposed:** NARITA EXPORT LLC, a limited liability company legally organized under the laws of Japan, having an address of
   12-18, Kamiyashiki 3-chome, Tanabe-shi
   Wakayama-ken, 646-0036
   Japan
   Email Address: XXXX

## ADDITIONAL STATEMENTS
**Translation**
The English translation of TONOSAMA in the mark is FEUDAL LORD.

**Correspondence Information (current):**
   PATRICK G. BURNS
   PRIMARY EMAIL FOR CORRESPONDENCE: tmdocket@gbclaw.net
   SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): smelby@gbclaw.net

The docket/reference number is 6733.139069.

**Correspondence Information (proposed):**
   Patrick G. Burns
   PRIMARY EMAIL FOR CORRESPONDENCE: tmdocket@gbclaw.net
   SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): smelby@gbclaw.net

The docket/reference number is 6733.139069.

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

## SIGNATURE(S)
**Declaration Signature**

**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU:** If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce,**

either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

Signature: /RiKaleigh C. Johnson/     Date: 07/23/2020
Signatory's Name: JOHNSON, RiKaleigh C.
Signatory's Position: U.S. Attorney of Record, State of IL Bar Member
Signatory's Phone Number: (312) 374-8668

**Response Signature**
Signature: /RiKaleigh Johnson/     Date: 07/23/2020
Signatory's Name: RiKaleigh Johnson
Signatory's Position: Attorney of record, Illinois Bar member

Signatory's Phone Number: (312) 987.2925

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:   PATRICK G. BURNS
   GREER, BURNS & CRAIN, LTD.
   SUITE 2500
   300 SOUTH WACKER DRIVE
   CHICAGO, Illinois 60606
Mailing Address:   Patrick G. Burns
   GREER, BURNS & CRAIN, LTD.
   SUITE 2500
   300 SOUTH WACKER DRIVE
   CHICAGO, Illinois 60606

Serial Number: 88665122
Internet Transmission Date: Thu Jul 23 15:18:08 ET 2020
TEAS Stamp: USPTO/ROA-XX.XXX.XXX.XXX-202007231518082
87212-88665122-74036a4c733273fbbdccdc664
da66da65ff7e920428460d7939b3d8e9f5f41ac-
N/A-N/A-20200723143115882710

Mark: TONOSAMA

# TONOSAMA

| | |
|---|---|
| US Serial Number: 88359090 | Application Filing Date: Mar. 27, 2019 |
| US Registration Number: 5873672 | Registration Date: Oct. 01, 2019 |
| Filed as TEAS RF: Yes | Currently TEAS RF: Yes |
| Register: Principal | |
| Mark Type: Trademark | |
| TM5 Common Status Descriptor: | LIVE/REGISTRATION/Cancellation/Invalidation Pending |

This trademark application has been registered with the Office, but it is currently undergoing a challenge which may result in its removal from the registry.

**Status:** A cancellation proceeding is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Jul. 23, 2020

**Publication Date:** Jul. 16, 2019

## Mark Information

**Mark Literal Elements:** TONOSAMA

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

**Translation:** The English translation of "TONOSAMA" in the mark is "FEUDAL LORD".

## Goods and Services

Note:
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies | |
| International Class(es): 030 - Primary Class | U.S Class(es): 046 |
| Class Status: ACTIVE | |
| Basis: 1(a) | |
| First Use: 2011 | Use in Commerce: 2016 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| Filed Use: | Yes | Currently Use: | Yes |
| Filed ITU: | No | Currently ITU: | No |
| Filed 44D: | No | Currently 44E: | No |
| Filed 44E: | No | Currently 66A: | No |
| Filed 66A: | No | Currently No Basis: | No |
| Filed No Basis: | No | | |

# Current Owner(s) Information

Owner Name: ADAPTREND, INC.
Owner Address: 61-2 Kuchihara
Iizuka-shi, Fukuoka JAPAN 820-1114
Legal Entity Type: CORPORATION

State or Country JAPAN
Where Organized:

# Attorney/Correspondence Information

**Attorney of Record**

Attorney Name: Alexandra Summers
Attorney Primary info@onlinetrademarkattorneys.com
Email Address:

Docket Number: ADA-1247-1
Attorney Email Yes
Authorized:

**Correspondent**

Correspondent ADAPTREND INC
Name/Address: 61-2 KUCHIHARA
IIZUKA-SHI, FUKUOKA JAPAN 820-1114
Phone: 843-654-0078 x3
Correspondent e- adaptrend.co.ltd@gmail.com
mail:

Correspondent e- Yes
mail Authorized:

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Jul. 23, 2020 | CANCELLATION INSTITUTED NO. 999999 | 74784 |
| Oct. 01, 2019 | REGISTERED-PRINCIPAL REGISTER | |
| Jul. 16, 2019 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jul. 16, 2019 | PUBLISHED FOR OPPOSITION | |
| Jun. 26, 2019 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jun. 07, 2019 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jun. 06, 2019 | ASSIGNED TO EXAMINER | 92448 |
| Apr. 13, 2019 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Mar. 30, 2019 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

Current Location: PUBLICATION AND ISSUE SECTION

Date in Location: Oct. 01, 2019

# Proceedings

**Summary**

Number of 1
Proceedings:

**Type of Proceeding: Cancellation**

Proceeding 92074784
Number:
Status: Pending
Interlocutory MARY CATHERINE FAINT
Attorney:

Filing Date: Jul 22, 2020

Status Date: Jul 23, 2020

**Defendant**

Name: Adaptrend, Inc.
Correspondent ADAPTREND INC
Address: 61-2 KUCHIHARA

IIZUKA-SHI, FUKUOKA JAPAN , 820-1114

Correspondent e-
mail: adaptrend.co.ltd@gmail.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| TONOSAMA | Cancellation Pending | 88359090 | 5873672 |

**Plaintiff(s)**

Name: Narita Export LLC

Correspondent PATRICK G BURNS
Address: GREER BURNS & CRAIN LTD
300 SOUTH WACKER DRIVE, SUITE 2500
CHICAGO IL UNITED STATES , 60606

Correspondent e- tmdocket@gbclaw.net , pburns@gbclaw.net , rjohnson@gbclaw.net , smelby@gbclaw.net
mail:

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| TONOSAMA | Non-Final Action - Mailed | 88665122 | |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|-------------|-------------|------|----------|
| 1 | FILED AND FEE | Jul 22, 2020 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Jul 23, 2020 | Sep 01, 2020 |
| 3 | INSTITUTED | Jul 23, 2020 | |

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

July 23, 2020

Cancellation No. 92074784
Registration No. 5873672

ADAPTREND INC
61-2 KUCHIHARA
IIZUKA-SHI FUKUOKA 820-1114
JAPAN

*Narita Export LLC*

*v.*

*Adaptrend, Inc.*

PATRICK G BURNS
GREER BURNS & CRAIN LTD
300 SOUTH WACKER DRIVE
SUITE 2500
CHICAGO, IL 60606
UNITED STATES

**Shelley Jamison, Paralegal Specialist:**

**NOTICE OF INSTITUTION**
The Petitioner (plaintiff) identified above has filed a petition to cancel the above-identified registration owned by Respondent (defendant). This notice of institution is forwarded pursuant to Trademark Rules 2.113(b) and (c), and constitutes service of the petition to cancel on Respondent. An electronic version of the petition to cancel is viewable on TTABVUE at http://ttabvue.uspto.gov/ttabvue/. *See* Trademark Rule 2.113(a). The parties should diligently monitor this proceeding via TTABVUE.

**RESPONDENT MUST FILE ANSWER THROUGH ESTTA**
As required in the schedule below, **Respondent must file an answer within forty (40) days from the mailing date of this order**. Failure to file a timely answer may

result in the entry of default judgment and cancellation of the registration. Regarding when a deadline falls on a Saturday, Sunday or federal holiday, *see* Trademark Rule 2.196. Respondent must file the answer through ESTTA - Electronic System for Trademark Trials and Appeals, unless ESTTA is unavailable due to technical problems or extraordinary circumstances are present. An answer filed on paper under these limited circumstances must be accompanied by a Petition to the Director (and the required fee under Trademark Rule 2.6). *See* Trademark Rule 2.114(b)(1). In substance, Respondent's answer must comply with Fed. R. Civ. P. 8(b); it must admit or deny the allegations in the petition to cancel, and may include available defenses and counterclaims. Regarding the form and content of an answer, *see* Trademark Rule 2.114(b)(2) and TBMP § 311.

**DUTY TO MAINTAIN ACCURATE CORRESPONDENCE INFORMATION**
Throughout this proceeding, the parties, and their attorneys or representatives, must notify the Board of any correction or update of physical address and email address, and should use the ESTTA change of address form. *See* Trademark Rule 2.18(b); TBMP § 117.

**SERVICE OF ANSWER AND OF ALL SUBMISSIONS**
The service of the answer, of all other submissions in this proceeding, and of all matters that are required to be served but not required to be filed in the proceeding record, **must** be by **email** unless the parties stipulate otherwise. Trademark Rule 2.119(b). In the absence of a stipulation, service may be by other means **only** under the **limited** circumstances and in a manner specified in Trademark Rule 2.119(b). Regarding the signing and service of all submissions, *see* TBMP §§ 113-113.04.

The answer, and all other submissions, **must** include proof of service. As noted in TBMP § 113.03, proof of service may be in the following certificate of service form:

> *I hereby certify that a true and complete copy of the foregoing (insert title of submission) has been served on (insert name of opposing counsel or party) by forwarding said copy on (insert date of mailing), via email (or insert other appropriate method of delivery) to: (set out name, and address or email address of opposing counsel or party).*
>
> *Signature*_____
> *Date*_____

**SUBMIT ALL FILINGS ONLINE VIA ESTTA**
Submissions **must** be filed via ESTTA, the Board's online filing system, unless ESTTA is unavailable due to technical problems or extraordinary circumstances are present. Trademark Rule 2.126(a). Submissions may be filed in paper form **only** under the **limited** circumstances specified in Trademark Rule 2.126(b), with a required written explanation. ESTTA is accessible at the Board's webpage:

http://estta.uspto.gov/. The page has instructions and tips. ESTTA offers various forms, some of which may require attachments and/or a fee. For technical questions, a party may call 571-272-8500 (Mon-Fri 8:30 a.m. to 5 p.m. ET) or email ESTTA@uspto.gov. This proceeding involves several deadlines, and due to potential technical issues, parties should not wait until the deadline to submit filings. The Board may **decline to consider** an untimely submission. Moreover, Trademark Rule 2.126 sets forth the required form and format for all submissions (*e.g.*, page limitations), and the Board may **decline to consider** any submission that does not comply with this rule, including, but not limited to motions, briefs, exhibits, and deposition transcripts.

## CONFERENCE, DISCOVERY, DISCLOSURE AND TRIAL SCHEDULE

| | |
|---|---|
| Time to Answer | 9/1/2020 |
| Deadline for Discovery Conference | 10/1/2020 |
| Discovery Opens | 10/1/2020 |
| Initial Disclosures Due | 10/31/2020 |
| Expert Disclosures Due | 2/28/2021 |
| Discovery Closes | 3/30/2021 |
| Plaintiff's Pretrial Disclosures Due | 5/14/2021 |
| Plaintiff's 30-day Trial Period Ends | 6/28/2021 |
| Defendant's Pretrial Disclosures Due | 7/13/2021 |
| Defendant's 30-day Trial Period Ends | 8/27/2021 |
| Plaintiff's Rebuttal Disclosures Due | 9/11/2021 |
| Plaintiff's 15-day Rebuttal Period Ends | 10/11/2021 |
| Plaintiff's Opening Brief Due | 12/10/2021 |
| Defendant's Brief Due | 1/9/2022 |
| Plaintiff's Reply Brief Due | 1/24/2022 |
| Request for Oral Hearing (optional) Due | 2/3/2022 |

## PARTIES ARE REQUIRED TO HOLD DISCOVERY CONFERENCE

The parties are required to schedule and hold a discovery conference by the deadline in the schedule in this order, or as reset by the Board. In the conference, the parties are required to discuss, at a minimum, 1) the nature and basis of their claims and defenses, 2) the possibility of promptly settling, or at least narrowing the scope of claims or defenses, and 3) arrangements for disclosures, discovery, preserving discoverable information and introduction of evidence at trial. For guidance, *see* Fed. R. Civ. P. 26(f), Trademark Rule 2.120(a)(2)(i) and TBMP §§ 401.01 and 408.01(a).

The parties must hold the conference in person, by telephone or by a means on which they agree. A Board interlocutory attorney or administrative trademark judge will participate in the conference either upon request of any party made no later than ten (10) days prior to the conference deadline, or when the Board deems it useful to have Board involvement. *See* Trademark Rule 2.120(a)(2)(i). A request for Board

3

participation must be made either through ESTTA, or by telephone call to the assigned interlocutory attorney named on the TTABVUE record for this proceeding. A party requesting Board participation should first determine possible dates and times when all parties are available. A conference with a Board attorney's participation will be by telephone in accordance with the Board's instructions.

For efficiency, the parties may stipulate to various procedural and substantive disclosure, discovery and trial matters (*e.g.*, modification of deadlines and obligations) upon written stipulation and approval by the Board. Trademark Rule 2.120(a)(2)(iv) provides a non-exhaustive list of matters to which parties may stipulate. The best practice is to reduce all stipulations to writing. If email service is not practical, such as for voluminous document production in discovery, the parties should discuss in the conference how production will be made. The parties, and their attorneys or representatives, have **a duty to cooperate** in the discovery process. TBMP § 408.01.

## PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION
The Board's Standard Protective Order is automatically imposed in all *inter partes* proceedings, and is available at https://www.uspto.gov/trademarks-application-process/appealing-trademark-decisions/standard-documents-and-guidelines-0. During their conference, the parties should discuss whether they will use an alternative or modified protective order, subject to approval by the Board. *See* Trademark Rule 2.116(g) and TBMP § 412. The standard order does not automatically protect confidential information; its provisions for designating confidential information must be utilized as needed by the parties. Trademark Rule 2.126(c) sets forth the procedure for filing confidential submissions.

## ACCELERATED CASE RESOLUTION (ACR)
During their conference, the parties are to discuss whether they wish to seek mediation or arbitration, and whether they can stipulate to the Board's Accelerated Case Resolution (ACR) process for a more efficient and cost-effective means of obtaining the Board's determination of the proceeding. For details, and examples of ACR proceedings, *see* TBMP § 528, and the Board's webpage: http://www.uspto.gov/ttab.

## INITIAL DISCLOSURES AND DISCOVERY
Regarding the deadline for and contents of initial disclosures, *see* Trademark Rules 2.120(a)(1) and (2)(i), and TBMP § 401.02. Regarding deadlines for serving and responding to discovery, *see* Trademark Rule 2.120(a)(3) and TBMP § 403.03. Certain provisions of Fed. R. Civ. P. 26 are applicable in modified form. Note that written discovery (interrogatories, requests for production, requests for admission) must be served **early** enough so that responses will be due **no later than** the close of discovery. Regarding the scope and limits of discovery, *see* TBMP 414; discoverable

items may include documents, tangible things, and electronically stored information (ESI).

## MOTIONS

Certain provisions of Fed. R. Civ. P. 11 apply to all submissions in Board proceedings. *See* TBMP § 527.02. Regarding available motions, *see* TBMP Chapter 500. Regarding applicable deadlines to respond to motions, depending on the motion filed, *see* Trademark Rules 2.127(a) and (e)(1). When a party timely files a potentially dispositive motion the proceeding is suspended with respect to all matters not germane to the motion. *See* Trademark Rule 2.127(d). In addressing motions or other filings, if it appears to the Board that a telephone conference would be beneficial, or upon request of one or both parties, the Board may schedule a conference. *See* Trademark Rule 2.120(j)(1) and TBMP § 502.06(a).

## PRETRIAL DISCLOSURES, TRIAL AND BRIEFING

Regarding the procedures and deadlines for pretrial disclosures and trial, and specifically the noticing, taking, serving and submitting of evidence and testimony, *see* Trademark Rules 2.120(k), 2.121, 2.122, 2.123 and 2.125, as well as TBMP Chapter 700. The parties should review these authorities. For example: witness testimony may be submitted in the form of affidavit or declaration subject to the right to oral cross examination; transcripts of testimony depositions, with exhibits, must be served on each adverse party within thirty (30) days after completion of taking the testimony; certified transcripts and exhibits must be filed, with notice of such filing served on each adverse party; and all notices of reliance must be submitted during the submitting party's assigned testimony period and must indicate generally the relevance the evidence and associate it with one or more issues.

Main briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing is not required, but will be scheduled upon separate notice timely filed pursuant to Trademark Rule 2.129(a). Regarding briefs and oral hearings, *see* TBMP §§ 801-802.

## TIPS FOR FILING EVIDENCE, TESTIMONY, OR LARGE DOCUMENTS

The Board requires each submission to meet the following criteria before it will be considered: 1) pages must be legible and easily read on a computer screen; 2) page orientation should be determined by its ease of viewing relevant text or evidence, for example, there should be no sideways or upside-down pages; 3) pages must appear in their proper order; 4) depositions and exhibits must be clearly labeled and numbered – use separator pages between exhibits and clearly label each exhibit using sequential letters or numbers - and 5) the entire submission should be text-searchable. Additionally, submissions must be compliant with Trademark Rules 2.119 and 2.126. Submissions failing to meet all of the criteria above may require re-filing. **Note:** Parties are strongly encouraged to check the entire document before filing.[1] The

---

[1] To facilitate accuracy, ESTTA provides thumbnails to view each page before submitting.

Board will not extend or reset proceeding schedule dates or other deadlines to allow time to re-file documents. For more tips and helpful filing information, please visit the please visit the ESTTA help webpage.

## LEGAL RESOURCES AVAILABLE AT WEBPAGE

For a general description of Board proceedings, *see* TBMP §102.03. Proceedings are governed by the Trademark Rules of Practice in Parts 2 and 7 of Title 37 of the Code of Federal Regulations. These rules, the Manual of Procedure (TBMP), information on Accelerated Case Resolution (ACR) and Alternative Dispute Resolution (ADR), and many Frequently Asked Questions, are available on the Board's webpage, at http://www.uspto.gov/ttab. The parties should check the webpage for important changes, announcements, etc., many of which apply to proceedings already in progress.

## PARTIES NOT REPRESENTED BY COUNSEL

This proceeding is similar to a civil action in a federal district court and can be complex. The Board **strongly** advises all parties to secure the services of an attorney who is familiar with trademark law and Board procedure. The Board cannot aid in the selection of an attorney. *See* TBMP § 114.02. The Board requires strict compliance with all applicable authorities whether or not the party is represented by counsel.

## PARTIES WITHOUT A U.S. DOMICILE MUST SECURE U.S. COUNSEL

Effective August 3, 2019, the USPTO amended its rules to require applicants, registrants or parties to a proceeding whose domicile is not located within the U.S. or its territories to be represented by an attorney who is an active member in good standing of the bar of the highest court of a state in the U.S., including the District of Columbia or any Commonwealth or territory. Attorney information requires applicant's appointed attorney to provide email and bar information as follows: Year of admission, State or territory of admission and, bar number if one is issued. 84 FR 31498 (Requirement of U.S. Licensed Attorney for Foreign Trademark Applicants and Registrants, July 2, 2019). Until ESTTA forms are available which will mask the bar information, an attorney may file the required information through ESTTA and select "confidential." A filing under "confidential" is not made available for public viewing.

## NOTIFY BOARD OF ALL PENDING ACTIONS

If the parties are, or during the pendency of this proceeding become, parties in another Board proceeding or a civil action involving the same or related marks, or involving any issues of law or fact which are also in this proceeding, they shall notify the Board immediately. *See* Trademark Rule 2.106(b)(3)(i). The Board will consolidate and/or suspend related Board proceedings, as appropriate. *See* Trademark Rule 2.117(c); TBMP §§ 510 and 511.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party has filed a petition to cancel the registration indicated below.

## Petitioner Information

| Name | Narita Export LLC | | |
|------|-------------------|---|---|
| Entity | Limited Liability Company | Citizenship | Japan |
| Address | 12-18, KAMIYASHIKI 3-CHOME, TANABE-SHI WAKAYAMA-KEN, 646-0036 JAPAN | | |

| Attorney information | PATRICK G. BURNS GREER, BURNS & CRAIN, LTD. 300 SOUTH WACKER DRIVE SUITE 2500 CHICAGO, IL 60606 UNITED STATES Primary Email: tmdocket@gbclaw.net Secondary Email(s): pburns@gbclaw.net, rjohnson@gbclaw.net, smelby@gbclaw.net 312-360-0080 |
|------|------|
| Docket Number | 6733.142170 |

## Registration Subject to Cancellation

| Registration No. | 5873672 | Registration date | 10/01/2019 |
|------|------|------|------|
| Registrant | ADAPTREND, INC. 61-2 KUCHIHARA IIZUKA-SHI, FUKUOKA, 820-1114 JAPAN | | |

## Goods/Services Subject to Cancellation

Class 030. First Use: 2011/00/00 First Use In Commerce: 2016/00/00
All goods and services in the class are subject to cancellation, namely: Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies

## Grounds for Cancellation

| Priority and likelihood of confusion | Trademark Act Sections 14(1) and 2(d) |
|------|------|

## Mark Cited by Petitioner as Basis for Cancellation

| U.S. Application No. | 88665122 | Application Date | 10/23/2019 |
|------|------|------|------|

| Registration Date | NONE | | Foreign Priority Date | NONE |
|---|---|---|---|---|
| Word Mark | TONOSAMA | | | |
| Design Mark | TONOSAMA | | | |
| Description of Mark | NONE | | | |
| Goods/Services | Class 030. First use: First Use: 2016/03/26 First Use In Commerce: 2016/03/26 Confectionery, namely, candy, chocolate, snack foods | | | |

| Attachments | 88665122#TMSN.png( bytes ) 142170.Petition.to.Cancel.FINAL.pdf(92337 bytes ) |
|---|---|

| Signature | /Patrick G. Burns/ |
|---|---|
| Name | Patrick G. Burns |
| Date | 07/22/2020 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| In the Matter of Registration No. 5873672 | ) | |
| | ) | |
| For the mark – TONOSAMA | ) | |
| | ) | |
| | ) | |
| NARITA EXPORT LLC | ) | Cancellation No._____ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADAPTREND, INC. | ) | |
| | ) | |
| Respondent. | ) | |

**PETITION FOR CANCELLATION**

The above-identified Petitioner believes that it will be damaged by Trademark Registration No. 5873672 for the mark TONOSAMA in International Class 30, and hereby petitions to cancel the same. The grounds for cancellation are as follows:

1. Petitioner, Narita Export LLC is a limited liability company existing under the laws of Japan and having a principal place of business at 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken JAPAN 646-0036 (hereinafter "Petitioner").

2. On information and belief, Respondent ADAPTREND, INC. is a corporation existing under the laws of Japan and having a listed address of 61-2 Kuchihara Iizuka-shi, Fukuoka JAPAN 820-1114 (hereinafter "Respondent").

3. On information and belief Respondent is the currently recorded owner of U.S. Trademark Registration No. 5873672 for the mark TONOSAMA for "Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies"

in International Class 30 with a filing date of March 27, 2019 and a stated claim of first use in commerce as early as 2016.

4.    Petitioner filed trademark application No. 88665122 for TONOSAMA in International Class 30 for "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods" on October 23, 2019 and the application was refused under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d) based on asserted likelihood of confusion with Respondent's U.S. Registration No. 5873672.

5.    Petitioner claims a date of first use as early as March 28, 2016 in its trademark application No. 88665122 for TONOSAMA in International Class 30 for "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods."

6.    On information and belief, Petitioner's first use date predates the alleged date of first use of Respondent's U.S. Registration No. 5873672. The continued presence of Respondent's U.S. Registration No. 5873672 on the Principal Register for "Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies" will serve as a source of damage and injury to Petitioner.  Thus, the registration should be cancelled.  15 U.S.C. § 1064.

2

7.    Petitioner has a direct and personal stake in the outcome of this proceeding because it effects Petitioner's further pursuit of its registration of the TONOSAMA trademark, and Petitioner has been, and continues to be, damaged in that Respondent's TONOSAMA Mark may continue to pose an obstacle in Petitioner's pursuit of its own TONOSAMA application.

**Count I**
**Section 14(1) of the Lanham Act, 15 U.S.C. § 1064(1) and Section 2(d) of the**
**Lanham Act, 15 U.S.C. § 1502(d)**

8.    Petitioner hereby re-alleges paragraphs 1-7 of the Petition for Cancellation as if fully set forth herein.

9.    TONOSAMA has been used continuously by Petitioner and Petitioner's predecessor in interest from at least March 28, 2016 to the present and includes with the sale and advertisement of "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods" under TONOSAMA both before and after the filing date of Respondent's U.S. Registration No. 5873672.

10.    On information and belief, Petitioner's use in commerce of TONOSAMA for "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-

3

based snack foods" occurred prior to the date of first use in commerce alleged for Respondent's U.S. Registration No. 5873672.

11.    Respondent's use of TONOSAMA in commerce, when applied to Respondent's goods, is likely to cause consumer confusion.

12.    In view of Petitioner's prior use of the TONOSAMA Mark, Respondent is not entitled to continued registration of the mark, such that U.S. Reg. No. 5873672 should be cancelled.

13.    For the reasons set forth above, Petitioner has been, and continues to be, damaged by continued registration of U.S. Reg. No. 5873672.

WHEREFORE, Petitioner prays that Respondent's Registration No. 5873672 for the mark TONOSAMA be cancelled in its entirety.

The required fee of $400.00 is enclosed. Any deficiency may be charged to Deposit Account of record.

Dated:  July 22, 2020             Respectfully submitted,

Narita Export LLC

By /Patrick G. Burns/
Patrick G. Burns
RiKaleigh C. Johnson
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Telephone: (312) 360-0080
Facsimile: (312) 360-9315

*Attorney for Petitioner*

4

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| In the Matter of Registration No. 5873672 | ) | |
| | ) | |
| For the mark – TONOSAMA | ) | |
| | ) | |
| | ) | |
| NARITA EXPORT LLC | ) | Cancellation No._____ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADAPTREND, INC. | ) | |
| | ) | |
| Respondent. | ) | |

**PETITION FOR CANCELLATION**

The above-identified Petitioner believes that it will be damaged by Trademark Registration No. 5873672 for the mark TONOSAMA in International Class 30, and hereby petitions to cancel the same. The grounds for cancellation are as follows:

1.     Petitioner, Narita Export LLC is a limited liability company existing under the laws of Japan and having a principal place of business at 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken JAPAN 646-0036 (hereinafter "Petitioner").

2.     On information and belief, Respondent ADAPTREND, INC. is a corporation existing under the laws of Japan and having a listed address of 61-2 Kuchihara Iizuka-shi, Fukuoka JAPAN 820-1114 (hereinafter "Respondent").

3.     On information and belief Respondent is the currently recorded owner of U.S. Trademark Registration No. 5873672 for the mark TONOSAMA for "Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies"

in International Class 30 with a filing date of March 27, 2019 and a stated claim of first use in commerce as early as 2016.

