UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
_____

**ADAPTREND, INC.,**
*APPELLANT,*

V.

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE,**
*INTERVENOR.*
_____

Appeal from the United States Patent and Trademark Office,
Trademark Trial and Appeal Board, Cancellation No. 92074784.
_____

**BRIEF FOR INTERVENOR**

THOMAS W. KRAUSE
Solicitor

FARHEENA Y. RASHEED
Deputy Solicitor

CHRISTINA J. HIEBER
Senior Counsel for Trademark
  Policy and Litigation

SARAH E. CRAVEN
MARY BETH WALKER
Associate Solicitors
Office of the Solicitor
U.S. Patent & Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313
(571) 272-9035

July 24, 2023

*Attorneys for the Director of the
U.S. Patent & Trademark Office*

# TABLE OF CONTENTS

I.   STATEMENT OF THE ISSUES ........................................................1

II.  STATEMENT OF THE CASE.........................................................2

    A.   Narita petitioned to cancel Adaptrend's registration of TONOSAMA, asserting prior proprietary rights in the identical mark on summary judgment...............................3

    B.   The Board granted summary judgment for Narita on a statutory cause of action and on priority and likelihood of confusion in the TONOSAMA mark. ...................7

III. SUMMARY OF THE ARGUMENT.................................................10

IV. STANDARD OF REVIEW ............................................................11

V.  ARGUMENT..................................................................................12

    A.   Narita established its entitlement to a statutory cause of action under § 1064....................................12

        1.   Adaptrend forfeited its challenge to Narita's entitlement to a statutory cause of action by not raising its arguments before the Board. ........................12

        2.   Narita established entitlement to petition to cancel Adaptrend's registration based on the USPTO's refusal of its application to register the same mark. ...........................................14

    B.   The Board correctly granted Narita's motion for summary judgment on priority under § 1052(d). ....................18

        1.   Narita's declarations demonstrated priority based on the declarants' personal knowledge of an oral assignment from KKTI to Narita. ....................18

        2.   Narita did not need to show continuous use of its mark to prevail on priority......................................25

VI. CONCLUSION ...............................................................................25

# TABLE OF AUTHORITIES

**Cases**

*Am. Mfg. Co., Inc. v. Phase Indus., Inc.*,
  192 U.S.P.Q. 498 (T.T.A.B. 1976) ........................................................ 17

*AntennaSys, Inc. v. AQYR Techs., Inc.*,
  976 F.3d 1374 (Fed. Cir. 2020) ............................................................ 13

*Australian Therapeutic Supplies Pty. Ltd. V. Naked TM, LLC*,
  965 F.3d 1370 (Fed. Cir. 2020) ...................................................... 14, 17

*Ava Ruha Corp. v. Mother's Nutritional Ctr., Inc.*,
  113 U.S.P.Q.2d 1575 (T.T.A.B. 2015) .................................................. 19

*Aycock Engineering, Inc. v. Airflite, Inc.*,
  560 F.3d 1350 (Fed. Cir. 2009) ............................................................ 16

*B.R. Baker Co. v. Lebow Bros.*,
  150 F.2d 580 (C.C.P.A. 1945) .............................................................. 21

*Baxter Int'l, Inc., In re*,
  678 F.3d 1357 (Fed. Cir. 2012) ............................................................ 13

*Corcamore, LLC v. SFM, LLC*,
  978 F.3d 1298 (Fed. Cir. 2020) ................................................ 11, 14, 17

*DBC, In re*,
  545 F.3d 1373 (Fed. Cir. 2008) ............................................................ 19

*DIRECTV, Inc. v. Budden*,
  420 F.3d 521 (5th Cir. 2005) ............................................................... 19

*Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*,
  442 F.3d 812 (3d Cir. 2006) ................................................................. 23

*E.I. DuPont de Nemours & Co., In re*,
  476 F.2d 1357 (C.C.P.A. 1973) .............................................................. 9

*Empresa Cubana Del Tabaco v. Gen. Cigar Co.*,
  753 F.3d 1270 (Fed. Cir. 2014) .............................................. 8, 14, 15, 18

*Gaia Techs., Inc. v. Reconversion Techs., Inc.,*
    93 F.3d 774 (Fed. Cir. 1996) ............................................................ 17

*GSH Trademarks Ltd. v. Sia "Baltmark Invest",*
    2021 WL 1999791 (E.D. Va. May 18, 2021) ........................................ 22

*Herbko Int'l, Inc. v. Kappa Books, Inc.,*
    308 F.3d 1156 (Fed. Cir. 2002) ................................................... 12, 16

*Kemi Organics, LLC v. Rakesh Gupta,*
    126 U.S.P.Q.2d 1601 (T.T.A.B. 2018) .......................................... 24, 25

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,*
    572 U.S. 118 (2014) .................................................................... 13, 14

*Lipton Indus., Inc. v. Ralston Purina Co.,*
    670 F.2d 1024 (C.C.P.A. 1982) ........................................................ 15

