**Case No. 23-1195**

*In the*

# United States Court of Appeals

*for the*

# Federal Circuit

In re: ADAPTREND, INC.,
*Appellant*

*Appeal from the United States Patent and Trademark Office,*
*Patent Trial and Appeal Board No. 92074784*
*Administrative Patent Judge Cheryl S. Goodman · Administrative Patent Judge Jonathan Hudis*
*Administrative Patent Judge Frances S. Wolfson*

# REPLY BRIEF OF APPELLANT ADAPTREND, INC.

GORDON E. GRAY
**MANDOUR & ASSOCIATES, APC**
8605 Santa Monica Boulevard
Suite 1500
Los Angeles, California 90069
Telephone: (858) 487-9300
geg@grayiplaw.com

*Attorneys for Appellant,*
*Adaptrend, Inc.*

August 14, 2023

COUNSEL PRESS · (213) 680-2300 PRINTED ON RECYCLED PAPER

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii

I. INTRODUCTION ........................................................................... 1

II. NARITA EXPORT DID NOT HAVE ENTITLEMENT TO A STATUTORY CAUSE OF ACTION FOR ITS PETITION TO CANCEL ........................................................................... 3

A. ADAPTREND DID NOT WAIVE ITS RIGHT TO CHALLENGE THE STATUTORY BASIS FOR THIS ACTION................................ 3

B. NARITA EXPORT'S TRADEMARK APPLICATION WAS VOID *AB INITIO* AND COULD NOT BE CORRECTED AFTER INITIATION OF THE ACTION TO EVIDENCE STANDING ........................................................................... 5

III. THE DECLARATIONS OF MESSRS. NARITA AND IZUMI ARE INADMISSIBLE AND WERE INSUFFICIENT TO ESTABLISH PRIORITY OR CONTINUOUS USE AS A MATTER OF LAW .................. 6

A. THE DECLARATIONS OF MESSRS. NARITA AND IZUMI ARE INADMISSIBLE AND WERE INSUFFICIENT TO ESTABLISH PRIORITY ........................................................ 6

B. THE DECLARATIONS OF MR. NARITA WERE INSUFFICIENT TO ESTABLISH PRIOR *CONTINUOUS* USE UNDER §1052(d) ..... 8

C. THE BOARD'S ADMISSION AND CONSIDERATION OF THE DECLARATIONS OF MESSRS. IZUMI AND NARITA WAS A VIOLATION OF DUE PROCESS ON SUMMARY JUDGMENT AND CLEAR ERROR ................................................. 10

CONCLUSION AND RELIEF SOUGHT ............................................................. 11

CERTIFICATE OF COMPLIANCE..................................................................... 12

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*AntennaSys, Inc. v. AQYR Techs., Inc.*,
976 F.3d 1374 (Fed. Cir. 2020)....................4

*Australian Therapeutic Supplies Pty. Ltd. U. Naked TM, LLC*,
965 F.3d 1370, 2020 USPQ2d 10837 (Fed. Cir. 2020), *cert. denied*,
142 S. Ct. 82 (2021)....................3

*Aycock Eng. v. Airflite*,
560 F.3d 1350 (Fed. Cir. 2009)....................5

*Doeblers' Pennsylvania Hybrids v. Doebler*,
442 F.3d 812 (3rd Cir. 2006) ....................10

*Gaia Technologies, Inc. v. Reconversion Technologies, Inc.*,
93 F.3d 774 (Fed. Cir. 1996)....................2, 6

*Kate Spade LLC v. Thatch, LLC*,
126 USPQ2d 1098 (T.T.A.B. 2018) ....................10

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118, 109 USPQ2d 2061 (2014) ....................3

*Lone Star Silicon Innovations LLC. v. Nanya Tech. Corp.*,
925 Fed. 1225 (Fed. Cir. 2019)....................4

*Minneapolis St. Louis R.R. Co. v. Peoria Perkin Union Ry. Co.*,
270 U.S. 580 (1926)....................5

*Opryland USA Inc. v. The Great American Music Show, Inc.*,
970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992). ....................7, 9

*Sartor v. Ark. Natural Gas Corp.*,
321 U.S. 620 (1944)....................2

*Spanishtown Enters., Inc. v. Transcend Resources, Inc.*,
2020 USPQ2d 11388 (TTAB 2020) ....................4, 5

*Typeright Keyboard v. Microsoft Corp.*,
374 F.3d 1151 (Fed. Cir. 2004)....................2

