NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ADAPTREND, INC.,**
*Appellant*

**v.**

**COKE MORGAN STEWART, ACTING UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2023-1195

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 92074784.

---

Decided: January 28, 2025

---

GORDON E. GRAY, III, Gray Law Firm, Long Beach, CA, for appellant.

SARAH E. CRAVEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for

intervenor. Also represented by CHRISTINA J. HIEBER, FARHEENA YASMEEN RASHEED.

---

Before LOURIE and HUGHES, *Circuit Judges*, and GILSTRAP, *Chief District Judge*.[1]

LOURIE, *Circuit Judge*.

Adaptrend, Inc. ("Adaptrend") appeals from a decision of the United States Trademark Trial and Appeal Board ("the Board") cancelling its registration of the TONOSAMA mark. *Narita Exp. LLC v. Adaptrend, Inc.*, Cancellation No. 9207478, 2022 WL 15328960 (T.T.A.B. Sept. 20, 2022) ("*Decision*"). For the following reasons, we *affirm*.

BACKGROUND

This appeal arises from a trademark cancellation proceeding under 15 U.S.C. § 1064 brought by Narita Export LLC ("Narita Export"). Narita Export sought to cancel Adaptrend's U.S. Trademark Registration No. 5,873,672 ("the '672 registration") on the ground that it was likely to cause confusion with Narita Export's same mark for similar goods.

Under 15 U.S.C. § 1064, "[a] petition to cancel a registration of a mark . . . may . . . be filed . . . by any person who believes that he is or will be damaged . . . by the registration of a mark." A petitioner may seek cancellation on the ground that the "registration was obtained . . . contrary to . . . section 1052 of this title." *Id.* § 1064(3). Specifically, § 1052(d) prohibits the registration of a mark that is likely to cause confusion with "a mark . . . previously used in the United States by another." *Id.* § 1052(d).

---

[1] Honorable J. Rodney Gilstrap, Chief District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

Adaptrend's '672 registration was filed on March 27, 2019, issued on October 1, 2019, and is directed to the word mark TONOSAMA, for "[g]ift baskets containing candy; [c]andy; [ca]ndies; [g]ift baskets containing candy and Japanese candies." S.A. 234.[2]

On October 23, 2019, Narita Export filed Application 88665122 ("the '122 application"). S.A. 236. The '122 application is directed to the same word mark, TONOSAMA, and the same category of goods as the '672 registration. *Id.* The United States Patent and Trademark Office ("the USPTO") refused Narita Export's '122 application based on a likelihood of confusion with Adaptrend's '672 registration. S.A. 116.

In response to the rejection, Narita Export petitioned to cancel Adaptrend's registration, asserting a likelihood of confusion with its identical TONOSAMA mark of the '672 registration. *Decision*, at *1. Specifically, Narita Export asserted that its predecessor-in-interest, Kabushiki Kaisha TI Express ("KKTI"), made its first commercial use of the TONOSAMA mark on March 27, 2016, S.A. 115–16, ¶ 9, prior to the first commercial use of the mark of the '672 registration, S.A. 117, ¶ 10. Narita Export further asserted that because the subject marks are identical, the '672 registration creates consumer confusion and is a source of damage. S.A. 116–18, ¶¶ 6, 11.

During the discovery phase of the cancellation proceedings, Adaptrend withdrew its previously-asserted affirmative defenses of abandonment and non-ownership. *Decision*, at *3; S.A. 161–62. Thereafter, upon close of discovery, Narita Export filed a motion for summary judgment. S.A. 20–41. Narita Export asserted entitlement to a statutory cause of action under § 1064 and alleged

---

[2] "S.A." refers to the supplemental appendix filed in connection with Adaptrend's brief.

(1) priority of use of the TONOSAMA mark based on KKTI's first sale in March 2016, and (2) a likelihood of confusion based on Adaptrend's use of the same mark for similar goods. S.A. 20.