4.       Petitioner filed trademark application No. 88665122 for TONOSAMA in International Class 30 for "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods" on October 23, 2019 and the application was refused under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d) based on asserted likelihood of confusion with Respondent's U.S. Registration No. 5873672.

5.       Petitioner claims a date of first use as early as March 28, 2016 in its trademark application No. 88665122 for TONOSAMA in International Class 30 for "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods."

6.       On information and belief, Petitioner's first use date predates the alleged date of first use of Respondent's U.S. Registration No. 5873672. The continued presence of Respondent's U.S. Registration No. 5873672 on the Principal Register for "Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies" will serve as a source of damage and injury to Petitioner.  Thus, the registration should be cancelled.  15 U.S.C. § 1064.

2

7. Petitioner has a direct and personal stake in the outcome of this proceeding because it effects Petitioner's further pursuit of its registration of the TONOSAMA trademark, and Petitioner has been, and continues to be, damaged in that Respondent's TONOSAMA Mark may continue to pose an obstacle in Petitioner's pursuit of its own TONOSAMA application.

**Count I**
**Section 14(1) of the Lanham Act, 15 U.S.C. § 1064(1) and Section 2(d) of the Lanham Act, 15 U.S.C. § 1502(d)**

8. Petitioner hereby re-alleges paragraphs 1-7 of the Petition for Cancellation as if fully set forth herein.

9. TONOSAMA has been used continuously by Petitioner and Petitioner's predecessor in interest from at least March 28, 2016 to the present and includes with the sale and advertisement of "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods" under TONOSAMA both before and after the filing date of Respondent's U.S. Registration No. 5873672.

10. On information and belief, Petitioner's use in commerce of TONOSAMA for "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-

3

based snack foods" occurred prior to the date of first use in commerce alleged for Respondent's U.S. Registration No. 5873672.

11.     Respondent's use of TONOSAMA in commerce, when applied to Respondent's goods, is likely to cause consumer confusion.

12.     In view of Petitioner's prior use of the TONOSAMA Mark, Respondent is not entitled to continued registration of the mark, such that U.S. Reg. No. 5873672 should be cancelled.

13.     For the reasons set forth above, Petitioner has been, and continues to be, damaged by continued registration of U.S. Reg. No. 5873672.


WHEREFORE, Petitioner prays that Respondent's Registration No. 5873672 for the mark TONOSAMA be cancelled in its entirety.


The required fee of $400.00 is enclosed.  Any deficiency may be charged to Deposit Account of record.

Dated:   July 22, 2020              Respectfully submitted,

                                    Narita Export LLC

                                    By /Patrick G. Burns/
                                    Patrick G. Burns
                                    RiKaleigh C. Johnson
                                    Greer, Burns & Crain, Ltd.
                                    300 South Wacker Drive, Suite 2500
                                    Chicago, Illinois 60606
                                    Telephone: (312) 360-0080
                                    Facsimile: (312) 360-9315

                                    *Attorney for Petitioner*

4

| | |
|---|---|
| **To:** | NARITA EXPORT LLC (tmdocket@gbclaw.net) |
| **Subject:** | U.S. Trademark Application Serial No. 88665122 - TONOSAMA - 6733.139069 |
| **Sent:** | January 29, 2020 12:59:24 PM |
| **Sent As:** | ecom110@uspto.gov |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |
| | Attachment - 24 |
| | Attachment - 25 |
| | Attachment - 26 |
| | Attachment - 27 |
| | Attachment - 28 |
| | Attachment - 29 |
| | Attachment - 30 |
| | Attachment - 31 |
| | Attachment - 32 |
| | Attachment - 33 |
| | Attachment - 34 |
| | Attachment - 35 |

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application**
**Serial No.** 88665122

**Mark:**
TONOSAMA

EXHIBIT C

## NUNC PRO TUNC TRADEMARK ASSIGNMENT

This Nunc Pro Tunc Trademark Assignment ("Assignment"), is by and between Kabushiki Kaisha TI Express, a Japanese stock company with an address at 9-24, Heiwadori 7-chome kita, Shiroishi-ku, Sapporo-shi, Hokkaido 003-0029 Japan ("Assignor"); and Narita Export LLC, a Japanese limited liability company with an address at 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken 646-0036 Japan ("Assignee") (together, Assignor and Assignee are the "Parties").

WHEREAS, by virtue of Assignor's use of the trademark TONOSAMA for confectionary products, including candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods (the "Mark") since at least as early as March 27, 2016, Assignor is the owner of all right, title and interest in and to the Mark;

WHEREAS, Assignor is desirous of assigning to Assignee all right, title and interest in and to the Mark, and any and all goodwill of the business associated with the Mark;

WHEREAS, Assignee is desirous of acquiring all right, title and interest in and to the Mark, and any and all goodwill of the business associated with the Mark;

WHEREAS, pursuant to an oral agreement between the Parties on or around November 25, 2016 ("Effective Date") Assignee is the successor to certain of Assignor's assets, including Assignor's entire right, title and interest in and to the Mark and the goodwill associated therewith.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree as follows:

1.   **Nunc Pro Tunc Trademark Assignment**. Assignor hereby assigns to Assignee, *nunc pro tunc*, as of the Effective Date hereof, (a) all of Assignor's right, title and interest in and to the Mark, (b) all goodwill of the business associated with and symbolized by the Mark, (c) all right, title and interest to sue for, settle, or release any past, present and/or future infringement, dilution or other violations of any right, title and/or interest in and to the Mark, and to recover, collect or otherwise receive all damages, royalties, profits, interests, revenues, incomes, proceeds, payments or settlements therefor, (d) all right, title and interest to bring any cancellation, opposition or other proceeding in the United States Patent or Trademark Office, or any other tribunal, and (e) all right, title and interest to collect and receive any and all income, royalties, proceeds and payments arising by virtue of use of the Mark. All rights, titles and interests assigned hereunder are to be enjoyed by Assignee, and Assignee's successors and assigns, as fully and exclusively as it would have been held and enjoyed by Assignor had this Assignment not been made.

2.   At the reasonable request of Assignee, Assignor shall execute and deliver such further documents, assignments and/or conveyance instruments, and take such further actions as may be necessary or desirable to evidence more fully the intent of this Assignment.

3.   This Assignment shall be binding upon and inure to the benefit of Assignor and Assignee and their respective successors and assigns.
4.   Assignor represents that it has taken all necessary action to authorize the execution and delivery of this Assignment.

ATTORNEY EYES ONLY                      NARITA000001

By: _____
Teruhiko Izumi
Title:  President of Kabushiki Kaisha TI Express
as of the Effective Date of this Assignment

Dated: October 20, 2020

ATTORNEY EYES ONLY

NARITA000002

1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

NARITA EXPORT, LLC,

                Petitioner,

v.

ADAPTREND, INC.,

                Respondent.

Proceedings in the United States
District Court for the Northern
District of Illinois

TTAB Cancellation Number:
9207478

**AMAZON'S AMENDED
OBJECTIONS AND
RESPONSES TO SUBPOENA**

**DWT REF NO.: SUB1007291**

15
16
17
18
19
20
21

    Pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),

Amazon.com, Inc. ("Amazon") makes the following amended objections and responses to the

subpoena from Petitioner Narita Export, LLC ("Petitioner") in the above-referenced matter based

on discussions during the meet and confer conference. The amended and new requests focused

on four sellers, RAPID, Dream Express Japan, world bridge from Japan, and UFO Japan, and

two ASINS, B01DHYLBIK and B01E20AVCK. Please contact the undersigned to the extent

that a meet and confer is necessary regarding any of these objections.

22

### I.      GENERAL OBJECTIONS

23
24
25

    **1.**    **Improper Service.** Amazon objects to the subpoena because it was sent

by U.S. Mail, and was not personally served as required by federal law. *See* Fed. R. Civ. P.

45(b)(1). Failure to properly serve the subpoena renders it null and void.

26
27

    **2.**    **Improper Place of Compliance.** Amazon objects to the subpoena as

AMAZON'S AMENDED OBJECTIONS AND RESPONSES TO SUBPOENA - 1
4814-5021-0798v.1 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main  206 757 7700 fax

improper because the demanded place of production (Chicago, Illinois) is not within 100 miles of where Amazon resides or regularly transacts business in person (Seattle, Washington) as required by federal law. *See* Fed. R. Civ. P. 45(c)(2)(A); *see, e.g., Europlay Capital Advisors, LLC, et al. v. Does,* 323 F.R.D. 628, 629-30 (C.D. Cal. 2018); *Music Grp. Macao Commercial Offshore Ltd. v. Does,* 82 F. Supp. 3d 979, 982, 984 (N.D. Cal. 2015); *see also Adv. Comm. Notes to 2013 Amend. to Rule 45* ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)").

**3.     Failure to Provide Notice.**  Amazon objects to the subpoena as failing to show that prior notice has been provided to other parties to the litigation, as required by Federal Rule of Civil Procedure 45(a)(4).  Failure to comply with this requirement renders the subpoena void.

**4.     Not within Amazon's Possession, Custody, or Control.**  Amazon objects to the subpoena to the extent it purports to require Amazon to search for and provide information not within its possession, custody, or control.

## II.     AMENDED SPECIFIC OBJECTIONS AND RESPONSES

Amazon incorporates the above objections in their entirety into each specific objection below.  Amazon's specific objections are made for purposes of clarity and emphasis.  Amazon does not waive its general objections with respect to any of the subpoena's requests.  Notwithstanding and subject to the above objections, Amazon responds to the requests demanded in the subpoena as follows:

**REQUEST NO. 1**: Documents, electronically stored information, or tangible things sufficient to identity of the owner(s), and/or operator(s) of the Amazon seller account RAPID, operating under Amazon Seller ID AlHX8X9YlQN354, including all known contact information.

AMAZON'S AMENDED OBJECTIONS AND RESPONSES TO SUBPOENA - 2
4814-5021-0798v.1 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206 622 3150 main  206 757 7700 fax

1　　**AMENDED RESPONSE TO REQUEST NO. 1**: Amazon objects to the use of vague

2　and ambiguous terms, including, but not limited to, "operator" and "RAPID," without providing

3　clarifying definitions or additional information to explain what exactly is sought.

4　　　　Amazon further objects to this request as overbroad and unduly burdensome because it

5　demands "Documents, electronically stored information, or tangible things sufficient to identity

6　of the owner(s), and/or operator(s) of the Amazon seller account RAPID, operating under

7　Amazon Seller ID AlHX8X9YIQN354, including all known contact information," without

8　making any effort to reasonably narrow such a broad and burdensome demand.  *See* Fed. R. Civ.

9　P. 26(b)(1).

10　　　　Without foregoing the above specific objections, Amazon's records show that the

11　registered owner of the Amazon seller account RAPID, operating under Amazon Seller ID

12　AlHX8X9YIQN354, is AKIMASA OKAZAKI.  Email address: **adaptrend0727@gmail.com**;

13　Address: 7, Kita1-jonishi Sapporo Shi, Hokkaido, 0600001, JP; Address associated with the

14　credit card on account: 3325 E MIRALOMA AVE STE 125, ANAHEIM, CA, US 92806-1925;

15　and no phone number on account.

16　　**REQUEST NO. 2**:  Documents, electronically stored information, or tangible things

17　sufficient to identify the Date Amazon account RAPID, operating under Amazon Seller ID

18　AlHX8X9YIQN354, was created.

19　　**AMENDED RESPONSE TO REQUEST NO. 2**: Amazon objects to the use of vague

20　and ambiguous terms, including, but not limited to, "RAPID," without providing clarifying

21　definitions or additional information to explain what exactly is sought.

22　　　　Amazon further objects to this request as overbroad and unduly burdensome because it

23　demands "Documents, electronically stored information, or tangible things sufficient to identify

24　the Date Amazon account RAPID, operating under Amazon Seller ID AlHX8X9YIQN354, was

25　created," without making any effort to reasonably narrow such a broad and burdensome demand.

26　*See* Fed. R. Civ. P. 26(b)(1).

27　　　　Without foregoing the above specific objections, Amazon's records show that the

AMAZON'S AMENDED OBJECTIONS AND RESPONSES TO SUBPOENA - 3
4814-5021-0798v.1 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206 622 3150 main   206 757 7700 fax

1  creation date of the Amazon account RAPID, operating under Amazon Seller ID

2  AIHX8X9YIQN354, was Mon Oct 12 04:52:57 UTC 2015.

3  **REQUEST NO. 3**: Documents, electronically stored information, or tangible things

4  sufficient to identify the Date Amazon account Dream Express Japan, operating under Amazon

5  Token ID ███████████, was created.

6  **AMENDED RESPONSE TO REQUEST NO. 3**: Amazon objects to the use of vague

7  and ambiguous terms, including, but not limited to, "Dream Express Japan," without providing

8  clarifying definitions or additional information to explain what exactly is sought.

9  Amazon further objects to this request as overbroad and unduly burdensome because it

10  demands "Documents, electronically stored information, or tangible things sufficient to identify

11  the Date Amazon account Dream Express Japan, operating under Amazon Token ID

12  ███████████, was created," without making any effort to reasonably narrow such a broad

13  and burdensome demand. *See* Fed. R. Civ. P. 26(b)(1).

14  Without foregoing the above specific objections, Amazon's records show that the

15  creation date of the Amazon account Dream Express Japan, operating under Amazon Token ID

16  ███████████, was Sun Jan 04 14:31:46 UTC 2015

17  **REQUEST NO. 4**: Documents, electronically stored information, or tangible things

18  sufficient to identify the Date Amazon account world bridge from Japan, operating under

19  Amazon Seller ID ATP29TJITT2QE, was created.

20  **AMENDED RESPONSE TO REQUEST NO. 4**: Amazon objects to the use of vague

21  and ambiguous terms, including, but not limited to, "world bridge from Japan," without

22  providing clarifying definitions or additional information to explain what exactly is sought.

23  Amazon further objects to this request as overbroad and unduly burdensome because it

24  demands "Documents, electronically stored information, or tangible things sufficient to identify

25  the Date Amazon account world bridge from Japan, operating under Amazon Seller ID

26  ATP29TJITT2QE, was created," without making any effort to reasonably narrow such a broad

27  and burdensome demand. *See* Fed. R. Civ. P. 26(b)(1).

AMAZON'S AMENDED OBJECTIONS AND RESPONSES TO SUBPOENA - 4
4814-5021-0798v.1 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main  206 757 7700 fax

Appx129

Without foregoing the above specific objections, Amazon's records show that the

2	creation date of the account world bridge from Japan, operating under Amazon Seller ID

3	AK470L2HDA15C not Amazon Seller ID ATP29TJITT2QE, was Sun Apr 06 16:31:51 UTC

4	2014.  No account could be pulled up for the Amazon Seller ID ATP29TJITT2QE.

5	**REQUEST NO. 14**:  Documents, electronically stored information, or tangible things

6	sufficient to show the first sale by Amazon seller RAPID, operating under Amazon Seller ID

7	A1HX8X9YIQN354, using or made in connection with the TONOSAMA Mark.

8	**AMENDED RESPONSE TO REQUEST NO. 14**:  Amazon objects to the use of vague

9	and ambiguous terms, including, but not limited to, "first sale," "RAPID" and "TONOSOMA

10	Mark," without providing clarifying definitions or additional information to explain what exactly

11	is sought.

12	Amazon further objects to this request as overbroad and unduly burdensome because it

13	demands "Documents, electronically stored information, or tangible things sufficient to show the

14	first sale by Amazon seller RAPID, operating under Amazon Seller ID A1HX8X9YIQN354,

15	using or made in connection with the TONOSAMA Mark," without making any effort to

16	reasonably narrow such a broad and burdensome demand.  *See* Fed. R. Civ. P. 26(b)(1).

17	Without foregoing the above specific objections and based on the narrowing of this

18	request from meet and confer discussions, Amazon's records show that the date of first sale for

19	Amazon seller RAPID was 6/13/2016 (ASIN B01DHYLBIK) and 6/15/2016 (ASIN

20	B01E20AVCK).  Amazon defines first sale date as the date the order is fulfilled, not the date the

21	order is purchased.

22	**REQUEST NO. 15**:  Documents, electronically stored information, or tangible things

23	sufficient to show the first sale by Amazon seller Dream Express Japan, operating under Amazon

24	Token ID ████████████, using or made in connection with the TONOSAMA Mark.

25	**AMENDED RESPONSE TO REQUEST NO. 15**:  Amazon objects to the use of vague

26	and ambiguous terms, including, but not limited to, "first sale," "Dream Express Japan" and

27	"TONOSAMA Mark," without providing clarifying definitions or additional information to

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206 622 3150 main   206 757 7700 fax

explain what exactly is sought.

Amazon further objects to this request as overbroad and unduly burdensome because it demands "Documents, electronically stored information, or tangible things sufficient to show the first sale by Amazon seller Dream Express Japan, operating under Amazon Token ID █████████, using or made in connection with the TONOSAMA Mark.," without making any effort to reasonably narrow such a broad and burdensome demand. *See* Fed. R. Civ. P. 26(b)(1).

Without foregoing the above specific objections and based on the narrowing of this request from meet and confer discussions, Amazon's records show that the date of first sale for Amazon seller Dream Express Japan was 3/29/2016 (ASIN B01DHYLBIK) and 4/16/2016 (ASIN B01E20AVCK). Amazon defines first sale date as the date the order is fulfilled, not the date the order is purchased.

**REQUEST NO. 16**: Documents, electronically stored information, or tangible things sufficient to show the first sale by Amazon seller world bridge from Japan, operating under Amazon Seller ID ATP29TJITT2QE, using or made in connection with the TONOSAMA Mark.

**AMENDED RESPONSE TO REQUEST NO. 16**: Amazon objects to the use of vague and ambiguous terms, including, but not limited to, "first sale," "world bridge from Japan" and "TONOSAMA Mark," without providing clarifying definitions or additional information to explain what exactly is sought.

Amazon further objects to this request as overbroad and unduly burdensome because it demands "Documents, electronically stored information, or tangible things sufficient to show the first sale by Amazon seller world bridge from Japan, operating under Amazon Seller ID ATP29TJITT2QE, using or made in connection with the TONOSAMA Mark.," without making any effort to reasonably narrow such a broad and burdensome demand. *See* Fed. R. Civ. P. 26(b)(1).

Without foregoing the above specific objections and based on the narrowing of this request from meet and confer discussions, Amazon's records show that the date of first sale for

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206 622 3150 main   206 757 7700 fax

1  Amazon seller world bridge from Japan, operating under Amazon Seller ID AK470L2HDA15C

2  not Amazon Seller ID ATP29TJITT2QE, was 11/25/2016 (ASIN B01DHYLBIK) and 12/4/2016

3  (ASIN B01E20AVCK).  Amazon defines first sale date as the date the order is fulfilled, not the

4  date the order is purchased.

5  **NEW REQUEST NO. 26**:  Documents, electronically stored information, or tangible

6  things sufficient to identity of the owner(s), and/or operator(s) of the Amazon seller account

7  Dream Express Japan, operating under Amazon Token ID ███████████, including all

8  known contact information.

9  **RESPONSE TO REQUEST NO. 26**: Amazon objects to the use of vague and

10  ambiguous terms, including, but not limited to, "operator" and "Dream Express Japan," without

11  providing clarifying definitions or additional information to explain what exactly is sought.

12  Amazon further objects to this request as overbroad and unduly burdensome because it

13  demands "Documents, electronically stored information, or tangible things sufficient to identity

14  of the owner(s), and/or operator(s) of the Amazon seller account Dream Express Japan, operating

15  under Amazon Seller ID A35SJOCGSR719Y, including all known contact information," without

16  making any effort to reasonably narrow such a broad and burdensome demand.  *See* Fed. R. Civ.

17  P. 26(b)(1).

18  Without foregoing the above specific objections, Amazon's records show that the

19  registered owner of the Amazon seller account Dream Express Japan, operating under Amazon

20  Seller ID A35SJOCGSR719Y, is TERUHIKO IZUMI.  Email address:

21  izumi.1108.1977@gmail.com; Address: 9900SW 168th St.Ste1-AF, Miami, FL, 33157, US;

22  Address associated with the credit card on account: 9-24 heiwadori 7tyoume shiroishi-ku,

23  hokkaido, sapporo-shi, JP 003-0029; and possible phone numbers are 819042203164 or

24  819028729809.

25  **NEW REQUEST NO. 27**:  Documents, electronically stored information, or tangible

26  things sufficient to identity of the owner(s), and/or operator(s) of the Amazon seller account

27

AMAZON'S AMENDED OBJECTIONS AND RESPONSES TO SUBPOENA - 7
4814-5021-0798v.1 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206 622 3150 main   206 757 7700 fax

Appx132

world bridge from Japan, operating under Amazon Token ID ████████, including all
known contact information.

**RESPONSE TO REQUEST NO. 27**: Amazon objects to the use of vague and
ambiguous terms, including, but not limited to, "operator" and "world bridge from Japan,"
without providing clarifying definitions or additional information to explain what exactly is
sought.

Amazon further objects to this request as overbroad and unduly burdensome because it
demands "Documents, electronically stored information, or tangible things sufficient to identity
of the owner(s), and/or operator(s) of the Amazon seller account world bridge from Japan,
operating under Amazon Token ID ████████, including all known contact information,"
without making any effort to reasonably narrow such a broad and burdensome demand. *See* Fed.
R. Civ. P. 26(b)(1).

Without foregoing the above specific objections, Amazon's records show that the
registered owner of the Amazon seller account world bridge from Japan, operating under
Amazon Seller ID AK470L2HDA15C, and not Amazon Seller ID ATP29TJITT2QE, is KEIGO
NARITA.  Email address: **naritak7@hotmail.com**; Address: 11401 NW 89TH ST APT 214,
DORAL, FL, 33178-1776, US; Address associated with credit card: 836-2 Kamikurata-cho ADC
apartment 401, Yokohama, Kanagawa, JP 2440816; and possible phone number is
818015246089.

**NEW REQUEST NO. 28**:  Documents, electronically stored information, or tangible
things sufficient to identity of the owner(s), and/or operator(s) of the Amazon seller account
UFO Japan, operating under Amazon Seller ID A2QMN5XGS3SU2Z, including all known
contact information.

**RESPONSE TO REQUEST NO. 28**: Amazon objects to the use of vague and
ambiguous terms, including, but not limited to, "operator" and "UFO Japan," without providing
clarifying definitions or additional information to explain what exactly is sought.

AMAZON'S AMENDED OBJECTIONS AND RESPONSES TO SUBPOENA - 8
4814-5021-0798v.1 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206 622 3150 main   206 757 7700 fax

Appx133

1   Amazon further objects to this request as overbroad and unduly burdensome because it
2   demands "Documents, electronically stored information, or tangible things sufficient to identity
3   of the owner(s), and/or operator(s) of the Amazon seller account UFO Japan, operating under
4   Amazon Seller ID A2QMN5XGS3SU2Z, including all known contact information," without
5   making any effort to reasonably narrow such a broad and burdensome demand.  *See* Fed. R. Civ.
6   P. 26(b)(1).

7   Without foregoing the above specific objections, Amazon's records show that the
8   registered owner of the Amazon seller account UFO Japan, operating under Amazon Seller ID
9   A2QMN5XGS3SU2Z, is ADAPTREND.  Email address: **asvel.amazon@gmail.com**; Address:
10  61-2 Kuchihara Iizuka, Fukuoka, 820-1114, JP; Address associated with the credit card on
11  account: 3-2-1,felt 127-312,, kitakyusyu, fukuoka, JP 8020014; and no phone number on
12  account.

13  **NEW REQUEST NO. 59**:  Documents, electronically stored information, or tangible
14  things sufficient to identify the Date Amazon account UFO Japan, operating under Amazon
15  Seller ID A2QMN5XGS3SU2Z, was created.

16  **RESPONSE TO REQUEST NO. 29**: Amazon objects to the use of vague and
17  ambiguous terms, including, but not limited to, "UFO Japan," without providing clarifying
18  definitions or additional information to explain what exactly is sought.

19  Amazon further objects to this request as overbroad and unduly burdensome because it
20  demands "Documents, electronically stored information, or tangible things sufficient to identify
21  the Date Amazon account UFO Japan, operating under Amazon Seller ID A2QMN5XGS3SU2Z,
22  was created," without making any effort to reasonably narrow such a broad and burdensome
23  demand.  *See* Fed. R. Civ. P. 26(b)(1).

24  Without foregoing the above specific objections, Amazon's records show that the
25  creation date of the Amazon account UFO Japan, operating under Amazon Seller ID
26  A2QMN5XGS3SU2Z, was Thu Aug 31 01:47:30 UTC 2017.

27  **NEW REQUEST NO. 30**:  Documents, electronically stored information, or tangible

AMAZON'S AMENDED OBJECTIONS AND RESPONSES TO SUBPOENA - 9
4814-5021-0798v.1 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206 622 3150 main  206 757 7700 fax

1 things sufficient to show the first sale by Amazon seller UFO Japan, operating under Amazon
2 Seller ID A2QMN5XGS3SU2Z, using or made in connection with the TONOSAMA Mark.

3 **RESPONSE TO REQUEST NO. 30**: Amazon objects to the use of vague and
4 ambiguous terms, including, but not limited to, "first sale," "UFO Japan" and "TONOSAMA
5 Mark," without providing clarifying definitions or additional information to explain what exactly
6 is sought.

7 Amazon further objects to this request as overbroad and unduly burdensome because it
8 demands "Documents, electronically stored information, or tangible things sufficient to show the
9 first sale by Amazon seller UFO Japan, operating under Amazon Seller ID
10 A2QMN5XGS3SU2Z, using or made in connection with the TONOSAMA Mark.," without
11 making any effort to reasonably narrow such a broad and burdensome demand. *See* Fed. R. Civ.
12 P. 26(b)(1).

13 Without foregoing the above specific objections and based on the narrowing of this
14 request from meet and confer discussions, Amazon's records show that the date of first sale for
15 Amazon seller UFO Japan, operating under Amazon Seller ID A2QMN5XGS3SU2Z was
16 10/20/2018 and (ASIN B01DHYLBIK) and 2/5/2020 (ASIN B01E20AVCK). Amazon defines
17 first sale date as the date the order is fulfilled, not the date the order is purchased.

18
19
20 DATED this 9th day of July, 2021.