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.,*
    925 F.3d 1225 (Fed. Cir. 2019) ........................................................ 13

*Nextel Commc'ns Inc. v. Motorola Inc.,*
    91 U.S.P.Q.2d 1393 (T.T.A.B. 2009) ................................................ 13

*Ritchie v. Simpson,*
    170 F.3d 1092 (Fed. Cir. 1999) ........................................................ 17

*Rite Aid Corp. v. Rite-Way Disc. Corp.,*
    182 U.S.P.Q. 698 (T.T.A.B. 1974) .................................................... 16

*Self-Realization Fellowship Church v. Ananda Church of Self-Realization,*
    206 F.3d 1322 (9th Cir. 2000) ......................................................... 19

*Sweats Fashions, Inc. v. Pannill Knitting Co.,*
    833 F.2d 1560 (Fed. Cir. 1987) ........................................................ 24

*TypeRight Keyboard Corp. v. Microsoft Corp.,*
    374 F.3d 1151 (Fed. Cir. 2004) ........................................................ 23

*Virginia House of Delegates v. Bethune-Hill,*
    139 S. Ct. 1945 (2019) .................................................................... 13

*W. Fla. Seafood, Inc. v. Jet Restaurants, Inc.*,
  31 F.3d 1122 (Fed. Cir. 1994)...........................................................25

*Zheng Cai v. Diamond Hong, Inc.*,
  901 F.3d 1367 (Fed. Cir. 2018)........................................................12

**Statutes**

15 U.S.C. § 1052(d)........................................................... passim

15 U.S.C. § 1064............................................................... passim

15 U.S.C. § 1071(a)...................................................................9

15 U.S.C. § 1114.....................................................................17

15 U.S.C. § 1127.....................................................................16

28 U.S.C. § 1295(a)(4)(B)............................................................9

**Regulations**

37 C.F.R. § 2.116(a)................................................................19

37 C.F.R. § 2.122(a)................................................................19

37 C.F.R. § 2.124...................................................................4

**Rules**

Fed. R. Civ. P. 56(c)(4)............................................................19

Fed. R. Civ. P. 56(d)..............................................................24

Fed. R. Evid. 602...............................................................19, 20

## STATEMENT OF RELATED CASES

The Director is not aware of any other appeal from the Trademark Trial and Appeal Board ("TTAB" or "the Board") in connection with trademark cancellation proceeding no. 92074784, in this Court or in any other court. The Director is also unaware of any related cases pending in this or any other court or agency that will directly affect, or be affected by, this Court's decision in this pending appeal.

# I.    STATEMENT OF THE ISSUES

Adaptrend appeals from the Board's summary-judgment decision to cancel its registration of TONOSAMA for certain gift baskets and candies. As a threshold issue, the Board found that petitioner Narita established a statutory cause of action (or statutory standing) to bring a cancellation proceeding in view of the USPTO's refusal of its application to register the same TONOSAMA mark for the same goods. On the merits, the Board found no material dispute that Narita established priority in its confusingly similar mark under 15 U.S.C. § 1052(d) based on an earlier use by KKTI, Narita's predecessor-in-interest. The Board rejected Adaptrend's evidentiary (foundation and hearsay) challenges to Narita's declarations offered to show priority, finding that they evidenced the witnesses' personal knowledge of an oral assignment of the mark from KKTI to Narita. And the Board rejected Adaptrend's argument that the declarations failed to show continuous use of the mark, noting that it was Adaptrend who bore the burden on abandonment, but had waived its abandonment defense.

On appeal, Adaptrend newly challenges Narita's entitlement to a statutory cause of action and again challenges Narita's declaration evidence as failing to establish priority and continuous use. The first issue on appeal is whether Adaptrend forfeited its arguments contesting Narita's entitlement

to a statutory cause of action by not raising them at the Board, or whether, despite Adaptrend's forfeiture, the Board properly found that Narita established its entitlement to petition to cancel Adaptrend's registration of TONOSOMA based on the USPTO's refusal of Narita's application for the same mark. The second issue on appeal is whether the Board abused its discretion in finding that Narita established priority by relying on the declarations of KKTI and Narita's corporate officers who testified to personal knowledge of an oral assignment from KKTI to Narita. And the third issue on appeal is whether Adaptrend's challenge to the declarations as failing to prove continuous use is fatally flawed, because Adaptrend bore the burden of showing abandonment, but waived its abandonment defense. The USPTO asks that the Court reject Adaptrend's arguments and affirm the Board's decision.

## II.   STATEMENT OF THE CASE

This appeal arises from a trademark cancellation proceeding under 15 U.S.C. § 1064 brought by Narita against Adaptrend's U.S. Trademark Registration No. 5,873,672 ("the '672 registration"). The '672 registration is for the mark TONOSAMA, in standard characters, for certain gift baskets and candies, and asserts a first use in commerce of December 31, 2016. Appx58. After the '672 registration issued, on October 23, 2019, Narita filed Application No. 88665122 ("the '122 application") for the same TONOSAMA mark

for the same category of goods, asserting a first use in commerce of March 27, 2016. Appx77. The USPTO refused Narita's '122 application based on a likelihood of confusion with Adaptrend's '672 registration. Appx116 ¶4.