*Westrex Corporation v. New Sensor Corporation*,
No. 91170940 (T.T.A.B. May 11, 2007)....................8

**STATUTES**

15 U.S.C. § 1052 ........ 8
15 U.S.C. § 1063 ........ 4
15 U.S.C. § 1064 ........ 4
15 U.S.C. § 1127 ........ 9
TBMP § 520 ........ 1
TBMP § 703.01 ........ 10

**RULES**

Fed. R. Civ. P. 12 ........ 4
Fed. R. Civ. P. 28 ........ 1, 10
Fed. R. Civ. P. 54 ........ 10
Fed. R. Evid. 602 ........ 6
Fed. R. Evid. 802 ........ 6, 7
Fed. R. Evid. 803 ........ 7

**REGULATIONS**

37 CFR § 2.124 ........ 1, 10

**REPLY BRIEF OF APPELLANT ADAPTREND, INC.**

# I. INTRODUCTION

Appellant Adaptrend, Inc. (hereinafter "Appellant" and "Adaptrend") hereby replies to the brief of Intervenor Katherine K. Vidal, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (hereinafter "Intervenor" and "Director"). The Director fails to identify admissible evidence that establishes as a matter of law that Petitioner Narita Export, Inc. (hereinafter "Petitioner" and "Narita Export") was entitled to summary judgment cancelling Adaptrend's trademark registration. In particular, the alleged oral assignment of the TONOSAMA mark from Kabushiki Kaisha TI Express ("KKTI") to Narita Export was based on the self-serving declarations of two admitted friends[1], Mr. Izumi and Mr. Narita, that lacked foundation and comprised inadmissible hearsay. Moreover, the Director fails to acknowledge that Mr. Izumi and Mr. Narita were legally unavailable for deposition and cross-examination. TBMP §520, 37 CFR § 2.124 and Fed. R. Civ. P. 28. Thus, their testimony was not available for cross-examination of any kind prior to trial. *Id.* The self-serving nature of the testimony, the fact that it was not an arms-length transaction for monetary consideration[2], the fact that the *nunc pro tunc* assignment was not created until *three*

---

[1] "I have been friends with Teruhiko Izumi since January 1, 2015." [Appx232.]

[2] "I personally reached an oral agreement with Mr. Izumi to transfer all the right, title, and interest in the TONOSAMA trademark to Narita LLC, *without*

months after the initiation of the action (and years after the alleged assignment) and was not recorded/disclosed until just prior to the close of discovery, are all specific facts that call into question the credibility of Messrs. Izumi and Narita and should have prevented the Board from entering summary judgment. *Typeright Keyboard v. Microsoft Corp.*, 374 F.3d 1151, 1158-59 (Fed. Cir. 2004); *citing Sartor v. Ark. Natural Gas Corp.*, 321 U.S. 620, 628-29 (1944).

Furthermore, the *ad hoc* creation of the *nunc pro tunc* assignment after the filing of the Petition to Cancel supports dismissal of the Petition as not entitled to a statutory cause of action. *Gaia Technologies, Inc. v. Reconversion Technologies, Inc.*, 93 F.3d 774, 779-80 (Fed. Cir. 1996). The Director fails to address that the '122 trademark application filed by Narita Export was based on use, specifically the alleged March of 2016 use claimed by KKTI. [Appx236-250.] Thus, to demonstrate entitlement to a statutory cause of action, Narita Export was required to provide evidence that it had a valid trademark application prior to initiation of the action per *Gaia, supra.* Instead, Narita Export offered inadmissible hearsay declarations and a *nunc pro tunc* trademark assignment fabricated three months after the petition to cancel was filed. Such actions go directly against the admonitions in *Gaia, supra,* that a party's standing must be established prior to filing and cannot be corrected after the fact. The Board's judgment should be reversed.

---

*compensation*." [Appx230] (emphasis added).

## II. NARITA EXPORT DID NOT HAVE ENTITLEMENT TO A STATUTORY CAUSE OF ACTION FOR ITS PETITION TO CANCEL

The Director claims that Narita Export's entitlement to a statutory cause of action is based upon the '122 application but fails to acknowledge the basis and nature of Narita Export's application, namely its §1(a) basis laying claim solely to the March 2016 use date. As the '122 trademark application was void *ab initio*, Narita Export did not have evidence of entitlement to a statutory cause of action *prior* to filing its petition to cancel. These grounds for dismissal for the petition were neither waived nor waivable.