To support its priority of use claim, Narita Export relied, in part, on the declarations of Mr. Izumi, KKTI's former president, and Mr. Narita, Narita Export's current president, regarding the use and assignment of the TONOSAMA mark (collectively, "the Izumi and Narita declarations"). *Decision*, at *3. Mr. Izumi testified that KKTI made its first commercial use of the TONSAMA mark on March 27, 2016, and that, on or about November 25, 2016, KKTI and Narita Export came to an oral agreement to assign KKTI's rights in the TONSAMA mark to Narita Export. *Id.*; S.A. 50–52. Mr. Izumi further testified that this oral assignment was memorialized by a *nunc pro tunc*, or backdated, assignment agreement on October 20, 2020. *Decision*, at *3; S.A. 52. Similarly, Mr. Narita testified to the oral assignment on November 25, 2016, and further described Narita Export's sales under the mark from November 25, 2016, onwards. *Decision*, at *4; S.A. 48–49. Both declarants' testimony was based on "personal knowledge or on business records that were made at the time or in the regular course of business." S.A. 48, 50.

Adaptrend opposed the motion, arguing that there were genuine issues of material fact regarding Narita Export's priority of use and continuous use of the mark. Specifically, Adaptrend argued that Mr. Narita's testimony lacked foundation by failing to assert any personal knowledge and constituted inadmissible hearsay. *Decision*, at *4. Adaptrend therefore contended that Narita Export could not establish its alleged common law rights in the mark via KKTI. *See id.* Narita Export, in response, provided rebuttal declarations from Mr. Izumi and Mr. Narita reaffirming that they had *personally* reached an oral agreement to transfer and assign all rights in the mark in November 2016. *Decision*, at *5; S.A. 230–233.

The Board granted Narita Export's motion for summary judgment, determining that Narita Export established (1) its entitlement to a statutory cause of action under § 1064 and (2) priority of use and a likelihood of confusion under § 1052(d) as a matter of law. *Decision*, at *10–11. Regarding Narita Export's statutory cause of action, the Board determined that because it was undisputed that the USPTO refused to register Narita Export's '122 application in view of the '672 registration, "there [was] no genuine dispute that [Narita] ha[d] a legitimate interest in seeking cancellation of [the '672 registration] and a reasonable belief in damage should [Adaptrend's] mark continue to be registered." *Id.* at *6.

Turning to the merits, the Board found no genuine dispute of material fact regarding (1) Narita's priority of use of the TONOSAMA mark or (2) a likelihood of confusion between the identical marks of the '122 application and the '672 registration. *Decision*, at *7–11. Addressing priority of use, the Board explained that "the Izumi and Narita declarations present the undisputed fact that [Narita Export] first used in commerce the TONOSAMA mark with candy on March 27, 2016." *Id.* at *8. And because Adaptrend asserted that June 13, 2016, was its date of first use, the Board found that "there [was] no genuine dispute that [Narita Export's] prior use date of the TONOSAMA mark on candy [was] earlier than either priority date asserted by [Adaptrend]," such that Narita Export had established priority of use. *Id.* The Board rejected Adaptrend's evidentiary objections to the Izumi and Narita declarations, explaining that it "f[ound] no genuine dispute of material fact that the Izumi and Narita declarations made a sufficient showing of personal knowledge of the facts stated therein" because "each declaration is based on the declarant's position as president." *Id.* at *5.

Finally, the Board determined that there was a likelihood of confusion between the identical marks. *Id.* at *10. The Board therefore held that Narita Export was entitled

to judgment in its favor and cancelled the ’672 registration accordingly. *Id.* at *11.

Adaptrend timely appealed and we have jurisdiction under 15 U.S.C. § 1071(a) and 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

Adaptrend challenges the Board’s summary judgment decision, arguing that (1) Narita Export failed to establish a statutory cause of action under § 1064, and (2) the Board abused its discretion in relying on the Izumi and Narita declarations to prove priority of use and establish Narita Export’s continuous use.[3] We address each issue in turn.