21 Davis Wright Tremaine LLP
22 Attorneys for Amazon.com, Inc.

23
24 By */s/ Lauren A. McCray*
    Lauren A. McCray
25 WSBA #49976
    920 Fifth Avenue, Suite 3300
26 Seattle, WA 98104-1610
    Telephone: 206-757-8510
27 E-mail: LaurenMcCray@dwt.com

AMAZON'S AMENDED OBJECTIONS AND RESPONSES TO SUBPOENA - 10
4814-5021-0798v.1 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206 622 3150 main  206 757 7700 fax

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

1

2      I hereby that on July 9, 2021, I caused the foregoing document to be served by electronic

3 mail to the following:

4

5 Patrick G. Burns
RiKaleigh Johnson

6 Greer, Burns & Crain, LTD.
300 S. Wacker, Ste. 2500

7 Chicago, IL 60606
pburns@gbc.law

8 rjohnson@gbc.law

9

10      DATED this 9th day of July, 2021.

11

12                Davis Wright Tremaine LLP
Attorneys for Amazon.com, Inc.

13

14          By */s/  Lauren A. McCray*

15            Lauren A. McCray
WSBA #49976

16            920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610

17            Telephone: 206-757-8510
E-mail: LaurenMcCray@dwt.com

18

19

20

21

22

23

24

25

26

27

AMAZON'S AMENDED OBJECTIONS AND RESPONSES TO SUBPOENA - 11
4814-5021-0798v.1 0051461-001872

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206 622 3150 main  206 757 7700 fax



# Order details Order ID: # 109-3362950-8206635    Your Seller Order ID: # Edit

Items total:     $22.50
Shipping total:    $4.49
**Grand total:    $26.99**

Go back to order list

Print packing slip | Refund Order | Request a Review

## Order summary

Ship by:    **Mon, Mar 28, 2016 to Tue, Mar 29, 2016**

Deliver by:    Thu, Apr 21, 2016 to Thu, May 12, 2016

Purchase date:    Sun, Mar 27, 2016, 8:51 AM PDT

Shipping service:    Standard
Fulfillment:    Seller
Sales channel:    Amazon.com

## Ship to

Thomas
FENTON, MI 48430-8556
United States

Contact Buyer:    **Thomas**

## Seller Notes

For your records only, will not be displayed to the buyer.

## Order contents

| Status | Image | Product name | More information | Quantity | Unit price | Proceeds | |
|---|---|---|---|---|---|---|---|
| Shipped | | Japanese candy assortment 30pcs , full of dagashi. "TONOSAMA CANDY" ASIN: **B01DHYLBIK** SKU: TONOSAMA30-568 | Condition: New Condition note: This item is shipped from Japan. If you use standard shipping, it usually takes few weeks to arrive. (without tracking number in order to provide at an affordable price) If you use expedited shipping, it usually takes 3-10 days to arrive. I appreciate your understanding in this matter. Listing ID: 0327QE9EXNX Order Item ID: 65489866112394 | 1 | $22.50 | Item subtotal: Shipping total: **Item total:** | $22.50 $4.49 **$26.99** |

## Manage Feedback

Thomas has not left you feedback for this order yet.

FEEDBACK ×

Confidential – For Attorneys' Eyes Only (trade secret/ commercially sensitive)

NARITA000031

17℃ くもり時々晴れ    22:43 2021/07/04

Appx137

| 差出人: | A-ups <info@a-ups.co.jp> |
|---|---|
| 送信日時: | 2016年2月29日月曜日 17:46 |
| 宛先: | 泉様誼 |
| 件名: | シール案を修正致しました |
| 添付ファイル: | seal2.pdf |

株式会社 ティー・アイ・エクスプレス
泉様


いつもお世話になっております。
シール案を修正致しました。
ご確認の程宜しくお願い致します。


株式会社 エイ・アップス　制作部 井本
━━━━━━━━━━━━━━━━━━━━━━━━
札幌市中央区大通西 20 丁目 2-20 エクセル S1 ビル 2F
TELEPHONE : 011-643-4660　FAXIMILE : 011-643-4666
E-MAIL : info@a-ups.co.jp

NARITA000003



NARITA000004

Appx139

差出人: 泉輝彦 <izumi.1108.1977@gmail.com>
送信日時: 2016年2月29日月曜日 19:02
宛先: A-ups
件名: Re: シール案をお送り致します

井本さま

お世話になっております

草案の再修正、ありがとうございます

大変申し訳ございませんが、
①福の花マークは、すいませんが、元の◇マークに戻して下さい
　　ただ、色は白ではなく金色にして下さい
②服の縁、腰のむすび目は、薄い水色にして下さい

最後に、、、
気のせいかもしれませんが、外縁の金色が真ん中が明るく
両サイドに向かって、黒金色になるようなグラデーションに見えるのですが・・・
もし、光の当たり方でそうなっているのであればいいのですが
グラデーションになっているのであれば、修正して、金色のみ一色でお願いします

以上、お手数ですが、ご確認の上、よろしくご対応願います


泉より
2016・2・29

2016 年 2 月 29 日 16:32 泉輝彦 <izumi.1108.1977@gmail.com>:
　井本さま

　お世話になっております
　グッドウインの泉です

　イメージありがとうございます
　基本路線としては、左下のゴールド枠です
　キャラクターが切れない、小さい方の殿さまで
　メイン文字は TONOSAMA
　周りの文字は、Japanese Happy Snacks でお願いします

　また、修正をお願いします
　①外側の文字の間になるお城のシルエットですが、
　　見えにくいので、ここには日の丸マークの扇子を入れて下さい
　②左手の脇下にある雲の切れ残りはカットして下さい

1

NARITA000006

Appx140

③Yummy！の文字は、目立つように赤
④殿様キャラの服の色を添付画像のような色調にして下さい

以上です
お手数ですが、再修正の程、よろしくお願い致します

グッドウイン　泉より
2016・2・29


2016 年 2 月 29 日 15:15 A-ups ‹info@a-ups.co.jp›:

　株式会社 ティー・アイ・エクスプレス
　泉様


　いつもお世話になっております。

　殿様のシール案をお送り致します。
　基本のイラストは一緒ですが、
　文字・カラー・イラストの大きさを若干
　変えて 6 パターンご用意致しました。

　ご確認の程宜しくお願い致します。


　株式会社 エイ・アップス　制作部 井本

　札幌市中央区大通西 20 丁目 2-20 エクセル S1 ビル 2F
　TELEPHONE：011-643-4660　FAXIMILE：011-643-4666
　E-MAIL：info@a-ups.co.jp

—
＞＞＞＞＞＞＞＞＞＞＞＞＞＞＞＞＞＞＞
株式会社グッドウイン　泉　輝彦
AFP(日本 FP 協会会員）
証券外務員 1 種・相続診断士
〒064-0820
札幌市中央区大通西20丁目2－20
　　　　　エクセル S1ビル3階
TEL：011-640-5212　FAX：011-640-5215
＞＞＞＞＞＞＞＞＞＞＞＞＞＞＞＞＞＞＞

2

NARITA000007

**Appx141**

直径10cm



■Japanese Happy Items
■TONOSAMA
■殿のサイズ小
■それぞれ服と円の色が違います

■Japanese Happy Snacks
■TONO TONO
■殿のサイズ大
■それぞれ服と円の色が違います

NARITA000008

Appx142

From: 泉輝彦 <izumi.1108.1977@gmail.com>
Date: 2016 年 3 月 4 日(金) 12:34
Subject: Re: シール案を修正致しました
To: A-ups <info@a-ups.co.jp>

井本さま

お世話になっております

修正、完了です！！
白抜きで横一線で作って頂いた文字(右案)の方で、10cm、7cm、それぞれ 3000 枚ずつのシールで試算願います

何度も修正にお付き合いいただき、本当にありがとうございました
気持ちよく、シール見積もりに進めましたことを、心よりお礼申し上げます<(_ _)>

泉より
2016・3・4

2016 年 3 月 4 日 11:40 A-ups <info@a-ups.co.jp>:


株式会社 ティー・アイ・エクスプレス
泉様

いつもお世話になっております。
シール案を修正致しました。
「富士山・桜・日本一」の文字の入れ方、2 パターンあります。
ご確認の程宜しくお願い致します。

株式会社 エイ・アップス　制作部 井本
―――――――――――――――――――
札幌市中央区大通西 20 丁目 2-20 エクセル S1 ビル 2F
TELEPHONE：011-643-4660　FAXIMILE：011-643-4666
E-MAIL：info@a-ups.co.jp

NARITA000013





NARITA000014

Appx144

| 差出人: | A-ups <info@a-ups.co.jp> |
| 送信日時: | 2016年3月7日月曜日 15:02 |
| 宛先: | 泉輝彦 |
| 件名: | シールの納品日です |

株式会社ティー・アイ・エクスプレス
泉様

お世話になっております。

シールの納品日ですが、

3月16日の納品になります。

宜しくお願い致します。

株式会社 エイ・アップス　制作部 井本

札幌市中央区大通西 20 丁目 2-20 エクセル S1 ビル 2F
TELEPHONE : 011-643-4660　FAXIMILE : 011-643-4666
E-MAIL : info@a-ups.co.jp

NARITA000017

English translation of e-mail dated February 29, 2016 from A-ups

**Sender: A-ups <info@a-ups.co.jp>**
**Sending time: February 29, 2016 17:46**
**To: Teruhiko Izumi**
**Subject: I revised a draft of the seal.**
**Attached file: seal2.pdf**

Kabushiki Kaisha TI Express
Mr. Izumi

Thank you for your continued support.

I revised a draft of the seal.   Please review and check it.

Kabushiki Kaisha A-ups
Production Department
Imoto

_____

Excel S1 Building 2nd Floor, 2-20, Odori-Nishi 20-chome, Chuo-ku, Sapporo-shi
Telephone: 011-643-4660     Facsimile: 011-643-4666
E-Mail: info@a-ups.co.jp

NARITA000005

English translation of e-mail dated February 29, 2016 to A-ups

**Sender: Teruhiko Izumi <izumi.1108.1977@gmail.com>**
**Sending time: February 29, 2016 19:02**
**To: A-ups**
**Subject: Re: I send you a draft of the seal.**

Mr. Imoto

Thank you for your continued support.

I also thank you for revising the draft again.

① With respect to the flower mark on the clothing, please restore it to the original mark "◇" and change a color of the mark from white to gold.
② Please change a color of an edge of the clothing and a knot of the waist to light sky blue.
We are sorry for inconvenience.

Lastly, it might be just my imagination, but it is seen that the gold of the outer edge is gradation such that it is bright at the center and dark gold towards both sides. If the gradation occurs according to the way of irradiation of light, there is no problem.   However, if the gold is a gradational coloring, please revise it so that the color of the outer edge is gold only.

Sorry to bother you, but I would like you to review and check the above and handle it appropriately.

From Izumi
2016.2.29


**Sending time: February 29, 2016 16:32**
**Sender: Teruhiko Izumi <izumi.1108.1977@gmail.com>**

Mr. Imoto

NARITA000009

Appx147

Thank you for your continued support.
I am Izumi of Goodwin.

Thank you for sending me images.

I would like to basically select a seal having the gold outer edge at the lower left.
Please use the following character and letters. That is, the character is a small
feudal lord which is not partially cut, the main letters are TONOSAMA, and the
letters surrounding the character are Japanese Happy Snacks.

Also, please revise the seal.
① Since it is difficult to see a silhouette of castle between the outside letters,
please replace it with a folding fan having the mark of the national flag of Japan.
② Please delete remaining uncut part of the cloud under the left arm.
③ Please change a color of the letter "Yummy!" to red so that it is conspicuous.
④ Please change a color of the clothing of the feudal lord character to a color tone
of image as attached hereto.

That is all. Sorry to bother you, but I would like you to revise the seal again.

From Izumi of Goodwin
2016.2.29


**Sending time: February 29, 2016 15:15**
**Sender: A-ups <info@a-ups.co.jp>**

Kabushiki Kaisha TI Express
Mr. Izumi

Thank you for your continued support.

I send you a draft of the seal of a feudal lord.
Though a basic illustration is the same, I have a bit changed letters, colors and size
of the illustration and prepared six patterns of the draft.

Please review and check them.

NARITA000010

Appx148

Kabushiki Kaisha A-ups
Production Department
Imoto

---

Excel S1 Building 2nd Floor, 2-20, Odori-Nishi 20-chome, Chuo-ku, Sapporo-shi
Telephone: 011-643-4660    Facsimile: 011-643-4666
E-Mail: info@a-ups.co.jp

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>
Goodwin Co., Ltd.    Teruhiko Izumi
AFP (Member of Japan Association for Financial Planners)
Securities Sales Representative Class 1, Inheritance diagnostician
Excel S1 Building 3rd Floor, 2-20, Odori-Nishi 20-chome, Chuo-ku, Sapporo-shi
064-0820
TEL: 011-640-5212    FAX: 011-640-5215
>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

NARITA000011

Appx149

10 cm diameter

■Japanese Happy Items
■TONOSAMA
■Size of a feudal lord: small
■Respective colors of the clothing
and the circle are different.

■Japanese Happy Snacks
■TONO TONO
■Size of a feudal lord: large
■Respective colors of the clothing
and the circle are different.



NARITA000012

**Sender: Teruhiko Izumi <izumi.1108.1977@gmail.com>**
**Sending time: March 4, 2016 12:34**
**Subject: Re: I revised a draft of the seal.**
**To: A-ups**

Mr. Imoto

Thank you for your continued support.

Revision is completed!!
Please estimate the costs for preparing respective 3,000 sheets of the 10cm and 7cm sized seals which were prepared in the form of horizontally arranged letters with white spaces on a colored background (the draft at the right side).

Thank you very much for revising the seal many times.
I can go to an estimate of the costs comfortably and thank you for it from the bottom of my heart.

From Izumi
2016.3.4


**Sending time: March 4, 2016 11:40**
**Sender: A-ups <info@a-ups.co.jp>**

Kabushiki Kaisha TI Express
Mr. Izumi

Thank you for your continued support.

I revised a draft of the seal.
There are two patterns of the way of describing "Mt. Fuji, Cherry Blossom, The Best in Japan".

Please review and check it.

1

NARITA000015

Appx151

Kabushiki Kaisha A-ups

Production Department

Imoto

---

Excel S1 Building 2nd Floor, 2-20, Odori-Nishi 20-chome, Chuo-ku, Sapporo-shi

Telephone: 011-643-4660     Facsimile: 011-643-4666

E-Mail: info@a-ups.co.jp

NARITA000016

Appx152

**Sender: A-ups <info@a-ups.co.jp>**
**Sending time: March 7, 2016 15:02**
**To: Teruhiko Izumi**
**Subject: Delivery date of seal**

Kabushiki Kaisha TI Express
Mr. Izumi

Thank you for your continued support.

With respect to the delivery date of the seal, I will deliver it on March 16.

Best regards,

Kabushiki Kaisha A-ups
Production Department
Imoto

---

Excel S1 Building 2nd Floor, 2-20, Odori-Nishi 20-chome, Chuo-ku, Sapporo-shi
Telephone: 011-643-4660    Facsimile: 011-643-4666
E-Mail: info@a-ups.co.jp

NARITA000018

Appx153



Appx154

EXHIBIT I

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of Serial No. 88/359,090
for the mark: TONOSAMA
Published in the *Official Gazette* (Trademarks) on July 16, 2019

| | | |
|---|---|---|
| Narita Export LLC, | ) | |
| | ) | |
| Petitioner, | ) | Cancellation No. 92074784 |
| | ) | |
| v. | ) | |
| | ) | |
| Adaptrend, Inc., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT ADAPTREND, INC.'S**
**RESPONSES TO INTERROGATORIES BY**
**PETITIONER NARITA EXPORT LLC**

Propounding Party:    Petitioner Narita Export LLC

Responding Party:    Respondent Adaptrend, Inc.

Set Number:    One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, 37 C.F.R. § 2.120,

and Rule 408 of the T.B.M.P., respondent Adaptrend, Inc. ("Responding Party") hereby responds

to the interrogatories of petitioner Narita Export LLC ("Propounding Party") as follows:

1

1.	Responding Party has not yet completed its investigation relating to the facts of this action, has not completed discovery in this action, and has not yet completed preparation for trial.  Responding Party makes its responses to the request based upon the information presently available to it and without prejudice to its right to amend or further supplement its responses and to present evidence, which may hereafter be discovered or become available to it.  Furthermore, these responses are given without prejudice to using at trial subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

2.	Consistent with its obligations pursuant to the Federal Rules of Civil Procedure and in a good faith attempt to respond, Responding Party has contacted those persons and made a diligent search of those records most reasonably believed to possess or contain information responsive to any individual request.

3.	By making these responses, Responding Party does not concede that the information sought is relevant.  Responding Party makes these responses intending to preserve: (a) the right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any documents produced in response to the requests that may arise in this or any other action; (b) the right to object to the use of these responses in any subsequent proceeding in, or the trial of, this or any other action on any grounds; (c) the right to object to the introduction of these responses into evidence; and (d) the right to object on any ground at any time to other requests for the production of documents or other discovery involving the subject matter thereof.

2

4.      Responding Party has made reasonable and diligent efforts to respond to each request to the extent it has not been objected to, as Responding Party understands and interprets the request.  To the extent that Propounding Part asserts an interpretation of any request that is inconsistent with Responding Party's understanding, Responding Party reserves the right to amend or supplement its objections and/or responses.

## GENERAL OBJECTION

1.      Responding Party objects to each request to the extent that it purports to require Responding Party to produce documents protected by the attorney-client privilege and/or attorney work-product doctrine.  Nothing contained in these responses is intended, nor shall it in any way be deemed as, a waiver of the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or doctrine.  Inadvertent production of any document subject to any applicable right, privilege, or doctrine, including but not limited to, the attorney-client privilege and attorney work-product doctrine, is not intended to be, and shall not operate as, a waiver or any such privilege or doctrine, in whole or in part; nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any use of such document, or of the information contained therein.

2.      Responding Party objects to the Instructions and Definitions in the Requests and each request to the extent they seek to impose upon Responding Party duties that are not required by the Federal Rules of Civil Procedure, the Trademark Trial and Appeals & Board, or any other applicable rules of the court.

3.      Responding Party objects to each request to the extent it seeks Responding Party's trade secrets or other confidential business information or competitively or technically sensitive information or information otherwise subject to confidentiality agreements with third parties or

3

the confidentiality of settlement discussions or agreements or court orders restricting the

disclosure of information.  Responding Party will produce such confidential information, where

appropriate, pursuant to the terms of a protective order.

4.      Responding Party objects to each request to the extent it seeks documents already

produced to Propounding Party or to which Propounding Party has equal access.  Responding

Party hereby incorporates this General Objection into each of the Reponses set forth below, as if

set out in full.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the address for each of Respondent's places of business for each year from 2016

to present, including but not limited to Respondent's corporate headquarters, each of

Respondent's offices, and any property at which Respondent's officers or employees work or

where Respondent otherwise conducts business.

### RESPONSE TO NO. 1:

Responding Party incorporates by reference the General Objection and Preliminary

Statement contained herein.  Responding Party further objects to the extent the interrogatory

seeks information that constitutes confidential, privileged, proprietary, or trade secret

information and/or invades the privacy of a person not a party to this action.  Subject to and

without waiving these objections and in the interest of compromise, Responding Party responds

as follows:

61-2 Kuchihara Iizuka-shi, Fukuoka JAPAN 820-1114.

4

**INTERROGATORY NO. 2:**

Identify all goods provided by Respondent in the United States in connection with Respondent's Mark and specify the time period(s), expressed in months and years, during which each such good(s) have been sold within the United States in connection with Respondent's Mark.

**RESPONSE TO NO. 2:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Candy, June 2016 to present.

**INTERROGATORY NO. 3:**

Identify any periods of time, expressed in months and years, during which Respondent's Mark has not been in Use in Commerce in connection with any goods since the Date of First Use claimed for Respondent's Mark to present.

**RESPONSE TO NO. 3:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds

5

as follows:

None.

**INTERROGATORY NO. 4:**

Identify the aggregate revenue from the sale or license of all goods in connection with Respondent's Mark within the United States, by year, since the Date of First Use claimed for Respondent's Mark to present.

**RESPONSE TO NO. 4:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Respondent will produce responsive documents pursuant to Fed.R.Civ.P. 33(d).

**INTERROGATORY NO. 5:**

Identify the date Respondent first made a sale of Gift baskets containing candy using Respondent's Mark.

**RESPONSE TO NO. 5:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds

6

as follows:

June 13, 2016

**<u>INTERROGATORY NO. 6:</u>**

Identify the date Respondent first made a sale of Candy using Respondent's Mark.

**<u>RESPONSE TO NO. 6:</u>**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

June 13, 2016

**<u>INTERROGATORY NO. 7:</u>**

State the full factual basis for Respondent's affirmative defenses made in its Answer to Petition for Cancellation.

**<u>RESPONSE TO NO. 7:</u>**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Responding Party objects to this interrogatory as compound. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

1. The first affirmative defense, namely failure to state a claim, is a legal defense

and not factual.

2.      The second affirmative defense regarding an improper chain of title is hereby
withdrawn without prejudice pending further discovery.

3.      The third affirmative defense regarding invalid assignments is hereby withdrawn
without prejudice pending further discovery.

4.      The fourth affirmative defense of abandonment is hereby withdrawn without
prejudice pending further discovery.


**INTERROGATORY NO. 8:**

Identify, by name, address and title or position, all persons having knowledge or
information relating to the nature and dates of use and/or non-use by Respondent of
Respondent's Mark.

**RESPONSE TO NO. 8:**

Responding Party incorporates by reference the General Objection and Preliminary
Statement contained herein.  Responding Party further objects to the extent the interrogatory
seeks information that constitutes confidential, privileged, proprietary, or trade secret
information and/or invades the privacy of a person not a party to this action.  Subject to and
without waiving these objections and in the interest of compromise, Responding Party responds
as follows:

Akimasa Okazaki, CEO, 61-2 Kuchihara Iizuka-shi, Fukuoka JAPAN 820-1114

**INTERROGATORY NO. 9:**

Identify all sales of candy and/or Gift baskets containing candy using Respondent's
Mark, and for each sale state the date, the purchaser, the product name or number, the number of

8

units, and the dollar amount.

**RESPONSE TO NO. 9:**

Responding Party objects to this interrogatory as overbroad and unduly burdensome.  The identification of each individual sale of goods including each item of information requested is wholly unrelated to the issues posed by the Petition to Cancel, namely likelihood of confusion and priority.

**INTERROGATORY NO. 10:**

Identify and describe the channels of trade through which Respondent has offered and currently offers goods under Respondent's Mark.

**RESPONSE TO NO. 10:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein.  Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action.  Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Marked goods are sold and offered for sale through Responding Party's website (https://rapid.thebase.in/ ) and Amazon.

**INTERROGATORY NO. 11:**

Identify the states of the United States where You have sold goods under Respondent's Mark.

9

**RESPONSE TO NO. 11:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Responding Party has sold goods in each of the 50 states.


**INTERROGATORY NO. 12:**

To the extent that You denied the allegations in Paragraphs 3, 4, 6, and 10 of the Petition for Cancellation No. 92074784, describe all evidence that supports Your denial.

**RESPONSE TO NO. 12:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Paragraph 3: This paragraph does not contain a specific denial.

Paragraph 4: This paragraph does not contain a specific denial.

Paragraph 6: Responding Party has been unable to confirm and has been unable to find any evidence of sales activity by Petitioner in the United States. Thus, the allegations of first use

10

and damage to Petitioner are false.

Paragraph 10:  Responding Party has been unable to confirm and has been unable to find any evidence of sales activity by Petitioner in the United States.  Thus, the allegations of Petitioner's standing are false as its trademark application is void *ab initio*.


**INTERROGATORY NO. 13:**

State all facts that support Respondent's allegations that Respondent has been using Respondent's Mark since as early as 2016 for its goods listed in International Class 30, identify all documents that show or evidence such facts, and identify the person or persons most knowledgeable of such facts.

**RESPONSE TO NO. 13:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein.  Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action.  Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Responding Party has been selling marked products on Amazon in the United States since June 13, 2016.  Responding Party will produce responsive documents pursuant to FRCP, Rule 33(d).  The person most knowledgeable of these facts is Akimasa Okazaki,


**INTERROGATORY NO. 14:**

Identify and describe in detail all facts and circumstances surrounding the decision to

11

register Respondent's Mark.

**RESPONSE TO NO. 14:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Respondent decided to register Respondent's Mark to obtain the benefit of principal registration under U.S. trademark law because it was selling marked product on Amazon in the United States.


**INTERROGATORY NO. 15:**

Identify and describe in detail all facts and circumstances surrounding the decision to use TONOSAMA as Respondent's Mark.

**RESPONSE TO NO. 15:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Respondent decided to use Respondent's Mark arbitrarily.

12

**INTERROGATORY NO. 16:**

Identify each person who provided information relevant to Your response to these interrogatories and, for each person, identify the interrogatory or interrogatories for which information was provided and specify the information provided.

**RESPONSE TO NO. 16:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Akimasa Okazaki

**INTERROGATORY NO. 17:**

Identify who created the Amazon product page shown on Respondent's Specimen filed in connection with the Registration No. 5,873,672 (pictured below), and the date it was created.



Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein.  Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action.  Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

Akimasa Okazaki on June 13, 2016.

**INTERROGATORY NO. 18:**

When did You make Your first sale of Gift baskets containing candy through the Amazon's product page shown on Respondent's Specimen included in the file for Registration No. 5,873,672 and shown below.



**RESPONSE TO NO. 18:**

Responding Party incorporates by reference the General Objection and Preliminary

Statement contained herein.  Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action.  Subject to and without waiving these objections and in the interest of compromise, Responding Party responds as follows:

June 14, 2016.

**<u>INTERROGATORY NO. 19:</u>**

Identify each person who created and was involved with the creation of the TONOSAMA inclusive design shown on Respondent's Specimen included in the file for Registration No. 5,873,672 and shown below.



\\

\\

\\

\\

\\

\\

\\

\\

15

**RESPONSE TO NO. 19:**

Responding Party incorporates by reference the General Objection and Preliminary Statement contained herein. Responding Party further objects to the extent the interrogatory seeks information that constitutes confidential, privileged, proprietary, or trade secret information and/or invades the privacy of a person not a party to this action. Responding Party objects to this interrogatory is not relevant to any party's claim or defense and is not proportional to the needs of the case.

Date: <u>May 24, 2021</u>

Ben T. Lila, Esq.
MANDOUR & ASSOCIATES, APC
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Email: blila@mandourlaw.com
Attorneys for Respondent,
Adaptrend, Inc.

**VERIFICATION**

I, Akimasa Okazaki president of Adaptrend, Inc., the Respondent in the above captioned action, declare under penalty of perjury under the laws of the United States that the foregoing responses are true and correct.