## A. Narita petitioned to cancel Adaptrend's registration of TONOSAMA, asserting prior proprietary rights in the identical mark on summary judgment.

Following the refusal of its '122 application, Narita petitioned to cancel Adaptrend's registration under § 1064, asserting a claim under § 1052(d) grounded in its priority of use in the TONOSAMA mark and a likelihood of confusion with the identical mark in the '672 registration. Appx113-114. Narita's petition asserted prior common-law rights in the mark by its predecessor-in-interest, with a first-use date as early as March 28, 2016. *See* Appx116 ¶4-6; Appx117-118 ¶9-10. And the petition asserted Narita's personal stake in the outcome of the proceeding and that it was damaged by the '672 registration based on the USPTO's refusal of its '122 application. Appx117 ¶7. Adaptrend answered and asserted several affirmative defenses, including non-ownership and abandonment of rights in the mark (Appx259), both of which Adaptrend later withdrew (Appx4-5; Appx161-162).

During discovery, Narita identified Mr. Izumi, president of Kabushiki Kaisha TI Express ("KKTI"), and Mr. Narita, president of Narita, as having

discoverable information concerning Narita's acquisition and ownership of the TONOSAMA mark. Appx263; Appx277-278. Narita further responded to interrogatories by asserting that Narita acquired entire right, title, and interest to the TONOSAMA mark in an oral agreement between KKTI and Narita on or about November 25, 2016, and that KKTI executed a *nunc pro tunc* trademark assignment on October 20, 2020, which memorialized this earlier assignment in 2016. Appx280; Appx290-291. Adaptrend did not seek to take depositions on written questions of either Mr. Izumi or Mr. Narita. *See* 37 C.F.R. § 2.124; Appx224.

At the end of discovery, Narita filed a motion for summary judgment. Appx20-42. As a threshold issue, Narita's motion asserted entitlement to a statutory cause of action based on the refusal of its '122 application. Appx30-31. On the merits of its § 1052(d) claim, Narita's motion asserted 1) priority based on KKTI's first sale of TONOSAMA branded goods in the United States on March 27, 2016, prior to Adaptrend's asserted first sale on June 13, 2016 (Appx23-26; Appx32-34); and 2) a likelihood of confusion based on the use of same mark for similar goods (Appx34-41). To show prior proprietary rights in a common-law mark via a chain of title, Narita relied on an oral agreement assigning the TONOSAMA mark from KKTI to Narita on or

about November 25, 2016, as memorialized by the *nunc pro tunc* trademark assignment. Appx26-27; Appx31-32.

To support the summary-judgment motion, Mr. Izumi and Mr. Narita provided declarations on the use and assignment of the TONOSAMA mark. Appx27; Appx48-52. Mr. Izumi testified in his declaration that he was president of KKTI both at the time of KKTI's first U.S. sale under the TONOSAMA mark on March 27, 2016 (via his Amazon account "Dream Express Japan"), and at the time of the oral assignment of the mark to Narita, and that he made his declaration based on his personal knowledge or on business records that were made at the time or in the regular course of business. Appx50-52; *see also* Appx23-24; Appx132. Mr. Narita similarly testified in his declaration to the assignment of the TONOSAMA mark based on his personal knowledge or on business records made at the time or in the regular course of business. Appx48. Mr. Narita testified that on or about November 25, 2016, KKTI entered an oral agreement with Narita to assign all rights, title, and interest in the TONOSAMA mark to Narita, and that Narita's first U.S. sale of goods under the TONOSAMA mark was November 25, 2016 (via Narita's Amazon account "world bridge from Japan"). Appx48-49; *see also* Appx26 ¶20; Appx31-32; Appx133.

In opposition to Narita's motion, Adaptrend argued that there were genuine issues of material fact regarding Narita's priority and continuous use of the subject mark. Appx206. As to priority, Adaptrend argued that Mr. Izumi and Mr. Narita's declarations failed to establish an oral assignment of trademark rights from KKTI to Narita in November 2016, because the declarations lacked foundation and comprised inadmissible hearsay for not asserting personal knowledge of the assignment or providing evidence to support an exception to the rule against hearsay. Appx207-213. As to continuous use, Adaptrend argued that Mr. Narita's declaration failed to establish continuous use of the TONOSAMA mark from 2017 to the present, asserting that the evidence, read in Adaptrend's favor, provided *prima facie* evidence of abandonment. Appx213-214.