### A. ADAPTREND DID NOT WAIVE ITS RIGHT TO CHALLENGE THE STATUTORY BASIS FOR THIS ACTION

Intervenor claims that Adaptrend waived its challenge to "standing" or more precisely, "entitlement to a statutory cause of action" because the issue was not raised before the Board. (Intervenor brief, pp. 12-13.) However, this is incorrect as the Board raised the issue in its own decision and did not consider the element "waived." (Decision, pp. 11-12.) This was not unusual as the requirement is part and parcel to every cancellation. *See Australian Therapeutic Supplies Pty. Ltd. U. Naked TM, LLC,* 965 F.3d 1370, 2020 USPQ2d 10837, at *3 (Fed. Cir. 2020) *cert. denied,* 142 S. Ct. 82 (2021)(citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 125-26, 109 USPQ2d 2061, 2067 n.4 (2014)). Accordingly, the issue was clearly raised below and remains at issue on appeal to this Court.

The Director's claim that the issue is "waivable" is unsupported. The Director cites two cases, *Lone Star Silicon Innovations LLC. v. Nanya Tech. Corp.,* 925 Fed. 1225, 1235 (Fed. Cir. 2019) and *AntennaSys, Inc. v. AQYR Techs., Inc.,* 976 F.3d 1374, 1379 (Fed. Cir. 2020), to support that the issue is "waivable." However, each case is inapposite. The *Lone Star* case is a patent case that does not refer to the trademark statutes at issue and merely discusses the difference between Article III standing and "entitlement to a statutory cause of action" at the *pleading* stage. *Id.* at 1234. The *AntennaSys* case is also a patent case and focuses on First Circuit law that requires the issue to be raised in a FRCP, Rule 12(b)(6) motion in that circuit. *Id.* at 1377-1379. More importantly, the *AntennaSys* court found no waiver had occurred and cited a confusing procedural record below. *Id.* These cases are not instructive.

The Board, in the present case, raised the issue (as it does routinely) and did not consider the matter waived. [Appx11-12.] As opposed to the First Circuit law applied in *AntennaSys, supra,* the Board holds a petitioner "must" prove the issue in every case and does not require it to be raised in a Rule 12 motion or as an affirmative defense. *Id.* Moreover, the Board holds that decisions prior to *Lexmark* regarding "standing" and those of the Federal Circuit interpreting "standing" under §§ 1063 and 1064 remain applicable. *See Spanishtown Enters., Inc. v. Transcend*

*Resources, Inc.*, 2020 USPQ2d 11388, at *2 (TTAB 2020). The issue was not waived below and it was not waivable.

### B. NARITA EXPORT'S TRADEMARK APPLICATION WAS VOID *AB INITIO* AND COULD NOT BE CORRECTED AFTER INITIATION OF THE ACTION TO EVIDENCE STANDING

The sole basis cited by the Board for Narita Export's standing was its pending trademark application. [Appx11-12.] However, the '122 application was a use-based application claiming a date of first use of March 27, 2016. [Appx236-250.] Accordingly, the '122 application was void *ab initio* because Narita Export has provided no admissible evidence that it acquired the alleged use-based rights from March 2016 and KKTI. The Federal Circuit held, "The registration of a mark that does not meet the use requirement is void *ab initio*." *Aycock Eng. v. Airflite*, 560 F.3d 1350, 1357 (Fed. Cir. 2009). Thus, Narita Export, because its trademark application was void *prior* to its filing of the petition to cancel, cannot establish standing for its petition. The United States Supreme Court has long held: "The jurisdiction of the lower court depends upon the state of things existing <u>at the time the suit was brought</u>." *Minneapolis St. Louis R.R. Co. v. Peoria Perkin Union Ry. Co.*, 270 U.S. 580, 586 (1926) (emphasis added.). At the time the petition was filed, Narita Export did not have a *nunc pro tunc* assignment from KKTI and the declarations of Messrs. Narita and Izumi are not admissible to establish that the assignment occurred prior to the filing of the petition to cancel. Thus, at the time

the action was filed, Narita Export lacked entitlement to a statutory cause of action. *Gaia Technologies, Inc. v. Reconversion Technologies, Inc.*, 93 F.3d 774, 779-80 (Fed. Cir. 1996). The case should be remanded, and the petition dismissed for lack of entitlement to a statutory cause of action.