### I

We first address whether the Board erred in determining that Narita Export established a statutory cause of action under § 1064, an issue we review *de novo*. *Australian Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 1373 (Fed. Cir. 2020). As the Board explained, § 1064 requires a party to demonstrate a real interest in the proceeding and a reasonable belief of having incurred damage. *Decision*, at *6 (citing *Corcamore LLC v. SFM, LLC*, 978 F.3d 1298, 1303–04 (2020)); *see also Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 1275 (Fed. Cir. 2014). The real interests “test is ‘not especially demanding,’” *Corcamore*, 978 F.3d at 1303 (quoting *Lexmark Int’l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 130 (2014)), and can be satisfied by demonstrating a direct commercial interest in cancelling the registered mark. *Id.* at 1305–06.

Adaptrend argues that because “the [’]122 trademark application was void *ab initio*, Narita Export did not have evidence of entitlement to a statutory cause of action prior

---

[3] Adaptrend does not challenge the Board’s likelihood of confusion determination on appeal.

to filing its petition to cancel." Reply Br. 3. Specifically, it contends that "Narita Export has provided no admissible evidence that it acquired the alleged use-based rights from March 2016 and KKTI" because "[a]t the time the petition was filed, Narita Export did not have a [backdated] assignment from KKTI and the declarations of [] Narita and Izumi are not admissible to establish that the assignment occurred prior to the filing of the petition to cancel." *Id.* at 5. Adaptrend also argues that its standing argument was not "waived" because "the Board raised the issue on its own decision." *Id.* at 3.

Narita Export is not participating in this appeal. But the Patent and Trademark Office ("the PTO"), as intervenor, contends that "Adaptrend admittedly failed to raise a challenge to Narita [Export]'s entitlement to a statutory cause of action before the Board," and thus its challenge is forfeited. Intervenor Br. 12. The PTO also argues that, should we consider the merits of that argument, "[t]he PTO's refusal to register Narita [Export]'s mark based on a confusingly similar mark is sufficient to prove both an interest falling within the zone of interests protected by the statute and damage proximately caused by the registration of a mark." *Id.* at 15.

We conclude that the Board correctly determined that Narita Export is entitled to a statutory cause of action under § 1064. Narita Export has a direct commercial interest in the TONOSAMA mark as evidenced by the PTO's undisputed refusal of Narita Export's pending '122 application, which was based on a likelihood of confusion with the '672 registration. S.A. 31; *See Empresa Cubana*, 753 F.3d at 1275 ("[A] pending application that has been refused registration based on a likelihood of confusion with a registered mark is sufficient to show that the petitioner seeking to cancel the registered mark is the type of party Congress authorized under 15 U.S.C. § 1064.").

Adaptrend's arguments regarding Narita Export's evidence of an earlier oral assignment and a backdated agreement memorializing that assignment are also misplaced. Narita Export's acquisition of prior common law rights to the subject mark goes to the merits of Narita Export's priority of use claim, not its statutory cause of action. *See Australian Therapeutic*, 965 F.3d at 1374 ("Neither § 1064 nor our precedent requires that a petitioner have a proprietary right in its own mark in order to demonstrate a cause of action before the Board.").

We therefore agree with the Board that there is no genuine dispute of material fact regarding Narita Export's entitlement to a statutory cause of action under § 1064.

II

We next consider Narita Export's priority of use of the TONOSAMA mark under § 1052(d). "The Board's determination of priority is a question of fact reviewed for substantial evidence," *Araujo v. Framboise Holdings Inc.*, 99 F.4th 1377, 1380 (Fed. Cir. 2024), while the Board's evidentiary rulings are reviewed for abuse of discretion, *Zheng Cai v. Diamond Hong, Inc.*, 901 F.3d 1367, 1370–71 (Fed. Cir. 2018). Under § 1052(d), a party may petition to cancel the registration of a mark that has been on the Principal Register for fewer than five years based on a likelihood of confusion with the petitioner's ownership of a mark used in the United States and not abandoned. 15 U.S.C. § 1052(d).