Date: May 21, 2021

_____
Akimasa Okazaki

Appx171

I hereby certify that on the below date a copy of the foregoing:

**RESPONDENT ADAPTREND, INC.'S**
**RESPONSES TO INTERROGATORIES OF**
**PETITIONER NARITA EXPORT LLC**

has been served via email upon the following:

 Patrick G. Burns
 GREER BURNS & CRAIN LTD
 300 South Wacker Drive, Suite 2500
 Chicago, IL 60606
 Email: tmdocket@gbclaw.net, pburns@gbclaw.net, rjohnson@gbclaw.net,
 smelby@gbclaw.net

Dated: May 24, 2021

              _____
              Ben T. Lila
              Email: blila@mandourlaw.com

18

EXHIBIT J



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu Jan 6 03:17:23 EST 2022*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | BOTTOM | HELP |

Logout   *Please logout when you are done to release system resources allocated for you.*

Start   **List At:** _____   **OR** Jump   **to record:**     **2 Records(s) found (This page: 1 ~ 2)**

**Refine Search** (tonosama)[COMB]   Submit

**Current Search:** S1: (tonosama)[COMB] docs: 2 occ: 13

Export displayed results (1 ~ 2)  .csv

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead | Class(es) |
|---|---|---|---|---|---|---|
| 1 | 88665122 | | TONOSAMA | TSDR | LIVE | |
| 2 | 88359090 | 5873672 | TONOSAMA | TSDR | LIVE | |

Export displayed results (1 ~ 2)  .csv

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | TOP | HELP |

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Appx173

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of Serial No. 88/359,090
for the mark: TONOSAMA
Published in the *Official Gazette* (Trademarks) on July 16, 2019

_____

| | | |
|---|---|---|
| Narita Export LLC, | ) | |
| | ) | |
| Petitioner, | ) | Cancellation No. 92074784 |
| | ) | |
| v. | ) | |
| | ) | |
| Adaptrend, Inc., | ) | |
| | ) | |
| Respondent. | ) | |

_____

**RESPONDENT ADAPTREND, INC.
RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION BY
PETITIONER NARITA EXPORT LLC**

Propounding Party:    Petitioner Narita Export LLC

Responding Party:    Respondent Adaptrend, Inc.

Set Number:        One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, 37 C.F.R. § 2.120, and T.B.M.P. § 408, Respondent Adaptrend, Inc. ("Responding Party") hereby responds to the First Set of Requests for Production of Documents by Petitioner Narita Export LLC ("Propounding Party") as follows:

1

<u>**PRELIMINARY STATEMENT**</u>

1.      Responding Party has not yet completed its investigation relating to the facts of this action, has not completed discovery in this action, and has not yet completed preparation for trial.  Responding Party makes its responses to the request based upon the information presently available to it and without prejudice to its right to amend or further supplement its responses and to present evidence, which may hereafter be discovered or become available to it.  Furthermore, these responses are given without prejudice to using at trial subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

2.      Consistent with its obligations pursuant to the Federal Rules of Civil Procedure and in a good faith attempt to respond, Responding Party has contacted those persons and made a diligent search of those records most reasonably believed to possess or contain information responsive to any individual request.

3.      By making these responses, Responding Party does not concede that the information sought is relevant.  Responding Party makes these responses intending to preserve: (a) the right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any documents produced in response to the requests that may arise in this or any other action; (b) the right to object to the use of these responses in any subsequent proceeding in, or the trial of, this or any other action on any grounds; (c) the right to object to the introduction of these responses into evidence; and (d) the right to object on any ground at any time to other requests for the production of documents or other discovery involving the subject matter thereof.

2

4.      Responding Party has made reasonable and diligent efforts to respond to each request to the extent it has not been objected to, as Responding Party understands and interprets the request.  To the extent that Propounding Part asserts an interpretation of any request that is inconsistent with Responding Party's understanding, Responding Party reserves the right to amend or supplement its objections and/or responses.

## GENERAL OBJECTION

1.      Responding Party objects to each request to the extent that it purports to require Responding Party to produce documents protected by the attorney-client privilege and/or attorney work-product doctrine.  Nothing contained in these responses is intended, nor shall it in any way be deemed as, a waiver of the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or doctrine.  Inadvertent production of any document subject to any applicable right, privilege, or doctrine, including but not limited to, the attorney-client privilege and attorney work-product doctrine, is not intended to be, and shall not operate as, a waiver or any such privilege or doctrine, in whole or in part; nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any use of such document, or of the information contained therein.

2.      Responding Party objects to the Instructions and Definitions in the Requests and each request to the extent they seek to impose upon Responding Party duties that are not required by the Federal Rules of Civil Procedure, the Trademark Trial and Appeals & Board, or any other applicable rules of the court.

3.      Responding Party objects to each request to the extent it seeks Responding Party's trade secrets or other confidential business information or competitively or technically sensitive information or information otherwise subject to confidentiality agreements with third parties or

3

the confidentiality of settlement discussions or agreements or court orders restricting the disclosure of information.  Responding Party will produce such confidential information, where appropriate, pursuant to the terms of a protective order.

4.      Responding Party objects to each request to the extent it seeks documents already produced to Propounding Party or to which Propounding Party has equal access.  Responding Party hereby incorporates this General Objection into each of the Reponses set forth below, as if set out in full.

**REQUEST NO. 1:**

Documents that refer, relate to, or evidence the date or dates that Respondent first used Respondent's Mark in the United States in connection with each and every item of goods listed in Reg. No. 5873672.

**RESPONSE TO REQUEST NO. 1:**

Responding Party objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product privilege, trade secrets, and/or any other applicable right or privilege. Subject to the foregoing objections, and without waiver thereof, Responding Party responds as follows:

Responding Party will produce all documents responsive to this request.

**REQUEST NO. 2:**

All documents that identify all sales of candy and/or Gift baskets containing candy using Respondent's Mark.

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this request as overbroad and unduly burdensome. The identification of each individual sale of goods is wholly unrelated to the issues posed by the Petition to Cancel, namely likelihood of confusion and priority.

**REQUEST NO. 3:**

All documents that refute or evidence the date or dates that Respondent first used the mark TONOSAMA in the United States in connection with each and every item of goods listed in Reg. No. 5873672.

5

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product privilege, trade secrets, and/or any other applicable right or privilege.  Subject to the foregoing objections, and without waiver thereof, Responding Party responds as follows:

Responding Party will produce all documents responsive to this request.

**REQUEST NO. 4:**

All documents sufficient to show use of Respondent's Mark for each and every item of goods listed in Reg. No. 5873672 since 2016.

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product privilege, trade secrets, and/or any other applicable right or privilege.  Subject to the foregoing objections, and without waiver thereof, Responding Party responds as follows:

Responding Party will produce all documents responsive to this request.

**REQUEST NO. 5:**

For each item of goods listed in Reg. No. 5873672, produce one invoice for each year from 2016 to 2021 for the sale of each such good sold in connection with Respondent's Mark.

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product privilege, trade secrets, and/or any other applicable right or privilege.  Subject to the foregoing objections, and without waiver thereof, Responding Party responds as follows:

6

Responding Party will produce all documents responsive to this request.

**REQUEST NO. 6:**

All documents that show or evidence Respondent's allegation that Petitioner does not have proper chain of title for its ownership of Petitioner's Mark.

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product privilege, trade secrets, and/or any other applicable right or privilege. Subject to the foregoing objections, and without waiver thereof, Responding Party responds as follows:

Responding Party will produce all documents responsive to this request.

**REQUEST NO. 7:**

Representative documents that identify or describe the classes of purchasers to which You market or sell goods under Respondent's Mark.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product privilege, trade secrets, and/or any other applicable right or privilege. Subject to the foregoing objections, and without waiver thereof, Responding Party responds as follows:

Responding Party will produce representative documents responsive to this request.

**REQUEST NO. 8:**

All documents that support Respondent's Affirmative Defenses made in its Answer to Petition for Cancellation.

7

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product privilege, trade secrets, and/or any other applicable right or privilege. Subject to the foregoing objections, and without waiver thereof, Responding Party responds as follows:

Responding Party will produce all documents responsive to this request.

**REQUEST NO. 9:**

All documents referenced in or used to prepare Respondent's Initial Disclosures, including, but not limited to, all documents identified in Section B. of Respondent's Initial Disclosures.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product privilege, trade secrets, and/or any other applicable right or privilege. Subject to the foregoing objections, and without waiver thereof, Responding Party responds as follows:

Responding Party will produce all documents responsive to this request.

**REQUEST NO. 10:**

All documents upon which Respondent intends to rely in connection with this petition for cancellation.

**RESPONSE TO REQUEST NO. 10:**

Responding Party objects to the requests to the extent in violates the timing set by Fed.R.Civ.P. 26 and the Trademark Board's November 30, 2021 Scheduling Order (8 TTAVUE). Responding Party objects to this request to the extent it seeks documents protected

8

by the attorney-client privilege, the work product privilege, trade secrets, and/or any other applicable right or privilege. Subject to the foregoing objections, and without waiver thereof, Responding Party responds as follows:

Responding Party will produce all documents identified in its initial disclosures.

**REQUEST NO. 11:**

All documents and things related to Respondent's creation and adoption of Respondent's Mark.

**RESPONSE TO REQUEST NO. 11:**

Responding Party objects to this request to the extent it seeks documents protected by the attorney-client privilege, the work product privilege, trade secrets, and/or any other applicable right or privilege. Subject to the foregoing objections, and without waiver thereof, Responding Party responds as follows:

Responding Party will produce all documents responsive to this request.


Date:  <u>May 24, 2021</u>

Ben T. Lila, Esq.
MANDOUR & ASSOCIATES, APC
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Email: blila@mandourlaw.com
Attorneys for Respondent,
Adaptrend, Inc.

9

<div align="center">**CERTIFICATE OF SERVICE**</div>

I hereby certify that on the below date a copy of the foregoing:

<div align="center">**RESPONDENT ADAPTREND, INC.'S**
**RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION BY**
**PETITIONER NARITA EXPORT LLC**</div>

has been served via email upon the following:

> Patrick G. Burns
> GREER BURNS & CRAIN LTD
> 300 South Wacker Drive, Suite 2500
> Chicago, IL 60606
> Email: tmdocket@gbclaw.net, pburns@gbclaw.net, rjohnson@gbclaw.net,
> smelby@gbclaw.net

Dated: <u>May 24, 2021</u>

                               _____
                               Ben T. Lila
                               Email: blila@mandourlaw.com

<div align="center">10</div>

EXHIBIT L

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

| | | |
|---|---|---|
| Narita Export, LLC, | ) | |
| Petitioner | ) | Cancellation No.: 92074784 |
| | ) | |
| v. | ) | Mark: TONOSAMA |
| | ) | |
| Adaptrend, Inc., | ) | Registration No.: 5,873,672 |
| Respondent | ) | |
| _____ | ) | |

Commissioner for Trademarks
P.O. Box 1451
Alexandria, Virginia 22313-1451

**PETITIONER'S RESPONSE TO RESPONDENT'S FIRST SET**
**OF DISCOVERY REQUESTS TO PETITIONER**

Narita Export LLC, (hereinafter "Petitioner") hereby responds to Adaptrend, Inc.'s (hereinafter "Respondent") First Set of Discovery to Petitioner pursuant to Trademark Rule 403.002, and Federal Rules of Civil Procedure 26(b)(1) and 33(a); 34(a)-(b)(1).

**I.     PRELIMINARY STATEMENTS**

1.      Petitioner's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Petitioner's right to rely on other facts or documents.

2.      By making the accompanying responses and objections to Respondent's interrogatories, Petitioner does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to competency, relevancy, materiality, and privilege. Further, Petitioner makes these responses without in any way implying that it considers the interrogatories, document requests, and responses thereto, to be relevant or

1

material to the subject matter of this action.

3.     Petitioner expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## II.     GENERAL OBJECTIONS

1.     Petitioner objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the Trademark Trial and Appeal Board rules.

2.     Petitioner objects to each document request, and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.     Petitioner objects to each document request, and interrogatory that is overly broad, and unduly burdensome to the extent they seek documents or information that are readily or more accessible to Respondent.

4.     Petitioner objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

5.     Petitioner objects to any and all references to "Request for Admission" and the like as irrelevant, inasmuch as no requests for admission have been served.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

With the exception of individuals who merely typed the responses, please Identify all individuals who assisted, or with whom You consulted, in responding to the Discovery, and for each, please provide a brief statement of their role, title and contribution.

2

**RESPONSE TO INTERROGATORY NO. 1:**

Petitioner objects as this Request as overly broad and unduly burdensome and unlikely to lead to the discovery of admissible evidence. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

(Identification)

Name: Teruhiko Izumi

Address: 9-24, Heiwadori 7-chome kita, Shiroishi-ku, Sapporo-shi, Hokkaido 003-0029 Japan

Position: President of Kabushiki Kaisha TI Express residing at 9-24, Heiwadori 7-chome kita, Shiroishi-ku, Sapporo-shi, Hokkaido 003-0029 Japan (until July 2, 2018)

Telephone: 090-4220-3164

E-mail: izumi.1108.1977@gmail.com

(Contribution)

Advised as to relevant information and documents in response to Requests.


(Identification)

Name: Keigo Narita

Address: 12-18, Kamiyashiki 3-chome, Tanabe-shi, Wakayama-ken 646-0036 Japan

Position: President of Narita Export LLC residing at 12-18, Kamiyashiki 3-chome, Tanabe-shi, Wakayama-ken 646-0036 Japan

Telephone: 080-1524-6089

E-mail: naritak7@hotmail.com

(Contribution)

Advised as to relevant information and documents in response to Requests.

3

**INTERROGATORY NO. 2:**

Describe in specific factual detail the circumstances giving rise to the creation of Your business, including, but not limited to, the key individuals responsible for its conceptual genesis and formation, and expansion into the United States.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Mr. Teruhiko Izumi and/or Kabushiki Kaisha TI Express (predecessor of Petitioner) commenced the sale of Petitioner's products under the Petitioner's trademark in the United States through the store currently named "Dream Express Japan" opened at Amazon.com.

Petitioner continuously sold Petitioner's products under the Petitioner's trademark in the United States through the store currently named "world bridge from Japan" opened at Amazon.com.


**INTERROGATORY NO. 3:**

Describe each product You provide to Your customers, the name said products are offered under, and the geographic locations you provide such products.

**RESPONSE TO INTERROGATORY NO. 3:**

Petitioner objects as this Request as overly broad and unduly burdensome and unlikely to lead to the discovery of admissible evidence in that it is not limited in time or geographical scope. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Each product the Petitioner provides to Petitioner's customers: Chocolates, candies and snack foods. Products are offered under "Japanese candy assortment 30pcs, full of dagashi, 'TONOSAMA CANDY.'" Petitioner offers such products worldwide, including to all 50 states in the United States.

4

**INTERROGATORY NO. 4:**

Describe in specific factual detail, including, but not limited to, the individuals and their roles, the locations, communications and dates, related to the acquisition of Petitioner's Trademark from any and all predecessors in interest. If more than one transfer occurred, please identify all.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner acquired entire right, title and interest in and to Petitioner's Trademark, owned by Kabushiki Kaisha TI Express and/or Mr. Teruhiko Izumi (collectively, "Predecessor"), and the goodwill associated therewith from Predecessor pursuant to an oral agreement between Petitioner and Predecessor on or around November 25, 2016. Petitioner and Predecessor executed a trademark assignment memorializing their agreement on October 20, 2020. The trademark assignment has been filed with the USPTO.

**INTERROGATORY NO. 5:**

With regard to Petitioner's Trademark being used in the United States, for each month on or before December 31, 2016 identify the number of sales, the total revenue of said sales, the dates said sales were made, the date said sales were shipped, and the dates said sales entered into the United States and/or were received by the purchaser.

**RESPONSE TO INTERROGATORY NO. 5:**

CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY: Petitioner objects as this Request as overly broad, unduly burdensome, and not limited in scope. Specifically, Petitioner's total revenue and total number of sales is irrelevant for confirming a first use date and likelihood of confusion. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner and/or Predecessor made more than 900 independent sales into the United States

5

during the 2016 calendar year, beginning as of March 27, 2016 and shipped as early as March 29, 2016. Cumulative sales during the 2016 calendar year were in excess of $22,000. Specific information regarding relevant sales dates, shipping dates and dates the products entered into the United States and/or were received by the purchaser are being obtained, and this information will be produced as attorney eyes only subject to the Protective Order.

**INTERROGATORY NO. 6:**

With regard to Petitioner's mark being used in the United States, for each year from January 1, 2017 until February 28, 2021 identify the number of sales, the total revenue of said sales, and the date said sales were shipped.

**RESPONSE TO INTERROGATORY NO. 6:**

CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY: Petitioner objects as this Request as overly broad, unduly burdensome, and not limited in scope. Specifically, Petitioner's total revenue and total number of sales is irrelevant for confirming a first use date and likelihood of confusion. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner and/or Predecessor made more than 6,600 independent sales into the United States between January 1, 2017 and February 28, 2021, beginning as of January 8, 2017. Cumulative sales during this time period were in excess of $78,000. Specific information regarding relevant sales dates, shipping dates, and dates the products entered into the United States and/or were received by the purchaser are being obtained, and this information will be produced as attorney eyes only subject to the Productive Order.

**INTERROGATORY NO. 7:**

Describe in specific factual detail Your knowledge about when you had first knowledge of

6

Respondent and their use of the TONOSAMA mark.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner became aware of Respondent and Respondent's use of the TONOSOMA trademark in June 2016. Given Petitioner's extensive prior use, Petitioner was unaware that Respondent's minimal use would interfere with Petitioner's use and registration of Petitioner's TONOSAMA trademark in the United States.

**INTERROGATORY NO. 8:**

Identify with specific factual detail, including dates, when You (or your predecessor) became aware of and/or had knowledge of Respondent and their use of TONOSAMA in relation to Candy.

**RESPONSE TO INTERROGATORY NO. 8:**

Petitioner objects as this Request as vague and ambiguous. Specifically, the term "Candy" is not defined. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner became aware of Respondent and Respondent's use of the TONOSOMA trademark in June 2016. Given Petitioner's extensive prior use, Petitioner was unaware that Respondent's minimal use would interfere with Petitioner's use and registration of Petitioner's TONOSAMA trademark in the United States.

**INTERROGATORY NO. 9:**

Identify with specific factual detail any instances of customers or potential customers who were looking for Respondent, but who contacted You instead, *i.e.*, instances of actual confusion between or among Respondent and Petitioner by customers or potential customers.

7

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to the foregoing General Objections, Petitioner hereby responds as follows:

At this time, Petitioner is unaware of such instances.

**INTERROGATORY NO. 10:**

Identify the factual circumstances surrounding Your creation of your Amazon.com listing and/or store that sells Petitioner's Goods under Petitioner's Trademark.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Mr. Izumi opened Amazon.com store, currently named "Dream Express Japan" on January 4, 2015. Mr. Narita opened the Amazon.com store, currently named "world bridge from Japan," on April 6, 2014.

**INTERROGATORY NO. 11:**

Describe in specific factual detail, including, but not limited to, the individuals and their roles, the locations and dates, related to the conceptual creation of Petitioner's Claimed Logo, as well as the date and specific factual circumstances of the logo's first use in commerce by You.

**RESPONSE TO INTERROGATORY NO. 11:**

Petitioner objects to this interrogatory because it contains compound, conjunctive, or disjunctive questions. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner's Predecessor began the process of creating Petitioner's Claimed Logo in or about February 2016. Petitioner's Predecessor hired Kabushiki Kaisha A-ups to prepare Petitioner's Claimed Logo. Petitioner's Claimed Logo was delivered to Petitioner's Predecessor

8

on March 16, 2016. The Petitioner's Claimed Logo was first used to sell products through Amazon.com on March 27, 2016.

**INTERROGATORY NO. 6:**

For each year beginning in the year of the Petitioner's first use in commerce, identify the sums expended by You in advertising Petitioner's Trademark in the United States, as well as the form of advertising (*i.e.*, print, internet, keyword advertising, etc.). For example, a response might include: In year 2020, Respondent spent $12,345.00 on print advertising using the Mark, etc.

**RESPONSE TO INTERROGATORY NO. 12:**

Petitioner notes this interrogatory was titled "INTERROGATORY NO. 6," but Petitioner has updated the title to "INTERROGATORY NO. 12" in its response. Petitioner objects to this interrogatory because it contains compound, conjunctive, or disjunctive questions. Further, Petitioner objects to this interrogatory as overly broad. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner used the Amazon's sponsor product advertising (keyword advertising program) only. At this time, Petitioner is unable to confirm the sums expended by Petitioner in the Amazon's sponsor program.

<u>**REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

**REQUEST FOR PRODUCTION NO. 1:**

Please produce Documents referenced or referred to in answering the Discovery, including Documents Identified in answering the Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of

9

information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all Documents that relate to Petitioner's creation, acquisition and/or adoption of Petitioner's Trademark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of information protected by the attorney-client privilege and/or work product doctrine. Additionally, Petitioner specifically objects on the grounds that "all" documents is overly broad and unduly burdensome. In most cases, it simply is not reasonably possible to search for, ensure production of, "all" documents. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all Documents identifying all sales to the United States for Petitioner's Trademark in relation to Petitioner's Goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of information protected by the attorney-client privilege and/or work product doctrine. Additionally,

10

Petitioner specifically objects on the grounds that "all" documents and "all" sales is overly broad and unduly burdensome. In most cases, it simply is not reasonably possible to search for, and ensure production of, "all" documents. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all Documents identifying all shipments to the United States for Petitioner's Trademark in relation to Petitioner's Goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of information protected by the attorney-client privilege and/or work product doctrine. Additionally, Petitioner specifically objects on the grounds that "all" documents and "all" shipments is overly broad and unduly burdensome. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all Documents you plan to use to establish that you have priority of the TONOSAMA mark in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of information protected by the attorney-client privilege and/or work product doctrine. Additionally, Petitioner specifically objects on the grounds that "all" documents is overly broad and unduly burdensome. In most cases, it simply is not reasonably possible to search for, and ensure production of, "all" documents. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.


**REQUEST FOR PRODUCTION NO. 6:**

Please produce all Documents regarding the sale, purchase and/or transfer of Petitioner's Trademark, including any and all contracts, communications and payments made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of information protected by the attorney-client privilege and/or work product doctrine. Additionally, Petitioner specifically objects on the grounds that "all" documents and "all" contracts, communications and payments is overly broad and unduly burdensome. In most cases, it simply is not reasonably possible to search for, and ensure production of, "all" documents. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

12

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all Documents which Petitioner intends to rely in connection with this petition for cancellation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Petitioner incorporates its General Objections as though set forth in full at this point. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

Dated: July 9, 2021                    **Narita Export LLC**

                                     By:    /RiKaleigh C. Johnson/
                                            RiKaleigh C. Johnson
                                            Greer Burns & Crain, Ltd.
                                            300 South Wacker Drive, Suite 2500
                                            Chicago, Illinois 60606
                                            Telephone: 312-360-0080
                                            Attorney for Petitioner

## CERTIFICATE OF SERVICE

I confirm that on July 9, 2021, I served a copy of the above PETITIONER'S RESPONSE TO RESPONDENT'S FIRST SET OF DISCOVERY TO PETITIONER upon Respondent's attorney to the following email:

Ben T. Lila
blila@mandourlaw.com

By: /RiKaleigh C. Johnson/
RiKaleigh C. Johnson

14

## VERIFICATION

I, Keigo Narita President of Narita Export LLC, the Petitioner in the above captioned action, declare under penalty of perjury under the laws of the United States that the foregoing responses, subject to inadvertent or undiscovered errors, are true and correct.

Date: **2021/07/27**                    _Keigo Narita_

1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Proceeding no. | 92074784 |
|---|---|
| Party | Defendant<br>Adaptrend, Inc. |
| Correspondence address | JOSEPH A MANDOUR<br>MANDOUR & ASSOCIATES APC<br>8605 SANTA MONICA BLVD, SUITE 1500<br>LOS ANGELES, CA 90069<br>UNITED STATES<br>Primary email: jmandour@mandourlaw.com<br>Secondary email(s): blila@mandourlaw.com, ggray@mandourlaw.com<br>858-487-9300 |
| Submission | Opposition/Response to Motion |
| Filer's name | Ben T. Lila |
| Filer's email | blila@mandourlaw.com, jmandour@mandourlaw.com, ggray@mandourlaw.com |
| Signature | /Ben T. Lila/ |
| Date | 03/09/2022 |
| Attachments | Opposition Summary Judgment Adaptrend 03-09-22.pdf(254092 bytes ) |

In the Matter of Serial No. 88/359,090
for the mark: TONOSAMA
Published in the *Official Gazette* (Trademarks) on July 16, 2019
_____

| | | |
|---|---|---|
| | ) | |
| Narita Export LLC, | ) | |
| | ) | |
| Petitioner, | ) | Cancellation No. 92074784 |
| | ) | |
| v. | ) | |
| | ) | |
| Adaptrend, Inc., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |


**RESPONDENT ADAPTREND, INC.'S OPPOSITION
TO  PETITIONER NARITA EXPORT LLC'S
MOTION FOR SUMMARY JUDGMENT**

1

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................4

II. LEGAL STANDARD ........................................................................................................5

III. STATEMENT OF DISPUTED FACTS .........................................................................6

IV. ARGUMENT ...................................................................................................................7

V. CONCLUSION ................................................................................................................16

2

# TABLE OF AUTHORITIES

**Cases**

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1987) ............................................................................................... 5
*Doeblers' Pennsylvania Hybrids v. Doebler*,
  442 F.3d 812 (3rd Cir. 2006) ........................................................................ 10, 13
*Lloyd's Food Products Inc. v. Eli's Inc.*,
  987 F.2d 766 (Fed. Cir. 1993) ............................................................................. 5
*Octocom Systems Inc. v. Houston Computer Services Inc.*,
  918 F.2d 937 (Fed. Cir. 1990) ............................................................................. 6
*Olde Tyme Foods Inc. v. Roundy's Inc.*,
  961 F.2d 200 (Fed. Cir. 1992) ............................................................................. 5
*Opryland USA Inc. v. The Great American Music Show, Inc.*,
  970 F.2d 847 (Fed. Cir. 1992) ..................................................................... 5, 15

**Statutes**

15 U.S.C. §1127 ........................................................................................................ 15

**Rules**

Fed. R. Evid. 802 ............................................................................................... 8, 11
Fed. R. Civ. P. 56(a) ................................................................................................. 5
Fed. R. Civ. P. 56(c) ................................................................................................. 5
Fed. R. Evid. 602 ............................................................................... 8, 9, 11, 14
Fed. R. Evid. 803(6) .................................................................... 10, 12, 13, 15
Fed. R. Evid. 803(6)(A)-(C) .............................................................................. 10

3

Respondent Adaptrend, Inc. ("Adaptrend"), hereby submits this brief in opposition to Petitioner Narita Export LLC's motion for summary judgment. For the reasons set forth herein, Respondent respectfully requests that Petitioner's motion be denied in its entirety.

## I. <u>INTRODUCTION</u>

Petitioner brings its motion for summary judgment with the claim that there are no genuine disputes of material fact when there is in fact a genuine dispute regarding a pivotal material fact at the center of its case, namely the alleged oral assignment of trademark rights from Kabushiki Kaisha TI Express (hereinafter "KKTI") and Petitioner Narita Export LLC ("Narita LLC" or "Petitioner") in November 2016. Petitioner's proffered evidence of the alleged oral assignment is based on hearsay testimony from Messrs. Izumi and Narita that clearly lacks foundation regarding the claimed oral assignment. Moreover, even if the oral assignment can be established as a matter of law, Narita LLC has failed to provide evidence of continuous use of the subject mark since November 2016. Mr. Narita's declaration merely claims "Since January 1, 2017, Narita has made more than 6,600 independent sales." *See* 25 TTABVUE 31, Narita Decl., ¶5. Notably, Mr. Narita fails to testify as to *when* these sales occurred and fails to provide Amazon and/or other records to corroborate his testimony. Thus, summary judgment is inappropriate as a matter of law as Narita LLC cannot establish either prior or continuous use of the subject mark to support its §2(d) likelihood of confusion claim. Indeed, there are clear, triable and material issues of fact in connection with Petitioner's claim. Petitioner has failed to meet its burden and summary judgment is inappropriate.