In reply, Narita argued that Adaptrend failed to raise genuine issues of material fact because its challenges to priority and continuous use raised only previously withdrawn defenses of non-ownership and abandonment. Appx220-221. Narita further argued that it was not required to show continuous use of the mark, as the burden of showing abandonment lay with Adaptrend. Appx225. Regarding Adaptrend's evidentiary challenges to Mr. Izumi and Mr. Narita's declarations to prove priority, Narita argued that the declarations were not based on hearsay, but on the personal knowledge

of persons in authority within the organizations at the relevant time periods. Appx221-222. Yet, to eliminate any doubt, Mr. Izumi and Mr. Narita submitted reply declarations asserting their personal knowledge of and participation in the oral trademark assignment. Appx222-223; Appx230-233. Mr. Izumi testified that, in his capacity as president of KKTI, "Mr. Narita and I personally reached an oral argument regarding th[e] transfer on November 25, 2016" (Appx232), and Mr. Narita testified that "[o]n November 25, 2016, acting in my capacity as the Director of Narita LLC, I personally reached an oral agreement with Mr. Izumi to transfer all the right[s], title, and interest in the TONOSAMA trademark to Narita LLC" (Appx230).

## B. The Board granted summary judgment for Narita on a statutory cause of action and on priority and likelihood of confusion in the TONOSAMA mark.

The Board granted Narita's motion for summary judgment, finding that Narita established its entitlement to a statutory cause of action under § 1064 as well as priority and a likelihood of confusion under § 1052(d) as a matter of law. Appx11-18. The Board therefore entered judgment for Narita and ordered cancellation of Adaptrend's '672 registration. Appx18.

As to § 1064's requirements, the Board found that Narita established its entitlement to petition for cancellation of Adaptrend's '672 registration. Appx11-12. Relying on the undisputed facts that the USPTO had refused

Narita's '122 application for the TONOSAMA mark based on a likelihood of confusion with Adaptrend's registration of the same mark, the Board found that there was no genuine dispute that Narita had a legitimate interest in seeking cancellation of the registration and a reasonable belief in damage should Adaptrend's TONOSAMA mark continue to be registered. Appx12 (citing *Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270 (Fed. Cir. 2014)).

Before ruling on the merits of Narita's § 1052(d) claim, the Board first rejected Adaptrend's evidentiary objections to Mr. Izumi and Mr. Narita's declarations. Appx5-11. Noting Adaptrend's argument that the declarants failed to lay a proper foundation for their personal knowledge of an oral assignment from KKTI to Narita, the Board found that the declarations made a sufficient showing of personal knowledge of the facts stated therein. Specifically, the Board found that Mr. Izumi and Mr. Narita were, as corporate officers of KKTI and Narita, respectively, "positioned to know or have access to information relevant to the substance of their respective declarations and the assignment referenced therein," and that their declarations were made based on personal knowledge or business records. Appx9. The Board also relied on Narita's reply declarations in which Mr. Izumi and Mr. Narita both stated that they personally reached an oral agreement to transfer the rights

to the TONOSAMA mark from KKTI to Narita. Appx10. The Board found that the reply declarations, by addressing a specific argument raised by Adaptrend, constituted proper rebuttal evidence for the Board's consideration. Appx10.

On the merits, the Board found no genuine dispute of material fact on priority of use or a likelihood of confusion. For priority, the Board found that the uncontradicted declarations of Mr. Izumi and Mr. Narita, supported by the evidence of an Amazon.com order, established that Narita's first sale of TONOSAMA goods in the United States was March 27, 2016, earlier than Adaptrend's earliest asserted sale on June 13, 2016. Appx14-15. For likelihood of confusion, the Board considered the evidence of record applicable to the factors set forth in *In re E.I. DuPont de Nemours & Co.*, 476 F.2d 1357 (C.C.P.A. 1973), and found no genuine dispute over the similarity of the parties' mark, the relatedness of the goods, or the overlap in the channels of trade. Appx15-17. The Board found that, given the parties' identical mark and legally identical goods, Narita established a likelihood of confusion on those *DuPont* factors alone as a matter of law. Appx17-18.

Adaptrend appealed the Board's decision to this Court. The Court has jurisdiction under 15 U.S.C. § 1071(a) and 28 U.S.C. § 1295(a)(4)(B).

## III.  SUMMARY OF THE ARGUMENT

The Board correctly granted summary judgment for Narita and ordered cancellation of Adaptrend's '672 registration. Adaptrend fails to show error in the Board's decision.

First, the Board properly found that Narita established a statutory cause of action under § 1064 to petition for cancellation of Adaptrend's registration. As an initial matter, Adaptrend forfeited its new challenge to Narita's statutory standing by failing to raise its arguments below. And contrary to Adaptrend's assertion, statutory standing, unlike Article III standing, is not jurisdictional and may be forfeited. Yet, if the Court excuses the forfeiture and reaches the issue, the Board correctly found that Narita established a statutory cause of action—a real interest in the outcome of the proceeding and a reasonable basis for its belief in damage—by showing that its '122 application was refused because of a likelihood of confusion with Adaptrend's registration of the identical TONOSAMA mark. The USPTO's refusal is undisputed, and Adaptrend cannot show a lack of statutory standing by collaterally attacking Narita's evidence of priority (via an oral assignment).