## III. THE DECLARATIONS OF MESSRS. NARITA AND IZUMI ARE INADMISSIBLE AND WERE INSUFFICIENT TO ESTABLISH PRIORITY OR CONTINUOUS USE AS A MATTER OF LAW

### A. THE DECLARATIONS OF MESSRS. NARITA AND IZUMI ARE INADMISSIBLE AND WERE INSUFFICIENT TO ESTABLISH PRIORITY

Adaptrend objected to the declarations of Messrs. Narita and Izumi on *two* grounds, namely FRE 602 (lack of foundation) and FRE 802 (hearsay). Intervenor's brief refers to the foundational aspects of the declarations but not the hearsay nature of the declarations. (Intervenor brief, pp. 18-24.) As such, it appears that the Director concedes the issue of hearsay.

Moreover, the foundational basis of the declarations has not been established. The Director claims that the Board's ruling was that Mr. Narita's personal knowledge can be inferred from his position at Narita Export. Intervenor brief, p. 19. This is clear error. Narita's first declaration does not identify his position with Narita Export in 2016 at the time of the alleged assignment. [Appx48-49.] Instead, he merely testified, "I am the President of Narita Export, LLC." *Id.* This was pointed out in Adaptrend's opposition to the motion for summary judgment and Mr.

Narita's second declaration admits he was *not* the President of Narita Export in 2016. [Appx230.]

Mr. Izumi's first declaration is also inadmissible to prove the assignment as he only testifies that he signed the *nunc pro tunc* assignment in October of 2020. [Appx52, Appx290-291.]. While he states that he was CEO of KKTI in 2016, he does not testify he personally participated in the alleged oral assignment. Thus, while his position as CEO may establish a foundation for his knowledge of the existence of an alleged oral assignment, it remains inadmissible hearsay unless an exception to the hearsay rule can be established. FRE 802 and *see, e.g.,* FRE 803[6]. The Intervenor's brief and the Board's opinion on silent on this. It was clear error to admit Mr. Izumi's first declaration into evidence on the issue of priority.

The second declarations submitted by Messrs. Narita and Izumi do not assuage these problems but raise issues of credibility. In particular, Mr. Narita testifies that he and Mr. Izumi have been friends since 2015 and that the alleged oral assignment was for *no compensation.* [Appx230.] Mr. Izumi's reply declaration likewise admits that the transaction was for no compensation. [Appx232.] Thus, regardless of the admissibility of the declarations, they cannot support entry of summary judgment as the transaction's very nature raises credibility issues where inferences should be drawn in favor of Adaptrend. *Opryland USA Inc. v. The Great American Music Show, Inc.*, 970 F.2d 847, 850, 23 USPQ2d 1471, 1472 (Fed. Cir.

1992). The Board erred by entering summary judgment against Adaptrend on the issue of priority.

### B. THE DECLARATIONS OF MR. NARITA WERE INSUFFICIENT TO ESTABLISH PRIOR *CONTINUOUS* USE UNDER §1052(d).

Narita Export, as the petitioner, has the burden of proof regarding each and every element of its §1052(d) claim. Narita Export, to establish priority for its alleged common law rights, was required to prove it owned 1) a mark or trade name previously used in the United States and 2) not abandoned. 15 U.S.C. § 1052(d). Thus, "not abandoned" is a statutory element of the priority claim required to be proven by Petitioner Narita Export at summary judgment. 15 U.S.C. § 1052(d) and *Westrex Corporation v. New Sensor Corporation*, No. 91170940 (T.T.A.B. May 11, 2007). The Board in *Westrex, supra,* held:

> Even if issues may exist as to whether or not Chelmer Valve owned, and had the authority to assign, the GOLD LION mark (either as a distributor or manufacturer) to opposer, such issues are not material in this case. The documentary evidence of two sales transactions to the same purchaser, approximately three months apart, fails to support a finding of ***prior and continuous use*** of the GOLD LION mark by Chelmer Valve. By logical extension, opposer cannot rely on Chelmer Valve as a predecessor in interest for asserting priority over applicant.

*Id.* at Addendum, p. 47(emphasis added). Narita Export failed to offer admissible evidence showing continuous use of the TONOSAMA mark from KKTI's March 2016 alleged use to the present.