Adaptrend argues the Board's priority of use determination was flawed because the Izumi and Narita declarations regarding the oral assignment agreement between Narita Export and KKTI in November 2016 lack foundation under Federal Rule of Evidence 602 (requiring a testifying witness to have personal knowledge of the matter they are testifying to) and constitute inadmissible hearsay under Federal Rule of Evidence 802 (barring out of court statements offered for the truth of the matter asserted), because neither Mr. Izumi nor Mr. Narita were present for

the alleged agreement or provided any evidence of firsthand knowledge. *See generally* Appellant's Br. 7–19. Adaptrend also contends that the declarations are not credible. *Id.*

Adaptrend alternatively argues that, even if the declarations are admissible, they are not sufficient evidence of Narita Export's continuous use of the mark. In particular, Adaptrend argues that Narita Export's declarations fail to account for sales after 2017, resulting in a genuine dispute of fact regarding Narita Export's priority of use claim. Appellant's Br. 20.

The PTO responds that the Board did not abuse its discretion in relying on Narita Export's declarations because the testimony of Mr. Izumi and Mr. Narita, as the respective corporate officers of KKTI and Narita Export, is sufficient to show personal knowledge of the oral assignment agreement and any deficiencies in their initial declarations are properly resolved by their rebuttal declarations, which "unambiguously assert Izumi's and Narita's personal knowledge of the oral assignment of the TONOSAMA mark from KKTI to Narita on November 25, 2016." Intervenor Br. 20–21; S.A. 10. The PTO further argues that Narita Export is not required to show continuous use of the TONOSAMA mark for priority of use purposes, and regardless, Adaptrend affirmatively waived its abandonment defense. Intervenor Br. 25.

We conclude that the Board's priority of use determination was supported by substantial evidence, and the Board did not abuse its discretion in relying on the Izumi and Narita declarations. Narita Export's priority of use of the TONOSAMA mark is based on its acquired common-law rights to the mark from KKTI, as memorialized by the backdated trademark assignment. Adaptrend's evidentiary challenges that purport to create a dispute regarding Narita's priority of use were appropriately rejected.

The Izumi and Narita declarations were based on the witnesses' personal knowledge and are admissible to support Narita Export's motion for summary judgment. *See* S.A. 230, (Reply Decl. of Mr. Narita: "I personally reached an oral agreement with Mr. Izumi to transfer all the right, title, and interest in the TONOSAMA trademark to Narita [Export]"); S.A. 232 (Reply Decl. of Mr. Izumi: "Mr. Narita and I personally reached an oral agreement regarding this transfer on November 25, 2016."). To avoid any doubt, and as the Board explained, the declarants "are positioned to know or have access to information relevant to the substance of their respective declarations and the assignment referenced therein." *Decision*, at *5; *see also In re DBC*, 545 F.3d 1373, 1383 (Fed. Cir. 2008) (explaining that an employee's declaration reciting personal knowledge of the subject content was sufficient). Moreover, "[w]hen presented with the evidence provided in the [Izumi and Narita] declaration[s] and nothing to contradict it, a reasonable mind could conclude that [Narita Export] had established its priority date." *Araujo*, 99 F.4th at 1381.

Turning to the merits of the Board's priority of use determination, it is undisputed that KKTI first used the TONOSAMA mark on March 27, 2016, Appellant's Br. 25, several months before Adaptrend's alleged first commercial use on June 13, 2016, *id.* at 7. And based on the Izumi and Narita declarations, it is also undisputed that on October 20, 2020, Izumi and Narita executed a backdated trademark assignment with an effective date of November 25, 2016, memorializing the parties' oral trademark assignment and thereby providing Narita Export with prior common law rights to the mark as of March 27, 2016. S.A. 48, 52. We therefore conclude that the Board's priority of use decision was supported by substantial evidence. Adaptrend's belated argument regarding abandonment is deemed waived, and regardless, it is without merit because "continuous use" is not a statutory requirement of a likelihood-of-confusion claim.

## CONCLUSION

We have considered Adaptrend's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**