4

## II.    **LEGAL STANDARD**

Summary judgment is an appropriate method of disposing of cases where there is no genuine dispute as to any material fact and where the case can be resolved as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of demonstrating that there is no genuine dispute of material fact remaining for trial and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1987). In considering whether summary judgment is appropriate, all evidence must be viewed in the light most favorable to the nonmovant, and all justifiable inferences are to be drawn in the nonmovant's favor. *Opryland USA Inc. v. The Great American Music Show, Inc.*, 970 F.2d 847, 850, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992). On summary judgment, the Board may not resolve issues of material fact; it may only ascertain whether such issues are present. *Lloyd's Food Products Inc. v. Eli's Inc.*, 987 F.2d 766, 767, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993); *Opryland USA*, 970 F.2d at 850, 23 USPQ2d at1472; *Olde Tyme Foods Inc. v. Roundy's Inc.*, 961 F.2d 200, 202, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992).

When the moving party's motion is supported by evidence sufficient to indicate that there is no genuine dispute of material fact, and that the moving party is entitled to judgment, the burden shifts to the nonmoving party to demonstrate the existence of specific genuinely-disputed facts that must be resolved at trial. *Celotex,* 477 U.S. at 324. The nonmoving party may not rest on the mere allegations of its pleadings and assertions of counsel but must designate specific portions of the record or produce additional evidence showing the existence of a genuine dispute as to a material fact for trial. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. In general, to establish the existence of disputed facts requiring trial, the nonmoving party "must point to an evidentiary conflict created on the record at least by a counterstatement of facts set forth in detail

in an affidavit by a knowledgeable affiant." *Octocom Systems Inc. v. Houston Computer Services Inc.*, 918 F.2d 937, 941, 16 USPQ2d 1783, 1786 (Fed. Cir. 1990).

**III.     STATEMENT OF DISPUTED FACTS**

Respondent hereby responds to each of Petitioner's "Statement of Undisputed Facts" in turn:

1.  Undisputed.

2.  Undisputed.

3.  Undisputed.

4.  Undisputed.

5.  Undisputed.

6.  Undisputed.

7.  Undisputed.

8.  Undisputed.

9.  Disputed and Objection, Fed. R. Evid. 602 and 803 as discussed below.

10. Undisputed.

11. Undisputed.

12. Disputed and Objection, Fed. R. Evid. 602 and 803 as discussed below.

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. Disputed and Objection, Fed. R. Evid. 602 and 803 as discussed below.

21. Disputed and Objection, Fed. R. Evid. 602 and 803 as discussed below.

22. Undisputed for purposes of this motion only.

23. Undisputed for purposes of this motion only.

24. Respondent does not dispute that the English translation of TONOSAMA is "feudal lord".

25. Undisputed for purposes of this motion only.

26. Undisputed for purposes of this motion only.

27. Undisputed.

28. Disputed and Objection, Fed. R. Evid. 602 and 803 as discussed below.

29. Disputed and Objection, Fed. R. Evid. 602 and 803 as discussed below.

30. Undisputed.

31. Disputed and Objection, Fed. R. Evid. 602 and 803 as discussed below.

32. Undisputed for purposes of this motion only.

33. Undisputed as to the price range of the goods at issue.


**IV.    ARGUMENT**

Petitioner's motion stems from its §2(d) likelihood of confusion claim. To succeed on the §2(d) claim, Petitioner must first establish that it has prior and continuous use of the TONOSAMA mark. However, as demonstrated below, there are genuine issues of material fact regarding the alleged prior and continuous use of the subject mark by Petitioner.

7

**A.** **Summary judgment is Inappropriate Because There is a Genuine Dispute as to Petitioner's Alleged Priority of Use.**

Narita LLC does not dispute that Adaptrend's date of first use is at least as early as **June 13, 2016**. 25 TTABVUE 1. Conversely, Narita LLC admits that it did not make use of the subject mark until **November 28, 2016**. 25 TTABVUE 10. Instead, Narita LLC bases its priority claim solely on an alleged oral agreement between Narita LLC and KKTI from November 2016 assigning KKTI's alleged rights in the TONOSAMA mark to Narita LLC. 25 TTABVUE 7. With regards to this alleged oral agreement, genuine disputes of material fact abound.

**1.** **The Izumi Declaration and Exhibit C lack foundation and are inadmissible hearsay regarding the alleged 2016 oral assignment.**

Petitioner submits the declaration of Teruhiko Izumi in support of its motion for summary judgment. 25 TTABVUE 32-34. Respondent hereby objects to the declaration as lacking foundation and comprising inadmissible hearsay. Fed. R. Evid. 602 and 802. While Mr. Izumi testifies that he was the CEO of KKTI in 2016, he does not testify that he or anyone else at KKTI assigned its trademark rights to Narita LLC in November 2016. Instead, he claims:

> On October 20, 2020, I executed a Nunc Pro Tune Trademark Assignment to Narita Export LLC, with an effective date of November 25, 2016. I was president of TI Express at the time of the effective date of the Nunc Pro Tunc Trademark Assignment to Narita. The written assignment memorialized the prior oral trademark assignment of the TONOSAMA mark to Narita. The oral assignment transferred the TONOSAMA mark and the goodwill associated therewith to

8

Narita. Exhibit C to the Summary Judgment Motion is a true and correct copy of

the Nunc Pro Tunc Trademark Assignment.

25 TTABVUE 34, ¶8 and *see* Exhibit C, 25 TTABVUE 106-107. While Mr. Izumi admits he executed Exhibit C in 2020, three months after initiation of this action, and he claims he was President of KKTI in 2016, he does *not* claim that he participated in the oral agreement himself or that he witnessed the oral agreement in any way. *Id.* Moreover, Mr. Izumi provides no corroborating details regarding who allegedly participated in the agreement on behalf of Narita LLC nor does he provide any documents referring to the oral agreement or the alleged terms of the oral agreement memorialized in 2020, *e.g.* emails, texts, bank drafts for payment of consideration, etc. In short, he provides no foundational basis for his testimony beyond that he was President of KKTI in 2016. Thus, the objection to the Izumi declaration should be sustained as it lacks foundation. Fed. R. Evid. 602.

To the extent, Mr. Izumi was told of the oral agreement or had another agent of KKTI participate in the alleged oral agreement, Mr. Izumi provides no evidence to support an exception to the hearsay rule. Fed. R. Evid. 802. For example, if Mr. Izumi is testifying as the custodian of records for KKTI for a business records hearsay exception, he would need to establish the following in his declaration:

(6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by or from information transmitted by someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling,

9

whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) ___all these conditions are shown by the testimony of the custodian or another qualified witness___, or a by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) ___the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness___.

Fed. R. Evid. 803(6)(emphasis added). Mr. Izumi does not identify the "someone with knowledge" that told him of the oral assignment, when he was allegedly told, or that such a record was kept in the regular course of business. Fed. R. Evid. 803(6)(A)-(C). Moreover, Mr. Izumi's role as the source of the alleged information, particularly regarding his timing of the *Nunc Pro Tunc* Assignment, *i.e.* three months after the cancellation action commenced, indicates a clear lack of trustworthiness. Mr. Izumi's declaration and Exhibit C are inadmissible hearsay that should be excluded or left to the fact-finder at trial to determine their trustworthiness. The Izumi declaration is inadmissible, not sufficient to support summary judgment, and raises genuine issues of material fact.

Moreover, regardless of the admissibility of Mr. Izumi's declaration, it cannot support entry of summary judgment. The Third Circuit in *Doeblers' Pennsylvania Hybrids v. Doebler,* 442 F.3d 812, 822 (3rd Cir. 2006) warned:

[C]ourts must be cautious in scenarios that do not involve clear written documents of assignment. 'Requiring strong evidence to establish an assignment is appropriate both to prevent parties from using self-serving

10

testimony to gain ownership of trademarks and to give parties incentive to identify expressly the ownership of the marks they employ.' The plaintiff's reliance on the possibly self-serving testimony of one of its principals regarding events occurring more than 30 years ago creates important questions for a fact-finder regarding [Plaintiff's Vice President's] credibility, ***_and is simply insufficient to prove a trademark assignment as a matter of law_***.

*Id.* at 822 (citing *TMT North America, Inc. v. Magic Touch GmbH*, 124 F.3d 876, 884 (7th Cir. 1997)(emphasis added). Here, Petitioner asks the Board to rely on the credibility of two self-serving witnesses, Messrs. Izumi and Narita, to establish the existence of an oral assignment in 2016. Accordingly, summary judgment is inappropriate for such a credibility determination and the motion should be denied in its entirety.

**2.      The Narita Declaration lacks foundation and is inadmissible hearsay regarding the alleged 2016 oral assignment.**

Petitioner also submits the declaration of Keigo Narita in support of its motion for summary judgment. 25 TTABVUE 30-31. The declaration of Mr. Narita, like the Izumi declaration, lacks foundation and is inadmissible hearsay regarding the alleged 2016 oral assignment. Respondent objects to the Narita declaration, accordingly. Fed. R. Evid. 602 and 802.

Mr. Narita's declaration states that it is based on his personal knowledge *or on business records.* 25 TTABUVE 30, ¶1 (emphasis added). However, he fails to identify which basis is

11

the foundation for his testimony regarding the alleged 2016 oral assignment. *Id.* His sole testimony regarding the alleged 2016 oral assignment is: "On or about November 25, 2016, TI Express entered into an oral agreement with Narita in which TI Express assigned certain assets to Narita, including all rights, title, and interest in the TONOSAMA trademark, and the goodwill associated therewith, for candy, chocolates, snack foods, and related products." 25 TTABUVE 30, ¶3. Thus, Mr. Narita fails to state that he personally participated in the alleged oral agreement, that he personally witnessed the oral agreement, or that he was told about the alleged oral agreement by another officer/agent of Narita LLC. Moreover, Mr. Narita, like Mr. Izumi, provides no corroborating details regarding who allegedly participated in the agreement on behalf of Narita LLC nor does he provide any documents referring to the oral agreement or the alleged terms of the oral agreement memorialized in 2020, *e.g.* emails, texts, bank drafts for consideration, etc. In fact, it is not clear whether Mr. Narita was the President of Narita Export LLC *in 2016* at the time of the alleged oral agreement. Mr. Narita's declaration merely claims: "I am the President of Narita Export LLC." 25 TTABVUE 30, ¶1. In short, he provides no foundational basis for his testimony beyond that he is currently the President of Narita LLC. Thus, the objection to the Narita declaration should be sustained as it lacks foundation. Fed. R. Evid. 602.

Mr. Narita's declaration, like Mr. Izumi, also fails to satisfy an exception to the hearsay rule. To the extent, Mr. Narita was told of the oral agreement or had another agent of Narita LLC participate in the alleged oral agreement, Mr. Narita provides no evidence to support an exception to the hearsay rule. *See* Fed. R. Evid. 803. For example, if Mr. Narita is testifying as the custodian of records for Narita LLC for a business records hearsay exception, he would need to establish the following in his declaration:

12

(6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by or from information transmitted by someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling,

whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) ***all these conditions are shown by the testimony of the custodian or another qualified witness***, or a by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) ***the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness***.

Fed. R. Evid. 803(6)(emphasis added). Mr. Narita does not identify the "someone with knowledge" that told him of the oral assignment, when he was allegedly told, or that such a record (or even what type of record) was kept in the regular course of business. Fed. R. Evid. 803(6)(A)-(C). Mr. Narita's declaration is inadmissible hearsay regarding the alleged 2016 oral agreement that should be excluded or left to the fact-finder at trial to determine its trustworthiness.

Moreover, even if Mr. Narita's declaration is deemed admissible, it is insufficient to prove a trademark assignment as a matter of law. *Doebler, supra* at 822. The Narita declaration is inadmissible, not sufficient to support summary judgment, and raises genuine issues of material fact, namely the credibility of Mr. Narita himself and the

13

alleged foundational basis for his knowledge. Accordingly, Petitioner has failed to establish that it has prior use of the TONOSAMA trademark as a matter of law and Petitioner's motion for summary judgment should be denied in its entirety.

**B.** **Summary Judgment is Inappropriate Because There is a Genuine Dispute as to Petitioner's Alleged Continuous Use of the Subject Mark.**

Petitioner, in addition to failing to establish prior use of the subject mark, has failed to establish *continuous* use of the subject mark. In particular, Petitioner has submitted only the declaration testimony of Mr. Narita to establish continuous use. 25 TTABVUE 31, ¶¶4-5. Oddly, though it subpoenaed Amazon for sales records, Petitioner did not ask for and has not provided records from Amazon in support of this motion showing continuous sales of goods marked with TONOSAMA by Narita LLC. *See* 25 TTABVUE 108-118. Instead, Petitioner's only proffered evidence of *continuous* use from 2016 is the following testimony from Mr. Narita:

4. **In 2016**, sales by TI Express of TONOSAMA products, together with subsequent sales by Narita, amounted to more than 900 independent sales into the U.S. Cumulative sales during that calendar year were in excess of $22,000.

5. After its acquisition of the TONOSAMA mark, Narita continued to make substantial sales of products in connection with the TONOSAMA mark. **Since January 1, 2017**, Narita has made more than 6,600 independent sales into the U.S. Cumulative sales since then have been in excess of $78,000.

25 TTABVUE 31, ¶¶4-5 (emphasis added). Again, Mr. Narita's testimony falls short and Respondent objects to his declaration based on lack of foundation and hearsay. Fed. R. Evid. 602 and 802. In paragraph 4, Mr. Narita testifies only regarding sales of marked goods in 2016.

14

In paragraph 5, Mr. Narita testifies only that "Since January 1, 2017, Narita has made more than 6,600 independent sales into the U.S." Critically, Mr. Narita fails to testify whether sales occurred *after 2017* in 2018, 2019 or 2020 to the date of the petition in this action and all inferences must be drawn in favor of the nonmovant, Adaptrend. *Opryland USA Inc. v. The Great American Music Show, Inc.*, 970 F.2d 847, 850, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992). In fact, to the extent sales by Petitioner occurred solely in 2017 as must be inferred in Adaptrend's favor, this would be *prima facie* evidence of abandonment of the alleged trademark rights by Narita LLC. *See* 15 U.S.C. §1127.

Furthermore, Mr. Narita again fails to establish an exception to the hearsay rule for his testimony on sales. As stated above, Mr. Narita only testifies that he is the current president of Narita LLC (as of January 6, 2022) rather during the years in question, namely 2017 to 2020. Thus, as a custodian of records, he must rely solely on business records kept in the normal course of business. Fed. R. Evid. 803(6). Instead, he fails to identify what records he is relying upon (*e.g.* Amazon records or Narita LLC's own books of account) and how those records are kept and he fails to provide corroborating documents, namely the records he relies upon for the basis of his testimony. This calls into question the trustworthiness of Mr. Narita's testimony, raises a genuine issue of material fact, and makes his testimony insufficient to support summary judgment. Petitioner, thus, cannot establish continuous use of the mark and Petitioner's motion for summary judgment should be denied in its entirety.

15

## V. CONCLUSION

For all the foregoing reasons, Respondent respectfully requests that the Board deny Petitioner's motion for summary judgment in its entirety.

Respectfully Submitted,

Date: <u>March 9, 2022</u>

<u>        /Ben T. Lila/                    </u>
Ben T. Lila
MANDOUR & ASSOCIATES, APC
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Email: blila@mandourlaw.com
Attorneys for Respondent,
Adaptrend, Inc.

16

## CERTIFICATE OF SERVICE

I hereby certify that on the below date a copy of the foregoing:

## RESPONDENT ADAPTREND, INC.'S OPPOSITION
## TO  PETITIONER NARITA EXPORT LLC'S
## MOTION FOR SUMMARY JUDGMENT

has been served via email upon the following:

      Patrick G. Burns
      GREER BURNS & CRAIN LTD
      300 South Wacker Drive, Suite 2500
      Chicago, IL 60606
      Email: tmdocket@gbclaw.net, pburns@gbclaw.net, rjohnson@gbclaw.net,
      smelby@gbclaw.net

Date:  March 9, 2022             /Ben T. Lila/
                              Ben T. Lila
                              Email: blila@mandourlaw.com

17

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Proceeding no. | 92074784 |
|---|---|
| Party | Plaintiff<br>Narita Export LLC |
| Correspondence address | PATRICK G BURNS<br>GREER BURNS & CRAIN LTD<br>300 SOUTH WACKER DRIVE<br>SUITE 2500<br>CHICAGO, IL 60606<br>UNITED STATES<br>Primary email: tmdocket@gbclaw.net<br>Secondary email(s): pburns@gbclaw.net, rjohnson@gbclaw.net,<br>smelby@gbclaw.net, wmcgrath@davismcgrath.com, abald-<br>win@davismcgrath.com<br>312-360-0080 |
| Submission | Reply in Support of Motion |
| Filer's name | Adam Baldwin |
| Filer's email | abaldwin@davismcgrath.com |
| Signature | /Adam Baldwin/ |
| Date | 03/29/2022 |
| Attachments | Reply Brief FINAL.pdf(334605 bytes ) |

Appx217

In the Matter of Registration No. 5873672
  For the mark – TONOSAMA

NARITA EXPORT LLC                          Cancellation No. 92074784
  Petitioner

        v.

ADAPTREND, INC.
  Respondent

## PETITIONER'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Petitioner, Narita Export LLC's ("Narita LLC"), seeks summary judgment in this

Cancellation proceeding on the grounds of priority of use of the TONOSAMA Mark ("the

Mark") and likelihood of confusion resulting from Respondent's use of the identical mark on

identical goods. Respondent Adaptrend's Opposition brief is notable for what it does not

contest. Respondent does not contest that Narita LLC's predecessor in interest, TI Express, used

the Mark prior to Respondent and presents no evidence whatsoever to rebut Narita LLC's solid

evidence of likelihood of confusion.

Instead, Respondent alleges two supposed issues of fact relating to Narita LLC's

ownership of the TONOSAMA Mark. First, Respondent disputes the oral assignment of the

Mark from TI Express to Narita LLC, arguing, without presenting any contrary declarations,

exhibits, or deposition testimony, that the declarations of Mr. Teruhiko Izumi and Mr. Keigo

Narita are insufficient to prove a valid oral assignment, despite a later nunc pro tunc written

assignment confirming the oral transfer. (Response, pp. 8-14). Second, Respondent argues that

even if the assignment is valid, the record does not show Narita LLC has continuously used the

TONOSAMA Mark after 2017. (Response, pp. 14-15).

1

These arguments are pure speculation, based on an inaccurate and pedantic reading of Mr. Izumi's and Mr. Narita's declarations. While both declarations are by competent persons who managed the respective businesses and declared personal knowledge of the facts, Mr. Izumi and Mr. Narita have nevertheless submitted with this Reply supplemental declarations clarifying details and correcting the hypothesized deficiencies identified by Respondent. (See attached).

Respondent's arguments fail to raise a dispute of material facts. Both arguments are based on affirmative defenses that were expressly abandoned at the pleadings stage. (*See*, Adaptrend's Int. Responses, ¶7, in Ex. I to the S.J. Motion). Claims of an invalid assignment and abandonment of a mark are affirmative defenses that must be raised at the pleadings stage. While Respondent initially raised these defenses in its Answer, it later withdrew them during discovery, and cannot now revive them at the summary judgment stage.

Even if Respondent could raise these defenses, the arguments still fail. There is nothing in the record to raise a genuine dispute as to the competence of the Declarations of Mr. Izumi and Mr. Narita. Signed declarations based on personal knowledge or review of company records are sufficient to establish factual elements of a case. Respondent has submitted no evidence to contradict their statements. Calling the declarations self-serving statements does not disqualify them. Respondent makes no argument in its Opposition that it used the Mark prior to Narita's predecessor in interest and does not claim that there is no likelihood of confusion.

## I. Respondent has failed to rebut Petitioner's prima facie case of prior ownership of common law rights in the Mark through a valid assignment from its predecessor in interest.

Narita's predecessor in interest, TI Express, indisputably used the TONOSAMA Mark in commerce prior to Respondent's first use. In its motion for summary judgment, Narita LLC made a prima facie showing that TI Express first used the Mark on March 27, 2016, months

2

before Respondent's date of first use, and that TI Express made an oral assignment of its rights to Narita LLC on or around November 25, 2016. The oral assignment was later confirmed in a written nunc pro tunc agreement. (S.J. Motion, Ex. C). For the reasons stated below, Respondent has failed to raise any genuine disputed issue of material fact relating to the validity of TI Express' assignment of its rights in the Mark to Narita LLC.

### A. Respondent expressly revoked its affirmative defenses relating to ownership and cannot revive them to avoid summary judgment.

"[A] party may not defend against a motion for summary judgment by asserting the existence of genuine disputes of material fact as to an unpleaded claim or defense." *Stf Enterprises, LLC v. Holy Spirits, LLC*, 2014 WL 11032963, at *3 (TTAB 2014). A motion for summary judgment can only be decided on issues of material fact raised in the pleadings, and a party cannot avoid summary judgment by attempting to raise issues of fact at this stage which were not raised during the pleadings stage. *See West Florida Seafood Inc. v. Jet Rest., Inc.*, 31 F.3d 1122, 1129 (Fed. Cir. 1994)(reversing a TTAB decision that allowed the issue of abandonment to be raised for the first time during summary judgment). *See also, Blansett Pharmacal Co. v. Carmick Labs. Inc.*, 25 USPQ2d 1473, 1477 (TTAB 1992); *Perma Ceram Enters. Inc. v. Preco Indus. Ltd.*, 23 USPQ2d 1134, 1135 n.2 (TTAB 1992). When an affirmative defense is withdrawn, even if it is "without prejudice," the respondent must still file a motion to amend its answer to reintroduce the defense. *Maliheh Manali v. Marc Jacobs Trademarks, LLC*, 2018 WL 5732118, at *5 n.7 (Nov. 1, 2018) (finding that four withdrawn affirmative defenses could not be reasserted for summary judgment).

In its Answer, Respondent asserted three affirmative defenses (in addition to asserting failure to state a claim, though it did not file a motion). The affirmative defenses all related to the argument that Narita LLC did not own the TONOSAMA Mark. Respondent stated on

3

information and belief that: "Petitioner does not have proper chain of title for its ownership of its cited marks"; "Petitioner's purported assignments of its cited mark are invalid"; and "Petitioner and/or their predecessor in interest have abandoned their rights, if any, in the cited mark." (Answer, ¶¶ 15-17).

However, in its response to Petitioner's Interrogatory No. 7, requesting the basis for these affirmative defenses, Respondent expressly withdrew each of the defenses rather than respond to the interrogatory, stating for each that the affirmative defense "is hereby withdrawn without prejudice pending further discovery." (Adaptrend's Int. Responses, ¶¶7.2 – 7.4, in Ex. I to the S.J. Motion). Respondent never revived these defenses during the remainder of discovery, and did not file a motion to amend its answer. It has completely waived these defenses, and cannot now assert these defenses, long after the close of discovery. As a result, Respondent has presented no evidence to contradict Narita LLC's evidence of ownership of the Mark. To establish disputed facts requiring trial, the nonmoving party "must point to an evidentiary conflict created on the record at least by a counterstatement of facts set forth in detail in an affidavit by a knowledgeable affiant." *Octocom Systems Inc. v. Houston Computer Services Inc.*, 918 F. 2d 937, 941 (Fed. Cir. 1990).

## B. The declarations of Mr. Narita and Mr. Izumi are not inadmissible hearsay.

Even apart from the waiver of the affirmative defenses, Respondent fails to raise a genuine issue of material fact regarding the assignment of the Mark from TI Express to Narita LLC.

Respondent contends that the Petitioner's declarations lack foundation and are inadmissible hearsay. (Response, pp. 8-14). It does so through a tortured reading of the declarations to suggest, without any counterstatement of facts, that Mr. Izumi and Mr. Narita

4

did not participate in, and had no personal knowledge of, the oral assignment. (*Id.*). Yet Mr. Izumi explicitly states that he was President of TI Express "at the time of . . . the oral trademark assignment of the TONOSAMA mark" to Narita LLC. He adds that "I make this Declaration based on my personal knowledge or on business records that were made at the time or in the regular course of business." (Izumi Decl. ¶¶ 1, 8). Mr. Narita makes a similar declaration. (Narita Decl. ¶¶1, 3). Both declarations were made under penalty of perjury. Both declarants were in positions of authority within the organizations at the relevant time periods and are competent to testify as to the facts stated.

Rather than presenting any contrary evidence, Respondent points only to an insufficiency of details in the declarations. To eliminate even a shadow of doubt as to Mr. Izumi's and Mr. Narita's personal knowledge of the transaction, they have now submitted supplemental declarations to clarify what was already evident – that each has personal knowledge of and participation in the events and transactions referred to in their initial declarations. The supplemental declarations clarify that Mr. Izumi, acting in his capacity as the President of TI Express, was personally involved in the oral agreement with his friend Mr. Narita. (Izumi Second Decl. at ¶¶ 1-6, attached). Mr. Izumi personally agreed to transfer the Mark to his friend's company, Narita LLC, without compensation, stating "Mr. Narita and I personally reached an oral agreement regarding this transfer on November 25, 2016." (Izumi Sec. Decl. at ¶¶ 4-5).

Mr. Narita also personally participated in the oral agreement with his friend Mr. Izumi. (Narita Sec. Decl. at ¶¶ 2-3, attached). While Mr. Narita was not the President of Narita LLC at the time of the oral agreement, he was its Director. As Director, he substantially managed the LLC's business affairs, and had full authority to accept the transfer of the Mark on behalf of the

5

family business. (Narita Sec. Decl. at ¶1). Since both men were personally involved in the transfer, their statements do not constitute hearsay, and they need not establish the elements of the business records exception, as contended by Adaptrend. Fed. R. Evid. 801. Both the initial and supplemental declarations are based on personal knowledge, and are therefore admissible under Fed. R. Civ. P. 56(c)(4).

Under Fed. R. Civ. P. 56(e), the Board may accept supplemental affidavits in a reply brief, at its discretion, to clarify contested issues in declarations submitted with a summary judgment motion. *See Sysco Corp. v. Princess Paper, Inc.*, 2006 WL 752426 at *5 (TTAB 2006). *See also*, *Kellogg Co. v. Tomy Co., LTD*., 2003 WL 22931587, at *3 (TTAB 2003)(accepting a second declaration submitted in response to a motion to strike, curing technical defects identified in the motion); *Shalom Children's Wear Inc. v. In-Wear A/S*, 26 USPQ2d 1516, 1517 (TTAB 1993) (additional affidavit submitted with reply brief considered).