Second, the Board did not abuse its discretion in relying on Narita's declarations to prove under § 1052(d) Narita's prior use of the TONOSAMA

mark via an assignment from KKTI to Narita. Adaptrend does not address the Board's findings that the declarations of Mr. Izumi and Mr. Narita, corporate officers of KKTI and Narita at the time of the assignment, sufficed to show personal knowledge based on the declarants' corporate positions. Moreover, regardless of any deficiencies in the initial declarations, the Board properly relied on reply declarations in which Mr. Izumi and Mr. Narita unambiguously asserted personal knowledge of the trademark assignment. Adaptrend's repeated assertions, without any contradictory or inconsistent evidence, that the declarations lack corroborating evidence of personal knowledge and are untrustworthy fail to show a genuine dispute precluding summary judgment.

Third, Adaptrend's repeated argument that Mr. Narita's declaration cannot establish continuous use of the TONOSAMA mark is fatally flawed. Narita was not required to show continuous use for its § 1052(d) claim, and Adaptrend waived its abandonment defense.

## IV.  STANDARD OF REVIEW

Whether a party is entitled to bring or maintain a statutory cause of action to cancel a trademark registration is a legal question that the Court reviews *de novo*. *Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 1303 (Fed. Cir. 2020). The Court reviews the Board's grant of summary judgment *de*

*novo*, deciding for itself whether the pleadings and record evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1161 (Fed. Cir. 2002) (quoting Fed. R. Civ. P. 56). The Board's evidentiary rulings, in contrast, are reviewed for abuse of discretion. *Zheng Cai v. Diamond Hong, Inc.*, 901 F.3d 1367, 1370 (Fed. Cir. 2018).

## V. ARGUMENT

### A. Narita established its entitlement to a statutory cause of action under § 1064.

For the first time on appeal, Adaptrend contends that Narita failed to show its entitlement to a statutory cause of action under § 1064 for its petition to cancel. *See* Adaptrend's Opening Brief ("Br.") at 24-27. Adaptrend's challenge to Narita's statutory standing is forfeited, but it also fails on the merits.

#### 1. Adaptrend forfeited its challenge to Narita's entitlement to a statutory cause of action by not raising its arguments before the Board.

As an initial matter, Adaptrend admittedly failed to raise a challenge to Narita's entitlement to a statutory cause of action before the Board. Br. at 24 ("Though not raised below, … ."). Thus, its new challenge on appeal is forfeited. While Adaptrend argues that a challenge to standing can never be

waived or forfeited, citing *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019) (Br. at 24), *Bethune-Hill* does not relate to a statutory cause of action (or statutory standing), but to Article III standing. And in contrast to Article III standing, statutory standing is not jurisdictional and may be waived or forfeited. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019) (distinguishing Article III standing and holding that statutory standing is not jurisdictional, citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4. (2014)); *AntennaSys, Inc. v. AQYR Techs., Inc.*, 976 F.3d 1374, 1379 (Fed. Cir. 2020) (addressing waiver).

Adaptrend offers no exceptional circumstances excusing its failure to raise a challenge to Narita's statutory standing at the Board. *See In re Baxter Int'l, Inc.*, 678 F.3d 1357, 1362 (Fed. Cir. 2012) ("Absent exceptional circumstances, … we generally do not consider arguments that the [appellant] failed to present to the Board."). Accordingly, this Court should find that Adaptrend forfeited its challenge by failing to raise it in its opposition to Narita's summary-judgment motion. *See Nextel Commc'ns Inc. v. Motorola Inc.*, 91 U.S.P.Q.2d 1393, 1395 n.1 (T.T.A.B. 2009) (stating that grounds for opposition not argued by opposer in its brief are deemed waived).

### 2. Narita established entitlement to petition to cancel Adaptrend's registration based on the USPTO's refusal of its application to register the same mark.

Should the Court reach the issue notwithstanding Adaptrend's forfeiture, Narita established statutory standing. Under the Lanham Act, a petition to cancel a registration of a mark may be filed "by any person who believes that he is or will be damaged … by the registration of a mark." 15 U.S.C. § 1064. To establish entitlement to a cause of action under § 1064, a party must show (1) that it is within the zone of interests protected by the statute (i.e., that it has a "real interest" in the outcome of the proceeding) and (2) damage proximately caused by a registration (i.e., a reasonable basis for its belief in damages). *Corcamore*, 978 F.3d at 1305-06 (citing *Lexmark*, 572 U.S. at 130-32, and *Empresa Cubana*, 753 F.3d at 1275); *Australian Therapeutic Supplies Pty. Ltd. V. Naked TM, LLC*, 965 F.3d 1370, 1373-74 (Fed. Cir. 2020).

Here, Narita's summary-judgment motion demonstrated its entitlement to a statutory cause of action as a matter of law. Appx11-12. Narita's motion asserted, and Adaptrend does not dispute, that the USPTO refused Narita's '122 application based on a likelihood of confusion with Adaptrend's registration of the same TONOSAMA mark for the same goods. Appx30-31.