Subsequent to KKTI's initial alleged use, Petitioner offered only the declaration of Mr. Narita. [Appx48.] Narita Export's only proffered evidence of *continuous* use from 2016 is the following testimony from Mr. Narita:

> 4. *In 2016*, sales by TI Express of TONOSAMA products, together with subsequent sales by Narita, amounted to more than 900 independent sales into the U.S. Cumulative sales during that calendar year were in excess of $22,000.
>
> 5. After its acquisition of the TONOSAMA mark, Narita continued to make substantial sales of products in connection with the TONOSAMA mark. Since *January 1, 2017*, Narita has made more than 6,600 independent sales into the U.S. Cumulative sales since then have been in excess of $78,000.

[Appx49](emphasis added). In paragraph 4, Mr. Narita testifies only regarding sales of marked goods in 2016. [Appx49.] In paragraph 5, Mr. Narita testifies only that "Since January 1, 2017, Narita has made more than 6,600 independent sales into the U.S." *Id.* Critically, Mr. Narita fails to testify whether sales occurred *after 2017* in 2018, 2019 or 2020 to the date of the petition in this action. All inferences must be drawn in favor of the nonmovant, Adaptrend. *Opryland USA Inc. v. The Great American Music Show, Inc.*, 970 F.2d 847, 850, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992). In fact, to the extent sales by Petitioner occurred solely in 2017 as must be inferred in Adaptrend's favor, this would be *prima facie* evidence of abandonment of the alleged trademark rights by Narita Export. *See* 15 U.S.C. § 1127. The Board erred by entering summary judgment regarding Petitioner's §1052(d) claim.

### C. THE BOARD'S ADMISSION AND CONSIDERATION OF THE DECLARATIONS OF MESSRS. IZUMI AND NARITA WAS A VIOLATION OF DUE PROCESS ON SUMMARY JUDGMENT AND CLEAR ERROR

The Director fails to acknowledge the clear problems associated with the Board's decision to accept the uncorroborated, self-serving testimony of two witnesses that were not subject to cross-examination. For example, the Director incorrectly asserts that Adaptrend could have made a FRCP, Rule 54(d) request for depositions of Messrs. Narita and Izumi in its opposition to motion for summary judgment. Intervenor brief, p. 24. This is simply false as the operative Board Rule, TBMP § 520, does not allow for a discovery deposition on written questions (or otherwise) of a non-Hague national. *See* 37 CFR § 2.124 and Fed. R. Civ. P. 28. Adaptrend, by rule and statute and treaty, could not depose or cross-examine Mr. Izumi or Mr. Narita prior to trial.

Conversely, by rule, if Mr. Izumi or Mr. Narita failed to appear for in-person cross-examination during the Board's trial period, their testimony declarations would have been declared inadmissible. *Kate Spade LLC v. Thatch, LLC*, 126 USPQ2d 1098, 1104, n. 9 (T.T.A.B. 2018) and TBMP §703.01(b), fn. 4. Thus, the rationale for refusing to accept declaration testimony on summary judgment regarding the oral assignment of trademark rights identified in *Doeblers' Pennsylvania Hybrids v. Doebler*, 442 F.3d 812, 822 (3rd Cir. 2006) is magnified

here in the present proceeding. Friends[3], Mr. Narita and Mr. Izumi, offered uncorroborated testimony regarding an alleged oral assignment for no compensation[4] years after the alleged oral assignment occurred without any opportunity to cross-examine the declarants. The indefinite and suspect nature of the testimony coupled with its procedural immunity from careful examination shows that the Board clearly erred in granting summary judgment and cancelling Adaptrend's trademark registration. The judgment should be reversed, and the case remanded for trial.

## CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons and those stated in Appellant's opening brief, Appellant Adaptrend, Inc. respectfully requests that the judgment be overturned, the case be remanded and allowed to proceed to trial on the merits including, but not limited to, the cross-examination of Mr. Narita and Mr. Izumi or, alternatively, the case should be remanded and dismissed for lack of entitlement to a statutory cause of action.

Dated: August 14, 2023

Respectfully submitted,

**MANDOUR & ASSOCIATES, APC**

/s/ Gordon E. Gray
Gordon E. Gray
Attorneys for Appellant,
Adaptrend, Inc.

---

[3] Appx230.

[4] *Id.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 23-1195

**Short Case Caption:** In re: ADAPTREND, INC.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- ☑ the filing has been prepared using a proportionally-spaced typeface and includes 2,614 words.
- ☐ the filing has been prepared using a monospaced typeface and includes ________ lines of text.
- ☐ the filing contains ________ pages / ________ words / ________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ________).

Date: 08/14/2023

Signature: /s/ Gordon E. Gray

Name: Gordon E. Gray