Typically, the Board is liberal in accepting evidence filed in connection with a summary judgment motion. *Kellogg Co. v. Tomy Co.*, *supra*, at *3. Even when affidavits and declarations are self-serving in nature, with no opportunity for cross-examination, they are acceptable for summary judgment. TBMP §528.05(b). *See also, Milne Inc. v. Jeremy M. Kempter d/b/a Old Town Distilling Co.*, 2016 WL 1642759, at *1-2 (TTAB 2016).

A declaration can adequately support a motion for summary judgment when the declarant's position with the employer renders him or her competent to provide the testimony on the issues involved. *Ava Ruha Corp. v. Mother's Nutritional Ctr., Inc.*, 113 U.S.P.Q.2d 1575 (TTAB 2015)(Precedential). *See also, Sheet Metal Workers' Int'l. Assoc. Local Union v. Madison Indus., Inc.*, 84 F.3d 1186, (9th Cir. 1996) (personal knowledge of party's general manager could be inferred from his position within the company).

6

There is no evidence to suggest Mr. Izumi's nor Mr. Narita's Declarations are unreliable. Respondent did not take any depositions during the discovery period, so it has no way of controverting their sworn statements. When a respondent attacks a petitioner's witnesses and documentary evidence without providing any contradictory evidence acquired during discovery, the petitioner's evidence stands undisputed. *Kemi Organics LLC v. Rakesh Gupta*, 126 USPQ2d 1601 at *9 (TTAB 2018).

Respondent relies on *Doeblers' Pennsylvania Hybrids v. Doebler*, 442 F.3d 812 (3rd Cir. 2006) to argue that summary judgment is inappropriate here. The assignment here bears none of the indicia of unreliability that appeared in *Doebler*. There, the alleged oral assignment was made thirty years prior to the case, with no clear evidence that the contested mark was actually used once assigned. *Id*. at 822. There was also contradictory documentary evidence that failed to support the plaintiff's claim. *Id*. at 821. The oral assignment here took place in 2016, between two friends, with no evidence presented to contradict their claims. The oral assignment was confirmed in a written nunc pro tunc agreement signed by Mr. Izumi in 2020 (Ex. C to the S.J. Motion). The Declarations here do not require the special level of scrutiny applied in *Doebler*.

Accordingly, Respondent has failed to establish a genuine issue of material fact regarding the validity of assignment of ownership of the Mark to Narita LLC.

## II.     Respondent's abandonment claim fails to raise a genuine issue of fact.

Respondent argues that Petitioner's initial declarations and other evidence submitted failed to prove continuous use of the Mark and thus has abandoned its rights in the Mark. (Response, pp. 14-15). For the following reasons, this argument fails to raise any genuine issues of material fact.

**A.  Respondent expressly revoked its affirmative defense relating abandonment.**

For the reasons stated in Section I.A., above, Respondent has waived its affirmative

defense asserting that Petitioner has abandoned its rights in the Mark.

**B.  Petitioner is not required to show continuous use of the Mark.**

Respondent's assertion that opposer must demonstrate continuous use of its pleaded mark

to prevail on the issue of priority is misplaced.  In *Kemi Organics v. Gupta*, 126 U.S.P.Q.2d

1601, the Board stated that "continuous use is not required to establish Petitioner's priority" in

the summary judgment context.  It held that a petitioner is only required to show "proprietary

rights in its pleaded common-law mark that precede [respondent's] actual or constructive use of

its involved mark," which rights were not thereafter abandoned.  The burden of showing

abandonment is on the respondent.

Here, as in the *Kemi* case, Respondent failed to present "any contrary testimony from a

discovery deposition of the petitioner, any contrary fruits of discovery, any testimony from

respondent's own witnesses, or any documentary evidence establishing non-use of the cited mark

or impeaching the testimony of petitioner's witnesses."  Summary judgment was granted in *Kemi*

because petitioner's evidence of prior use stood unrebutted.  *See also, West Florida Seafood Inc.,*

*supra* (respondent "bears at a minimum a burden of coming forth with some evidence of

abandonment"); *Florida Eng'd Constr. Prods. Corp. v. Cast-Crete Inc.*, 2006 WL 1087855,

at *7- 8 (TTAB 2006); 3 J. Thomas McCarthy, *McCarthy on Trademarks & Unfair*

*Competition* § 20:17 (5th ed. Mar. 2018 update)("A petitioner for cancellation does not bear the

burden of negating abandonment when seeking to prove prior use. Rather, abandonment is a

defense to be proven by the registrant").

**C.  Petitioner's declarations establish that the Mark has not been abandoned.**

Mr. Narita's initial declaration states "Since January 1, 2017, Narita has made more than

8

6,600 independent sales in the U.S. Cumulative sales since then have been in excess of $78,000." Narita Decl. ¶ 5). The sole basis for Respondent's abandonment argument is that the word "since" is too vague, making it unclear in what years sales actually took place. Respondent attempts to twist "since" in the declaration to mean that sales were made *only* in 2017. This convoluted reading of Mr. Narita's Declaration is not correct. To clarify Respondent's incorrect speculation, Mr. Narita has explained in his supplemental declaration that the sales referred to in his initial declaration occurred between January 1, 2017, and December 31, 2019. (Narita Sec. Decl. ¶ 5). He further explains that the reason there have been no sales of TONOSAMA brand candies thereafter is that Respondent Adaptrend filed a report with Amazon asserting infringement of the TONOSAMA Mark by Narita LLC. Narita LLC received notice of this from Amazon on or about January 9, 2020. Since receipt of this notice, Narita has not sold any goods under the TONOSAMA Mark. However, it filed this Cancellation proceeding on July 22, 2020, in order to validate its prior rights in the TONOSAMA Mark. Narita LLC intends and plans to resume selling goods under the TONOSAMA Mark, pending the results of this Cancellation proceeding. (Narita Sec. Decl. ¶¶ 6-8)).

Thus, even if Respondent were allowed to assert abandonment as an affirmative defense to this motion, it has utterly failed to carry its burden to establish a prima facie case. It has presented no evidence that the use of the TONOSAMA Mark "has been discontinued with intent not to resume such use." 15 U.S.C. § 1127 (definition of "abandoned"). Petitioner's sales of TONOSAMA candies stopped only because of Respondent's baseless infringement report to Amazon. Since the Mark was in use through the end of 2019, there is no evidence in the record that establishes "nonuse for three consecutive years." Accordingly, Respondent's claim that it has presented prima facie evidence of abandonment is without merit.

9

Wherefore, for all the foregoing reasons, Narita LLC respectfully requests the Board to enter summary judgment in favor of Petitioner, cancel Adaptrend's Registration No. 5873672, and vacate the pending suspension of Narita LLC's Application Serial No. 88665122.


Dated: March 29, 2022            Respectfully submitted,
Narita Export LLC

By: */William T. McGrath/*
William T. McGrath
Adam W. Baldwin
Davis McGrath LLC
125 South Wacker Drive; Suite. 300
Chicago, Illinois 60606
Telephone: (312) 332-3033
*Attorneys for Petitioner*

Patrick G. Burns
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Telephone: (312) 360-0080
*Attorneys for Petitioner*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the below date a copy of the foregoing *Petitioner's Reply Brief in Support of Motion for Summary Judgment* has been served via email upon the following:

Ben T. Lila, Esq.
MANDOUR & ASSOCIATES, APC
8605 Santa Monica Blvd., Suite 1500, Los Angeles, CA 90069
Telephone (858) 487-9300 Email: blila@mandourlaw.com
Attorney for Respondent, Adaptrend, Inc.


Dated: <u>March 29, 2022</u>          <u>*/Adam Baldwin/*</u>
                                        Adam Baldwin
                                        abaldwin@davismcgrath.com

11

**DECLARATIONS AND EXHIBITS TO PETITIONER'S
REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT**

1.  **Second Declaration of Keigo Narita**

2.  **Second Declaration of Teruhiko Izumi**

In the Matter of Registration No. 5873672
  For the mark – TONOSAMA

NARITA EXPORT LLC
  Petitioner

        v.

ADAPTREND, INC.
  Respondent

Cancellation No. 92074784

## SECOND DECLARATION OF KEIGO NARITA IN SUPPORT OF PETITIONER'S MOTION FOR SUMMARY JUDGMENT

I, Keigo Narita, make the following Declaration under penalty of perjury:

1. Narita Export LLC ("Narita LLC") was incorporated on February 2, 2015, with my mother as President. At the time of incorporation, I was the Director, and substantially managed the business affairs of the LLC. As a family business, I was entitled to act with authority in all transactions and business-related matters.

2. I have been friends with Teruhiko Izumi since January 1, 2015.

3. On November 25, 2016, acting in my capacity as the Director of Narita LLC, I personally reached an oral agreement with Mr. Izumi to transfer all the right, title, and interest in the TONOSAMA trademark to Narita LLC, without compensation.

4. Narita LLC began to sell candy under the TONOSAMA trademark in November, 2016, after acquiring the mark from Kabushiki Kaisha TI Express ("TI Express"). In 2016, TONOSAMA sales between TI Express and Narita LLC amounted to over 900 independent sales in the United States, with cumulative sales in excess of $22,000.

5. Between January 1, 2017, and December 31, 2019, Narita LLC made 6,600 independent sales under the TONOSAMA mark into the United States, for cumulative sales in excess

of $78,000.

6. On or about January 9, 2020, Narita LLC received notice from Amazon that the owner of the TONOSAMA U.S. Registration No. 5873672, Respondent Adaptrend, Inc., had filed a report with Amazon asserting trademark infringement regarding Narita LLC's TONOSAMA usage.

7. Since the receipt of this notice, Narita LLC has not sold any goods under the TONOSAMA mark.

8. Narita LLC fully intends and plans to resume selling goods under the TONOSAMA mark, pending the results of this proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _25_ day of March, 2022.

By:

_Keigo Narita_
Keigo Narita

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of Registration No. 5873672
  For the mark – TONOSAMA

NARITA EXPORT LLC
  Petitioner
        v.
Cancellation No. 92074784

ADAPTREND, INC.
  Respondent

**SECOND DECLARATION OF TERUHIKO IZUMI IN SUPPORT OF**
**PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

I, Teruhiko Izumi, make the following Declaration under penalty of perjury:

1. I became President of Kabushiki Kaisha TI Express ("TI Express") on July 1, 2015, at the time of its incorporation. I was President of TI Express at the creation of the TONOSAMA mark, and at the time of its assignment to Narita Export LLC ("Narita LLC"). I resigned as President of TI Express on July 2, 2018, at which time my wife took over as President.

2. I have been friends with Keigo Narita since January 1, 2015.

3. TI Express began to sell TONOSAMA products through Amazon on March 27, 2016, as an auxiliary business. My main business remained insurance.

4. Over time, it became too difficult to maintain both businesses. I decided to transfer all right, title, and interest in the TONOSAMA trademark, and its associated goodwill, to my friend Mr. Narita, without compensation, acting in my capacity as President of TI Express.

5. Mr. Narita and I personally reached an oral agreement regarding this transfer on November 25, 2016.

6. Narita LLC began to sell goods under the TONOSAMA mark immediately following the transfer from TI Express to Narita LLC in November, 2016.

Executed this 2̲8̲ day of March, 2022.

By:

_____
Teruhiko Izumi

# United States of America

### United States Patent and Trademark Office

# TONOSAMA

**Reg. No. 5,873,672**

**Registered Oct. 01, 2019**

**Int. Cl.: 30**

**Trademark**

**Principal Register**

ADAPTREND, INC.  (JAPAN CORPORATION)
61-2 Kuchihara
Iizuka-shi, Fukuoka, JAPAN 820-1114

CLASS 30: Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies

FIRST USE 00-00-2011; IN COMMERCE 00-00-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

The English translation of "TONOSAMA" in the mark is "FEUDAL LORD".

SER. NO. 88-359,090, FILED 03-27-2019

Director of the United States
Patent and Trademark Office

<div style="border:1px solid black;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# TONOSAMA

| | | | |
|---|---|---|---|
| **US Serial Number:** | 88665122 | **Application Filing Date:** | Oct. 23, 2019 |
| **Filed as TEAS RF:** | Yes | **Currently TEAS RF:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**



LIVE/APPLICATION/Under Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and that this application has been assigned to an examiner.

**Status:** Suspension check completed. Application remains suspended.

**Status Date:** Nov. 29, 2022

## Mark Information

**Mark Literal Elements:** TONOSAMA

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

**Translation:** The English translation of TONOSAMA in the mark is FEUDAL LORD.

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods

| | | | |
|---|---|---|---|
| **International Class(es):** | 030 - Primary Class | **U.S Class(es):** | 046 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Mar. 27, 2016 | **Use in Commerce:** | Mar. 27, 2016 |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

# Current Owner(s) Information

| | |
|---|---|
| Owner Name: | NARITA EXPORT LLC |
| Owner Address: | 12-18, KAMIYASHIKI 3-CHOME, TANABE-SHI WAKAYAMA-KEN JAPAN 646-0036 |
| Legal Entity Type: | LIMITED LIABILITY COMPANY |
| State or Country Where Organized: | JAPAN |

# Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| Attorney Name: | Patrick G. Burns | Docket Number: | 6733.139069 |
| Attorney Primary Email Address: | tmdocket@gbclaw.net | Attorney Email Authorized: | Yes |

### Correspondent

| | |
|---|---|
| Correspondent Name/Address: | Patrick G. Burns<br>GREER, BURNS & CRAIN, LTD.<br>300 SOUTH WACKER DRIVE<br>SUITE 2500<br>CHICAGO, ILLINOIS UNITED STATES 60606 |
| Phone: 312-360-0080 | Fax: 312-360-9315 |
| Correspondent e-mail: tmdocket@gbclaw.net smelby@gbclaw.net | Correspondent e-mail Authorized: Yes |

### &nbspDomestic Representative

| | |
|---|---|
| &nbspDomestic Representative Name: Patrick G. Burns | Phone: 312-360-0080 |
| Fax: 312-360-9315 | |
| &nbspDomestic Representative e-mail: tmdocket@gbclaw.net | &nbspDomestic Representative e-mail Authorized: Yes |

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Nov. 29, 2022 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| Jun. 01, 2022 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| Dec. 02, 2021 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| Jul. 14, 2021 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Jun. 02, 2021 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| Dec. 02, 2020 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 6332 |
| Dec. 02, 2020 | LETTER OF SUSPENSION E-MAILED | 6332 |
| Dec. 02, 2020 | SUSPENSION LETTER WRITTEN | 76509 |
| Dec. 01, 2020 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Nov. 30, 2020 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Nov. 30, 2020 | TEAS RESPONSE TO SUSPENSION INQUIRY RECEIVED | |
| Jul. 27, 2020 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 6332 |
| Jul. 27, 2020 | LETTER OF SUSPENSION E-MAILED | 6332 |
| Jul. 27, 2020 | SUSPENSION LETTER WRITTEN | 76509 |
| Jul. 24, 2020 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Jul. 23, 2020 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Jul. 23, 2020 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Jan. 29, 2020 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Jan. 29, 2020 | NON-FINAL ACTION E-MAILED | 6325 |
| Jan. 29, 2020 | NON-FINAL ACTION WRITTEN | 76509 |
| Jan. 29, 2020 | ASSIGNED TO EXAMINER | 76509 |
| Oct. 31, 2019 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |

# TM Staff and Location Information

### TM Staff Information

| | | | |
|---|---|---|---|
| **TM Attorney:** | HARDY LUDLOW, TARAH KI | **Law Office Assigned:** | LAW OFFICE 110 |

### File Location

| | | | |
|---|---|---|---|
| **Current Location:** | TMO LAW OFFICE 110 - EXAMINING ATTORNEY ASSIGNED | **Date in Location:** | Nov. 29, 2022 |

# Assignment Abstract Of Title Information

### Summary

| | | | |
|---|---|---|---|
| **Total Assignments:** | 1 | **Applicant:** | NARITA EXPORT LLC |

### Assignment 1 of 1

| | | | |
|---|---|---|---|
| **Conveyance:** | NUNC PRO TUNC ASSIGNMENT EFFECTIVE 11/25/2016 | | |
| **Reel/Frame:** | 7348/0664 | **Pages:** | 4 |
| **Date Recorded:** | Jul. 07, 2021 | | |
| **Supporting Documents:** | assignment-tm-7348-0664.pdf | | |

### Assignor

| | | | |
|---|---|---|---|
| **Name:** | KABUSHIKI KAISHA TI EXPRESS | **Execution Date:** | Oct. 20, 2020 |
| **Legal Entity Type:** | STOCK COMPANY | **State or Country Where Organized:** | JAPAN |

### Assignee

| | | | |
|---|---|---|---|
| **Name:** | NARITA EXPORT LLC | | |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | JAPAN |
| **Address:** | 12-18, KAMIYASHIKI 3-CHOME, TANABE-SHI WAKAYAMA-KEN, JAPAN 646-0036 | | |

### Correspondent

| | |
|---|---|
| **Correspondent Name:** | GREER, BURNS & CRAIN, LTD. |
| **Correspondent Address:** | 300 SOUTH WACKER DRIVE SUITE 2500 CHICAGO, IL 60606 |

### Domestic Representative

| | |
|---|---|
| **Domestic Representative Name:** | GREER, BURNS & CRAIN, LTD. |
| **Domestic Representative Address:** | 300 SOUTH WACKER DRIVE SUITE 2500 CHICAGO, IL 60606 |

# Proceedings

### Summary

| | |
|---|---|
| **Number of Proceedings:** | 1 |

### Type of Proceeding: Cancellation

| | | | |
|---|---|---|---|
| **Proceeding Number:** | 92074784 | **Filing Date:** | Jul 22, 2020 |
| **Status:** | Awaiting Expiration of Appeal Period | **Status Date:** | Nov 29, 2022 |
| **Interlocutory Attorney:** | MARY CATHERINE FAINT | | |

### Defendant

| Name: | Adaptrend, Inc. |
| --- | --- |
| Correspondent Address: | JOSEPH A MANDOUR<br>MANDOUR & ASSOCIATES APC<br>8605 SANTA MONICA BLVD, SUITE 1500<br>LOS ANGELES CA UNITED STATES , 90069 |
| Correspondent e-mail: | jmandour@mandourlaw.com , blila@mandourlaw.com , ggray@mandourlaw.com |

### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
| --- | --- | --- | --- |
| TONOSAMA | | 88359090 | 5873672 |

### Plaintiff(s)

| Name: | Narita Export LLC |
| --- | --- |
| Correspondent Address: | PATRICK G BURNS<br>GREER BURNS & CRAIN LTD<br>300 SOUTH WACKER DRIVE, SUITE 2500<br>CHICAGO IL UNITED STATES , 60606 |
| Correspondent e-mail: | tmdocket@gbclaw.net , pburns@gbclaw.net , rjohnson@gbclaw.net , smelby@gbclaw.net , wmcgrath@davismcgrath.com , abaldwin@davismcgrath.com |

### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
| --- | --- | --- | --- |
| TONOSAMA | | 88665122 | |

### Prosecution History

| Entry Number | History Text | Date | Due Date |
| --- | --- | --- | --- |
| 33 | APPEAL TO CAFC | Nov 22, 2022 | |
| 32 | P MOT FOR SUMMARY JGT GRANTED | Sep 20, 2022 | |
| 31 | P REPLY IN SUPPORT OF MOTION | Mar 29, 2022 | |
| 30 | D OPP/RESP TO MOTION | Mar 09, 2022 | |
| 29 | EXTENSION OF TIME GRANTED | Feb 10, 2022 | |
| 28 | P OPP/RESP TO MOTION | Feb 08, 2022 | |
| 27 | D MOT FOR EXT W/O CONSENT | Feb 07, 2022 | |
| 26 | SUSP PEND DISP OF OUTSTNDNG MOT | Jan 13, 2022 | |
| 25 | P MOT FOR SUMMARY JUDGMENT | Jan 07, 2022 | |
| 24 | TRIAL DATES RESET | Dec 28, 2021 | |
| 23 | SUSP PEND DISP OF OUTSTNDNG MOT | Dec 07, 2021 | |
| 22 | P MOT FOR EXT W/O CONSENT | Nov 30, 2021 | |
| 21 | P CHANGE OF CORRESP ADDRESS | Nov 30, 2021 | |
| 20 | PROCEEDINGS RESUMED | Sep 21, 2021 | |
| 19 | D REPLY IN SUPPORT OF MOTION | Aug 31, 2021 | |
| 18 | P MOTION | Aug 25, 2021 | |
| 17 | P OPP/RESP TO MOTION | Aug 11, 2021 | |
| 16 | SUSP PEND DISP OF OUTSTNDNG MOT | Aug 10, 2021 | |
| 15 | D MOT TO QUASH | Aug 02, 2021 | |
| 14 | SUSPENDED | Jul 26, 2021 | |
| 13 | P NOTICE OF DISCOVERY DEPOSITION ON WRITTEN QUESTIONS | Jul 22, 2021 | |
| 12 | EXTENSION OF TIME GRANTED | May 27, 2021 | |
| 11 | P OPP/RESP TO MOTION | Apr 30, 2021 | |
| 10 | D MOT FOR EXT W/O CONSENT | Apr 23, 2021 | |
| 9 | D CHANGE OF CORRESP ADDRESS | Apr 14, 2021 | |
| 8 | EXTENSION OF TIME GRANTED | Nov 30, 2020 | |
| 7 | D MOT FOR EXT W/ CONSENT | Nov 30, 2020 | |
| 6 | EXTENSION OF TIME GRANTED | Oct 26, 2020 | |
| 5 | D MOT FOR EXT W/ CONSENT | Oct 22, 2020 | |
| 4 | ANSWER | Aug 28, 2020 | |
| 3 | INSTITUTED | Jul 23, 2020 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Jul 23, 2020 | Sep 01, 2020 |

# TONOSAMA



Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88665122**
**Filing Date: 10/23/2019**

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88665122 |
| **MARK INFORMATION** | |
| *****MARK** | <span style="color:blue">TONOSAMA</span> |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | TONOSAMA |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *****OWNER OF MARK** | NARITA EXPORT LLC |
| *****STREET** | 12-18, Kamiyashiki 3-chome, Tanabe-shi |
| *****CITY** | Wakayama-ken |
| *****COUNTRY** | Japan |
| *****ZIP/POSTAL CODE** (Required for U.S. and certain international addresses) | 646-0036 |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | corporation |
| **STATE/COUNTRY OF INCORPORATION** | Japan |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 030 |
| *****IDENTIFICATION** | Confectionery, namely candy, chocolate, snack foods |
| **FILING BASIS** | SECTION 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 03/26/2016 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 03/26/2016 |
| **SPECIMEN FILE NAME(S)** | |
| **ORIGINAL PDF FILE** | SPE0-50206128102-20191023111703184347_._139069-sp.pdf |
| **CONVERTED PDF FILE(S)** (1 page) | \\TICRS\EXPORT17\IMAGEOUT17\886\651\88665122\xml1\RFA0003.JPG |
| **SPECIMEN DESCRIPTION** | a photograph of the goods with product packaging and product label with the mark displayed thereon |

## ATTORNEY INFORMATION

| | |
|---|---|
| **NAME** | Patrick G. Burns |
| **ATTORNEY DOCKET NUMBER** | 6733.139069 |
| **ATTORNEY BAR MEMBERSHIP NUMBER** | XXX |
| **YEAR OF ADMISSION** | XXXX |
| **U.S. STATE/ COMMONWEALTH/ TERRITORY** | XX |
| **FIRM NAME** | Greer, Burns & Crain, Ltd. |
| **INTERNAL ADDRESS** | Suite 2500 |
| **STREET** | 300 South Wacker Drive |
| **CITY** | Chicago |
| **STATE** | Illinois |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 60606 |
| **PHONE** | 312-360-0080 |
| **FAX** | 312-360-9315 |
| **EMAIL ADDRESS** | tmdocket@gbclaw.net |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **OTHER APPOINTED ATTORNEY** | Lawrence J. Crain, Steven P. Fallon, Paul G. Juettner, Kevin W. Guynn, Amy C. Ziegler, Justin R. Gaudio, James K. Folker, B. Joe Kim, Laura R. Wanek, Christopher S. Hermanson, Patricia L. Prior (OH Bar Member), E. Kate Berezutskaya, Gregory P. Einhorn (CA Bar Member), Peter M. Klobuchar, Patrick J. Smith, Paul R. Kitch, Arik B. Ranson, Tanja Proehl (NY Bar Member), Allyson M. Martin, RiKaleigh Johnson |

## DOMESTIC REPRESENTATIVE INFORMATION

| | |
|---|---|
| **NAME** | Patrick G. Burns |
| **FIRM NAME** | Greer, Burns & Crain, Ltd. |
| **INTERNAL ADDRESS** | Suite 2500 |
| **STREET** | 300 South Wacker Drive |
| **CITY** | Chicago |
| **STATE** | Illinois |
| **COUNTRY** | United States |
| **ZIP CODE** | 60606 |
| **PHONE** | 312-360-0080 |
| **FAX** | 312-360-9315 |
| **EMAIL ADDRESS** | tmdocket@gbclaw.net |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| **NAME** | Patrick G. Burns |
| **FIRM NAME** | Greer, Burns & Crain, Ltd. |
| **INTERNAL ADDRESS** | Suite 2500 |

| | |
|---|---|
| **STREET** | 300 South Wacker Drive |
| **CITY** | Chicago |
| **STATE** | Illinois |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 60606 |
| **PHONE** | 312-360-0080 |
| **FAX** | 312-360-9315 |
| **\*EMAIL ADDRESS** | tmdocket@gbclaw.net; smelby@gbclaw.net |
| **\*AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **FEE INFORMATION** | |
| **APPLICATION FILING OPTION** | TEAS RF |
| **NUMBER OF CLASSES** | 1 |
| **APPLICATION FOR REGISTRATION PER CLASS** | 275 |
| **\*TOTAL FEE DUE** | 275 |
| **\*TOTAL FEE PAID** | 275 |
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /Tanja Proehl/ |
| **SIGNATORY'S NAME** | Tanja Proehl |
| **SIGNATORY'S POSITION** | U.S. Attorney for Applicant, State of NY Bar Member |
| **SIGNATORY'S PHONE NUMBER** | 312-360-0080 x163 |
| **DATE SIGNED** | 10/23/2019 |

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88665122**
**Filing Date: 10/23/2019**

## To the Commissioner for Trademarks:

**MARK:** TONOSAMA (Standard Characters, see mark)
The literal element of the mark consists of TONOSAMA. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, NARITA EXPORT LLC, a corporation of Japan, having an address of
    12-18, Kamiyashiki 3-chome, Tanabe-shi
    Wakayama-ken 646-0036
    Japan

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

International Class 030: Confectionery, namely candy, chocolate, snack foods

In International Class 030, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 03/26/2016, and first used in commerce at least as early as 03/26/2016, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) a photograph of the goods with product packaging and product label with the mark displayed thereon.