The USPTO's refusal to register Narita's mark based on a confusingly similar mark is sufficient to prove both an interest falling within the zone of interests protected by the statute and damage proximately caused by the registration of a mark. *See Empresa Cubana*, 753 F.3d at 1275 ("[A] pending application that has been refused registration based on a likelihood of confusion with a registered mark is sufficient to show that the petitioner seeking to cancel the registered mark is the type of party Congress authorized under 15 U.S.C. § 1064."); *Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 1029 (C.C.P.A. 1982) (same).

Adaptrend's arguments against Narita's showing of a statutory cause of action confuse § 1064's requirements, which were satisfied by the refusal of Narita's '122 application, *Empresa Cubana*, 753 F.3d at 1275, with the merits of Narita's claim of priority in the TONOSAMA mark. Specifically, while Adaptrend argues that Narita lacks statutory standing because it cannot prove it acquired common-law rights to TONOSAMA from KKTI prior to filing its use-based '122 application, making the application void *ab initio* (Br. at 25), Narita's evidence that it acquired KKTI's rights by assignment goes to the merits of Narita's priority claim. And attacks on that evidence do not undermine Narita's entitlement to a statutory cause of action for the Board to adjudicate the question of priority of use of the TONOSOMA mark

in this case. *See Herbko*, 308 F.3d at 1161-62 (deciding standing and priority separately).

Adaptrend cites *Aycock Engineering, Inc. v. Airflite, Inc.*, 560 F.3d 1350 (Fed. Cir. 2009), for the proposition that a registration (or application) that does not meet the "use in commerce" requirement is void *ab initio*. Br. at 25. Here, however, it is undisputed that Narita used the TONOSAMA mark in commerce prior to filing its '122 application. *See* Appx29; 15 U.S.C. § 1127 (defining "use in commerce"). Thus, for the reasons stated above, Adaptrend's allegation that the '122 application is void *ab initio* is irrelevant to Narita's entitlement to statutory standing, but, in any event, fails on the merits.

Adaptrend next argues that the *nunc pro tunc* assignment cannot confer statutory standing on Narita retroactively. Br. at 26. But, again, attacks on Narita's evidence of an assignment do not address Narita's entitlement to a statutory cause of action, but the merits of Narita's claim of prior proprietary rights in the TONOSAMA mark. Regardless, the *nunc pro tunc* assignment, signed in 2020, does not assign rights in 2020, as Adaptrend's argument implies, but evidences an earlier oral assignment of common-law rights in 2016 to show priority in this cancellation proceeding. *See, e.g.*, *Rite Aid Corp. v. Rite-Way Disc. Corp.*, 182 U.S.P.Q. 698, 700 n.3 (T.T.A.B. 1974)

(noting that an earlier assignment can be evidenced by a *nunc pro tunc* agreement); *Am. Mfg. Co., Inc. v. Phase Indus., Inc.*, 192 U.S.P.Q. 498, 500 (T.T.A.B. 1976) ("Neither a formal assignment nor recordation of an assignment in the [PTO] is necessary to pass title or ownership to common law … trademark rights.").

As such, *Gaia Technologies, Inc. v. Reconversion Technologies, Inc.*, 93 F.3d 774 (Fed. Cir. 1996), cited by Adaptrend (Br. at 26), is inapposite. *Gaia* holds that a *nunc pro tunc* assignment failed to retroactively confer statutory standing for a registered trademark, and failed to do so for a district court infringement suit under 15 U.S.C. § 1114, which, unlike § 1064, *does* require ownership for standing. *Gaia*, 93 F.3d at 779-80; *see also Australian Therapeutic*, 965 F.3d at 1374 ("[N]either § 1064 nor our precedent requires that a petitioner in a cancellation proceeding must prove that it has proprietary rights in its own mark in order to demonstrate a real interest in the proceeding and a belief of damage.").

At the Board, demonstrating entitlement to a statutory cause of action to bring a cancellation proceeding is a low threshold, intended only to ensure that the petitioner has a real interest in the matter and a reasonable belief in damages by the registration of a trademark. *See Corcamore*, 978 F.3d at 1305-06; *Ritchie v. Simpson*, 170 F.3d 1092, 1095 (Fed. Cir. 1999). Here,

Narita met that threshold by showing the USPTO's refusal of its '122 application. *See Empresa Cubana*, 753 F.3d at 1275. And Adaptrend's attack on Narita's evidence of priority in the context of a challenge to statutory standing for the first time on appeal not only raises forfeited issues, but also fails to show a genuine dispute on summary judgment.

## B. The Board correctly granted Narita's motion for summary judgment on priority under § 1052(d).

On the merits of Narita's petition to cancel under § 1052(d), the Board found that Narita demonstrated priority and a likelihood of confusion as a matter of law. Appx12-18. Adaptrend does not directly challenge these findings on appeal, but instead raises rejected or new evidentiary objections to Narita's evidence of priority and again argues that Narita was required to show continuous use, despite Adaptrend's withdrawal of its abandonment defense. None of Adaptrend's arguments show error in the Board's decision.