**Original PDF file:**
SPE0-50206128102-20191023111703184347_._139069-sp.pdf
**Converted PDF file(s)** (1 page)
Specimen File1

The applicant hereby appoints Patrick G. Burns. Other appointed attorneys are Lawrence J. Crain, Steven P. Fallon, Paul G. Juettner, Kevin W. Guynn, Amy C. Ziegler, Justin R. Gaudio, James K. Folker, B. Joe Kim, Laura R. Wanek, Christopher S. Hermanson, Patricia L. Prior (OH Bar Member), E. Kate Berezutskaya, Gregory P. Einhorn (CA Bar Member), Peter M. Klobuchar, Patrick J. Smith, Paul R. Kitch, Arik B. Ranson, Tanja Proehl (NY Bar Member), Allyson M. Martin, RiKaleigh Johnson. Patrick G. Burns of Greer, Burns & Crain, Ltd., is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, and the attorney(s) is located at
    Suite 2500
    300 South Wacker Drive
    Chicago, Illinois 60606
    United States
    312-360-0080(phone)
    312-360-9315(fax)
    tmdocket@gbclaw.net (authorized).
The attorney docket/reference number is 6733.139069.
Patrick G. Burns submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.

The applicant hereby appoints Patrick G. Burns of Greer, Burns & Crain, Ltd.
    300 South Wacker Drive
    Suite 2500
    Chicago Illinois 60606
    United States
    312-360-0080(phone)
    312-360-9315(fax)
    tmdocket@gbclaw.net

as applicant's representative upon whom notice or process in the proceedings affecting the mark may be served.

The applicant's current Correspondence Information:

Patrick G. Burns

Greer, Burns & Crain, Ltd.

Suite 2500

300 South Wacker Drive

Chicago, Illinois 60606

312-360-0080(phone)

312-360-9315(fax)

tmdocket@gbclaw.net; smelby@gbclaw.net (authorized).

**Email Authorization:** I authorize the USPTO to send email correspondence concerning the application to the applicant, the applicant's attorney, or the applicant's domestic representative at the email address provided in this application. I understand that a valid email address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Reduced Fee status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

<p align="center">Declaration</p>

☑ **Basis:**
  **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

  - The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
  - The mark is in use in commerce on or in connection with the goods/services in the application;
  - The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
  - To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

  **And/Or**
  **If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

  - The signatory believes that the applicant is entitled to use the mark in commerce;
  - The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
  - To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Tanja Proehl/   Date: 10/23/2019
Signatory's Name: Tanja Proehl
Signatory's Position: U.S. Attorney for Applicant, State of NY Bar Member
Payment Sale Number: 88665122
Payment Accounting Date: 10/23/2019

Serial Number: 88665122
Internet Transmission Date: Wed Oct 23 12:12:38 EDT 2019
TEAS Stamp: USPTO/BAS-XX.XXX.XXX.XXX-201910231212389

61770-88665122-610c3bb03f3a892394f9fa117
2dfaf53f89679337ddc6f714181935af99cd3a-C
C-12377322-20191023111703184347

# TONOSAMA



Appx250

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA1069882** |
|---|---|
| Filing date: | **07/22/2020** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party has filed a petition to cancel the registration indicated below.

## Petitioner Information

| Name | Narita Export LLC | | |
|---|---|---|---|
| Entity | Limited Liability Company | Citizenship | Japan |
| Address | 12-18, KAMIYASHIKI 3-CHOME, TANABE-SHI WAKAYAMA-KEN, 646-0036 JAPAN | | |

| Attorney information | PATRICK G. BURNS GREER, BURNS & CRAIN, LTD. 300 SOUTH WACKER DRIVE SUITE 2500 CHICAGO, IL 60606 UNITED STATES Primary Email: tmdocket@gbclaw.net Secondary Email(s): pburns@gbclaw.net, rjohnson@gbclaw.net, smelby@gbclaw.net 312-360-0080 |
|---|---|
| Docket Number | 6733.142170 |

## Registration Subject to Cancellation

| Registration No. | 5873672 | Registration date | 10/01/2019 |
|---|---|---|---|
| Registrant | ADAPTREND, INC. 61-2 KUCHIHARA IIZUKA-SHI, FUKUOKA, 820-1114 JAPAN | | |

## Goods/Services Subject to Cancellation

Class 030. First Use: 2011/00/00 First Use In Commerce: 2016/00/00
All goods and services in the class are subject to cancellation, namely: Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies

## Grounds for Cancellation

| Priority and likelihood of confusion | Trademark Act Sections 14(1) and 2(d) |
|---|---|

## Mark Cited by Petitioner as Basis for Cancellation

| U.S. Application No. | 88665122 | Application Date | 10/23/2019 |
|---|---|---|---|

Appx251

| Registration Date | NONE | Foreign Priority Date | NONE |
|---|---|---|---|
| Word Mark | TONOSAMA | | |
| Design Mark | | | |

# TONOSAMA

| Description of Mark | NONE |
|---|---|
| Goods/Services | Class 030. First use: First Use: 2016/03/26 First Use In Commerce: 2016/03/26 Confectionery, namely, candy, chocolate, snack foods |

| Attachments | 88665122#TMSN.png( bytes )<br>142170.Petition.to.Cancel.FINAL.pdf(92337 bytes ) |
|---|---|

| Signature | /Patrick G. Burns/ |
|---|---|
| Name | Patrick G. Burns |
| Date | 07/22/2020 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| In the Matter of Registration No. 5873672 | ) | |
| | ) | |
| For the mark – TONOSAMA | ) | |
| | ) | |
| | ) | |
| NARITA EXPORT LLC | ) | Cancellation No._____ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADAPTREND, INC. | ) | |
| | ) | |
| Respondent. | ) | |

## PETITION FOR CANCELLATION

The above-identified Petitioner believes that it will be damaged by Trademark Registration No. 5873672 for the mark TONOSAMA in International Class 30, and hereby petitions to cancel the same. The grounds for cancellation are as follows:

1. Petitioner, Narita Export LLC is a limited liability company existing under the laws of Japan and having a principal place of business at 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken JAPAN 646-0036 (hereinafter "Petitioner").

2. On information and belief, Respondent ADAPTREND, INC. is a corporation existing under the laws of Japan and having a listed address of 61-2 Kuchihara Iizuka-shi, Fukuoka JAPAN 820-1114 (hereinafter "Respondent").

3. On information and belief Respondent is the currently recorded owner of U.S. Trademark Registration No. 5873672 for the mark TONOSAMA for "Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies"

in International Class 30 with a filing date of March 27, 2019 and a stated claim of first use in commerce as early as 2016.

4.    Petitioner filed trademark application No. 88665122 for TONOSAMA in International Class 30 for "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods" on October 23, 2019 and the application was refused under Section 2(d) of the Trademark Act, 15 U.S.C. §1052(d) based on asserted likelihood of confusion with Respondent's U.S. Registration No. 5873672.

5.    Petitioner claims a date of first use as early as March 28, 2016 in its trademark application No. 88665122 for TONOSAMA in International Class 30 for "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods."

6.    On information and belief, Petitioner's first use date predates the alleged date of first use of Respondent's U.S. Registration No. 5873672. The continued presence of Respondent's U.S. Registration No. 5873672 on the Principal Register for "Gift baskets containing candy; Candy; Candies; Gift baskets containing candy and Japanese candies" will serve as a source of damage and injury to Petitioner.  Thus, the registration should be cancelled.  15 U.S.C. § 1064.

2

7.     Petitioner has a direct and personal stake in the outcome of this proceeding because it effects Petitioner's further pursuit of its registration of the TONOSAMA trademark, and Petitioner has been, and continues to be, damaged in that Respondent's TONOSAMA Mark may continue to pose an obstacle in Petitioner's pursuit of its own TONOSAMA application.

**Count I**
**Section 14(1) of the Lanham Act, 15 U.S.C. § 1064(1) and Section 2(d) of the Lanham Act, 15 U.S.C. § 1502(d)**

8.     Petitioner hereby re-alleges paragraphs 1-7 of the Petition for Cancellation as if fully set forth herein.

9.     TONOSAMA has been used continuously by Petitioner and Petitioner's predecessor in interest from at least March 28, 2016 to the present and includes with the sale and advertisement of "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods" under TONOSAMA both before and after the filing date of Respondent's U.S. Registration No. 5873672.

10.    On information and belief, Petitioner's use in commerce of TONOSAMA for "Confectionery, namely, candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-

3

based snack foods" occurred prior to the date of first use in commerce alleged for Respondent's U.S. Registration No. 5873672.

11.     Respondent's use of TONOSAMA in commerce, when applied to Respondent's goods, is likely to cause consumer confusion.

12.     In view of Petitioner's prior use of the TONOSAMA Mark, Respondent is not entitled to continued registration of the mark, such that U.S. Reg. No. 5873672 should be cancelled.

13.     For the reasons set forth above, Petitioner has been, and continues to be, damaged by continued registration of U.S. Reg. No. 5873672.


WHEREFORE, Petitioner prays that Respondent's Registration No. 5873672 for the mark TONOSAMA be cancelled in its entirety.


The required fee of $400.00 is enclosed.  Any deficiency may be charged to Deposit Account of record.

Dated:  July 22, 2020          Respectfully submitted,

Narita Export LLC

By /Patrick G. Burns/
Patrick G. Burns
RiKaleigh C. Johnson
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Telephone: (312) 360-0080
Facsimile: (312) 360-9315

*Attorney for Petitioner*

4

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA1078456** |
| Filing date: | **08/28/2020** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Proceeding | 92074784 |
|---|---|
| Party | Defendant<br>Adaptrend, Inc. |
| Correspondence<br>Address | ADAPTREND INC<br>61-2 KUCHIHARA<br>IIZUKA-SHI, FUKUOKA, 820-1114<br>JAPAN<br>Primary Email: adaptrend.co.ltd@gmail.com<br>No phone number provided. |
| Submission | Answer |
| Filer's Name | Alexandra Summers |
| Filer's email | info@onlinetrademarkattorneys.com |
| Signature | /ABS/ |
| Date | 08/28/2020 |
| Attachments | CancellationAnswer_TONOSAMA.pdf(111395 bytes ) |

| | | |
|---|---|---|
| NARITA EXPORT LLC., | &#124; | Mark: TONOSAMA |
| | &#124; | |
| Petitioner, | &#124; | |
| | &#124; | |
| v. | &#124; | |
| | &#124; | Registration No. 5,873,672 |
| ADAPTREND, INC., | &#124; | |
| | &#124; | Cancellation No. 92074784 |
| Respondent. | &#124; | |

United States Patent and Trademark Office
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, Virginia 22313-1451

## ANSWER TO PETITION FOR CANCELLATION

Adaptrend, Inc. ("Respondent"), through its attorneys, answers Narita Export LLC's ("Petitioner") Petition to Cancel as follows:

1. Respondent admits that Petitioner is Narita Export LLC. As to the remaining allegations, Respondent has insufficient knowledge or information to form a belief to the allegations in paragraph 1 and therefore denies those allegations.

2. The allegations in paragraph 2 are admitted.

3. Respondent admits that records of the United States Patent and Trademark Office ("USPTO") identify Respondent as owner of U.S. Trademark Registration No. 5,873,672. As to the remaining allegations in paragraph 4, if any, they are denied.

1

4.     Respondent admits that records of the United States Patent and Trademark Office ("USPTO") identify Petitioner as owner of U.S. Trademark Serial No. 88/665,122. As to the remaining allegations in paragraph 4, they are denied.

5.     The allegations of paragraph 5 are denied.

6.     The allegations of paragraph 6 are denied.

7.     The allegations of paragraph 7 are denied.

8.     The allegations of paragraph 8 are denied.

9.     The allegations of paragraph 9 are denied.

10.    The allegations of paragraph 10 are denied.

11.    The allegations of paragraph 11 are denied.

12.    The allegations of paragraph 12 are denied.

13.    The allegations of paragraph 13 are denied.

## AFFIRMATIVE DEFENSES

14.    The Petition to Cancel fails to state a claim upon which relief can be granted.

15.    Upon information and belief, Petitioner does not have proper chain of title for its ownership of its cited marks.

16.    Upon information and belief, Petitioner's purported assignments of its cited mark are invalid.

17.    Upon information and belief, Petitioner and/or their predecessor in interest have abandoned their rights, if any, in the cited mark.

**WHEREFORE,** Respondent respectfully requests the Board to dismiss Petitioner's Petition to Cancel with prejudice.

Dated: August 28, 2020

2

Respectfully Submitted,

/ABS/

_____
Alexandra Summers, Esq.*
Sausser Summers, PC
4846 Payton Street
Santa Barbara, CA 93111
*Licensed to Practice Law in CA, NY and CT.*
Phone:  (843) 654-0078, Ext. 3
Email:  alex@onlinetrademarkattorneys.com

**Attorney for Respondent**
**Adaptrend, Inc.**

3

## <u>CERTIFICATE OF SERVICE</u>

I confirm that on August 28, 2020, I served a copy of the above ANSWER TO PETITION FOR CANCELLATION to Petitioner's attorney to the following email:

Patrick G. Burns, Esq.
RiKaleigh C. Johnson
Greer, Burns & Crain, Ltd.
tmdocket@gbclaw.net
pburns@gbclaw.net
rjohnson@gbclaw.net
smelby@gbclaw.net

/ABS/

_____
Alexandra Summers, Esq.

4

| | | |
|---|---|---|
| In the Matter of Registration No. 5873672 | ) | |
| | ) | |
| For the mark – TONOSAMA | ) | |
| | ) | |
| | ) | |
| NARITA EXPORT LLC | ) | Cancellation No. 92074784 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADAPTREND, INC. | ) | |
| | ) | |
| Respondent. | ) | |

## PETITIONER'S INITIAL DISCLOSURES

Pursuant to FRCP §26(a)(1) and TBMP §401.02, Narita Export LLC, a limited liability company existing under the laws of Japan and having a principal place of business at 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken Japan 646-0036 (hereinafter "Petitioner"), provides the following Initial Disclosures to Adaptrend, Inc., a corporation existing under the laws of Japan and having a listed address of 61-2 Kuchihara Iizuka-shi, Fukuoka Japan 820-1114 (hereinafter "Respondent").

Petitioner makes these disclosures without waiver of any claim of the attorney-client privilege and/or the work product protection, or any other bases for non-disclosure, including without limitation Petitioner's rights to protect from disclosure confidential and/or trade secret information. Additionally, Petitioner makes these disclosures without waiving: (1) the right to object on the grounds of competency, relevance, undue burden, confidentiality, materiality, hearsay, or any other grounds, to the use of such information for any purpose, in whole or in part, at any subsequent time in this action or in any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. These disclosures are based upon the

information reasonably available at this time. Petitioner does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this action. Petitioner reserves the right to supplement, amend, or alter these disclosures based upon information obtained in the course of discovery in this matter to the extent required by FRCP §26(e).

## I.   INDIVIDUALS WITH DISCOVERABLE INFORMATION

The Initial Disclosure requirements of Rule 26(a)(1)(A)(i) are expressly limited to identification of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment. Petitioner reserves the right to supplement or amend these Initial Disclosures, if necessary, or to supplement them through the course of discovery in this proceeding.

Petitioner identifies the following individuals who are likely to have discoverable information that Petitioner may use to support its claim:

| Name | Contact Information | Subject of Information |
|---|---|---|
| Teruhiko Izumi | 9-24, Heiwadori 7-chome kita, Shiroishi-ku, Sapporo-shi, Hokkaido 003-0029 Japan<br><br>Telephone: 090-4220-3164 | Mr. Izumi may have discoverable information concerning Petitioner's acquisition and ownership of the TONOSAMA mark; The creation and design of Petitioner's TONOSAMA trademark; sales made under TONOSAMA mark. |
| Keigo Narita | 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken 646-0036 Japan<br><br>Telephone: 080-1524-6089<br><br>Mr. Narita may be contacted through Petitioner's counsel. | Mr. Narita may have discoverable information concerning Petitioner's acquisition and ownership of the TONOSAMA mark; sales made under TONOSAMA mark. |
| Kabushiki Kaisha A-ups | Excel S1 Building 2nd Floor, 2-20, Odori-Nishi 20-chome, Chuo-ku, Sapporo-shi, Hokkaido 064-0820 Japan<br><br>Telephone: 010-643-4660 | A-ups may have discoverable information concerning the design and preparation of Petitioner's TONOSAMA trademark. |

| Amazon.com, Inc. | Corporation Service Company 2595 Interstate Drive Suite 103 Harrisburg, PA 17110 | Amazon may have discoverable information concerning sales made under the TONOSAMA mark. |
|---|---|---|

## II. RELEVANT DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

The Initial Disclosure requirements of FRCP §26(a)(1)(A)(ii) are expressly limited to all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment. With respect to the categories of documents and electronically stored information, identified below, Petitioner reserves the right to: (i) supplement this list as its investigation into the facts of this case and discovery progress; and (ii) object to the production of any document or documents that may be encompassed in those categories on grounds that it or they are exempt from disclosure under the Federal Rules of Civil Procedure or any applicable attorney-client privilege, the work product doctrine, and/or any other privilege or doctrine that protects such materials from disclosure; they are not relevant nor are they likely to lead to discovery of relevant evidence; identifying and collecting them presents an undue burden; and/or any other valid objection, or other applicable law regarding the disclosure of information or materials.

At present, Petitioner has identified the following documents, electronically stored information, and tangible things that are in its possession, custody, or control at Petitioner's offices or other locations owned or controlled by Petitioner that Petitioner may use to support its claims:

- Documents and things relating to Petitioner's adoption of and use of Petitioner's TONOSAMA trademark [located in Chicago, Illinois and Wakayama-ken Japan];

- Documents and things relating to the preparation of Petitioner's TONOSAMA

trademark [located in Chicago, Illinois and Hokkaido Japan].

- Documents and things relating to Petitioner's sales using the TONOSAMA trademark [located in Chicago, Illinois and Wakayama-ken Japan];

- Documents and things relating to Petitioner's predecessor in interest's sales using the TONOSAMA trademark

- Documents and things relating to marketing and advertising efforts for Petitioner's TONOSAMA trademark [located in Chicago, Illinois and Wakayama-ken Japan];

- Documents and things relating to the channels of trade for Petitioner's TONOSAMA mark [located in Chicago, Illinois and Wakayama-ken Japan]; and

- Documents related to Petitioner's assignment of the TONOSAMA trademark [located in Chicago, Illinois and Wakayama-ken Japan];

These documents, electronically stored information, and tangible things will be made available at a time and place agreed upon by the parties.

Petitioner also believes that Respondent is in possession of documents and things relating to the facts alleged in this matter.

Petitioner expressly reserves its right to modify and supplement this list upon its investigation and discovery in this matter.

Dated: December 21, 2020      **Narita Export LLC**

            By:    /RiKaleigh C. Johnson/
                    RiKaleigh C. Johnson
                    Greer Burns & Crain, Ltd.
                    300 South Wacker Drive, Suite 2500
                    Chicago, Illinois 60606
                    Telephone: 312-360-0080
                    Attorney for Petitioner

## CERTIFICATE OF SERVICE ON RESPONDENT

I hereby certify that a true and correct copy of the foregoing PETITIONER'S INITIAL DISCLOSURES was served upon Respondent's counsel via email to alex@onlinetrademarkattorneys.com pursuant to the parties' agreement.

/RiKaleigh C. Johnson/

Narita Export LLC.,        |     Mark: TONOSAMA

Petitioner,

v.

Adaptrend, Inc.,         |     Registration No. 5,873,672

Respondent.        |     Cancellation No. 92074784

_____

Commissioner for Trademarks
P.O. Box 1451
Alexandria, Virginia 22313-1451

### **RESPONDENT'S FIRST SET OF DISCOVERY TO PETITIONER**

Adaptrend, Inc. (hereinafter "Respondent") hereby propounds its First Set of Discovery to Petitioner pursuant to Trademark Rule 403.002, and Federal Rules of Civil Procedure 26(b)(1); 33(a); 34(a)-(b)(1); and 36(a).

### **INSTRUCTIONS AND DEFINITIONS**

Pursuant to Trademark Rule 403.003, Petitioner, Narita Export, LLC ("Petitioner" or "You") must provide Your answers, documents and other responses to these discovery requests on or before thirty (30) days from the date of service.

1.     In responding to this discovery, Respondent requests that You restate the request to which the response is directed immediately prior to each response.

2.     The word "and" and the word "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request herein any fact or document that might otherwise be construed to be outside of its scope.

1

3.     The use of the singular form of any word includes the plural and vice versa.

4.     "You" or "Petitioner" refers to Petitioner Narita Export, LLC.

5.     "Respondent" refers to the Respondent Adaptrend, Inc.

6.     "You," "Your," or any other derivation of those terms means Petitioner, its agents, its employees, its affiliates, its parent corporations, its subsidiaries, its contractors, and anyone else acting on behalf of Petitioner, its agents, its employees, its affiliates, its parent corporations, its subsidiaries, its contractors, its predecessors or its successors-in-interest.

7.     "Person" includes a natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

8.     "Petition" refers to Petitioner's Petition for Cancellation in the above-captioned case.

9.     "Answer" refers to the Respondent's Answer to Petition for Cancellation that responds to the allegations in the Petition.

10.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate Document within the meaning of this term.

11.    "Communication" means any oral, written, or electronic transmission of information, opinion, belief, idea, or statement, including, but not limited to, letters, other correspondence, e-mail, conversations, meetings, discussions, telephone calls, telegrams, text messages, facsimile transmissions, notes, or memoranda.

12.     "Identify," "identity," or "identification," when referring to persons, means to give, to the extent known, the person's full name, the person's entity type and where organized, the

2

present or last known address (both business and residential), present or last known e-mail address, present or last known telephone number, and when referring to a natural person, the present or last known place of employment and brief description of job responsibilities. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13. "Identify," "identity," or "identification," when referring to documents, means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) all author(s), addressee(s), and recipient(s).

14. "Address" means the street address, including the city, state, country and zip code.

15. "Discovery" or "Discovery Requests" refers to the instant Respondent's First Set of Discovery to Petitioner.

16. "Petitioner's Trademark" refers to the TONOSAMA trademark, which is identified as Your Application with the USPTO as Serial No. 88/665,122.

17. "Petitioner's Goods" refers to the goods outlined in Petitioner's Trademark, or USPTO Serial No. 88/665,122.

18. "Petitioner's Claimed Logo" refers to the following logo:



19. "Respondent's Trademark" refers to the TONOSAMA trademark, which is the subject of this Cancelation, Registration No. 5,873,672.

20. "United States" and/or "U.S." will mean to include all territory of the United States, including Guam, Puerto Rico, American Samoa and the U.S. Virgin Islands.

3

21.     In responding to this discovery, You are to include in Your responses all knowledge available to You and anyone acting on Your behalf, together with all information reasonably accessible from documents.

22.     If You consider the content of any document or communication responsive to these Discovery Requests to be privileged, please make the claim expressly and describe the nature of the documents or communications not produced in a Privilege Log in accordance with Federal Rule of Civil Procedure 26(b)(5).

23.     In responding to these Discovery Requests, You must respond in as complete and straightforward a manner as the information reasonably available to You permits.  If a Discovery Request cannot be answered completely, answer it to the greatest extent possible and state the reason or reasons for Your inability to provide a complete answer.

24.     If You do not have enough personal knowledge to fully answer a Discovery Request, please state so specifically.  You must make a reasonable and good faith effort to answer an Interrogatory by asking other persons who may have knowledge of the issue.

25.     If a Request for Admission is denied, the answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission.  When good faith requires that You qualify an answer or deny only a part of the matter of which an admission is requested, You shall specify so much of it as is true and qualify or deny the remainder.

26.     In responding to these Discovery Requests, You are required to produce all documents in Your possession, custody or control.

4

27.     If You object to any Discovery and withhold information or Documents based on such objection, specifically state that You are withholding information or Documents based on the objection or objections.

28.     This discovery is continuing in nature.  You are requested to supplement Your responses to the full extent required by the Federal Rules of Civil Procedure.  If additional Documents or information come into Your custody, possession, or control after You respond to this Discovery, or if at any time subsequent to Your response to this Discovery You receive information on the basis of which You realize Your prior response was false, misleading, or incomplete, Respondent requests that the pertinent response be supplemented or amended.

## **INTERROGATORIES**

### INTERROGATORY NO. 1:

With the exception of individuals who merely typed the responses, please Identify all individuals who assisted, or with whom You consulted, in responding to the Discovery, and for each, please provide a brief statement of their role, title and contribution.

### INTERROGATORY NO. 2:

Describe in specific factual detail the circumstances giving rise to the creation of Your business, including, but not limited to, the key individuals responsible for its conceptual genesis and formation, and expansion into the United States.

### INTERROGATORY NO. 3:

Describe each product You provide to Your customers, the name said products are offered under, and the geographic locations you provide such products.

### INTERROGATORY NO. 4:

5

Describe in specific factual detail, including, but not limited to, the individuals and their roles, the locations, communications and dates, related to the acquisition of Petitioner's Trademark from any and all predecessors in interest. If more than one transfer occurred, please identify all.

**INTERROGATORY NO. 5:**

With regard to Petitioner's Trademark being used in the United States, for each month on or before December 31, 2016 identify the number of sales, the total revenue of said sales, the dates said sales were made, the date said sales were shipped, and the dates said sales entered into the United States and/or were received by the purchaser.

**INTERROGATORY NO. 6:**

With regard to Petitioner's mark being used in the United States, for each year from January 1, 2017 until February 28, 2021 identify the number of sales, the total revenue of said sales, and the date said sales were shipped.

**INTERROGATORY NO. 7:**

Describe in specific factual detail Your knowledge about when you had first knowledge of Respondent and their use of the TONOSAMA mark.

**INTERROGATORY NO. 8:**

Identify with specific factual detail, including dates, when You (or your predecessor) became aware of and/or had knowledge of Respondent and their use of TONOSAMA in relation to Candy.

**INTERROGATORY NO. 9:**

Identify with specific factual detail any instances of customers or potential customers who were looking for Respondent, but who contacted You instead, *i.e.*, instances of actual confusion between or among Respondent and Petitioner by customers or potential customers.

6

**INTERROGATORY NO. 10:**

Identify the factual circumstances surrounding Your creation of your Amazon.com listing and/or store that sells Petitioner's Goods under Petitioner's Trademark.

**INTERROGATORY NO. 11:**

Describe in specific factual detail, including, but not limited to, the individuals and their roles, the locations and dates, related to the conceptual creation of Petitioner's Claimed Logo, as well as the date and specific factual circumstances of the logo's first use in commerce by You.

**INTERROGATORY NO. 6:**

For each year beginning in the year of the Petitioner's first use in commerce, identify the sums expended by You in advertising Petitioner's Trademark in the United States, as well as the form of advertising (*i.e.*, print, internet, keyword advertising, etc.).  For example, a response might include: In year 2020, Respondent spent $12,345.00 on print advertising using the Mark, etc.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce Documents referenced or referred to in answering the Discovery, including Documents Identified in answering the Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all Documents that relate to Petitioner's creation, acquisition and/or adoption of Petitioner's Trademark.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all Documents identifying all sales to the United States for Petitioner's Trademark in relation to Petitioner's Goods.