### 1. Narita's declarations demonstrated priority based on the declarants' personal knowledge of an oral assignment from KKTI to Narita.

Adaptrend does not dispute that KKTI, Narita's asserted predecessor-in-interest, first used the TONOSAMA mark on March 27, 2016, months earlier than Adaptrend's asserted first use of the mark on June 13, 2016. Rather, Adaptrend disputes the veracity of the assignment of the mark from

KKTI to Narita in November 2016, asserting that the evidence, the declarations of Mr. Izumi and Mr. Narita, lack foundation, comprise inadmissible hearsay, and are not credible. *See* Br. at 7-19. Adaptrend's evidentiary challenges fail to show that the Board abused its discretion in relying on the declarations to find that Narita established priority.

The Board applies the Federal Rules of Civil Procedure and Evidence in *inter partes* proceedings. 37 C.F.R. §§ 2.116(a), 2.122(a). Under the Federal Rules, declarations may be submitted in support of a motion for summary judgment provided that they are "made on personal knowledge." Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Pursuant to these rules, a declaration is admissible when a declarant's assertion of personal knowledge of events and documents can be inferred from his or her position at a company. *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000); *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005); *Ava Ruha Corp. v. Mother's Nutritional Ctr., Inc.*, 113 U.S.P.Q.2d 1575, 1578-79 (T.T.A.B. 2015); *see In re DBC*, 545 F.3d 1373, 1383 (Fed. Cir. 2008) (relying on a declarant averring personal knowledge based on discussions with company employees, contractors, and officers).

Here, consistent with the Federal Rules and case law, the Board found that Mr. Izumi and Mr. Narita asserted that their declarations were made based on personal knowledge or business records and that, as corporate officers of KKTI and Narita, the men were "positioned to know or have access to information relevant to the substance of their respective declarations and the assignment referenced therein." Appx9. The Board thus concluded that the testimony itself was sufficient to show personal knowledge of the facts stated in the declarations, including an oral assignment of the TONOSAMA mark from KKTI to Narita. Appx9; *see* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."); *see also* 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 18:4 (5th ed. 2023) ("If there is no documentary evidence of an assignment, it may be proven by the clear and uncontradicted oral testimony of a person in a position to have actual knowledge.").

On appeal, Adaptrend does not address the Board's findings that the declarations made a sufficient showing of personal knowledge based on Mr. Izumi and Mr. Narita's corporate positions and their assertion of personal knowledge. Rather, Adaptrend just repeats its arguments that the declarations lack foundation under Rule 602 and are inadmissible hearsay under

Rule 802, which fails to assert any error in the Board's findings rejecting those arguments. *Compare* Br. at 8-10, 14-16, *with* Appx207-213.

Yet, regardless of any deficiencies in the initial declarations, the reply (or rebuttal) declarations relied on by the Board unambiguously assert Mr. Izumi's and Mr. Narita's personal knowledge of the oral assignment of the TONOSAMA mark from KKTI to Narita on November 25, 2016. Appx10. Adaptrend does not contend that the Board impermissibly relied on the reply declarations as rebuttal evidence, arguing instead that the declarations lack corroborating documentary evidence, such as emails or other correspondence discussing the assignment.[1] Br. 18-19. But no documentary corroboration was required. Witness testimony, if "sufficiently probative" and not "characterized by contradictions, inconsistencies, and indefiniteness," is sufficient to prove priority. *B.R. Baker Co. v. Lebow Bros.*, 150 F.2d 580, 583

---

[1] Despite arguing that the reply declarations did not answer its asserted deficiencies in the initial declarations, Adaptrend also argues that it did not have an opportunity to respond to the reply declarations and thus, "[a]s a matter of due process, the reply declarations cannot support entry of summary judgment." Br. at 18. The declarations, however, did not raise a new issue, but simply clarified that Mr. Izumi and Mr. Narita each had personal knowledge of the oral assignment from KKTI to Narita. Appx222. Yet, to the extent that Adaptrend, despite not seeking a sur-reply or other relief before the Board, has adequately asserted that it lacked an opportunity to respond to the evidence of an oral assignment testified to in the reply declarations, the Court should not reverse the grant of summary judgment, but remand for the Board to provide Adaptrend with an opportunity to respond.

(C.C.P.A. 1945) (distinguishing priority in a mark from priority of invention in patent interferences, only the latter of which requires corroboration); *GSH Trademarks Ltd. v. Sia "Baltmark Invest"*, 2021 WL 1999791, at *4 (E.D. Va. May 18, 2021) (citing cases). And each witness's testimony corroborates the other.