**REQUEST FOR PRODUCTION NO. 4:**

7

Please produce all Documents identifying all shipments to the United States for Petitioner's Trademark in relation to Petitioner's Goods.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all Documents you plan to use to establish that you have priority of the TONOSAMA mark in the United States.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all Documents regarding the sale, purchase and/or transfer of Petitioner's Trademark, including any and all contracts, communications and payments made.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all Documents which Petitioner intends to rely in connection with this petition for cancellation.

PROPOUNDED on this 22nd day of March, 2021.

Respectfully Submitted,

/ABS/
_____
Alexandra Summers, Esq.*
Sausser Summers, PC
4846 Payton Street
Santa Barbara, CA 93111
*Licensed to Practice Law in CA, NY and CT.
        Phone:  (843) 654-0078, Ext. 3
        Email:  alex@onlinetrademarkattorneys.com

**Attorney for Respondent**
Adaptrend, Ltd.

## <u>CERTIFICATE OF SERVICE</u>

  I confirm that on March 22, 2021, I served a copy of the above RESPONDENT'S FIRST SET OF DISCOVERY TO PETITIONER upon Respondent's attorney to the following email:

Patrick G. Burns, Esq.
RiKaleigh C. Johnson
Greer, Burns & Crain, Ltd.
tmdocket@gbclaw.net
pburns@gbclaw.net
rjohnson@gbclaw.net
smelby@gbclaw.net

/ABS/
_____
Alexandra Summers, Esq.

9

| | | |
|---|---|---|
| Narita Export, LLC, | ) | |
| Petitioner | ) | Cancellation No.: 92074784 |
| | ) | |
| v. | ) | Mark: TONOSAMA |
| | ) | |
| Adaptrend, Inc., | ) | Registration No.: 5,873,672 |
| Respondent | ) | |
| _____ | ) | |

Commissioner for Trademarks
P.O. Box 1451
Alexandria, Virginia 22313-1451

## PETITIONER'S RESPONSE TO RESPONDENT'S FIRST SET
## OF DISCOVERY REQUESTS TO PETITIONER

Narita Export LLC, (hereinafter "Petitioner") hereby responds to Adaptrend, Inc.'s (hereinafter "Respondent") First Set of Discovery to Petitioner pursuant to Trademark Rule 403.002, and Federal Rules of Civil Procedure 26(b)(1) and 33(a); 34(a)-(b)(1).

## I.    PRELIMINARY STATEMENTS

1.    Petitioner's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Petitioner's right to rely on other facts or documents.

2.    By making the accompanying responses and objections to Respondent's interrogatories, Petitioner does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to competency, relevancy, materiality, and privilege. Further, Petitioner makes these responses without in any way implying that it considers the interrogatories, document requests, and responses thereto, to be relevant or

1

material to the subject matter of this action.

3.     Petitioner expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## II.     GENERAL OBJECTIONS

1.     Petitioner objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the Trademark Trial and Appeal Board rules.

2.     Petitioner objects to each document request, and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.     Petitioner objects to each document request, and interrogatory that is overly broad, and unduly burdensome to the extent they seek documents or information that are readily or more accessible to Respondent.

4.     Petitioner objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

5.     Petitioner objects to any and all references to "Request for Admission" and the like as irrelevant, inasmuch as no requests for admission have been served.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

With the exception of individuals who merely typed the responses, please Identify all individuals who assisted, or with whom You consulted, in responding to the Discovery, and for each, please provide a brief statement of their role, title and contribution.

2

**RESPONSE TO INTERROGATORY NO. 1:**

Petitioner objects as this Request as overly broad and unduly burdensome and unlikely to lead to the discovery of admissible evidence. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

(Identification)

Name: Teruhiko Izumi

Address: 9-24, Heiwadori 7-chome kita, Shiroishi-ku, Sapporo-shi, Hokkaido 003-0029 Japan

Position: President of Kabushiki Kaisha TI Express residing at 9-24, Heiwadori 7-chome kita, Shiroishi-ku, Sapporo-shi, Hokkaido 003-0029 Japan (until July 2, 2018)

Telephone: 090-4220-3164

E-mail: izumi.1108.1977@gmail.com

(Contribution)

Advised as to relevant information and documents in response to Requests.

(Identification)

Name: Keigo Narita

Address: 12-18, Kamiyashiki 3-chome, Tanabe-shi, Wakayama-ken 646-0036 Japan

Position: President of Narita Export LLC residing at 12-18, Kamiyashiki 3-chome, Tanabe-shi, Wakayama-ken 646-0036 Japan

Telephone: 080-1524-6089

E-mail: naritak7@hotmail.com

(Contribution)

Advised as to relevant information and documents in response to Requests.

**INTERROGATORY NO. 2:**

Describe in specific factual detail the circumstances giving rise to the creation of Your business, including, but not limited to, the key individuals responsible for its conceptual genesis and formation, and expansion into the United States.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Mr. Teruhiko Izumi and/or Kabushiki Kaisha TI Express (predecessor of Petitioner) commenced the sale of Petitioner's products under the Petitioner's trademark in the United States through the store currently named "Dream Express Japan" opened at Amazon.com.

Petitioner continuously sold Petitioner's products under the Petitioner's trademark in the United States through the store currently named "world bridge from Japan" opened at Amazon.com.

**INTERROGATORY NO. 3:**

Describe each product You provide to Your customers, the name said products are offered under, and the geographic locations you provide such products.

**RESPONSE TO INTERROGATORY NO. 3:**

Petitioner objects as this Request as overly broad and unduly burdensome and unlikely to lead to the discovery of admissible evidence in that it is not limited in time or geographical scope. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Each product the Petitioner provides to Petitioner's customers: Chocolates, candies and snack foods. Products are offered under "Japanese candy assortment 30pcs, full of dagashi, 'TONOSAMA CANDY.'" Petitioner offers such products worldwide, including to all 50 states in the United States.

4

**INTERROGATORY NO. 4:**

Describe in specific factual detail, including, but not limited to, the individuals and their roles, the locations, communications and dates, related to the acquisition of Petitioner's Trademark from any and all predecessors in interest. If more than one transfer occurred, please identify all.

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner acquired entire right, title and interest in and to Petitioner's Trademark, owned by Kabushiki Kaisha TI Express and/or Mr. Teruhiko Izumi (collectively, "Predecessor"), and the goodwill associated therewith from Predecessor pursuant to an oral agreement between Petitioner and Predecessor on or around November 25, 2016. Petitioner and Predecessor executed a trademark assignment memorializing their agreement on October 20, 2020. The trademark assignment has been filed with the USPTO.

**INTERROGATORY NO. 5:**

With regard to Petitioner's Trademark being used in the United States, for each month on or before December 31, 2016 identify the number of sales, the total revenue of said sales, the dates said sales were made, the date said sales were shipped, and the dates said sales entered into the United States and/or were received by the purchaser.

**RESPONSE TO INTERROGATORY NO. 5:**

CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY: Petitioner objects as this Request as overly broad, unduly burdensome, and not limited in scope. Specifically, Petitioner's total revenue and total number of sales is irrelevant for confirming a first use date and likelihood of confusion. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner and/or Predecessor made more than 900 independent sales into the United States

5

during the 2016 calendar year, beginning as of March 27, 2016 and shipped as early as March 29, 2016. Cumulative sales during the 2016 calendar year were in excess of $22,000. Specific information regarding relevant sales dates, shipping dates and dates the products entered into the United States and/or were received by the purchaser are being obtained, and this information will be produced as attorney eyes only subject to the Protective Order.

**INTERROGATORY NO. 6:**

With regard to Petitioner's mark being used in the United States, for each year from January 1, 2017 until February 28, 2021 identify the number of sales, the total revenue of said sales, and the date said sales were shipped.

**RESPONSE TO INTERROGATORY NO. 6:**

CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY: Petitioner objects as this Request as overly broad, unduly burdensome, and not limited in scope. Specifically, Petitioner's total revenue and total number of sales is irrelevant for confirming a first use date and likelihood of confusion. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner and/or Predecessor made more than 6,600 independent sales into the United States between January 1, 2017 and February 28, 2021, beginning as of January 8, 2017. Cumulative sales during this time period were in excess of $78,000. Specific information regarding relevant sales dates, shipping dates, and dates the products entered into the United States and/or were received by the purchaser are being obtained, and this information will be produced as attorney eyes only subject to the Productive Order.

**INTERROGATORY NO. 7:**

Describe in specific factual detail Your knowledge about when you had first knowledge of

6

Respondent and their use of the TONOSAMA mark.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner became aware of Respondent and Respondent's use of the TONOSOMA trademark in June 2016. Given Petitioner's extensive prior use, Petitioner was unaware that Respondent's minimal use would interfere with Petitioner's use and registration of Petitioner's TONOSAMA trademark in the United States.

**INTERROGATORY NO. 8:**

Identify with specific factual detail, including dates, when You (or your predecessor) became aware of and/or had knowledge of Respondent and their use of TONOSAMA in relation to Candy.

**RESPONSE TO INTERROGATORY NO. 8:**

Petitioner objects as this Request as vague and ambiguous. Specifically, the term "Candy" is not defined. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner became aware of Respondent and Respondent's use of the TONOSOMA trademark in June 2016. Given Petitioner's extensive prior use, Petitioner was unaware that Respondent's minimal use would interfere with Petitioner's use and registration of Petitioner's TONOSAMA trademark in the United States.

**INTERROGATORY NO. 9:**

Identify with specific factual detail any instances of customers or potential customers who were looking for Respondent, but who contacted You instead, *i.e.*, instances of actual confusion between or among Respondent and Petitioner by customers or potential customers.

7

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to the foregoing General Objections, Petitioner hereby responds as follows:

At this time, Petitioner is unaware of such instances.


**INTERROGATORY NO. 10:**

Identify the factual circumstances surrounding Your creation of your Amazon.com listing and/or store that sells Petitioner's Goods under Petitioner's Trademark.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Mr. Izumi opened Amazon.com store, currently named "Dream Express Japan" on January 4, 2015. Mr. Narita opened the Amazon.com store, currently named "world bridge from Japan," on April 6, 2014.


**INTERROGATORY NO. 11:**

Describe in specific factual detail, including, but not limited to, the individuals and their roles, the locations and dates, related to the conceptual creation of Petitioner's Claimed Logo, as well as the date and specific factual circumstances of the logo's first use in commerce by You.

**RESPONSE TO INTERROGATORY NO. 11:**

Petitioner objects to this interrogatory because it contains compound, conjunctive, or disjunctive questions. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner's Predecessor began the process of creating Petitioner's Claimed Logo in or about February 2016. Petitioner's Predecessor hired Kabushiki Kaisha A-ups to prepare Petitioner's Claimed Logo. Petitioner's Claimed Logo was delivered to Petitioner's Predecessor

8

on March 16, 2016. The Petitioner's Claimed Logo was first used to sell products through Amazon.com on March 27, 2016.

**INTERROGATORY NO. 6:**

For each year beginning in the year of the Petitioner's first use in commerce, identify the sums expended by You in advertising Petitioner's Trademark in the United States, as well as the form of advertising (*i.e.*, print, internet, keyword advertising, etc.). For example, a response might include: In year 2020, Respondent spent $12,345.00 on print advertising using the Mark, etc.

**RESPONSE TO INTERROGATORY NO. 12:**

Petitioner notes this interrogatory was titled "INTERROGATORY NO. 6," but Petitioner has updated the title to "INTERROGATORY NO. 12" in its response. Petitioner objects to this interrogatory because it contains compound, conjunctive, or disjunctive questions. Further, Petitioner objects to this interrogatory as overly broad. Subject to the foregoing General Objections, Petitioner hereby responds as follows:

Petitioner used the Amazon's sponsor product advertising (keyword advertising program) only. At this time, Petitioner is unable to confirm the sums expended by Petitioner in the Amazon's sponsor program.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Please produce Documents referenced or referred to in answering the Discovery, including Documents Identified in answering the Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of

9

information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all Documents that relate to Petitioner's creation, acquisition and/or adoption of Petitioner's Trademark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of information protected by the attorney-client privilege and/or work product doctrine. Additionally, Petitioner specifically objects on the grounds that "all" documents is overly broad and unduly burdensome. In most cases, it simply is not reasonably possible to search for, ensure production of, "all" documents. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.


**REQUEST FOR PRODUCTION NO. 3:**

Please produce all Documents identifying all sales to the United States for Petitioner's Trademark in relation to Petitioner's Goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of information protected by the attorney-client privilege and/or work product doctrine. Additionally,

10

Petitioner specifically objects on the grounds that "all" documents and "all" sales is overly broad and unduly burdensome. In most cases, it simply is not reasonably possible to search for, and ensure production of, "all" documents. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all Documents identifying all shipments to the United States for Petitioner's Trademark in relation to Petitioner's Goods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of information protected by the attorney-client privilege and/or work product doctrine. Additionally, Petitioner specifically objects on the grounds that "all" documents and "all" shipments is overly broad and unduly burdensome. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all Documents you plan to use to establish that you have priority of the TONOSAMA mark in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of information protected by the attorney-client privilege and/or work product doctrine. Additionally, Petitioner specifically objects on the grounds that "all" documents is overly broad and unduly burdensome. In most cases, it simply is not reasonably possible to search for, and ensure production of, "all" documents. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all Documents regarding the sale, purchase and/or transfer of Petitioner's Trademark, including any and all contracts, communications and payments made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Petitioner incorporates its General Objections as though set forth in full at this point. Petitioner specifically objects on the grounds that to the extent the Request seeks discovery of information protected by the attorney-client privilege and/or work product doctrine. Additionally, Petitioner specifically objects on the grounds that "all" documents and "all" contracts, communications and payments is overly broad and unduly burdensome. In most cases, it simply is not reasonably possible to search for, and ensure production of, "all" documents. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

12

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all Documents which Petitioner intends to rely in connection with this petition for cancellation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Petitioner incorporates its General Objections as though set forth in full at this point. Notwithstanding the foregoing objections, Petitioner responds as follows:

Non-privileged, responsive documents within Petitioner's possession or control located in a reasonable and proportional search will be produced.

Dated: July 9, 2021            **Narita Export LLC**

By:   /RiKaleigh C. Johnson/_____
       RiKaleigh C. Johnson
       Greer Burns & Crain, Ltd.
       300 South Wacker Drive, Suite 2500
       Chicago, Illinois 60606
       Telephone: 312-360-0080
       Attorney for Petitioner

13

# CERTIFICATE OF SERVICE

I confirm that on July 9, 2021, I served a copy of the above PETITIONER'S RESPONSE TO RESPONDENT'S FIRST SET OF DISCOVERY TO PETITIONER upon Respondent's attorney to the following email:

Ben T. Lila
blila@mandourlaw.com

By:    /RiKaleigh C. Johnson/
       RiKaleigh C. Johnson

# NUNC PRO TUNC TRADEMARK ASSIGNMENT

This Nunc Pro Tunc Trademark Assignment ("Assignment"), is by and between Kabushiki Kaisha TI Express, a Japanese stock company with an address at 9-24, Heiwadori 7-chome kita, Shiroishi-ku, Sapporo-shi, Hokkaido 003-0029 Japan ("Assignor"); and Narita Export LLC, a Japanese limited liability company with an address at 12-18, Kamiyashiki 3-chome, Tanabe-shi Wakayama-ken 646-0036 Japan ("Assignee") (together, Assignor and Assignee are the "Parties").

WHEREAS, by virtue of Assignor's use of the trademark TONOSAMA for confectionary products, including candy chocolate, snack foods in the nature of rice-based snack foods, chocolate-based snack foods, coffee-based snack foods, wheat-based snack foods, grain-based snack foods, cereal-based snack foods, quinoa-based snack foods, multigrain-based snack foods, ice-cream-based snack foods, frozen-yogurt-based snack foods, corn-based snack foods (the "Mark") since at least as early as March 27, 2016, Assignor is the owner of all right, title and interest in and to the Mark;

WHEREAS, Assignor is desirous of assigning to Assignee all right, title and interest in and to the Mark, and any and all goodwill of the business associated with the Mark;

WHEREAS, Assignee is desirous of acquiring all right, title and interest in and to the Mark, and any and all goodwill of the business associated with the Mark;

WHEREAS, pursuant to an oral agreement between the Parties on or around November 25, 2016 ("Effective Date") Assignee is the successor to certain of Assignor's assets, including Assignor's entire right, title and interest in and to the Mark and the goodwill associated therewith.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree as follows:

1.      **Nunc Pro Tunc Trademark Assignment**. Assignor hereby assigns to Assignee, *nunc pro tunc*, as of the Effective Date hereof, (a) all of Assignor's right, title and interest in and to the Mark, (b) all goodwill of the business associated with and symbolized by the Mark, (c) all right, title and interest to sue for, settle, or release any past, present and/or future infringement, dilution or other violations of any right, title and/or interest in and to the Mark, and to recover, collect or otherwise receive all damages, royalties, profits, interests, revenues, incomes, proceeds, payments or settlements therefor, (d) all right, title and interest to bring any cancellation, opposition or other proceeding in the United States Patent or Trademark Office, or any other tribunal, and (e) all right, title and interest to collect and receive any and all income, royalties, proceeds and payments arising by virtue of use of the Mark. All rights, titles and interests assigned hereunder are to be enjoyed by Assignee, and Assignee's successors and assigns, as fully and exclusively as it would have been held and enjoyed by Assignor had this Assignment not been made.

2.      At the reasonable request of Assignee, Assignor shall execute and deliver such further documents, assignments and/or conveyance instruments, and take such further actions as may be necessary or desirable to evidence more fully the intent of this Assignment.

3.      This Assignment shall be binding upon and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

4.      Assignor represents that it has taken all necessary action to authorize the execution and delivery of this Assignment.

**TRADEMARK**
**REEL: 007348 FRAME: 0666**

By:   Teruhiko Izumi
Title:  President of Kabushiki Kaisha TI Express
       as of the Effective Date of this Assignment

Dated: October 2ℓ, 2020

## TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

ETAS ID: TM658481

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | NUNC PRO TUNC ASSIGNMENT |
| EFFECTIVE DATE: | 11/25/2016 |

**CONVEYING PARTY DATA**

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Kabushiki Kaisha TI Express | | 10/20/2020 | Stock company: JAPAN |

**RECEIVING PARTY DATA**

| | |
|---|---|
| Name: | Narita Export LLC |
| Street Address: | 12-18, Kamiyashiki 3-chome, Tanabe-shi |
| City: | Wakayama-ken |
| State/Country: | JAPAN |
| Postal Code: | 646-0036 |
| Entity Type: | Limited Liability Company: JAPAN |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number | Word Mark |
|---|---|---|
| Serial Number: | 88665122 | TONOSAMA |

**CORRESPONDENCE DATA**

| | |
|---|---|
| Fax Number: | 3123609315 |

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Phone: | 3123600080 |
| Email: | smelby@gbclaw.net |
| Correspondent Name: | Greer, Burns & Crain, Ltd. |
| Address Line 1: | 300 South Wacker Drive |
| Address Line 2: | Suite 2500 |
| Address Line 4: | Chicago, ILLINOIS 60606 |

**DOMESTIC REPRESENTATIVE**

| | |
|---|---|
| Name: | Greer, Burns & Crain, Ltd. |
| Address Line 1: | 300 South Wacker Drive |
| Address Line 2: | Suite 2500 |
| Address Line 4: | Chicago, ILLINOIS 60606 |

| NAME OF SUBMITTER: | Tracy L. Zawaski |
|---|---|
| SIGNATURE: | /Tracy L. Zawaski/ |

OP $40.00 88665122

Appx292

| DATE SIGNED: | 07/07/2021 |
|---|---|
| **Total Attachments: 2** | |
| source=139069.EVIDENCE.Assignment#page1.tif | |
| source=139069.EVIDENCE.Assignment#page2.tif | |

**TRADEMARK**
**REEL: 007348 FRAME: 0665**

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

May 27, 2021

Cancellation No. 92074784

*Narita Export LLC*

*v.*

*Adaptrend, Inc.*

**Nicole Thier, Paralegal Specialist:**

On April 23, 2021, Respondent filed a motion to extend disclosure, discovery, and trial dates. On April 30, 2021, Petitioner filed its consent to Respondent's motion for an extension of time and included a proposed trial schedule.[1]

In view thereof, Respondent's motion for an extension of time is granted, trial dates are reset by the Board, as follows:

| | |
|---|---|
| Response to Petitioner's First Set of Disc Requests | 6/22/2021 |
| Expert Disclosures Due | 6/28/2021 |
| Response to Respondent's First Set of Disc Requests | 7/11/2021 |
| Discovery Closes | 7/28/2021 |
| Plaintiff's Pretrial Disclosures Due | 9/11/2021 |
| Plaintiff's 30-day Trial Period Ends | 10/26/2021 |
| Defendant's Pretrial Disclosures Due | 11/10/2021 |
| Defendant's 30-day Trial Period Ends | 12/25/2021 |
| Plaintiff's Rebuttal Disclosures Due | 1/9/2022 |
| Plaintiff's 15-day Rebuttal Period Ends | 2/8/2022 |
| Plaintiff's Opening Brief Due | 4/9/2022 |
| Defendant's Brief Due | 5/9/2022 |

[1] The Board regrets the delay in action on the proceeding and has accordingly reset trial dates inasmuch as some dates have passed.

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

## TIPS FOR FILING EVIDENCE, TESTIMONY, OR LARGE DOCUMENTS

The Board requires each submission to meet the following criteria before it will be considered: 1) pages must be legible and easily read on a computer screen; 2) page orientation should be determined by its ease of viewing relevant text or evidence, for example, there should be no sideways or upside-down pages; 3) pages must appear in their proper order; 4) depositions and exhibits must be clearly labeled and numbered – use separator pages between exhibits and clearly label each exhibit using sequential letters or numbers; and 5) the entire submission should be text-searchable. Additionally, submissions must be compliant with Trademark Rules 2.119 and 2.126. Submissions failing to meet all of the criteria above may require re-filing. **Note:**

Parties are strongly encouraged to check the entire document before filing.[2] The Board will not extend or reset proceeding schedule dates or other deadlines to allow time to re-file documents. For more tips and helpful filing information, please visit the ESTTA help webpage.

---

[2] To facilitate accuracy, ESTTA provides thumbnails to view each page before submitting.

Form PTO 55 (12-80)

# U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

January 9, 2023
_____
(Date)

**THIS IS TO CERTIFY** that the annexed is an accurate statement of the

content entries in the file of the trademark cancellation proceeding identified

below.  The list was taken from the TSDR and TTABVUE electronic databases

of the United States Patent and Trademark Office and comprises the record

before this Office.

*Narita Export LLC*
*v.*
*Adaptrend, Inc.*

**Cancellation No. 92074784**

**Serial No. 88/359,090**
**Registration No. 5,873,672**
**Mark: TONOSAMA**



By authority of the
DIRECTOR OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE

*Orchideh Rushenas*
_____
*Certifying Officer*

**PROSECUTION HISTORY OF U.S. REGISTRATION NO. 5,873,672**
**Federal Circuit Appeal No. 2023-1195**
**Mark: TONOSAMA**

| DATE | DESCRIPTION |
|------|-------------|
| 03/27/2019 | Application |
| 03/27/2019 | Specimen |
| 03/27/2019 | Drawing |
| 06/07/2019 | XSearch Search Summary |
| 06/07/2019 | Notation to File |
| 06/08/2019 | Trademark Snap Shot Publication Stylesheet |
| 06/26/2019 | Notification of Notice of Publication |
| 06/26/2019 | Notice of Publication |
| 07/16/2019 | Official Gazette Publication Confirmation |
| 10/01/2019 | Registration Certificate |

## HISTORY OF CANCELLATION NO. 92074784
### Federal Circuit Appeal No. 2023-1195
### Mark: TONOSAMA

| DATE | DESCRIPTION |
|------|-------------|
| 07/22/2020 | Petition for Cancellation |
| 07/23/2020 | Order: Notice and Trial Dates Sent; Answer Due |
| 08/28/2020 | Answer |
| 10/22/2020 | Respondent's Consented Motion for Extension of Time |
| 10/26/2020 | Order: Motion for Extension of Time Granted |
| 11/30/2020 | Respondent's Consented Motion for Extension of Time |
| 11/30/2020 | Order: Motion for Extension of Time Granted |
| 04/14/2021 | Respondent's Change of Correspondence Address |
| 04/23/2021 | Respondent's Motion for Extension of Time |
| 04/30/2021 | Petitioner's Opposition to Motion for Extension of Time |
| 05/27/2021 | Order: Motion for Extension of Time Granted |
| 07/22/2021 | Petitioner's Notice of Discovery Deposition of Akimasa Okazaki Upon Written Questions |
| 07/26/2021 | Order: Proceedings Suspended Pending Completion of Discovery Deposition |
| 08/02/2021 | Respondent's Motion to Quash Notice of Discovery Deposition |
| 08/10/2021 | Order: Proceedings Suspended Pending Disposition of Motion to Quash |
| 08/11/2021 | Petitioner's Opposition to Motion to Quash |
| 08/25/2021 | Petitioner's Request for Telephone Conference |
| 08/31/2021 | Respondent's Reply in Support of Motion to Quash |
| 09/21/2021 | Order: Motion to Quash Granted; Motion to Extend Discovery Granted; Proceedings Resumed; Trial Dates Reset |
| 11/30/2021 | Petitioner's Change of Correspondence Address |
| 11/30/2021 | Petitioner's Motion for Extension of Time |
| 12/07/2021 | Order: Proceedings Suspended Pending Disposition of Motion for Extension of Time |
| 12/28/2021 | Order: Motion for Extension of Time Granted; Trial Dates Reset |

| DATE | DESCRIPTION |
|---|---|
| 01/07/2022 | Petitioner's Motion for Summary Judgment and Memorandum in Support; Declaration of RiKaleigh C. Johnson (Exhs. A - L); Declaration of Keigo Narita; Declaration of Teruhiko Izumi; Declaration of Miko Oka |
| 01/13/2022 | Order: Proceedings Suspended Pending Disposition of Motion for Summary Judgment |
| 02/07/2022 | Respondent's Motion for Extension of Time |
| 02/08/2022 | Petitioner's Consent to Motion for Extension of Time |
| 02/10/2022 | Order: Motion for Extension of Time Granted |
| 03/09/2022 | Respondent's Opposition to Motion for Summary Judgment |
| 03/29/2022 | Petitioner's Reply in Support of Motion for Summary Judgment |
| 09/20/2022 | Board Decision: Motion for Summary Judgment Granted; Cancellation Granted |
| 11/22/2022 | Notice of Appeal to the Federal Circuit |

# **PROOF OF SERVICE**

I hereby certify that on the below date I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the Appellate Electronic Filing system which will provide notice of the same on the parties of record.

I hereby certify that on the below date I also served the foregoing document on the following by email:

Patrick G. Burns
GREER BURNS & CRAIN LTD
300 South Wacker Drive, Suite 2500
Chicago, IL 60606
Email: tmdocket@gbclaw.net, pburns@gbclaw.net, smelby@gbclaw.net

Date: <u>June 27, 2023</u>

By: <u>  /s/ Gordon E. Gray          </u>
Gordon E. Gray (SBN 188896)
Email: ggray@mandourlaw.com