While Adaptrend argues that the timing of the *nunc pro tunc* assignment, i.e., three months after the beginning of the cancellation proceeding, indicates a clear lack of trustworthiness of the declaration's testimony (Br. at 10), all the evidence is consistent with an assignment of the TONOSAMA mark from KKTI to Narita. As noted above, the assignment document memorializes an earlier oral assignment of common-law rights on November 25, 2016. *Supra,* p.16. Additionally, the evidence from Amazon.com shows that KKTI made its first sale of goods in the United States under the TONOSAMA mark on March 27, 2016, using Mr. Izumi's Amazon seller account "Dream Express Japan." Appx23-24; Appx51; Appx131; Appx132. Then, on November 25, 2016, Narita made its first sale in the United States under the TONOSAMA mark using Narita's Amazon account. Appx29; Appx49; Appx131-132; Appx133. There is no evidence that KKTI continued to sell goods under the TONOSAMA mark after November 25, 2016, and no evidence of a dispute between KKTI and Narita over ownership of the mark.

Rather, the evidence comports with an assignment of the mark from KKTI to Narita on November 25, 2016, corresponding with Narita's first sale, as both declarations state. Appx48; Appx52; Appx230; Appx232.

Indeed, Adaptrend points to no inconsistent or contradictory evidence of record that undermines the credibility of Mr. Izumi and Mr. Narita's declarations. The absence of contrary evidence distinguishes *Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*, 442 F.3d 812 (3d Cir. 2006), relied on by Adaptrend (Br. at 10-11), since in *Doeblers'*, the Third Circuit held that summary judgment was inappropriate because there was documentary evidence that might be found to contradict the declarant's testimony. 442 F.3d at 822. The absence of contrary evidence here also means that the Board did not impermissibly weigh any evidence or make any credibility determinations on summary judgment, as Adaptrend believes. *See* Br. at 11, 13. Rather, it is Adaptrend who asserts, without evidence, that the declarations are not to be believed because made by "self-serving witnesses and admitted friends." Br. at 11. But "[s]ummary judgment should not be denied simply because the opposing party asserts that the movant[']s witnesses are not to be believed." *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1158 (Fed. Cir. 2004).

And while Adaptrend complains on appeal that it did not have an opportunity to depose Mr. Izumi or Mr. Narita (Br. at 11-12, 17), this complaint comes too late. Adaptrend did not seek to depose Mr. Izumi or Mr. Narita during discovery. Nor did it seek the protection of Rule 56(d). *See Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1566-67 (Fed. Cir. 1987) ("A party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) [now (d)] to set out reasons for the need for discovery in an affidavit."). Adaptrend said nothing about deposing Narita's declarants in opposing Narita's motion for summary judgment before the Board. *See* Appx200-215. The issue is thus forfeited.

As the Board found, the testimony of Mr. Izumi and Mr. Narita was sufficient to establish an oral assignment of common-law trademark rights. Appx10. And because Adaptrend fails to show any deficiency in Narita's evidence or provide any contrary evidence, Narita's evidence stands unrebutted and is sufficient on summary judgment to establish Narita's priority. *See Kemi Organics, LLC v. Rakesh Gupta*, 126 U.S.P.Q.2d 1601, 1607-09 (T.T.A.B. 2018) (granting summary judgment despite attacks on the credibility of petitioner's witnesses, when the absence of any contrary testimony or evidence left petitioner's evidence unrebutted).

### 2. Narita did not need to show continuous use of its mark to prevail on priority.

Adaptrend next argues that the Board erred in granting summary judgment because Mr. Narita's declaration fails to show continuous use of the TONOSAMA mark after 2017. Br. at 20-22. But Narita did not need to show continuous use, as "continuous use is not required to establish Petitioner's priority." *Kemi Organics*, 126 U.S.P.Q.2d at 1607. Section 2(d) does not "speak of 'continuous use,' but rather of whether the mark or trade name has been '*previously used* in the United States by another *and not abandoned*.'" *W. Fla. Seafood, Inc. v. Jet Restaurants, Inc.*, 31 F.3d 1122, 1128 (Fed. Cir. 1994) (quoting 15 U.S.C. § 1052(d)). And when an "abandonment allegation is, in effect, in the stance of a defense to a prior use assertion," then "the party asserting abandonment bears at a minimum a burden of coming forth with some evidence of abandonment." *Id.* at 1128-29; *Kemi Organics*, 126 U.S.P.Q.2d at 1605. In this case, however, Adaptrend waived its abandonment defense. Appx4-5; Appx161-162; Br. at 20.

## VI. CONCLUSION

For the foregoing reasons, the Court should affirm the Board's decision that Narita established entitlement to a statutory cause of action and affirm the Board's grant of summary judgment in favor of Narita.

Dated: July 24, 2023

Respectfully submitted,

/s/  Sarah E. Craven
THOMAS W. KRAUSE
Solicitor

FARHEENA Y. RASHEED
Deputy Solicitor

CHRISTINA J. HIEBER
Senior Counsel for Trademark Policy
and Litigation

SARAH E. CRAVEN
MARY BETH WALKER
Associate Solicitors

Office of the Solicitor
U.S. Patent & Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313
(571) 272-9035

*Attorneys for the Director of the
U.S. Patent & Trademark Office*